IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CAROL A. WILSON, et al.,

      **Plaintiffs,**

  v.                                      Civil Action 2:16-cv-739
                                          Judge Algenon L. Marbley
                                          Magistrate Judge Jolson

**A&K ROCK DRILLING, INC,**

      **Defendant.**

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiffs' application for entry of default (Doc. 7), and motion for default judgment (Doc. 8). For the reasons that follow, it is **RECOMMENDED** that the application and motion be **DENIED without prejudice**.

### I. BACKGROUND

According to the complaint, Defendant is an Ohio corporation that, based upon agreements it executed from 2002 to 2008, was obligated to make payments to various benefits funds associated with the Ohio Operating Engineers. *See* Doc. 1 ¶¶ 7–8, 10 (health and welfare fund); *id.* ¶ 13 (pension fund); *id.* ¶ 18 (apprenticeship fund); *id.* ¶ 23 (education and safety fund). On July 28, 2016, Plaintiffs brought this action alleging unpaid benefits contributions in violation of the Employee Retirement Income Security Act. (*See, e.g.*, Doc. 1 ¶ 23 (citing 29 U.S.C. §§1132, 1002(1)–(3)). That same day, Plaintiffs filed a Request for Issuance of Summons. (Doc. 2). Again on that same day, the clerk signed the summons form, which included the seal of the Court, and entered the form on the docket. (Doc. 4). On August 1, 2016, a copy of the summons was returned. (Doc. 6). The copy was unsigned and unsealed, and it contained a stamp in the header indicating that it was a copy of the Request for Issuance of

1

Summons. (*See id.*). On August 31, 2016, Plaintiffs filed an application for entry of default (Doc. 7), and a motion for default judgment (Doc. 8).

## II. DISCUSSION

"In order to obtain a default judgment, a plaintiff must properly serve a defendant with a copy of the summons and complaint in accordance with the Federal Rules of Civil Procedure and applicable state rules." *Coleman v. Sonoda Eng'g, Ltd.*, No. CIV. A. 06-10-JBC, 2006 WL 6292644, at *1 (E.D. Ky. Oct. 25, 2006). Federal Rule of Civil Procedure 4(a)(1)(F) and (G) require that a summons "be signed by the clerk" and "bear the court's seal." *See also* Fed. R. Civ. P. 4(b) ("On or after filing the complaint, the plaintiff may present a summons to the clerk for *signature and seal*." (emphasis added)); Ohio R. Civ. P. 4(B) ("The summons shall be signed by the clerk . . . ."). While such a summons was issued on July 28, 2016 (Doc. 4), Plaintiff served Defendant with the unsigned summons form entered on the docket as the Request for Issuance of Summons (*see* Doc. 6 at 1 (the returned summons, file stamped "Doc #: 2," which was the Request for Issuance of Summons)). Service has therefore not been effected. *See United States v. Nat'l Muffler Mfg., Inc.*, 125 F.R.D. 453, 455 (N.D. Ohio 1989) ("Plaintiff's failure to serve defendant with a signed and sealed summons cannot be regarded as a mere oversight . . . . The provisions of Rule 4[] are designed to assure a defendant that the summons was issued by the clerk of court and not by plaintiff or plaintiff's attorney."); *Lagarde v. Chase Bank U.S.A.*, No. 10-12218, 2010 WL 5056190, at *2 (E.D. Mich. Dec. 6, 2010) (service of process improper where Plaintiff failed to issue a summons "signed by the clerk" with "the court's seal").

Default judgment is improper where service has not been effected. *See, e.g.*, *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003) ("Due process requires

proper service of process for a court to have jurisdiction to adjudicate the rights of the parties. Therefore, if service of process was not proper, the court must set aside an entry of default." (citation omitted)); *see also Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). Likewise, default judgment is therefore improper where, as here, the summons does not bear the Court's seal. *See Phelps v. Am. Gen. Fin. Servs.*, No. CIV. 08-CV-10552, 2008 WL 3978318, at *3 (E.D. Mich. Aug. 22, 2008) ("[T]he relief requested should still be denied because a default judgment may be properly granted only after the plaintiff has shown that defendants have been served as required by the Federal Rules. . . . The summonses served by Plaintiff . . . do not bear the Court's seal."); *Coleman*, 2006 WL 6292644, at *1 (denying motion for default judgment where "there [wa]s no indication in the record that [the defendant] ha[d] ever been served with a summons signed by the Clerk").

For these reasons, and because service in this case has not been effected, it is recommended that Plaintiffs' application for entry of default (Doc. 7), and motion for default judgment (Doc. 8) be denied without prejudice.

### III. CONCLUSION

For the reasons stated, it is **RECOMMENDED** that Plaintiffs' application for entry of default (Doc. 7), and motion for default judgment (Doc. 8) be **DENIED without prejudice**.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with

supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date: September 15, 2016  /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE

4