OHIO OPERATING ENGINEERS HEALTH AND WELFARE PLAN

AMENDED AGREEMENT AND DECLARATION OF TRUST

Effective May 24, 2016

EXHIBIT

tabbies®

B

Part 1

OOE 000287

## TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................... 1

ARTICLE I – DEFINITIONS ................................................................................ 3

    1.1    Act ............................................................................................... 3

    1.2    Employee ..................................................................................... 3

    1.3    Employer ..................................................................................... 3

    1.4    Fund or Trust Fund..................................................................... 3

    1.5    Participant................................................................................... 4

    1.6    Plan.............................................................................................. 4

    1.7    Trust Agreement......................................................................... 4

    1.8    Trustees ...................................................................................... 4

    1.9    Union .......................................................................................... 4

ARTICLE II – PURPOSE OF THE TRUST AND USE OF THE FUND ...................... 5

    2.1    Purpose ....................................................................................... 5

    2.2    Exclusive Benefit ....................................................................... 5

ARTICLE III – TRUSTEES OF THE FUND .......................................................... 6

    3.1    Number, Appointment................................................................ 6

    3.2    Term of Office ............................................................................ 6

    3.3    Officers ....................................................................................... 6

    3.4    Union Trustees ........................................................................... 7

    3.5    Employer Trustees...................................................................... 7

    3.6    Acceptance of Appointment....................................................... 7

    3.7    Resignation ................................................................................. 7

    3.8    Removal...................................................................................... 7

    3.9    Successor Trustees – Appointment ............................................ 8

OOE 000288

3.10   Successor Trustees – Powers and Duties ....................................................... 8

3.11   Vacancies ..................................................................................................... 8

3.12   Quorum ......................................................................................................... 8

3.13   Meetings ....................................................................................................... 8

3.14   Attendance at Meetings ................................................................................ 9

3.15   Action Without Meeting ............................................................................... 9

3.16   Resolution of Impasse .................................................................................. 9

3.17   Voting ......................................................................................................... 10

3.18   Participation at Meetings; Minutes ............................................................ 10

3.19   Office of the Fund ....................................................................................... 10

ARTICLE IV – POWERS AND DUTIES OF TRUSTEES ......................................... 11

4.1    Conduct of Trust Business .......................................................................... 11

4.2    Use of Fund for Expenses ........................................................................... 11

4.3    Use of Fund to Provide Benefits ................................................................. 11

4.4    Investments ................................................................................................. 12

4.5    Deposits and Disbursements ....................................................................... 14

4.6    Allocation and Delegation of Fiduciary Responsibilities ........................... 14

4.7    Committees of the Board of Trustees .......................................................... 14

4.8    Fund Administrator ..................................................................................... 14

4.9    Collection of Employer Contributions ........................................................ 15

4.10   By-law, Rules and Regulations ................................................................... 15

4.11   Additional Authority ................................................................................... 16

4.12   Bonds .......................................................................................................... 17

4.13   Insurance ..................................................................................................... 17

4.14   Information to Participants and Beneficiaries ............................................. 17

OOE 000289

4.15    Accountants and Actuaries .................................................................... 18

4.16    Trustees to Act Without Compensation ................................................ 18

4.17    Reports .................................................................................................... 18

4.18    Records of Trustee Transactions ........................................................... 18

4.19    Construction and Determinations by Trustees ..................................... 18

4.20    Liability .................................................................................................. 19

4.21    Reliance on Written Instruments ........................................................... 19

4.22    Reliance by Others ................................................................................. 19

4.23    Discharge of Liability ............................................................................ 20

4.24    Merger .................................................................................................... 20

4.25    Settling Disputes .................................................................................... 20

4.26    Reciprocity Agreements ......................................................................... 20

4.27    Written Plan for Benefits ....................................................................... 20

ARTICLE V – CONTRIBUTIONS AND COLLECTIONS ....................................... 22

5.1     Employer Contributions ......................................................................... 22

5.2     Responsibility for Contributions ........................................................... 22

5.3     Work Outside Jurisdiction ...................................................................... 22

5.4     Collection and Enforcement of Payments ............................................. 23

5.5     Cost of Collection ................................................................................... 23

5.6     Production of Records ............................................................................ 24

5.7     Non-Payment of Contributions .............................................................. 24

5.8     Delinquent Contributions as Plan Assets .............................................. 24

5.9     Refund of Contributions ........................................................................ 25

5.10    Varying Rates of Contribution ............................................................... 25

ARTICLE VI – BENEFICIAL RIGHTS ..................................................................... 26

6.1     No Right, Title or Interest of Employers and Union .............................. 26

OOE 000290

    6.2    Limitations Upon Beneficial Rights of Employees .................................................. 26

ARTICLE VII – AMENDMENT AND TERMINATION OF TRUST AGREEMENT AND TRUST FUND ........................................................................................................................ 27

    7.1    Amendment ................................................................................................................ 27

    7.2    Termination ................................................................................................................ 27

ARTICLE VIII – MISCELLANEOUS PROVISIONS ............................................................. 28

    8.1    Law Applicable ......................................................................................................... 28

    8.2    Savings Clause .......................................................................................................... 28

    8.3    Withholding Payment ................................................................................................ 28

    8.4    Beneficiaries Under Disability ................................................................................. 28

    8.5    Gender ....................................................................................................................... 28

OOE 000291

## INTRODUCTION

WHEREAS, an Agreement and Declaration of Trust pursuant to which the Ohio Operating Engineers Health and Welfare Plan has been created and administered was made and entered into as of the 11th day of March, 1960, by and between the Labor Relations Division of the Ohio Contractors Association, the Miami Valley Associated Contractors, the Cincinnati Chapter, Associated General Contractors of America, the Building Trades Employers' Association, and Local Unions No. 18, 18A and 18B of the International Union of Operating Engineers; and

WHEREAS, the Agreement and Declaration of Trust was amended through an amendment and restatement on November 29, 1977; and

WHEREAS, the signatories hereto are the currently duly appointed and acting trustees ("Trustees") of the trust estate held under the terms of the current Agreement and Declaration of Trust; and

WHEREAS, Section 7.1 of the current Agreement and Declaration of Trust, as amended, empowers the undersigned Trustees by majority vote to amend the aforesaid Agreement and Declaration of Trust; and

WHEREAS, events after the execution of the aforesaid Agreement and Declaration of Trust, as last amended, require further amendments which the Trustees believe are best made through this subsequent amendment and restatement of the Agreement and Declaration of Trust;

NOW, THEREFORE, pursuant to the powers vested in them as Trustees of the Ohio Operating Engineers Health and Welfare Plan, the undersigned hereby amends the Agreement and Declaration of Trust made and entered into as of November 29, 1977, by deleting in their

OOE 000292

entirety the terms of said Trust Agreement and substituting therefor the following terms, to be effective on and after the date this document is adopted by the Trustees:

OOE 000293

ARTICLE I

DEFINITIONS

1.1     Act.  The term "Act" as used herein shall mean the Employee Retirement Income Security Act of 1974 as the same may be amended and modified from time to time, together with any rules and regulations promulgated pursuant to the provisions of said Act.

1.2     Employee.  The term "Employee" as used herein shall mean any person in the employ of the Employer on whose behalf the Employer is obligated by written agreement to make contributions to the Plan.

1.3     Employer.  The term "Employer" as used herein shall mean any person, corporation, partnership, unincorporated association, labor organization or other legal entity that is obligated by the terms and conditions of a collective bargaining agreement or other written agreement to make contributions to the Fund established herein for the purpose of providing and maintaining benefits for its Employees.  By making contributions to this Fund, all such Employers shall be deemed to have accepted and to be bound by the terms of this Agreement and Declaration of Trust as the same may be amended from time to time.  In addition, the term "Employer" shall mean the employer of any employee or group of employees who, in accordance with an agreement in writing with the Trustees are eligible to participate in the Plan.

1.4     Fund or Trust Fund.  The term "Fund" or "Trust Fund" as used herein shall mean the trust estate of the health and welfare trust herein established as it may, from time to time, be constituted, including, but not limited to, policies of insurance, investments and the income from any and all investments, Employers' and Employees' contributions, and all other assets, property or money received by or held by the Trustees for the uses and purposes of this Trust.

OOE 000294

1.5     Participant. The term "Participant" as used herein shall mean any Employee or former Employee who is or who may become eligible to receive a benefit of any type from this Fund, or whose dependents and/or beneficiaries may be or may become eligible to receive any such benefit.

1.6     Plan. The multiemployer health and welfare plan established pursuant to the provisions of this Trust Agreement which shall be known and identified as the Ohio Operating Engineers Health and Welfare Plan (hereinafter referred to as "Plan").

1.7     Trust Agreement. The terms "Trust Agreement" and "Agreement and Declaration of Trust" as used herein shall mean this instrument as the same may be amended and modified from time to time.

1.8     Trustees. The term "Trustees" as used herein shall mean the current Trustees, together with their successors designated and appointed in accordance with the terms of this Trust Agreement. The Trustees, collectively, shall be the "administrator" of this Fund as that term is used in Section 3(16)(A) of the Act.

1.9     Union. The term "Union" as used herein shall mean, collectively and separately, the International Union of Operating Engineers Local 18 and its branches (AFL-CIO).

OOE 000295

## ARTICLE II

## PURPOSE OF THE TRUST AND USE OF THE FUND

2.1    Purpose.  The Trust Agreement and the Fund are created for the purpose of providing and maintaining, either through a self-funded plan, through policies issued by duly licensed commercial insurance carriers authorized to do business in the State of Ohio, or through a combination of both methods, such health and welfare benefits for such Employees and the dependents and/or beneficiaries of such Employees as may be permitted by law and as may be consistent with the assets and income of the Fund.

It is intended that the Plan and Trust Fund be a "multiemployer plan" as that term is defined in Section 3(37) of the Act.  In accordance with Section 302(c) of the Labor Management Relations Act, as amended (also known as the Taft-Hartley Act), the Fund shall constitute a trust established for the exclusive purpose of providing the Plan's Participants benefits provided under the provisions of the Plan.  It is also intended that this Trust Agreement qualifies as a tax exempt trust of a voluntary employees' beneficiary association within the meaning of section 501(c)(9) of the Internal Revenue Code of 1986, as amended (hereinafter referred to as "Code") and the regulations issued thereunder.

2.2    Exclusive Benefit.  No part of the Fund or of the income therefrom may be used for purposes other than for the exclusive benefit of Participants or to pay the reasonable expenses relating to the administration of the Plan and Trust Fund.

OOE 000296

## ARTICLE III

## TRUSTEES OF THE FUND

3.1     Number, Appointment.  The Fund shall be administered by twelve (12) Trustees, six (6) of whom shall be Employer Trustees, and six (6) of whom shall be Union Trustees.  The Labor Relations Division of the Ohio Contractors Association, The Associated General Contractors of America, Inc., (hereinafter, the "LRD/OCA") shall designate three (3) individuals to serve as Employer Trustees, the Associated Contractors of Ohio, Inc., The Associated General Contractors of America, Inc., (hereinafter, the "ACO") shall designate three (3) individuals to serve as Employer Trustees, and the Union shall designate six (6) individuals to serve as Union Trustees.  No person disqualified by law to serve as a Trustee shall either be appointed or permitted to serve as a Trustee.

3.2     Term of Office.  Upon appointment, all Trustees shall serve as such until such person's death, incapacity, proper resignation or until removal as provided herein.

3.3     Officers.  There shall be an annual meeting of the Trustees to be held during the first quarter of each year, at which meeting a Chairman and a Vice Chairman, and a Secretary and Assistant Secretary of the Trustees shall be elected.  The Chairman and Vice Chairman shall be from the same group and the Secretary and Assistant Secretary shall be from the same group. If the Chairman and Vice Chairman shall be members of the Employer group of Trustees, the Secretary and Assistant Secretary shall be members of the Union group of Trustees, and if the Chairman and Vice Chairman shall be members of the Union group of Trustees, the Secretary and Assistant Secretary shall be members of the Employer group of Trustees.  The Chairmanship and Vice Chairmanship and Secretaryship and Assistant Secretaryship shall alternate between the Employer and the Union Trustees as of the annual meeting of the Trustees in each year.

6

OOE 000297

3.4     Union Trustees.  Each Union Trustee shall be appointed in accordance with internal Union procedure and shall be designated to the Trustees in writing by the Union.

3.5     Employer Trustees.  Each Employer Trustee must be either an Employer or an Employee of an Employer.  When either the LRD/OCA or the ACO designates Trustees to succeed Trustees who have died, resigned or been removed, those organizations shall certify to the Trustees, in writing, the name or names of the newly designated Trustees.  An Employer Trustee who, while in office, retires, sells his Employer business, or otherwise changes his relationship with the Employer, may continue to serve as an Employer Trustee provided the same body which appointed the Trustee approves and redesignates him to continue as an Employer Trustee after his change in status.

3.6     Acceptance of Appointment.  Upon appointment, each Trustee shall execute a written acceptance whereby he agrees to accept and be bound by all terms and requirements of this Agreement and Declaration of Trust, as the same may from time to time be amended.

3.7     Resignation.  A Trustee may resign and become and remain fully discharged from all further duty and responsibility hereunder upon giving thirty (30) days' notice, in writing, to the remaining Trustees.  The remaining Trustees, however, may accept shorter notice as sufficient.  In such notice there shall be stated a date upon which such resignation shall take effect.  Such resignation shall take effect upon the date specified in the notice unless a successor Trustee shall have been designated at an earlier date, in which event such resignation shall take effect immediately upon the designation of such successor Trustee.

3.8     Removal.  Any Trustee may be removed from office at any time by the body which appointed him by delivering to the remaining Trustees a copy of written notice of removal.

OOE 000298

3.9    Successor Trustees – Appointment.  In the event that any Trustee shall die, become incapable of acting hereunder, resign or be removed, a successor Trustee shall be immediately appointed by the body which appointed the original Trustee.  Any successor Trustee may be declared incapable of acting hereunder within the meaning of this paragraph only by the unanimous action of all other Trustees then in office.

3.10   Successor Trustees – Powers and Duties.  Any successor Trustee, upon his designation as a successor Trustee, upon his acceptance of his trusteeship in writing, and upon becoming properly bonded, shall become vested with all the property, rights, powers and duties of a Trustee hereunder, with like effect as if originally designated as a Trustee.

3.11   Vacancies.  It is the intention hereof that the Fund shall at all times be administered by an equal number of Employer Trustees and Union Trustees, but until the designation of a successor Trustee or Trustees as hereinbefore provided, a quorum of the remaining Trustees shall have full power to act.

3.12   Quorum.  At least four (4) Union Trustees and four (4) Employer Trustees shall be present at any meeting of the Trustees in order for any action to be taken, which number shall constitute a quorum for the transaction of any business.  Except as otherwise expressly provided herein, any action taken by the Trustees pursuant to this paragraph shall be by majority vote of the Trustees then present.  Any and all actions so taken shall have the same force and effect as if taken by all the Trustees.

3.13   Meetings.  The Chairman or the Secretary of the Trustees may call a meeting of the Trustees at any time by giving at least ten (10) days' written notice of the time and place thereof to the remaining Trustees.  Any five (5) of the Trustees may call a meeting of the Trustees at any time by giving at least ten (10) days' written notice of the time and place thereof

8

to the remaining Trustees. Meetings of the Trustees may also be held at any time without notice if all the Trustees are present and consent thereto. In addition to the annual meeting required herein, the Trustees shall meet as often as may be required for the proper administration of the Fund.

3.14   Attendance at Meetings. In the event any Trustee fails or refuses to attend two consecutive properly called meetings of the Trustees, a majority of the Trustees attending the second of such meetings may notify in writing the organization which designated the non-attending Trustee of the fact of such non-attendance. Said organization shall take appropriate action to ensure the attendance of the non-attending Trustee. If said non-attending Trustee fails to resume attendance at the next regularly called meeting, said organization shall, upon written notice from the Trustees, remove the non-attending Trustee and appoint a successor to fill the vacancy created thereby.

3.15   Action Without Meeting. Action may be taken by the Trustees without a meeting, provided, however, that in such cases there shall be unanimous written concurrence by all of the Trustees then in office.

3.16   Resolution of Impasse. In the event a deadlock shall arise over the administration of the Fund or the interpretation of this Trust Agreement, the Trustees representing the Employers and the Trustees representing the Union shall attempt to select an individual to act as an impartial umpire of the deadlocked issue. If no agreement can be reached for the selection of an impartial umpire within the ten (10) calendar days following the date upon which such deadlock arose, then the Chairman of the Board of Trustees shall apply to the American Arbitration Association for the designation of an impartial umpire selected by the two-panel method to resolve the deadlock in accordance with its rules and regulations. The decision of any

OOE 000300

umpire so selected or appointed shall be binding upon all persons and parties concerned. The expenses of arbitration shall be paid from the Fund.

3.17    Voting. Each Trustee shall have one vote upon all matters, provided, however, that if at any meeting there is present an unequal number of Union Trustees and Employer Trustees, then the group of Trustees having the fewer number present shall be entitled to cast that number of votes which is equal to the total number of votes cast by the group of Trustees having the larger number present, such vote being cast as follows: Each Trustee in the smaller group may cast one vote; each additional vote to which such group of Trustees is entitled shall be cast by majority vote of such group of Trustees.

3.18    Participation at Meetings; Minutes. All official meetings of the Trustees shall be attended by the Trustees only and shall not be open to the public, except that there may attend such other persons as may be invited by the Trustees. Written minutes, a copy of which shall be furnished with reasonable promptness to each Trustee, shall be kept of all business transacted and of all matters upon which voting shall have occurred.

3.19    Office of the Fund. The principal office of the Trust Fund shall, so long as such location is feasible, be located and maintained in Columbus, Ohio. The location of the principal office shall be made known to the parties interested in the Trust Fund. At such office, and at such other places as may be required by law, there shall be maintained the books and records pertaining to the Trust Fund and its administration.

OOE 000301

ARTICLE IV

POWERS AND DUTIES OF TRUSTEES

4.1    Conduct of Trust Business.  The Trustees shall have general supervision of the operation of the Fund and shall conduct the business and activities of the Fund in accordance with this Agreement and Declaration of Trust and applicable law.  The Trustees shall discharge their duties with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims. The Trustees shall hold, manage and protect the Trust Fund and collect the income therefrom and contributions thereto.  The Trustees or any person duly authorized by the Trustees may, in the course of conducting the business of the Trust Fund, execute any instrument in the name of the Trust Fund.

4.2    Use of Fund for Expenses.  Subject to their obligation not to violate the terms of the Act or any other federal, state or local law, the Trustees shall have the power and authority to use and apply the Trust Fund to pay or provide for the payment of all reasonable and necessary expenses (a) of collecting the Employer contributions and payments and other moneys and property to which they may be entitled and (b) of administering the affairs of this Trust Fund, including the employment of such administrative, legal, advisory, consulting, expert and clerical assistance, and (c) the purchase or lease of such premises, materials, supplies and equipment, and (d) the performance of such other acts, as the Trustees, in their sole discretion, find necessary or appropriate in the performance of their duties; and (e) the reimbursement of the Trustees for expenses in the administration of the Trust Fund.

4.3    Use of Fund to Provide Benefits.  The Trustees shall also have the power and authority to use the Trust Fund to pay or provide for the payment of health and welfare benefits

11

to eligible Participants, their dependents, and/or beneficiaries in accordance with the terms, provisions and conditions of the Plan to be maintained and administered hereunder by the Trustees, or in accordance with any policy or policies purchased and/or held by the Trustees..

    4.4    <u>Investments</u>.

        (a)    The Trustees shall have the power and authority to invest and reinvest such assets of the Fund as are not necessary for current expenditures or for liquid reserves in such investments as are permissible under the Act and as are consistent with the Trustees' fiduciary responsibility and the provisions of the Act. Such investments, however, shall not be subject to any limitation restricting investments in common stocks either to a percentage of the Fund or to a percentage of the total market value of the Fund, except that such investments shall be appropriately diversified. The Trustees may sell, exchange or otherwise dispose of such investments at any time. The Trustees shall also have power and authority (in addition to, and not in limitation of, common law and statutory authority) to invest in any investments which may include, but are not limited to, stocks, bonds, mutual funds, exchange traded funds, options, real or personal property, common trust funds and other collective investment funds, pooled accounts, and equity interests in real estate. The Trustees shall have the authority, in respect to such investments to exercise all such rights, power and privileges as might be lawfully exercised by any person owning similar investments. The Trustees may establish investment policies or guidelines relating to the investment of the assets of the Fund consistent with the objectives of the Fund and the Act.

        (b)    <u>Delegation and Allocation of Investment Functions</u>.

OOE 000303

(1)    The Trustees are authorized, in their discretion, to delegate to a committee duly constituted under Section 4.7 such duties and responsibilities to invest and reinvest such Fund assets as shall be specified in such delegation.

(2)    The Trustees shall have the power and authority to appoint one or more investment managers (as defined in Section 3(38) of the Act) and to delegate to such manager or managers responsibility and authority for the management, acquisition, disposition, investment and reinvestment of such of the assets of the Trust Fund as the Trustees shall specify. Any such appointment is subject to termination by the Trustees. The fees and expenses of such investment manager, to the extent permitted by law, shall be paid out of the Fund.

(3)    In connection with any allocation or delegation of investment functions under paragraphs (1) and (2) of this subsection (b), the Trustees shall, from time to time, adopt appropriate investment policies or guidelines.

(c)    Notwithstanding any other provisions of this Trust Agreement, the Fund may be invested in any collective investment fund or funds, including common and group trust funds presently in existence or hereafter established which are maintained by a bank or trust company supervised by a state or federal agency, notwithstanding that the bank or trust company is the Trustee, Investment Manager, or is otherwise a party-in-interest of the Plan. The assets so invested shall be subject to all the provisions of the instruments establishing such funds as they may be amended from time to time. Such instruments of group trusts as they may be amended from time to time are hereby incorporated and made a part of this Trust Fund as if fully set forth herein. The combining of money and other assets of the Fund with money and other assets of other trusts and accounts in such fund or funds is specifically authorized.

13

OOE 000304

4.5 <u>Deposits and Disbursements</u>. All Trust Funds not invested shall be deposited by the Trustees in such depository or depositories as the Trustees shall from time to time select, and any such deposit or deposits, or disbursements therefrom, shall be made in the name of the Trust Fund in the manner designated by the Trustees and upon the signature(s) of persons designated and authorized by the Trustees or by the Investment Manager appointed in accordance with Section 4.4(b)(2) of this Article.

4.6 <u>Allocation and Delegation of Fiduciary Responsibilities</u>. The Trustees may, by resolution or bylaw, or by an amendment to this Agreement and Declaration of Trust, allocate fiduciary responsibilities and various administrative duties to committees or subcommittees of the Board of Trustees, and they may delegate such responsibilities and duties to other individuals or entities as they may deem appropriate or necessary and as may be consistent with applicable law.

4.7 <u>Committees of the Board of Trustees</u>. The Trustees, by bylaw or by resolution, may create such committee or committees as they deem necessary for the effective and efficient administration of the Fund. The membership of such committees shall consist of members of the Board of Trustees appointed by the Chairman. Each committee shall consist of an equal number of Employer and Union Trustees, and a quorum of a committee shall be as provided in the bylaw or resolution creating the committee.

4.8 <u>Fund Administrator</u>. The Trustees may employ or contract for the services of an individual, firm or corporation as an administrative manager (to be known by the title, "Fund Administrator"), who shall, under the direction of the Trustees or under the direction of any duly appointed committee thereof, perform the routine duties of administration of the office or offices of the Trust Fund and of the Trustees, and who may coordinate and administer the accounting,

14

OOE 000305

bookkeeping and clerical services, provide for the coordination of actuarial services furnished by the consulting actuary, prepare (in cooperation where appropriate with the consulting actuary and independent auditor) all reports and other documents to be prepared, filed or disseminated by or on behalf of the Fund in accordance with law, assist in the collection of contributions required to be paid to the Trust Fund by Employers, and otherwise perform such other duties and furnish such other services as may be assigned, delegated or directed or as may be contracted by or on behalf of the Trustees. The Fund Administrator may serve as the custodian on behalf of the Trustees of all documents and other records of the Trustees and of the Trust Fund.

4.9     Collection of Employer Contributions. The Trustees and any Fund Administrator appointed by the Trustees shall have the power to demand, collect and receive Employer contributions from Employers as more fully set forth in Article V hereto, and to hold such monies as part of the Fund for the purposes herein specified.

4.10    Bylaw, Rules and Regulations.

(a)     The Trustees are hereby empowered and authorized to adopt such bylaws and to promulgate such rules and regulations as are deemed necessary or desirable to facilitate the proper administration of the Trust Fund, provided that the same are not inconsistent with the terms of this Trust Agreement. All bylaws, rules and regulations adopted by action of the Trustees shall be binding upon all parties hereto, all parties dealing with the Trust Fund, and all persons claiming any benefits hereunder.

(b)     No bylaw, regulation, rule, action or determination made or adopted by the Trustees, nor any decision or determination made by any impartial umpire appointed pursuant to Section 3.16 of this Agreement, shall in any manner conflict with this Trust Agreement or with

15

any applicable federal, state or local law, and shall, insofar as practicable, be consistent with the provisions of any current collective bargaining agreement between any Employer and the Union.

    4.11   Additional Authority. The Trustees are hereby empowered, in addition to such other powers as are set forth herein or are conferred by law:

        (a)   to enter into any and all contracts and agreements for carrying out the terms of this Agreement and Declaration of Trust and for the administration of the Fund, and to do all acts as they, in their discretion, deem necessary or advisable, such contracts and agreements and acts to be binding and conclusive on the parties hereto and on the persons involved;

        (b)   to keep property and securities registered in the names of the Trustees or of the Fund or in the name of any other individual or entity duly designated by the Trustees;

        (c)   to establish and accumulate as part of the Fund such reasonable reserve funds as the Trustees, in their sole discretion, deem necessary or desirable to carry out the purposes of such Fund;

        (d)   to pay out of the Trust Fund all real and personal property taxes, income taxes, and other taxes of any and all kinds levied or assessed under existing or future laws upon or in respect to the Fund, or any money, property, or securities forming a part thereof;

        (e)   to retain legal, investment, consulting and/or any other experts necessary to assist in the proper administration of the Fund and/or the Plan;

        (f)   to sell, exchange, lease, convey, mortgage or dispose of any property forming a part of the Fund, whether real or personal, upon such terms as they may deem proper, and to execute and deliver any and all instruments of conveyance, leases, mortgages and transfers in connection therewith;

OOE 000307

(g)     to establish and carry out a funding policy and method consistent with the objectives of the Plan and of applicable law;

(h)     to vote in person or by proxy, with or without power of substitution, on any stocks, bonds or other securities held by it; and

(i)     to do all acts, whether or not expressly authorized herein, which the Trustees deem necessary or proper for the protection of the property held hereunder.

4.12    Bonds.  The Trustees, and any employees who are empowered and authorized to sign checks and handle monies of the Fund, shall be bonded by a duly authorized surety company qualified to write such bonds in such amounts as may be determined from time to time by the Trustees (but not less than the amounts required by law).  The Trustees may also bond such other employees of the Fund as they deem necessary.  The cost of the premiums for such bonds shall be paid out of the Fund.

4.13    Insurance.  The Trustees may in their discretion obtain and maintain policies of insurance, to the extent permitted by law, to insure themselves, the Fund as such, as well as Employees or agents of the Trustees and of the Fund while engaged in business and related activities for and on behalf of the Trust Fund (a) with respect to liability to others as a result of acts, errors or omissions of such Trustee or Trustees, Employees or agents, respectively, provided such insurance policy shall provide recourse by the insurer against Trustees as may be required by law and (b) with respect to injuries received or property damage suffered by them. The cost of the premiums for such policies of insurance shall be paid out of the Fund.

4.14    Information to Participants and Beneficiaries.  The Trustees shall provide Participants, dependents, and beneficiaries such information as may be required by law.

17

OOE 000308

4.15    Accountants and Actuaries.  The Trustees shall engage one or more independent qualified public accountants and one or more enrolled actuaries to perform all services as may be required by applicable law and such other services as the Trustees may deem necessary.

4.16    Trustees to Act Without Compensation.  The Trustees shall act in such capacity without compensation, but they shall be entitled to reimbursement for the reasonable expenses properly and actually incurred in the performance of their duties with the Trust Fund, including, without limitation, attendance at meetings and other functions of the Board of Trustees or its committees while on business of the Board of Trustees, and attendance at institutes, seminars, conferences or workshops for or on behalf of the Trust Fund.

4.17    Reports.  All reports required by law to be signed by one or more Trustees shall be signed by all of the Trustees, provided that all of the Trustees may appoint in writing, or by resolution adopted and recorded in the minutes, one or more of their members to sign such report on behalf of the Trustees.

4.18    Records of Trustee Transactions.  The Trustees shall keep true and accurate books of account and a record of all investments, receipts, disbursements, and other transactions hereunder (as may be required by Treasury Regulation Section 1.501(c)(9)-5), including records pertaining to any unrelated business taxable income, which shall be audited at least annually by a certified public accountant.  The Trustees shall also keep records and minutes of its meetings (including actions taken at such meetings and by informal action of the Trustees).  The records, minutes, and copy of each audit report shall be furnished to all Trustees and shall be available for inspection by interested persons at the principal office of the Trustees.

4.19    Construction and Determinations by Trustees.  Subject to the stated purposes of the Fund and the provisions of this Trust Agreement, the Trustees shall have full and exclusive

18

authority to determine all questions of coverage and eligibility, methods of providing or arranging for benefits and all other matters related to the administration or operation of the Plan and Trust Fund. They shall have full power to construe the provisions of this Trust Agreement, the terms used herein and the bylaws and regulations issued thereunder. Any such determination and any such construction adopted by the Trustees in good faith shall be binding upon all of the parties hereto and the beneficiaries hereof. Neither the foregoing, any difference arising thereunder, nor any matter involving or arising under this Agreement and Declaration of Trust shall be subject to any grievance or arbitration procedure established in any collective bargaining agreement between an Employer and the Union; provided, however, that this clause shall not be construed as affecting either the rights and liabilities of any of the parties under any such collective bargaining agreement or the right of the Union to enforce the payment of Employer contributions through the use of an established grievance and arbitration procedure.

4.20 Liability. The Trustees, to the extent permitted by applicable law, shall incur no liability in acting upon any instrument, application, notice, request, signed letter, telegram or other paper or document believed by them to be genuine and to contain a true statement of facts.

4.21 Reliance on Written Instruments. Any Trustee, to the extent permitted by applicable law, may rely upon any instrument in writing purporting to have been signed by a majority of the Trustees or authorized Trustees as conclusive evidence of the fact that a majority of the Trustees or authorized Trustees have taken the action stated to have been taken in such instrument.

4.22 Reliance by Others. No party dealing with the Trustees shall be obligated (a) to see that any funds or property of the Trust Fund are applied to stated purposes, or (b) to see that the terms of this Trust Agreement have been complied with, or (c) to inquire into the necessity or

OOE 000310

expediency of any act of the Trustees. Every instrument executed by the Trustees shall be conclusive evidence in favor of every person relying thereon (d) that at the time of the execution of said instrument the Fund was in full force and effect, (e) that the instrument was executed in accordance with the terms and conditions of this Agreement and Declaration of Trust, and (f) that the Trustees were duly authorized and empowered to execute the instrument.

4.23 Discharge of Liability. The receipt by the Trustees of any money or property or checks (after such checks are honored at the bank and paid to the Trust Fund) shall discharge the person or persons paying or transferring the same.

4.24 Merger. Subject to their fiduciary duties and to applicable law and/or regulations, the Trustees shall have the power to merge with any other fund established for similar purposes as this Fund.

4.25 Settling Disputes. The Trustees shall have discretion to compromise or settle any claim or controversy in such manner as, in their best judgment, is in the best interests of the Fund. Any majority decision made by the Trustees in compromise or settlement of a claim or controversy, or any compromise or settlement agreement entered into by the Trustees, shall be conclusive and binding on all parties interested in this Trust Fund.

4.26 Reciprocity Agreements. The Trustees may, in their sole discretion, enter into such reciprocity agreement or agreements with other welfare funds as they may determine to be in the best interests of the Fund, provided, that any such reciprocity agreement or agreements shall not be inconsistent with the terms of this Trust Agreement or the written agreements under which this Trust Agreement is maintained.

4.27 Written Plan for Benefits. The Trustees shall establish and maintain a written plan under which benefits effectuating the provisions of Article II shall be paid. Such plan shall

OOE 000311

be known as the Ohio Operating Engineers Health and Welfare Plan. The Trustees shall have the power to, from time to time, amend said Plan, provided that any amendment shall not be inconsistent with the provisions of this instrument.

OOE 000312

## ARTICLE V

### CONTRIBUTIONS AND COLLECTIONS

5.1     Employer Contributions.  Each Employer shall make prompt contributions or payments to the Fund in such amount and under such terms as from time to time may be set forth in the then current collective bargaining agreement or other written agreement requiring contributions to the Fund.  Such contributions shall constitute an absolute obligation to the Fund and shall not be subject to set off because of any claim which an Employer may have against the Union or an Employee.  Contributions shall be paid to the Trustees, or to such depository as the Trustees may designate, by check, bank draft, money order, wire transfer or other agreed upon method of transmitting money or its equivalent, made payable as the Trustees shall direct.  The payment of contributions shall be made periodically at such intervals as shall be directed by the Trustees, or as may be specified in any written agreement requiring the payment of contributions.

5.2     Responsibility for Contributions.  Except as may be otherwise provided by law, each Employer shall be responsible only for the contributions payable by it on behalf of its own Employees.  No Employer or any employer association or group shall be responsible for the contributions, payments or other obligations of any other Employer.

5.3     Work Outside Jurisdiction.  To the extent required by the collective bargaining agreement and the Plan, in the event an Employee employed by an Employer performs work outside of the geographical jurisdiction of the Union, the Employer shall continue to make contributions to the Fund and the Trustees may accept such contributions. The acceptance by the Fund of contributions for work performed outside the geographical jurisdiction of the Union will not impact the potential obligations of an Employer to make contributions to other multiemployer funds.  In the event an Employer makes contributions to the Fund for work

OOE 000313

outside of the geographic jurisdiction of the Union, the Fund will neither indemnify the Employer or return the contributions in the event a different multiemployer fund seeks contributions from the Employer based on the same work.

5.4     Collection and Enforcement of Payments.  The Trustees, (or such committee of the Trustees as the Board of Trustees shall appoint), or the Fund Administrator (if one has been appointed and when directed by such committee or by the Board of Trustees), shall have the power to demand, collect and receive Employer contributions and all other money and property to which the Trustees may be entitled, and shall hold the same until applied to the purposes provided in this Trust Agreement.  They shall take such steps, including the institution and prosecution of, or the intervention in, such legal or administrative proceedings as is determined to be in the best interest of the Fund for the purpose of collecting such payments, money and property.

5.5     Cost of Collection.  The Trustees shall have the power to impose reasonable cost of collection assessments as provided in the Act against those Employers who become delinquent in paying Employee contributions.  In cases where the Trustees or the Fund Administrator find it necessary to take legal action to recover amounts due the Fund from delinquent Employers, the Trustees or said Fund Administrator shall also be entitled to recover reasonable attorney's fees as fixed by the court together with court costs.  Assessments of statutory damages and interest shall be fixed by rules and regulations promulgated by the Trustees, shall be based upon a reasonable estimate as to the actual loss to the Fund because of delinquent contributions, and shall not be discriminatory in nature.  Since late payments to the Fund may cause loss of protection to Participants and may result in considerable additional administrative expense and since many other elements of damage may result from late

OOE 000314

contributions to the Fund, it is impossible to determine accurately in advance the full extent of the damage and expense which can result from delinquent payments. Therefore, the Trustees may, if they deem it advisable, base the amount of any statutory damages or interest upon uniform percentage of delinquent amounts due.

    5.6    <u>Production of Records</u>. Each Employer shall promptly furnish to the Trustees or their representative, on demand, the names of his Employees, their Social Security numbers, the hours worked by each Employee, and such other information as the Trustees may reasonably require in connection with the administration of the Fund. The Trustees or their representative may examine pertinent employment and payroll records of each Employer at the Employer's place of business whenever such examination is necessary or advisable in connection with the proper administration of the Fund. The Union shall, upon request, promptly furnish information regarding an Employee's employment status.

    5.7    <u>Non-Payment of Contributions</u>. Non-payment by any Employer of any contribution or other monies owed to the Fund shall not relieve any other Employer from his or its obligation to make required payments to the Fund.

    5.8    <u>Delinquent Contributions as Plan Assets</u>. As of the date any unpaid Employer contributions are required to be paid to the Fund, the contributions shall become plan assets for purposes of subtitle A and parts 1 and 4 of subtitle B of title I of the Act, and Code Section 4975. To the extent any individual officers, directors or other representatives of the Employer exercise sufficient control or authority over the unpaid contributions as to constitute a fiduciary under Act Section 3(21), they shall serve in such a fiduciary capacity on behalf of the Trust Fund with respect to the unpaid contributions.

OOE 000315

5.9    Refund of Contributions.  Except as provided in this section below, no Employer, directly or indirectly, shall receive any refund of contributions paid to the Fund or participate in the disposition of any assets of the Fund or receive any benefits from the Fund.  Notwithstanding the foregoing or any other provisions of this Trust Agreement, if an Employer contribution is based upon a mistake of fact or law, such excess contribution may be returned to the Employer within six months after the Trustees determine that the contribution was made by such a mistake. The contribution or payment is considered as being returned within the required period if the Employer establishes a right to a refund of the amount mistakenly contributed or paid by filing a claim with the Trustees within six months after the date on which the Trustees determine that the mistake occurred.  Interest or earnings on the amount of the overpayment shall not be credited to the amount of the overpayment.  Notwithstanding the foregoing in this Section 5.9, in no event shall the Fund return contributions paid by an Employer to the Fund to the extent that the Plan provided coverage or benefits to the Participants or other individuals for whom the Employer contributions were made.

5.10    Varying Rates of Contribution.  So long as contributions are made to the Fund pursuant to a proper written agreement, the Trustees may, but are not required to, accept contributions which are not at a uniform rate among all Employers.  In formulating a plan for the payment of benefits in such cases, the Trustees may, but need not, provide for a non-discriminatory method of crediting hours worked in relation to rate of contributions.

OOE 000316

## ARTICLE VI

### BENEFICIAL RIGHTS

6.1    No Right, Title or Interest of Employers and Union.  None of the Employer, the Union, any Employees, any Participants, dependents, and/or beneficiaries shall have any right, title or interest in or to the Fund or any part thereof.  Except as may be required by law, there shall be no pro-rata or other distribution of any of the assets of the Fund as a result of any Union, Employer, Group or Association of Employees or Employers, Participant, dependents, or beneficiaries ceasing participation in the Fund.

6.2    Limitations upon Beneficial Rights of Employees.  All benefits which may become payable from the Fund shall be free from the interference and control of any creditor of any party.  No benefits shall be subject to assignment or other anticipation, to seizure, or to sale under any legal, equitable or other process.

26

OOE 000317

## ARTICLE VII

### AMENDMENT AND TERMINATION OF
### TRUST AGREEMENT AND TRUST FUND

7.1     Amendment.   The Trustees may, by majority action, amend and/or supplement any of the provisions of this Agreement.  To the extent permitted by law, any amendment to this Agreement may be made so as to take effect retroactively.

7.2     Termination.   To the extent permitted by law (including any applicable administrative regulations), the Trustees shall have the power to cease operation of and to terminate the Fund and its implementing plan under such circumstances as, in the judgment of the Trustees, would be in the best interest of all Participants.  In the event of termination, the assets of the Fund will be applied and distributed in such manner as, to the extent of such assets, would best carry out the purposes of this Agreement and Declaration of Trust.

OOE 000318

ARTICLE VIII

MISCELLANEOUS PROVISIONS

8.1    Law Applicable.  This Trust Agreement is created in the State of Ohio and, except to matters of federal law, all questions pertaining to construction and administration of this Agreement and Declaration of Trust shall be determined in accordance with the laws of the State of Ohio.

8.2    Savings Clause.  Should any provision of this Agreement and Declaration of Trust be held to be unlawful or unenforceable, the remaining provisions contained herein shall nevertheless continue in full force and effect.

8.3    Withholding Payment.  In the event that a question or dispute shall arise as to the proper person or persons to whom benefits hereunder should be paid, the Trustees may withhold payment of such benefits pending resolution, to the satisfaction of the Trustees, of such question or dispute.

8.4    Beneficiaries under Disability.  In the event any benefits become payable hereunder due to a person under legal disability, or to a person who, in the considered judgment of the Trustees, is unable to properly administer such benefits by reason of mental or physical disability, then such benefits may be paid for the benefit of such person either to the legally appointed guardian or conservator of such person or to any relative of such person who has assumed responsibility for the care of such person.

8.5    Gender.  Whenever any words are used in this Trust Agreement in the masculine gender, they shall also be construed to include the feminine and/or neuter gender in all situations where such construction would so apply.  Whenever any words herein are used in the singular number, they shall also be construed to include the plural number in all situations where such

OOE 000319

construction would apply. Whenever any words herein are used in the plural number, they shall also be construed to include the singular number in all situations where such construction would apply.

[REMAINDER OF PAGE IS BLANK]

29

OOE 000320

IN WITNESS WHEREOF, the undersigned, being the current Trustees of the Ohio Operating Engineers Health and Welfare Fund, do hereby adopt this amended and restated Trust Agreement on this 24th day of May, 2016.

EMPLOYER TRUSTEES:

David G. Coniglio, Chairman

Victor DiGeronimo, Vice Chairman

Bradley D. Miller

James D. Philo

Marsha K. Rinehart

Stanley I. Roediger, Jr.

UNION TRUSTEES:

Thomas P. Byers, Assistant Secretary

Richard E. Dalton

Thomas J. Perevosnik

Jefferson S. Powell, Secretary

Gary G. Siesel

Mark Totman

OOE 000321

5/19/2016 23101252 V.7

OHIO OPERATING ENGINEERS HEALTH AND WELFARE PLAN

AMENDED AGREEMENT AND DECLARATION OF TRUST

OOE 000322

TABLE OF CONTENTS

| | Page |
|---|---|
| INTRODUCTION | 1 |
| ARTICLE I - DEFINITIONS | 3 |
| Employer | 3 |
| Employee | 3 |
| Union | 3 |
| Participant | 3 |
| Beneficiary | 3 |
| Trustees | 4 |
| Fund | 4 |
| Name of Plan | 4 |
| Trust Agreement | 4 |
| Act | 4 |
| ARTICLE II - PURPOSE OF THE TRUST AND USE OF THE FUND | 5 |
| ARTICLE III - TRUSTEES OF THE FUND | 6 |
| Number, Appointment | 6 |
| Term of Office | 6 |
| Officers | 6 |
| Union Trustees | 7 |
| Employer Trustees | 7 |
| Acceptance of Appointment | 7 |
| Resignation | 7 |
| Removal | 8 |
| Successor Trustees - Appointment | 8 |
| Successor Trustees - Powers and Duties | 8 |
| Vacancies | 8 |
| Quorum | 9 |
| Meetings | 9 |
| Attendance at Meetings | 9 |
| Action Without Meeting | 10 |
| Resolution of Impasse | 10 |
| Voting | 10 |
| Participation at Meetings; Minutes | 11 |
| Office of the Fund | 11 |
| ARTICLE IV - POWERS AND DUTIES OF TRUSTEES | 12 |
| Conduct of Trust Business | 12 |
| Use of Fund for Expenses | 12 |
| Use of Fund to Provide Benefits | 12 |
| Investments | 13 |
| Delegation and Allocation of Investment Functions | 13 |
| Deposits and Disbursements | 14 |
| Allocation and Delegation of Fiduciary Responsibilities | 14 |
| Committees of the Board of Trustees | 15 |

i

OOE 000323

|  | Page |
|---|---|
| Administrative Manager | 15 |
| ByLaws, Rules and Regulations | 16 |
| Additional Authority | 17 |
| Bonds | 18 |
| Insurance | 18 |
| Information to Participants and Beneficiaries | 18 |
| Accountants and Actuaries | 18 |
| Trustees to Act Without Compensation | 19 |
| Reports | 19 |
| Records of Trustee Transactions | 19 |
| Construction and Determinations by Trustees | 19 |
| Liability | 20 |
| Reliance on Written Instruments | 20 |
| Reliance by Others | 20 |
| Discharge of Liability | 21 |
| Merger | 21 |
| Settling Disputes | 21 |
| Reciprocity Agreements | 21 |
| Written Plan for Benefits | 22 |
|  | 22 |

ARTICLE V - CONTRIBUTIONS AND COLLECTIONS ........ 23

| Employer Contributions | 23 |
| Responsibility for Contributions | 23 |
| Work Outside Jurisdiction | 23 |
| Employee Contributions | 24 |
| Collection and Enforcement of Payments | 24 |
| Cost of Collection | 24 |
| Production of Records | 25 |
| Non-Payment of Contributions | 26 |

ARTICLE VI - BENEFICIAL RIGHTS ........ 27

| No Right, Title or Interest of Employers and Union | 27 |
| Limitations Upon Beneficial Rights of Employees | 27 |

ARTICLE VII - AMENDMENT AND TERMINATION OF TRUST AGREE-
MENT AND TRUST FUND ........ 29

| Amendment | 29 |
| Termination | 29 |

ARTICLE VIII - MISCELLANEOUS PROVISIONS ........ 30

| Law Applicable | 30 |
| Savings Clause | 30 |
| Refund of Contributions | 30 |
| Varying Rates of Contribution | 30 |
| Withholding Payment | 31 |
| Beneficiaries Under Disability | 31 |
| Gender | 31 |

ii

OOE 000324

## INTRODUCTION

WHEREAS, an Agreement and Declaration of Trust pursuant to which the Ohio Operating Engineers Health and Welfare Plan has been created and administered was made and entered into as of the 11th day of March, 1960, by and between the Labor Relations Division of the Ohio Contractors Association, the Miami Valley Associated Contractors, the Cincinnati Chapter, Associated General Contractors of America, the Building Trades Employers' Association, and Local Unions No. 18, 18A and 18B of the International Union of Operating Engineers; and

WHEREAS, the signatories hereto are the currently duly appointed and acting Trustees of the trust estate held under the terms of the aforesaid Agreement and Declaration of Trust; and

WHEREAS, Article IX of the aforesaid Agreement and Declaration of Trust empowers the undersigned Trustees to amend the aforesaid Agreement and Declaration of Trust; and

WHEREAS, events subsequent to the execution of the aforesaid Agreement and Declaration of Trust require extensive modifications and additions to, as well as extensive deletions from, that document; and

WHEREAS, the undersigned Trustees have determined that, in the interests of efficiency and clarity, the entire Agreement and Declaration of Trust made and entered into as of the 11th day of March, 1960, should be redrafted and replaced with a new and separate instrument;

NOW, THEREFORE, pursuant to the powers vested in them as Trustees of the Ohio Operating Engineers Health and Welfare Plan, the undersigned hereby amend the Agreement and Declaration of Trust made and entered into as of the 11th day of March, 1960, by and between the Labor Relations Division of the Ohio Contractors Association, the Miami Valley Associated Contractors, the Cincinnati Chapter, Associated General Contractors of America, the Building Trades Employers' Association, and Local Unions No. 18, 18A and 18B of the International Union of Operating Engineers, as the same has been from time to time amended, by deleting in their entirety the terms of said instrument and substituting therefor the following terms:

OOE 000326

ARTICLE I

DEFINITIONS

**1.1** **Employer.** The term "Employer" as used herein shall mean any person, corporation, partnership, unincorporated association, labor organization or other legal entity obligated by written agreement to make contributions to the Fund established herein. By making contributions to this Fund, all such Employers shall be deemed to have accepted and to be bound by the terms of this Agreement and Declaration of Trust as the same may be amended from time to time.

**1.2** **Employee.** The term "Employee" as used herein shall mean any person in the employ of the Employer on whose behalf the Employer is obligated by written agreement to make contributions to the Plan.

**1.3** **Union.** The term "Union" as used herein shall mean, collectively and separately, local unions number 18, 18A, 18B, 18C and 18RA of the International Union of Operating Engineers.

**1.4** **Participant.** The term "Participant" as used herein shall mean any Employee or former Employee who is or who may become eligible to receive a benefit of any type from this Fund, or whose Beneficiaries may be or may become eligible to receive any such benefit.

**1.5** **Beneficiary.** The term "Beneficiary" as used herein shall mean either a person designated by an Employee to receive death benefits which may be payable under the provisions of this Plan, or a

-3-

OOE 000327

person, other than an Employee, who, by the terms of the plan of benefits established pursuant to this Trust Agreement, is or may become entitled to benefits thereunder.

1.6 Trustees. The term "Trustees" as used herein shall mean the Trustees designated in this Trust Agreement, together with their successors designated and appointed in accordance with the terms of this Trust Agreement. The Trustees, collectively, shall be the "Administrator" of this Fund as that term is used in the Act.

1.7 Fund. The term "Fund" as used herein shall mean the trust estate of the health and welfare trust herein established as it may, from time to time, be constituted, including, but not limited to, policies of insurance, investments and the income from any and all investments, Employers' and Employees' contributions, and all other assets, property or money received by or held by the Trustees for the uses and purposes of this Trust.

1.8 Name of Plan. The health and welfare plan established pursuant to the provisions of this Trust Agreement shall be known and identified as "Ohio Operating Engineers Health and Welfare Plan."

1.9 Trust Agreement. The terms "Trust Agreement" and "Agreement and Declaration of Trust" as used herein shall mean this instrument as the same may be amended and modified from time to time.

1.10 Act. The term "Act" as used herein shall mean the Employee Retirement Income Security Act of 1974 as the same may be amended and modified from time to time, together with any rules and regulations promulgated pursuant to the provisions of said Act.

-4-

OOE 000328

## ARTICLE II

## <u>PURPOSE OF THE TRUST AND USE OF THE FUND</u>

<u>2.1</u>  The Trust and the Fund are created for the purpose of providing and maintaining, either through a self-funded plan, through policies issued by duly licensed commercial insurance carriers authorized to do business in the State of Ohio, or through a combination of both methods, such health and welfare benefits for Employees and the dependents and/or Beneficiaries of Employees as may be permitted by law and as may be consistent with the assets and income of the Fund.

<u>2.2</u>  No part of the Fund or of the income therefrom may be used for or diverted to purposes other than for the exclusive benefit of Employees and the dependents and/or Beneficiaries of Employees.

-5-

OOE 000329

ARTICLE III

TRUSTEES OF THE FUND

3.1 Number, Appointment. The Fund shall be administered by twelve (12) Trustees, six (6) of whom shall be Employer Trustees, and six (6) of whom shall be Union Trustees. The Labor Relations Division of the Ohio Contractors Association, The Associated General Contractors of America, Inc., (hereinafter, the "LRD/OCA") shall designate three (3) individuals to serve as Employer Trustees, the Associated Contractors of Ohio, Inc., The Associated General Contractors of America, Inc., (hereinafter, the "ACO") shall designate three (3) individuals to serve as Employer Trustees, and the Union shall designate six (6) individuals to serve as Union Trustees. No person disqualified by law to serve as a Trustee shall either be appointed or permitted to serve as a Trustee.

3.2 Term of Office. Upon appointment, all Trustees shall serve as such until proper resignation or until removal as provided herein.

3.3 Officers. There shall be an annual meeting of the Trustees to be held during the month of January in each year, at which meeting a Chairman and a Vice Chairman, and a Secretary and Assistant Secretary of the Trustees shall be elected. The Chairman and Vice Chairman shall be from the same group and the Secretary and Assistant Secretary shall be from the same group. If the Chairman and Vice Chairman shall be members of the Employer group of Trustees, the Secretary and Assistant Secretary shall be members

-6-

of the Union group of Trustees, and if the Chairman and Vice Chairman shall be members of the Union group of Trustees, the Secretary and Assistant Secretary shall be members of the Employer group of Trustees. The Chairmanship and Vice Chairmanship and Secretaryship and Assistant Secretaryship shall alternate between the Employer and the Union Trustees as of the annual meeting of the Trustees in each year.

3.4 <u>Union Trustees</u>. Each Union Trustee shall be appointed in accordance with internal Union procedure and shall be designated to the Trustees in writing by the Union.

3.5 <u>Employer Trustees</u>. Each Employer Trustee must be either an Employer or an Employee of an Employer. When either the LRD/OCA or the ACO designates Trustees to succeed Trustees who have resigned or been removed, those organizations shall certify to the Trustees, in writing, the name or names of the newly designated Trustees.

3.6 <u>Acceptance of Appointment</u>. Upon appointment, each Trustee shall execute a written acceptance whereby he agrees to accept and be bound by all terms and requirements of this Agreement, as the same may from time to time be amended.

3.7 <u>Resignation</u>. A Trustee may resign and become and remain fully discharged from all further duty and responsibility hereunder upon giving thirty (30) days' notice, in writing, to the remaining Trustees. The remaining Trustees, however, may accept shorter notice as sufficient. In such notice there shall be stated a date upon which such resignation shall take effect. Such resignation

-7-

OOE 000331

shall take effect upon the date specified in the notice unless a successor Trustee shall have been designated at an earlier date, in which event such resignation shall take effect immediately upon the designation of such successor Trustee.

3.8    Removal.  Any Trustee may be removed from office at any time by the body which appointed him by delivering to the remaining Trustees a copy of written notice of removal.

3.9    Successor Trustees - Appointment.  In the event that any Trustee shall die, become incapable of acting hereunder, resign or be removed, a Successor Trustee shall be immediately appointed by the body which appointed the original Trustee.  Any Trustee may be declared incapable of acting hereunder within the meaning of this paragraph only by the unanimous action of all other Trustees then in office.

3.10   Successor Trustees – Powers and Duties.  Any Successor Trustee upon his designation as a Successor Trustee, upon his acceptance of his trusteeship in writing, and upon becoming properly bonded, shall become vested with all the property, rights, powers and duties of a Trustee hereunder, with like effect as if originally designated as a Trustee.

3.11   Vacancies.  It is the intention hereof that the Fund shall at all times be administered by an equal number of Employer Trustees and Union Trustees, but until the designation of a Successor Trustee or Trustees as hereinbefore provided, a quorum of the remaining Trustees shall have full power to act.

-8-

organization shall, upon written notice from the Trustees, remove the non-attending Trustee and appoint a successor to fill the vacancy created thereby.

3.15  Action Without Meeting.  Action may be taken by the Trustees without a meeting, provided, however, that in such cases there shall be unanimous written concurrence by all of the Trustees then in office.

3.16  Resolution of Impasse.  In the event a deadlock shall arise over the administration of the Fund or the interpretation of this Agreement, the Trustees representing the Employers and the Trustees representing the Union shall attempt to select an individual to act as an impartial umpire of the deadlocked issue.  If no agreement can be reached for the selection of an impartial umpire within the ten (10) calendar days following the date upon which such deadlock arose, then the Chairman of the Board of Trustees shall apply to the American Arbitration Association for the designation of an impartial umpire selected by the two-panel method to resolve the deadlock in accordance with its rules and regulations.  The decision of any umpire so selected or appointed shall be binding upon all persons and parties concerned.  The expenses of arbitration shall be paid from the Fund.

3.17  Voting.  Each Trustee shall have one vote upon all matters, provided, however, that if at any meeting there is present an unequal number of Union Trustees and Employer Trustees, then and in that event the group of Trustees having the fewer number present shall be entitled to cast that number of votes which is equal to

-10-

the total number of votes cast by the group of Trustees having the larger number present, such vote being vast as follows: Each Trustee in the smaller group may cast one vote; each additional vote to which such group of Trustees is entitled shall be cast by majority vote of such group of Trustees.

3.18   Participation at Meetings; Minutes. All official meetings of the Trustees shall be attended by the Trustees only and shall not be open to the public, except that there may attend such other persons as may be invited by the Trustees. Written minutes, a copy of which shall be furnished with reasonable promptness to each Trustee, shall be kept of all business transacted and of all matters upon which voting shall have occurred.

3.19   Office of the Fund. The principal office of the Trust Fund shall, so long as such location is feasible, be located and maintained in Columbus, Ohio. The location of the principal office shall be made known to the parties interested in the Trust Fund. At such office, and at such other places as may be required by law, there shall be maintained the books and records pertaining to the Trust Fund and its administration.

-11-

## ARTICLE IV

## POWERS AND DUTIES OF TRUSTEES

**4.1    Conduct of Trust Business.**   The Trustees shall have general supervision of the operation of the Fund and shall conduct the business and activities of the Fund in accordance with this Trust Agreement and applicable law.  The Trustees shall hold, manage and protect the Trust Fund and collect the income therefrom and contributions thereto.  The Trustees or any person duly authorized by the Trustees may, in the course of conducting the business of the Trust, execute any instrument in the name of the Ohio Operating Engineers Health and Welfare Plan.

**4.2    Use of Fund for Expenses.**   The Trustees shall have the power and authority to use and apply the Trust Fund to pay or provide for the payment of all reasonable and necessary expenses (i) of collecting the Employer contributions and payments and other moneys and property to which they may be entitled and (ii) of administering the affairs of this Trust, including the employment of such administrative, legal, expert and clerical assistance, the purchase or lease of such premises, materials, supplies and equipment and the performance of such other acts, as the Trustees, in their sole discretion, find necessary or appropriate in the performance of their duties.

**4.3    Use of Fund to Provide Benefits.**   The Trustees shall also have the power and authority to use and apply the Trust Fund to pay or provide for the payment of health and welfare benefits to

-12-

OOE 000335

eligible Participants and Beneficiaries in accordance with the terms, provisions and conditions of the Health and Welfare Plan to be maintained and administered hereunder by the Trustees.

4.4    Investments.

(a)    The Trustees shall have the power and authority to invest and reinvest such assets of the Fund as are not necessary for current expenditures or for liquid reserves in such investments as are permissible under applicable State and Federal law and as are consistent with the Trustees' fiduciary responsibility. Such investments, however, shall not be subject to any limitation restricting investments in common stocks either to a percentage of the Fund or to a percentage of the total market value of the Fund. The Trustees may sell, exchange or otherwise dispose of such investments at any time. The Trustees shall also have power and authority (in addition to, and not in limitation of, common law and statutory authority) to invest in any investments which may include, but are not limited to, stocks, bonds, real or personal property, and equity interests in real estate. The Trustees shall have the authority, in respect to any stocks, bonds or other property, real or personal, held by them as Trustees, to exercise all such rights, power and privileges as might be lawfully exercised by any person owning similar stocks, bonds or other property in his own right.

(b)    Delegation and Allocation of Investment Functions.

(1)    The Trustees are authorized, in their discretion, to allocate to a committee duly constituted under Section 4.7 such duties and responsibilities to invest and reinvest such Fund assets as shall be specified in such allocation.

-13-

OOE 000336

(2)     The Trustees shall have the power and authority to appoint one or more investment managers (as defined in Section 3(38) of the Act) and to delegate to such manager or managers responsibility and authority for the management, acquisition, disposition, investment and reinvestment of such of the assets of the Trust Fund as the Trustees shall specify. Any such appointment is subject to termination by the Trustees. The fees and expenses of such investment manager, to the extent permitted by law, shall be paid out of the Fund.

(3)     In connection with any allocation or delegation of investment functions under paragraphs (1) and (2) of this subsection (b), the Trustees shall, from time to time, adopt appropriate investment policies or guidelines.

4.5     Deposits and Disbursements. All Trust funds not invested shall be deposited by the Trustees in such depository or depositories as the Trustees shall from time to time select, and any such deposit or deposits, or disbursements therefrom, shall be made in the name of the Trust in the manner designated by the Trustees and upon the signature(s) of persons designated and authorized by the Trustees or by the Investment Manager appointed in accordance with Section 4.4(b)(2) of this Article.

4.6     Allocation and Delegation of Fiduciary Responsibilities. The Trustees may, by resolution or bylaw, or by duly appointed amendment to this Trust Agreement, allocate fiduciary responsibilities and various administrative duties to committees or subcommittees of the Board of Trustees, and they may delegate such responsibilities

-14-

OOE 000337

and duties to other individuals as they may deem appropriate or necessary and as may be consistent with applicable law.

4.7    Committees of the Board of Trustees.  The Trustees, by resolution, may create such committee or committees as they deem necessary for the effective and efficient administration of the Fund. The membership of such committees shall consist of members of the Board of Trustees appointed by the chairman.  Each committee shall consist of an equal number of Employer and Employee Trustees, and a quorum of a committee shall be as provided in the resolution creating the committee.

4.8    Administrative Manager.  The Trustees may employ or contract for the services of an individual, firm or corporation as an administrative manager (to be known by the title, "Fund Administrator"), who shall, under the direction of the Trustees or under the direction of any duly appointed committee thereof, perform the routine duties of administration of the office or offices of the Trust Fund and of the Trustees, and who may coordinate and administer the accounting, bookkeeping and clerical services, provide for the coordination of actuarial services furnished by the consulting actuary, prepare (in cooperation where appropriate with the consulting actuary and independent auditor) all reports and other documents to be prepared, filed or disseminated by or on behalf of the Trust in accordance with law, assist in the collection of contributions required to be paid to the Trust Fund by Employers, and otherwise perform such other duties and furnish such other services as may be assigned, delegated or directed or as may be contracted by or on

-15-

OOE 000338

behalf of the Trustees. The administrative manager may serve as the custodian on behalf of the Trustees of all documents and other records of the Trustees and of the Trust Fund.

4.9    The Trustees and any Fund Administrator appointed by the Trustees shall have the power to demand, collect and receive Employer contributions from Employers as more fully set forth in Article V hereto, and to hold such monies as part of the Fund for the purposes herein specified.

4.10    ByLaws, Rules and Regulations.

(a)    The Trustees are hereby empowered and authorized to adopt such bylaws and to promulgate such rules and regulations as are deemed necessary or desirable to facilitate the proper administration of the Trust Fund, provided that the same are not inconsistent with the terms of this Trust Agreement. All bylaws, rules and regulations adopted by action of the Trustees shall be binding upon all parties hereto, all parties dealing with the Trust Fund, and all persons claiming any benefits hereunder.

(b)    No bylaw, regulation, rule, action or determination made or adopted by the Trustees, nor any decision or determination made by any impartial umpire appointed pursuant to Section 3.16 of this Agreement, shall in any manner conflict with this Trust Agreement or with any applicable Federal, State or local law, and shall, insofar as practicable, be consistent with the provisions of any current collective bargaining agreement between any Employer and the Union.

-16-

4.11   Additional Authority.   The Trustees are hereby empowered, in addition to such other powers as are set forth herein or are conferred by law:

(a)   to enter into any and all contracts and agreements for carrying out the terms of this Trust Agreement and for the administration of the Fund, and to do all acts as they, in their discretion, deem necessary or advisable, such contracts and agreements and acts to be binding and conclusive on the parties hereto and on the Participants involved;

(b)   to keep property and securities registered in the names of the Trustees or of the Fund or in the name of any other individual or entity duly designated by the Trustees;

(c)   to establish and accumulate as part of the Fund such reasonable reserve funds as the Trustees, in their sole discretion, deem necessary or desirable to carry out the purposes of such Fund;

(d)   to pay out of the Trust Fund all real and personal property taxes, income taxes, and other taxes of any and all kinds levied or assessed under existing or future laws upon or in respect to the Fund, or any money, property, or securities forming a part thereof;

(e)   to do all acts, whether or not expressly authorized herein, which the Trustees deem necessary or proper for the protection of the property held hereunder;

(f)   to sell, exchange, lease, convey, mortgage or dispose of any property forming a part of the Fund, whether real or

-17-

OOE 000340

personal, upon such terms as they may deem proper, and to execute and deliver any and all instruments of conveyance, leases, mortgages and transfers in connection therewith; and

(g) to establish and carry out a funding policy and method consistent with the objectives of the Health and Welfare Plan and of applicable law.

4.12 Bonds. The Trustees shall obtain from an authorized surety company such bonds as may be required by law, covering such persons and in such amounts (but not less than required by law) as the Trustees, in their discretion, may determine. The cost of premiums for such bonds shall be paid out of the Trust Fund.

4.13 Insurance. The Trustees may in their discretion obtain and maintain policies of insurance, to the extent permitted by law, to insure themselves, the Fund as such, as well as Employees or agents of the Trustees and of the Fund while engaged in business and related activities for and on behalf of the Trust Fund (1) with respect to liability to others as a result of acts, errors or omissions of such Trustee or Trustees, Employees or agents, respectively, provided such insurance policy shall provide recourse by the insurer against Trustees as may be required by law and (2) with respect to injuries received or property damage suffered by them. The cost of the premiums for such policies of insurance shall be paid out of the Fund.

4.14 Information to Participants and Beneficiaries. The Trustees shall provide Participants and Beneficiaries such information as may be required by law.

-18-

OOE 000341

4.15   Accountants and Actuaries.   The Trustees shall engage one or more independent qualified public accountants and one or more enrolled actuaries to perform all services as may be required by applicable law and such other services as the Trustees may deem necessary.

4.16   Trustees to Act Without Compensation.   The Trustees shall act in such capacity without compensation, but they shall be entitled to reimbursement for the expenses properly and actually incurred in the performance of their duties with the Trust Fund, including, without limitation, attendance at meetings and other functions of the Board of Trustees or its committees while on business of the Board of Trustees, and attendance at institutes, seminars, conferences or workshops for or on behalf of the Trust Fund.

4.17   Reports.   All reports required by law to be signed by one or more Trustees shall be signed by all of the Trustees, provided that all of the Trustees may appoint in writing, or by resolution adopted and recorded in the minutes, one or more of their members to sign such report on behalf of the Trustees.

4.18   Records of Trustee Transactions.   The Trustees shall keep true and accurate books of account and a record of all of their transactions and meetings (including actions taken at such meetings and by informal action of the Trustees), which records and books shall be audited at least annually by a certified public accountant. A copy of each audit report shall be furnished to all Trustees and shall be available for inspection by interested persons at the principal office of the Trustees.

-19-

OOE 000342

4.19    Construction and Determinations by Trustees.    Subject to the stated purposes of the Fund and the provisions of this Agreement, the Trustees shall have full and exclusive authority to determine all questions of coverage and eligibility, methods of providing or arranging for benefits and all other related matters. They shall have full power to construe the provisions of this Agreement, the terms used herein and the bylaws and regulations issued thereunder.    Any such determination and any such construction adopted by the Trustees in good faith shall be binding upon all of the parties hereto and the Beneficiaries hereof. Neither the foregoing, any difference arising thereunder, nor any matter involving or arising under this Trust Agreement shall be subject to any grievance or arbitration procedure established in any collective bargaining agreement between an Employer and the Union; provided, however, that this clause shall not be construed as affecting either the rights and liabilities of any of the parties under any such collective bargaining agreement or the right of the Union to enforce the payment of employer contributions through the use of an established grievance and arbitration procedure.

4.20    Liability.    The Trustees, to the extent permitted by applicable law, shall incur no liability in acting upon any instrument, application, notice, request, signed letter, telegram or other paper or document believed by them to be genuine and to contain a true statement of facts.

4.21    Reliance on Written Instruments.    Any Trustee, to the extent permitted by applicable law, may rely upon any instrument in

-20-

OOE 000343

writing purporting to have been signed by a majority of the Trustees or Authorized Trustees as conclusive evidence of the fact that a majority of the Trustees or Authorized Trustees have taken the action stated to have been taken in such instrument.

4.22    Reliance by Others.  No party dealing with the Trustees shall be obligated (a) to see that any funds or property of the Trust Fund are applied to stated Trust purposes, or (b) to see that the terms of this Trust Agreement have been complied with, or (c) to inquire into the necessity or expediency of any act of the Trustees. Every instrument executed by the Trustees shall be conclusive evidence in favor of every person relying thereon (a) that at the time of the execution of said instrument the Trust was in full force and effect, (b) that the instrument was executed in accordance with the terms and conditions of this Trust Agreement, and (c) that the Trustees were duly authorized and empowered to execute the instrument.

4.23    Discharge of Liability.  The receipt by the Trustees of any money or property or checks (after such checks are honored at the bank and paid to the Trust Fund) shall discharge the person or persons paying or transferring the same.

4.24    Merger.  Subject to their fiduciary duties and to applicable law and/or regulations, the Trustees shall have the power to merge with any other fund established for similar purposes as this Fund.

4.25    Settling Disputes.  The Trustees shall have discretion to compromise or settle any claim or controversy in such manner as, in

-21-

OOE 000344

their best judgment, is in the best interests of the Fund. Any majority decision made by the Trustees in compromise or settlement of a claim or controversy, or any compromise or settlement agreement entered into by the Trustees, shall be conclusive and binding on all parties interested in this Trust.

4.26   Reciprocity Agreements.   The Trustees may, in their sole discretion, enter into such reciprocity agreement or agreements with other welfare funds as they may determine to be in the best interests of the Fund, provided, that any such reciprocity agreement or agreements shall not be inconsistent with the terms of this Agreement or the written agreements under which this Agreement is maintained.

4.27   Written Plan for Benefits.   The Trustees shall establish and maintain a written plan under which benefits effectuating the provisions of Article II shall be paid.  The Trustees shall have the power to, from time to time, amend said plan, provided that any amendment shall not be inconsistent with the provisions of this instrument.

OOE 000345

## ARTICLE V

CONTRIBUTIONS AND COLLECTIONS

5.1    Employer Contributions.    Each   Employer   shall   make prompt contributions or payments to the Fund in such amount and under such terms as from time to time may be set forth in the written agreement requiring contributions to the Fund.  Such contributions shall constitute an absolute obligation to the Fund and shall not be subject to setoff because of any claim which an Employer may have against the Union or an Employee.  Contributions shall be paid to the Trustees, or to such depository as the Trustees may designate, by check, bank draft, money order or other recognized written method of transmitting money or its equivalent, made payable as the Trustees shall direct.  The payment of contributions shall be made periodically at such intervals as shall be directed by the Trustees, or as may be specified in any written agreement requiring the payment of contributions.

5.2    Responsibility for Contributions.    Except   as   may   be otherwise provided by law, each Employer shall be responsible only for the contributions payable by him on behalf of his own Employees. No Employer or any employer association or group shall be responsible for the contributions, payments or other obligations of any other Employer.

5.3    Work Outside Jurisdiction.    In  the  event  an  Employee employed by an Employer performs work outside of the geographical jurisdiction of the Union, the Employer may continue to make payments to the Fund and the Trustees may accept such payments.

-23-

OOE 000346

5.4    Employee Contributions.   The Trustees, in their sole discretion and insofar as may be permissible under applicable law, may accept contributions from and continue to provide benefits to selected Participants, former Participants, and groups or classes of Participants and former Participants, who would otherwise be ineligible for benefits under the plan of benefits established by the Trustees.    The conditions, requirements, limitations and rules regarding such contributions and benefits shall be as the Trustees, in their sole discretion, may from time to time establish and impose.

5.5    Collection and Enforcement of Payments.   The Trustees, or such committee of the Trustees as the Board of Trustees shall appoint, or the Fund Administrator, if one has been appointed and when directed by such committee or by the Board of Trustees, shall have the power to demand, collect and receive Employer payments and all other money and property to which the Trustees may be entitled, and shall hold the same until applied to the purposes provided in this Agreement.   They shall take such steps, including the institution and prosecution of, or the intervention in, such legal or administrative proceedings as is determined to be in the best interest of the Fund for the purpose of collecting such payments, money and property.

5.6    Cost of Collection.   The Trustees shall have the power to impose reasonable cost of collection assessments as liquidated damages against those Employers who become delinquent in paying employee contributions.   In cases where the Trustees or the Fund Administrator find it necessary to take legal action to recover amounts due the Fund from delinquent Employers, the Trustees or said Fund Administrator

-24-

OOE 000347

shall also be entitled to recover reasonable attorney's fees as fixed by the court together with court costs. Assessments of liquidated damages shall be fixed by rules and regulations promulgated by the Trustees, shall be based upon a reasonable estimate as to the actual loss to the Fund because of delinquent contributions, and shall not be discriminatory in nature. Since late payments to the Fund may cause loss of protection to Participants and may result in considerable additional administrative expense and since many other elements of damage may result from late contributions to the Fund, it is impossible to determine accurately in advance the full extent of the damage and expense which can result from delinquent payments. Therefore, the Trustees may, if they deem it advisable, base the amount of any liquidated damages upon uniform percentage of delinquent amounts due.

5.7     Production of Records. Each Employer shall promptly furnish to the Trustees or their representative, on demand, the names of his Employees, their Social Security numbers, the hours worked by each Employee, and such other information as the Trustees may reasonably require in connection with the administration of the Fund. The Trustees or their representative may examine pertinent employment and payroll records of each Employer at the Employer's place of business whenever such examination is necessary or advisable in connection with the proper administration of the Fund. The Union shall, upon request, promptly furnish information regarding an Employee's employment status.

OOE 000348

5.8    Non-Payment of Contributions.    Non-payment  by  any
Employer of any contribution or other moneys owed to the Fund shall
not relieve any other Employer from his or its obligation to make
required payments to the Fund.

-26-

OOE 000349

ARTICLE VI

BENEFICIAL RIGHTS

6.1    No Right, Title or Interest of Employers and Union.
Neither any Employer, the Union, any Employee, any Participants, nor any Beneficiary shall have any right, title or interest in or to the Fund or any part thereof.  Except as may be required by law, there shall be no pro-rata or other distribution of any of the assets of the Fund as a result of any Union, Employer, Group or Association of Employees or Employers, Participant or Beneficiary ceasing participation in the Fund.

6.2    Limitations upon Beneficial Rights of Employees.    All benefits which may become payable from the Fund shall be free from the interference and control of any creditor.  No benefits shall be subject to assignment or other anticipation, to seizure, or to sale under any legal, equitable or other process.  The Trustees may, however, include in the plan hereunder provision for the assignment to any person, partnership, corporation, association or facility of the benefits which may be payable hereunder for goods or services which were provided directly to a Participant and which gave rise to the claim for benefits.  In the event that any claim or benefit shall, because of any debt incurred by or resulting from any other claim or liability against any Employee, Participant or Beneficiary, become payable, or be liable to become payable to any person other than the Participant or Beneficiary for whom the same is intended, the Trustees shall have the power to withhold payment of such benefit to

-27-

OOE 000350

such Participant or Beneficiary until such debt be satisfied or released in such manner as shall be satisfactory to the Trustees. Until such debt be so satisfied or released, the Trustees shall have the right to use and apply the benefits, as the Trustees may deem best, directly for the support and maintenance of such Participant or Beneficiary.

OOE 000351

ARTICLE VII

AMENDMENT AND TERMINATION OF
TRUST AGREEMENT AND TRUST FUND

7.1   Amendment.   The Trustees may, by majority action, amend and/or supplement any of the provisions of this Agreement, provided, however, that no amendment affecting the level of benefits payable shall be made except upon the advice of counsel and of a qualified actuary or actuarial firm.  Any amendment to this Agreement may be made so as to take effect retroactively.

7.2   Termination.   To the extent permitted by law (including any applicable administrative regulations), the Trustees shall have the power to cease operation of and to terminate the Fund and its implementing plan under such circumstances as, in the judgment of the Trustees, would be in the best interests of all Participants.   In the event of termination, the assets of the Fund will be applied and distributed in such manner as, to the extent of such assets, would best carry out the purposes of this Agreement and Declaration of Trust.

-29-

OOE 000352

ARTICLE VIII

MISCELLANEOUS PROVISIONS

8.1     Law Applicable.  This Trust is created and accepted in the State of Ohio and, except as to matters governed by federal law, all questions pertaining to the validity, construction, and administration of this Trust Agreement shall be determined in accordance with the laws of the State of Ohio.

8.2     Savings Clause.  Should any provision of this Agreement and Declaration of Trust be held to be unlawful or unenforceable, the remaining provisions contained herein shall nevertheless continue in full force and effect.

8.3     Refund of Contributions.  No Employer, directly or indirectly, shall receive any refund of contributions paid to the Trust, provided, however, that, to the extent permitted by law, erroneous or inadvertent overpayments may be refunded.  No Employer shall either participate in the disposition of any assets of the Fund or receive any benefits from the Fund.  Except as such responsibility may be imposed by law, no Employer shall be required to either see to the proper application of any funds or property of the Trust or see that the terms of this Agreement are followed by the Trustees.

8.4     Varying Rates of Contribution.  So long as contributions are made to the Fund pursuant to a proper written agreement, the Trustees may, but are not required to, accept contributions which are not at a uniform rate among all Employers.  In formulating a plan for

-30-

OOE 000353

the payment of benefits in such cases, the Trustees may provide for a non-discriminatory method of crediting hours worked in relation to rate of contributions.

8.5    Withholding Payment.  In the event that a question or dispute shall arise as to the proper person or persons to whom benefits hereunder should be paid, the Trustees may withhold payment of such benefits pending resolution, to the satisfaction of the Trustees, of such question or dispute.

8.6    Beneficiaries under Disability.  In the event any benefits become payable hereunder to a person under legal disability, or to a person who, in the considered judgment of the Trustees, is unable to properly administer such benefits by reason of mental or physical disability, then such benefits may be paid for the benefit of such person either to the legally appointed guardian or conservator of such person or to any relative of such person who has assumed responsibility for the care of such person.

8.7    Gender.  Whenever any words are used in this Agreement in the masculine gender, they shall also be construed to include the feminine and/or neuter gender in all situations where such construction would so apply.  Whenever any words herein are used in the singular number, they shall also be construed to include the plural number in all situations where such construction would apply. Whenever any words herein are used in the plural number, they shall also be construed to include the singular number in all situations where such construction would apply.

-31-

8.8    This Agreement shall be effective as of August 1, 1976.

IN WITNESS WHEREOF, the undersigned, who hereby reaffirm their acceptance as Trustees of the Ohio Operating Engineers Health and Welfare Fund, have fixed their hands and seals this __29th__ day of __November__, 197_7_ to the Ohio Operating Engineers Health and Welfare Plan Amended Agreement and Declaration of Trust.

EMPLOYER TRUSTEES:

William Besl

Tom Peirce

Ralph F. Setterlin, Jr.

Russell J. Mason

B. L. Parker

Victor DiGeronimo

UNION TRUSTEES:

Walter Linder

Clifford Farwell

James H. Gardner

Earl Erwin

Paul Knott

Jesse Buckle

# OHIO OPERATING ENGINEERS PENSION FUND

## AMENDED AGREEMENT AND DECLARATION OF TRUST

**Effective February 1, 2016**

OOE 000356

TABLE OF CONTENTS

Page

INTRODUCTION ....................................................................................................................... 1

ARTICLE I – DEFINITIONS ...................................................................................................... 2

    1.1    Act ........................................................................................................................ 2
    1.2    Administrator ....................................................................................................... 2
    1.3    Beneficiary .......................................................................................................... 2
    1.4    Code .................................................................................................................... 2
    1.5    Employee ............................................................................................................. 2
    1.6    Employer ............................................................................................................. 2
    1.7    Fund or Trust Fund ............................................................................................. 2
    1.8    Fund Administrator ............................................................................................. 3
    1.9    Name of Plan ....................................................................................................... 3
    1.10    Participant ........................................................................................................... 3
    1.11    Trust Agreement or Trust .................................................................................... 3
    1.12    Trustees .............................................................................................................. 3
    1.13    Union .................................................................................................................. 3

ARTICLE II – PURPOSE OF THE TRUST AND USE OF THE FUND ................................... 4

    2.1    Purpose ................................................................................................................ 4
    2.2    Exclusive Benefit ................................................................................................ 4

ARTICLE III – TRUSTEES OF THE FUND ............................................................................. 4

    3.1    Number, Appointment ........................................................................................ 4
    3.2    Term of Office .................................................................................................... 5
    3.3    Officers .............................................................................................................. 5
    3.4    Union Trustees ................................................................................................... 5
    3.5    Employer Trustees ............................................................................................. 5
    3.6    Acceptance of Appointment .............................................................................. 5
    3.7    Resignation ........................................................................................................ 6
    3.8    Removal ............................................................................................................. 6
    3.9    Successor Trustees – Appointment .................................................................... 6
    3.10    Successor Trustees – Powers and Duties ........................................................... 6
    3.11    Vacancies .......................................................................................................... 6
    3.12    Quorum .............................................................................................................. 7
    3.13    Meetings ............................................................................................................ 7
    3.14    Attendance at Meetings ..................................................................................... 7
    3.15    Action Without Meeting .................................................................................... 8
    3.16    Resolution of Impasse ....................................................................................... 8
    3.17    Voting ................................................................................................................ 8
    3.18    Participation at Meetings; Minutes .................................................................... 8
    3.19    Office of the Fund .............................................................................................. 9

i

ARTICLE IV – POWERS AND DUTIES OF TRUSTEES ..............................................9
    4.1    Conduct of Trust Business .................................................................. 9
    4.2    Use of Fund for Expenses ................................................................... 9
    4.3    Use of Fund to Provide Benefits ...................................................... 10
    4.4    Investments ....................................................................................... 10
    4.5    Deposits and Disbursements ............................................................. 12
    4.6    Allocation and Delegation of Fiduciary Responsibilities ................. 12
    4.7    Committees of the Board of Trustees ............................................... 12
    4.8    Administrative Manager .................................................................... 13
    4.9    Collection of Employer Contributions .............................................. 13
    4.10   Bylaws, Rules and Regulations ........................................................ 13
    4.11   Additional Authority ......................................................................... 14
    4.12   Bonds ................................................................................................ 15
    4.13   Insurance ........................................................................................... 15
    4.14   Information to Participants and Beneficiaries ................................... 16
    4.15   Accountants and Actuaries ............................................................... 16
    4.16   Trustees to Act Without Compensation ........................................... 16
    4.17   Reports .............................................................................................. 16
    4.18   Records of Trustee Transactions ....................................................... 16
    4.19   Construction and Determinations by Trustees .................................. 17
    4.20   Liability ............................................................................................. 17
    4.21   Reliance on Written Instruments ...................................................... 17
    4.22   Reliance by Others ............................................................................ 18
    4.23   Discharge of Liability ....................................................................... 18
    4.24   Merger .............................................................................................. 18
    4.25   Settling Disputes ............................................................................... 18
    4.26   Reciprocity Agreements .................................................................... 18
    4.27   Written Plan for Benefits .................................................................. 19
    4.28   Internal Revenue Service and Labor Department Approval .............. 19

ARTICLE V – CONTRIBUTIONS AND COLLECTIONS ........................................19
    5.1    Employer Contributions .................................................................... 19
    5.2    Responsibility for Contributions ...................................................... 20
    5.3    Work Outside Jurisdiction ................................................................ 20
    5.4    Collection and Enforcement of Payments ........................................ 20
    5.5    Cost of Collection ............................................................................. 20
    5.6    Production of Records ....................................................................... 21
    5.7    Non-Payment of Contributions ........................................................ 21
    5.8    Delinquent Contributions as Plan Assets ......................................... 22
    5.9    Refund of Contributions ................................................................... 22
    5.10   Varying Rates of Contribution .......................................................... 22

ARTICLE VI – BENEFICIAL RIGHTS ....................................................................23
    6.1    No Right, Title or Interest of Employers and Union ........................ 23
    6.2    Limitations upon Beneficial Rights of Employees ........................... 23

ii

OOE 000358

ARTICLE VII – AMENDMENT AND TERMINATION OF TRUST AGREEMENT AND
TRUST FUND .................................................................................................................... 23
    7.1    Amendment ..................................................................................................... 23
    7.2    Termination .................................................................................................... 24

ARTICLE VIII – MISCELLANEOUS PROVISIONS .................................................... 24
    8.1    Law Applicable .............................................................................................. 24
    8.2    Savings Clause ............................................................................................... 24
    8.3    Withholding Payment ..................................................................................... 24
    8.4    Beneficiaries under Disability ........................................................................ 24
    8.5    Gender ............................................................................................................ 25

OOE 000359

## INTRODUCTION

WHEREAS, an Agreement and Declaration of Trust was made and entered into as of the 1st day of June 1964, pursuant to which the Ohio Operating Engineers Pension Fund was created and administered; and

WHEREAS, the Agreement and Declaration of Trust made and entered into as of the 1st day of June, 1964, was amended, redrafted and replaced with a new and separate instrument on November 29, 1977;

WHEREAS, the November 29, 1977 Agreement and Declaration of Trust ("Trust Agreement") has been properly amended from time to time, pursuant to its applicable provisions;

WHEREAS, the signatories hereto are currently the duly appointed and acting trustees (the "Trustees") under the Trust Agreement; and

WHEREAS, Article VII of the Trust Agreement empowers the Trustees to amend the Trust Agreement by a majority vote; and

WHEREAS, the Trust Agreement requires updating and further amendments which the Trustees believe are best made through an amendment and restatement of the Trust Agreement;

NOW, THEREFORE, pursuant to the powers vested in them as Trustees, the undersigned hereby amend the Trust Agreement by deleting in their entirety the terms of said Trust Agreement and substituting therefor the following terms effective on and after February 1, 2016.

1

OOE 000360

ARTICLE I

DEFINITIONS

1.1     Act.  The term "Act" as used herein shall mean the Employee Retirement Income Security Act of 1974 as the same may be amended and modified from time to time, together with any rules and regulations promulgated pursuant to the provisions of said Act.

1.2     Administrator.  The term "Administrator" shall mean the current Trustees.

1.3     Beneficiary.  The term "Beneficiary" as used herein shall mean either a person designated by an Employee to receive benefits which may be payable under the provisions of the Plan, or a person other than an Employee who, by the terms of the Plan, is or may become entitled to benefits thereunder.

1.4     Code.  The term "Code" shall mean the Internal Revenue Code of 1986, as amended.

1.5     Employee.  The term "Employee" as used herein shall mean any person in the employ of an Employer on whose behalf the Employer is obligated by written agreement to make contributions to the Fund.

1.6     Employer.  The term "Employer" as used herein shall mean any person, corporation, partnership, unincorporated association, labor organization or other legal entity obligated by written agreement to make contributions to the Fund established herein.  By making contributions to this Fund, all such Employers shall be deemed to have accepted and to be bound by the terms of this Trust Agreement as the same may be amended from time to time.

1.7     Fund or Trust Fund.  The terms "Fund" and "Trust Fund" as used herein shall mean the trust estate of the pension trust herein established as it may, from time to time, be constituted, including, but not limited to, policies of insurance, investments and the income

2

OOE 000361

therefrom, Employers' contributions paid or due and owing the Fund, and all other assets or money held by the Trustees for the uses and purposes of this Trust.

 1.8 <u>Fund Administrator</u>. The term "Fund Administrator" shall mean the person appointed in accordance with Section 4.8 of the Trust Agreement.

 1.9 <u>Name of Plan</u>. The pension plan established pursuant to Section 4.27 of the provisions of this Trust Agreement.

 1.10 <u>Participant</u>. The term "Participant" as used herein shall mean any Employee or former Employee who is or who may become eligible to receive a benefit of any type from this Fund, or whose Beneficiary may be or may become eligible to receive any such benefit.

 1.11 <u>Trust Agreement or Trust</u>. The terms "Trust Agreement" and "Trust" as used herein shall mean this instrument as the same may be amended and modified from time to time.

 1.12 <u>Trustees</u>. The term "Trustees" as used herein shall mean the current Trustees, together with their successors designated and appointed in accordance with the terms of this Trust Agreement. The Trustees, collectively, shall be the "Administrator" of this Fund as that term is used in the Act.

 1.13 <u>Union</u>. The term "Union" as used herein shall mean, collectively and separately, the International Union of Operating Engineers Local 18 and its branches (AFL-CIO).

3

OOE 000362

## ARTICLE II

### PURPOSE OF THE TRUST AND USE OF THE FUND

2.1    Purpose.  The Fund shall be established and maintained to provide:
(a) pension, retirement, disability and death benefits for Participants and Beneficiaries pursuant
to the provisions of the Plan, and (b) the means for financing the expenses of the Trustees in
administering the Plan and Trust Agreement.  It is intended that the Plan and Trust be a
"multiemployer plan" as that term is defined in Section 3(37) of the Act.  In accordance with
Section 302(c) of the Labor Management Relations Act, as amended (also known as the Taft-
Hartley Act), the Fund shall constitute a trust established for the exclusive purpose of providing
the Plan's Participants and Beneficiaries the retirement and related benefits provided under the
provisions of the Plan.

2.2    Exclusive Benefit.  No part of the Fund or of the income therefrom may be
used for purposes other than for the exclusive benefit of Employees and their Beneficiaries and
to defray reasonable expenses relating to the administration of the Plan.

## ARTICLE III

### TRUSTEES OF THE FUND

3.1    Number, Appointment.  The Fund shall be administered by eight Trustees,
who shall together be the named fiduciary, four of whom shall be Employer Trustees, and four of
whom shall be Union Trustees.  The Labor Relations Division of the Ohio Contractors
Association, The Associated General Contractors of America, Inc. (hereinafter, the
"LRD/OCA"), shall designate three individuals to serve as Employer Trustees, and the
Associated Contractors of Ohio, Inc., The Associated General Contractors of America, Inc.
(hereinafter the "ACO"), shall designate one individual to serve as an Employer Trustee, and the

4

Union shall designate four individuals to serve as Union Trustees.  No person disqualified by law to serve as a Trustee shall either be appointed or permitted to serve as a Trustee.

      3.2    Term of Office.  Upon appointment, all Trustees shall serve as such until death, proper resignation or until removal as provided herein.

      3.3    Officers.  The Trustees shall elect from their members a Chairman, a Vice Chairman, a Secretary, and an Assistant Secretary.  The Chairman and Assistant Secretary shall be elected from the Union Trustees and the Vice Chairman and the Secretary shall be elected from the Employer Trustees.

      3.4    Union Trustees.  Each Union Trustee shall be appointed in accordance with internal Union procedure and shall be designated to the Trustees in writing by the Union.

      3.5    Employer Trustees.

      (a)    Each Employer Trustee must be either an Employer or an Employee of an Employer.

      (b)    An Employer Trustee who, while in office, retires, sells his Employer business, or otherwise changes his relationship with the Employer, may continue to serve as an Employer Trustee provided the same body which appointed the Trustee approves and redesignates him to continue as an Employer Trustee after his change in status.

      (c)    When either the LRD/OCA or the ACO designates Trustees to succeed Trustees who have died, resigned or been removed, those organizations shall certify to the Trustees, in writing, the name or names of the newly designated Trustees.

      3.6    Acceptance of Appointment.  Upon appointment, each Trustee shall execute a written acceptance whereby he agrees to accept and be bound by all terms and requirements of this Agreement, as the same may from time to time be amended.

5

3.7     Resignation.  A Trustee may resign and become and remain fully discharged from all further duty and responsibility hereunder upon giving thirty days' notice, in writing, to the remaining Trustees.  The remaining Trustees, however, may accept shorter notice as sufficient.  In such notice there shall be stated a date upon which such resignation shall take effect.  Such resignation shall take effect upon the date specified in the notice unless a successor Trustee shall have been designated at an earlier date, in which event such resignation shall take effect immediately upon the designation of such successor Trustee.

3.8     Removal.  Any Trustee may be removed from office at any time by the body which appointed him by delivering to the remaining Trustees a copy of written notice of removal.

3.9     Successor Trustees – Appointment.  In the event that any Trustee shall die, become incapable of acting hereunder, resign or be removed, a successor Trustee shall be immediately appointed by the body which appointed the original Trustee.  Any Trustee may be declared incapable of acting within the meaning of this paragraph only by the action of all other Trustees then in office.

3.10    Successor Trustees – Powers and Duties.  Any Trustee upon his designation as a successor Trustee, upon his acceptance of his trusteeship in writing, and upon becoming properly bonded, shall become vested with all the property, rights, powers and duties of a Trustee hereunder, with like effect as if originally designated as a Trustee.

3.11    Vacancies.  It is the intention hereof that the Fund shall at all times be administered by an equal number of Employer Trustees and Union Trustees, but until the designation of a Successor Trustee or Trustees as hereinbefore provided, a quorum of the remaining Trustees shall have full power to act.

6

OOE 000365

3.12    Quorum.  At least two Union Trustees and two Employer Trustees shall be present at any meeting of the Trustees in order for any action to be taken, which number shall constitute a quorum for the transaction of any business.  Except as otherwise expressly provided herein, any action taken by the Trustees pursuant to this paragraph shall be by majority vote of the Trustees then present.  Any and all actions so taken shall have the same force and effect as if taken by all the Trustees.

3.13    Meetings.  An annual meeting of the Board of Trustees shall be held during the month of May at a date fixed by the Trustees, but the Trustees may, by unanimous consent, hold such meeting in some other month.  The Chairman or the Secretary of the Trustees may call a meeting of the Trustees at any time by giving at least ten days' written notice of the time and place thereof to the remaining Trustees.  Any five of the Trustees may call a meeting of the Trustees at any time by giving at least ten days' written notice of the time and place thereof to the remaining Trustees.  Meetings of the Trustees may also be held at any time without notice if all the Trustees are present and consent thereto.  In addition to the annual meeting required herein, the Trustees shall meet as often as may be required for the proper administration of the Fund.

3.14    Attendance at Meetings.  In the event any Trustee fails or refuses to attend two consecutive properly called meetings of the Trustees, a majority of the Trustees attending the second of such meetings may notify in writing the organization which designated the non-attending Trustee of the fact of such non-attendance.  Said organization shall take appropriate action to insure the attendance of the non-attending Trustee, and if said non-attending Trustee fails to resume attendance at the next regularly called meeting, then said organization shall, upon written notice from the Trustees, appoint a successor to the non-attending Trustee.

7

OOE 000366

3.15     Action Without Meeting.  Action may be taken by the Trustees without a meeting, provided, however, that in such cases there shall be unanimous written concurrence by all of the Trustees then in office.

3.16     Resolution of Impasse.  In the event a deadlock shall arise over the administration of the Fund or the interpretation of this Trust Agreement, the Trustees representing the Employers and the Trustees representing the Union shall attempt to select an individual to act as an impartial umpire of the deadlocked issue.  If no agreement can be reached for the selection of an impartial umpire within the ten calendar days following the date upon which such deadlock arose, then the Chairman of the Board of Trustees shall apply to the American Arbitration Association for the designation of an impartial umpire selected by the two-panel method to resolve the deadlock in accordance with its rules and regulations.  The decision of any umpire so selected or appointed shall be binding upon all persons and parties concerned. The expenses of arbitration shall be paid from the Fund.

3.17     Voting.  Each Trustee shall have one vote upon all matters, provided, however, that if at any meeting there is present an unequal number of Union Trustees and Employer Trustees, then the group of Trustees having the fewer number present shall be entitled to cast that number of votes which is equal to the total number of votes cast by the group of Trustees having the larger number present, such vote being cast as follows:  Each Trustee in the smaller group may cast one vote; each additional vote to which such group of Trustees is entitled shall be cast by majority vote of such group Trustees.

3.18     Participation at Meetings; Minutes.  All official meetings of the Trustees shall be attended by the Trustees only and shall not be open to the public, except that there may attend such other persons as may be invited by the Trustees.  Written minutes, a copy of which

OOE 000367

shall be furnished with reasonable promptness to each Trustee, shall be kept of all business transacted and of all matters upon which voting shall have occurred.

        3.19   Office of the Fund. The principal office of the Trust Fund shall, so long as such location is feasible, be located and maintained in Columbus, Ohio. The location of the principal office shall be made known to the parties interested in the Trust Fund. At such office, and at such other places as may be required by law, there shall be maintained the books and records pertaining to the Trust Fund and its administration.

## ARTICLE IV

## POWERS AND DUTIES OF TRUSTEES

        4.1   Conduct of Trust Business. The Trustees shall have general supervision of the operation of the Fund and shall conduct the business and activities of the Fund in accordance with this Trust Agreement and applicable law. The Trustees shall hold, manage and protect the Trust Fund and collect the income therefrom and contributions thereto. The Trustees or any person duly authorized by the Trustees may, in the course of conducting the business of the Trust Fund, execute any instrument in the name of the Trust Fund.

        4.2   Use of Fund for Expenses. Subject to their obligation not to violate the terms of the Act or any other federal, state or local law, the Trustees shall have the power and authority to use and apply the Trust Fund to pay or provide for the payment of all reasonable and necessary expenses (a) of collecting the Employer contributions and payments and other moneys and property to which they may be entitled, and (b) of administering the affairs of this Trust, including the employment of such administrative, legal, expert and clerical assistance, and (c) the purchase or lease of such premises, materials, supplies and equipment, and (d) the performance of such other acts, as the Trustees, in their sole discretion, find necessary or appropriate in the

9

performance of their duties; and (e) the reimbursement of the Trustees for expenses in the administration of the Trust Fund.

   4.3 <u>Use of Fund to Provide Benefits</u>.  The Trustees shall also have the power and authority to use the Trust Fund to pay or provide for the payment of retirement, death and disability benefits to eligible Participants and Beneficiaries in accordance with the terms, provisions and conditions of the Plan to be maintained and administered hereunder by the Trustees.

   4.4 <u>Investments</u>.

   (a) The Trustees shall have the power and authority to invest and reinvest such assets of the Fund as are not necessary for current expenditures or for liquid reserves in such investments as are permissible under the Act and as are consistent with the Trustees' fiduciary responsibility.  The Trustees may sell, exchange or otherwise dispose of such investments at any time.  The Trustees shall also have power and authority (in addition to, and not in limitation of, common law and statutory authority) to invest in any investments which may include, but are not limited to, stocks, bonds, mutual funds, exchange traded funds, options, real or personal property, common trust funds and other collective investment funds, pooled accounts and equity interests in real estate.  The Trustees shall have the authority, in respect to such investments, to exercise all such rights, power and privileges as might be lawfully exercised by any person owning similar investments.  The Trustees shall establish investment policies or guidelines relating to the investment of the assets of the Fund consistent with the objectives of the Fund and applicable law.

10

OOE 000369

(b)     Delegation and Allocation of Investment Functions.

(1)     The Trustees are authorized, in their discretion, to allocate to a committee duly constituted under Section 4.7 such duties and responsibilities to invest and reinvest such Fund assets as shall be specified in such allocation.

(2)     The Trustees shall have the power and authority to appoint one or more investment managers (as defined in Section 3(38) of the Act) and to delegate to such manager or managers responsibility and authority for the management, acquisition, disposition, investment and reinvestment of such of the assets of the Trust Fund as the Trustees shall specify.  Any such appointment is subject to termination by the Trustees.  The fees and expenses of such investment manager, to the extent permitted by law, shall be paid out of the Fund.

(3)     In connection with any allocation or delegation of investment functions under paragraphs (1) and (2) of this subsection (b), the Trustees shall, from time to time, adopt appropriate investment policies or guidelines.

(c)     Notwithstanding any other provisions of this Trust Agreement, the Fund may be invested in any collective investment fund or funds, including common and group trust funds presently in existence or hereafter established which are maintained by a bank or trust company supervised by a state or federal agency, notwithstanding that the bank or trust company is the Trustee, Investment Manager, or is otherwise a party-in-interest of the Plan.  The assets so invested shall be subject to all the provisions of the instruments establishing such funds as they may be amended from time to time.  Such instruments of group trusts as they may be amended from time to time are hereby incorporated and made a part of this Trust as if fully set forth

11

OOE 000370

herein. The combining of money and other assets of the Fund with money and other assets of other trusts and accounts in such fund or funds is specifically authorized.

      (d)    The Trustees may enter into a group annuity contract or contracts with an insurance company for the purpose of investing all or a portion of the Fund, or for the purpose of providing benefits to Participants or Beneficiaries under the Fund.

      4.5    Deposits and Disbursements. All Trust Funds not invested shall be deposited by the Trustees in such depository or depositories as the Trustees shall from time to time select, and any such deposit or deposits, or disbursements therefrom, shall be made in the name of the Fund in the manner designated by the Trustees and upon the signature(s) of persons designated and authorized by the Trustees or by the Investment Manager appointed in accordance with Section 4.4(b)(2) of this Article.

      4.6    Allocation and Delegation of Fiduciary Responsibilities. The Trustees may, by resolution or bylaw, or by duly appointed amendment to this Trust Agreement, allocate fiduciary responsibilities and various administrative duties to committees or subcommittees of the Board of Trustees, and they may delegate such responsibilities and duties to other individuals as they may deem appropriate or necessary and as may be consistent with applicable law.

      4.7    Committees of the Board of Trustees. The Trustees, by bylaw or by resolution, may create such committee or committees as they deem necessary for the effective and efficient administration of the Fund. The membership of such committees shall consist of members of the Board of Trustees selected by the Chairman. Each committee shall consist of an equal number of Employer and Union Trustees, and a quorum of a committee shall be as provided in the by-law or resolution creating the committee.

12

OOE 000371

4.8     Administrative Manager.  The Trustees may contract for the services of an individual, firm or corporation as an administrative manager (to be known by the title; "Fund Administrator"), who shall, under the direction of the Trustees or under the direction of any duly appointed committee thereof, perform the routine duties of administration of the office or offices of the Trust Fund and of the Trustees, and who may coordinate and administer the accounting, bookkeeping and clerical services, provide for the coordination of actuarial services furnished by the consulting actuary, prepare (in cooperation where appropriate with the consulting actuary and independent auditor) all reports and other documents to be prepared, filed or disseminated by or on behalf of the Trust in accordance with law, assist in the collection of contributions required to be paid to the Trust Fund by Employers, and otherwise perform such other duties and furnish such other services as may be assigned, delegated or directed or as may be contracted by or on behalf of the Trustees.  The administrative manager may serve as the custodian on behalf of the Trustees of all documents and other records of the Trustees and of the Trust Fund.

4.9     Collection of Employer Contributions.  The Trustees and any Fund Administrator appointed by the Trustees shall have the power to demand, collect and receive Employer contributions from Employers as more fully set forth in Article V hereto, and to hold such monies as part of the Fund for the purposes herein specified.

4.10     Bylaws, Rules and Regulations.

(a)     The Trustees are hereby empowered and authorized to adopt such bylaws and to promulgate such rules and regulations as are deemed necessary or desirable to facilitate the proper administration of the Trust Fund, provided that the same are not inconsistent with the terms of this Trust Agreement.  All bylaws, rules and regulations adopted by action of the

13

Trustees shall be binding upon all parties hereto, all parties dealing with the Trust Fund, and all persons claiming any benefits hereunder.

(b)    No bylaw, regulation, rule, action or determination made or adopted by the Trustees, nor any decision or determination made by any impartial umpire appointed pursuant to Section 3.16 of this Agreement, shall in any manner conflict with this Trust Agreement or with any applicable federal, state or local law, and shall, insofar as practicable, be consistent with the provisions of any current collective bargaining agreement between any Employer and the Union.

4.11    Additional Authority. The Trustees are hereby empowered, in addition to such other powers as are set forth herein or are conferred by law:

(a)    to enter into any and all contracts and agreements for carrying out the terms of this Trust Agreement and for the administration of the Fund, and to do all acts as they, in their discretion, deem necessary or advisable, such contracts and agreements and acts to be binding and conclusive on the parties hereto and on the Participants or Beneficiaries involved;

(b)    to keep property and securities registered in the names of the Trustees or of the Fund or in the name of any other individual or entity duly designated by the Trustees;

(c)    to establish and accumulate as part of the Fund such reasonable reserve funds as the Trustees, in their sole discretion, deem necessary or desirable to carry out the purposes of such Fund;

(d)    to pay out of the Trust Fund all real and personal property taxes, income taxes, and other taxes of any and all kinds levied or assessed under existing or future laws upon or in respect to the Fund, or any money, property, or securities forming a part thereof;

(e)    to do all acts, whether or not expressly authorized herein, which the Trustees deem necessary or proper for the protection of the property held hereunder;

14

(f) to sell, exchange, lease, convey, mortgage or dispose of any property forming a part of the Fund, whether real or personal, upon such terms as they may deem proper, and to execute and deliver any and all instruments of conveyance, leases, mortgages and transfers in connection therewith;

(g) to retain experts, such as accountants, lawyers, and investment advisors to assist the Fund in the performance of its duties; and

(h) to vote in person or by proxy, with or without power of substitution, on any stocks, bonds or other securities held by it;

4.12 Bonds. The Trustees, and any employees who are empowered and authorized to sign checks and handle monies of the Fund, shall be bonded by a duly authorized surety company qualified to write such bonds in such amounts as may be determined from time to time by the Trustees (but not less than the amounts required by law). The Trustees may also bond such other employees of the Fund as they deem necessary. The cost of the premiums for such bonds shall be paid out of the Fund.

4.13 Insurance. The Trustees may in their discretion obtain and maintain policies of insurance, to the extent permitted by law, to insure themselves, the Fund as such, as well as Employees or agents of the Trustees and of the Fund while engaged in business and related activities for and on behalf of the Trust Fund (1) with respect to liability to others as a result of acts, errors or omissions of such Trustee or Trustees, Employees or agents, respectively, provided such insurance policy shall provide recourse by the insurer against Trustees as may be required by law, and (2) with respect to injuries received or property damage suffered by them. The cost of the premiums for such policies of insurance shall be paid out of the Fund.

15

4.14    Information to Participants and Beneficiaries. The Trustees shall provide Participants and Beneficiaries such information as may be required by law.

4.15    Accountants and Actuaries. The Trustees shall engage one or more independent qualified public accountants and one or more enrolled actuaries to perform all services as may be required by applicable law and such other services as the Trustees may deem necessary.

4.16    Trustees to Act Without Compensation. The Trustees shall act in such capacity without compensation, but they shall be entitled to reimbursement for the expenses properly and actually incurred in the performance of their duties with the Trust Fund, including, without limitation, attendance at meetings and other functions of the Board of Trustees or its committees while on business of the Board of Trustees, and attendance at institutes, seminars, conferences or workshops for or on behalf of the Trust Fund.

4.17    Reports. All reports required by law to be signed by one or more Trustees shall be signed by all of the Trustees, provided that all of the Trustees may appoint in writing, or by resolution adopted and recorded in the minutes, one or more of their members to sign such report on behalf of the Trustees.

4.18    Records of Trustee Transactions. The Trustees shall keep true and accurate books of account and a record of all of their transactions and meetings (including actions taken at such meetings and by informal action of the Trustees), which records and books shall be audited at least annually by a certified public accountant. A copy of each audit report shall be furnished to all Trustees and shall be available for inspection by interested persons at the principal office of the Trustees.

16

4.19    Construction and Determinations by Trustees. Subject to the stated purposes of the Fund and the provisions of this Trust Agreement, the Trustees shall have full and exclusive authority to determine all questions of coverage and eligibility, methods of providing or arranging for benefits and all other matters related to the administration or operation of the Plan and Fund. They shall have full power to construe the provisions of this Trust Agreement, the terms used herein and the bylaws and regulations issued thereunder. Any such determination and any such construction adopted by the Trustees in good faith shall be binding upon all of the parties hereto and the Beneficiaries hereof. Neither the foregoing, any difference arising thereunder, nor any matter involving or arising under this Trust Agreement shall be subject to any grievance or arbitration procedure established in any collective bargaining agreement between an Employer and the Union; provided, however, that this clause shall not be construed as affecting either the rights and liabilities of any of the parties under any such collective bargaining agreement or the right of the Union to enforce the payment of Employer contributions through the use of an established grievance and arbitration procedure.

4.20    Liability. The Trustees, to the extent permitted by applicable law, shall incur no liability in acting upon any instrument, application, notice, request, signed letter, telegram or other paper or document believed by them to be genuine and to contain a true statement of facts.

4.21    Reliance on Written Instruments. Any Trustee, to the extent permitted by applicable law, may rely upon any instrument in writing purporting to have been signed by a majority of the Trustees or authorized Trustees as conclusive evidence of the fact that a majority of the Trustees or authorized Trustees have taken the action stated to have been taken in such instrument.

17

OOE 000376

4.22   Reliance by Others.  No party dealing with the Trustees shall be obligated (a) to see that any funds or property of the Trust Fund are applied to stated Trust purposes, or (b) to see that the terms of this Trust Agreement have been complied with, or (c) to inquire into the necessity or expediency of any act of the Trustees.  Every instrument executed by the Trustees shall be conclusive evidence in favor of every person relying thereon (a) that at the time of the execution of said instrument the Trust was in full force and effect, (b) that the instrument was executed in accordance with the terms and conditions of this Trust Agreement, and (c) that the Trustees were duly authorized and empowered to execute the instrument.

4.23   Discharge of Liability. The receipt by the Trustees of any money or property or checks (after such checks are honored at the bank and paid to the Trust Fund) shall discharge the person or persons paying or transferring the same.

4.24   Merger.  Subject to their fiduciary duties and to applicable law and/or regulations, the Trustees shall have the power to merge with any other fund established for similar purposes as this Fund.

4.25   Settling Disputes.  The Trustees shall have discretion to compromise or settle any claim or controversy in such manner as, in their best judgment, is in the best interests of the Fund.  Any majority decision made by the Trustees in compromise or settlement of a claim or controversy, or any compromise or settlement agreement entered into by the Trustees, shall be conclusive and binding on all parties interested in this Trust.

4.26   Reciprocity Agreements.  The Trustees may, in their sole discretion, enter into such reciprocity agreement or agreements with other pension funds as they may determine to be in the best interests of the Fund, provided that any such reciprocity agreement or agreements

18

OOE 000377

shall not be inconsistent with the terms of this Trust Agreement or the written agreements under which this Trust Agreement is maintained.

4.27 <u>Written Plan for Benefits</u>. The Trustees shall establish and maintain a written plan under which benefits effectuating the provisions of Article II shall be paid. Such plan shall be known as the Ohio Operating Engineers Pension Plan (referred to in this Trust Agreement as the "Plan"). The Trustees shall have the power to, from time to time, amend the Plan, provided that any amendment shall not be inconsistent with the provisions of this instrument.

4.28 <u>Internal Revenue Service and Labor Department Approval</u>. The Trust Fund and the Plan are intended to qualify for approval by the Director of Rulings and Agreement of the Internal Revenue Service, United States Treasury Department, under Sections 401(a) and 501(a) of the Code. The Trustees are authorized to make whatever applications are necessary with the Internal Revenue Service to receive and maintain the approval of the Trust and Plan.

## ARTICLE V

## CONTRIBUTIONS AND COLLECTIONS

5.1 <u>Employer Contributions</u>. Each Employer shall make prompt contributions or payments to the Fund in such amount and under such terms as from time to time may be set forth in the then current collective bargaining agreement or other written agreement requiring contributions to the Fund. Such contributions shall constitute an absolute obligation to the Fund and shall not be subject to set off because of any claim which an Employer may have against the Union or an Employee. Contributions shall be paid to the Trustees, or to such depository as the Trustees may designate, by check, bank draft, money order, wire transfer, or other agreed upon method of transmitting money or its equivalent, made payable as the Trustees shall direct. The

OOE 000378

payment of contributions shall be made periodically at such intervals as shall be directed by the Trustees, or as may be specified in any written agreement requiring the payment of contributions.

5.2     Responsibility for Contributions. Except as may be otherwise provided by law, each Employer shall be responsible only for the contributions payable by it on behalf of its own Employees. No Employer or any employer association or group shall be responsible for the contributions, payments or other obligations of any other Employer.

5.3     Work Outside Jurisdiction. To the extent permitted by the collective bargaining agreement and the Plan, in the event an Employee employed by an Employer performs work outside of the geographical jurisdiction of the Union, the Employer may continue to make payments to the Fund.

5.4     Collection and Enforcement of Payments. The Trustees (or such committee of the Trustees as the Board of Trustees shall appoint), or the Fund Administrator (if one has been appointed and when directed by such committee or by the Board of Trustees), shall have the power to demand, collect and receive Employer payments and all other money and property to which the Trustees may be entitled, and shall hold the same until applied to the purposes provided in this Trust Agreement. They shall take such steps, including the institution and prosecution of, or the intervention in, such legal or administrative proceedings as is determined to be in the best interest of the Fund for the purpose of collecting such payments, money and property.

5.5     Cost of Collection. The Trustees shall have the power to impose reasonable cost of collection assessments as provided in the Act against those Employers who become delinquent in paying Employee contributions. In cases where the Trustees or the Fund Administrator find it necessary to take legal action to recover amounts due the Fund from

20

delinquent Employers, the Trustees or said Fund Administrator shall also be entitled to recover reasonable attorney's fees as fixed by the court together with court costs. Assessments of statutory damages and interest shall be fixed by rules and regulations promulgated by the Trustees, shall be based upon a reasonable estimate as to the actual loss to the Fund because of delinquent contributions, and shall not be discriminatory in nature. Since late payments to the Fund may cause loss of protection to Participants and may result in considerable additional administrative expense and since many other elements of damage may result from late contributions to the Fund, it is impossible to determine accurately in advance the full extent of the damage and expense which can result from delinquent payments. Therefore, the Trustees may, if they deem it advisable, base the amount of any statutory damages or interest upon uniform percentage of delinquent amounts due.

     5.6    Production of Records. Each Employer shall promptly furnish to the Trustees or their representative, on demand, the names of his Employees; their Social Security numbers, the hours worked by each Employee, and such other information as the Trustees may reasonably require in connection with the administration of the Fund. The Trustees or their representative may examine pertinent employment and payroll records of each Employer at the Employer's place of business whenever such examination is necessary or advisable in connection with the proper administration of the Fund. The Union shall, upon request, promptly furnish information regarding an Employee's employment status.

     5.7    Non-Payment of Contributions. Non-payment by any Employer of any contribution or other monies owed to the Fund shall not relieve any other Employer from its obligation to make required payments to the Fund.

OOE 000380

5.8     Delinquent Contributions as Plan Assets.  As of the date any unpaid Employer contributions are required to be paid the Fund, the contributions shall become plan assets for purposes of subtitle A and parts 1 and 4 of subtitle B of title I of ERISA, and Code Section 4975.  To the extent any individual officers, directors or other representatives of the Employer exercise sufficient control or authority over the unpaid contributions as to constitute a fiduciary under ERISA Section 3(21), they shall serve in such a fiduciary capacity on behalf of the Fund and Trust with respect to the unpaid contributions.

5.9     Refund of Contributions.  Except as provided in this section below, no Employer, directly or indirectly, shall receive any refund of contributions paid to the Trust or participate in the disposition of any assets of the Fund or receive any benefits from the Fund.  Notwithstanding the foregoing or any other provisions of this Trust Agreement, if an Employer contribution or payment of withdrawal liability is based upon a mistake of fact or law, such excess contribution may be returned to the Employer within six months after the Administrator determines that the contribution was made by such a mistake.  The contribution or payment is considered as returned within the required period if the Employer establishes a right to a refund of the amount mistakenly contributed or paid by filing a claim with the Administrator within six months after the date on which the Administrator determines that a mistake did occur.  In general, interest or earnings on the amount of the overpayment shall not be credited to the amount of the overpayment.  However, in the case of the return of an overpayment of withdrawal liability, interest determined in accordance with Pension Benefit Guaranty Corporation regulations on the amount of overpayments may also be returned.

5.10    Varying Rates of Contribution.  So long as contributions are made to the Fund pursuant to a proper written agreement, the Trustees may, but are not required to, accept

OOE 000381

contributions which are not at a uniform rate among all Employers. In formulating a plan for the payment of benefits in such cases, the Trustees may, but need not, provide for a non-discriminatory method of crediting hours worked in relation to rate of contributions.

## ARTICLE VI

## BENEFICIAL RIGHTS

6.1    No Right, Title or Interest of Employers and Union. Neither the Union, the Employer, any Participant or any person claiming by or through such Participant by reason of having been named a Beneficiary in a certificate or otherwise, nor any other person, shall have any right, title or interest in or to the Fund or any part thereof. Except as may be required by law, there shall be no pro-rata or other distribution of any of the assets of the Fund as a result of any Union, Employer, group or association of Employees or Employers or Participants ceasing participation in the Fund.

6.2    Limitations upon Beneficial Rights of Employees. All benefits which may become payable from the Fund shall be free from the interference and control of any creditor of any party. In accordance with Section 401(a)(13)(A)of the Code, unless otherwise permitted by Sections 401(a)(13)(B) and (C) of the Code, neither the assets of the Fund nor any benefits payable to any person hereunder shall be subject to assignment or other anticipation, to seizure, or to sale under any legal, equitable or other process.

## ARTICLE VII

## AMENDMENT AND TERMINATION OF
## TRUST AGREEMENT AND TRUST FUND

7.1    Amendment. The Trustees may, by majority action, amend and/or supplement any of the provisions of this Trust Agreement, provided, however, that no

23

amendment affecting the level of benefits payable shall be made except upon the advice of counsel and of a qualified actuary or actuarial firm.  Any amendment to this Trust Agreement may be made so as to take effect retroactively to the extent permitted by law.

  7.2  <u>Termination</u>.  To the extent permitted by law (including any applicable administrative regulations), the Trustees shall have the power to cease operation of and to terminate the Fund and its implementing plan under such circumstances as, in the judgment of the Trustees, would be in the best interest of all Participants.  The termination of the Plan and distribution of the assets of the Trust shall comply with Section 4041A of the Act and applicable regulations thereunder.

## ARTICLE VIII

## <u>MISCELLANEOUS PROVISIONS</u>

  8.1  <u>Law Applicable</u>.  This Trust is created in the State of Ohio and, except to matters of federal law, all questions pertaining to the construction, and administration of this Trust Agreement shall be determined in accordance with the laws of the State of Ohio.

  8.2  <u>Savings Clause</u>.  Should any provision of this Trust Agreement be held to be unlawful or unenforceable, the remaining provisions contained herein shall nevertheless continue in full force and effect.

  8.3  <u>Withholding Payment</u>.  In the event that a question or dispute shall arise as to the proper person or persons to whom benefits hereunder should be paid, the Trustees may withhold payment of such benefits pending resolution, to the satisfaction of the Trustees, of such question or dispute.

  8.4  <u>Beneficiaries under Disability</u>.  In the event any benefits become payable hereunder due to legal disability, or to a person who under the considered judgment of the

24

Trustees, is unable to properly administer such benefits by reason of mental or physical disability, then such benefits may be paid for the benefit of such person either to the legally appointed guardian or conservator of such person or to any relative of such person who has assumed responsibility for the care of such person.

8.5 Gender. Whenever any words are used in this Trust Agreement in the masculine gender, they shall also be construed to include the feminine and/or neuter gender in all situations where such construction would so apply. Whenever any words herein are used in the singular number, they shall also be construed to include the plural number in all situations where such construction would apply. Whenever any words herein are used in the plural number, they shall also be construed to include the singular number in all situations where such construction would apply.

IN WITNESS WHEREOF, the undersigned, being the current Trustees hereunder, do hereby adopt this amended and restated Trust Agreement this 1st day of February, 2016.

Employer Trustees:

Stanley I. Roediger, Jr., Vice Chairman

Mark Sterling

Victor DiGeronimo, Secretary

George Palko

Union Trustees:

Richard E. Dalton, Chairman

Patrick L. Sink

Gary G. Siesel, Assistant Secretary

Mark Totman

25

OOE 000384

OHIO OPERATING ENGINEERS PENSION FUND

AMENDED AGREEMENT AND DECLARATION OF TRUST

**EXHIBIT**

tabbies

**B**

Part 2

OOE 000385

TABLE OF CONTENTS

| | Page |
|---|---|
| INTRODUCTION | i |
| ARTICLE I - DEFINITIONS | 1 |
|     Employer | 1 |
|     Employee | 1 |
|     Union | 1 |
|     Participant | 1 |
|     Beneficiary | 1 |
|     Trustees | 2 |
|     Fund | 2 |
|     Name of Plan | 2 |
|     Trust Agreement | 2 |
|     Act | 3 |
| ARTICLE II - PURPOSE OF THE TRUST AND USE OF THE FUND | 3 |
| ARTICLE III - TRUSTEES OF THE FUND | 3 |
|     Number, Appointment | 3 |
|     Term of Office | 4 |
|     Officers | 4 |
|     Union Trustees | 4 |
|     Employer Trustees | 4 |
|     Acceptance of Appointment | 5 |
|     Resignation | 5 |
|     Removal | 5 |
|     Successor Trustees - Appointment | 5 |
|     Successor Trustees - Powers and Duties | 6 |
|     Vacancies | 6 |
|     Quorum | 6 |
|     Meetings | 6 |
|     Attendance at Meetings | 7 |
|     Action Without Meeting | 8 |
|     Resolution of Impasse | 8 |
|     Voting | 8 |
|     Participation at Meetings; Minutes | 9 |
|     Office of the Fund | 9 |
| ARTICLE IV - POWERS AND DUTIES OF TRUSTEES | 9 |
|     Conduct of Trust Business | 9 |
|     Use of Fund for Expenses | 10 |
|     Use of Fund to Provide Benefits | 10 |
|     Investments | 11 |

OOE 000386

|  | Page |
|---|---|
| Deposits and Disbursements | 12 |
| Allocation and Delegation of Fiduciary Responsibilities | 13 |
| Committees of the Board of Trustees | 13 |
| Administrative Manager | 13 |
| ByLaws, Rules and Regulations | 14 |
| Additional Authority | 15 |
| Bonds | 16 |
| Insurance | 17 |
| Information to Participants and Beneficiaries | 17 |
| Accountants and Actuaries | 17 |
| Trustees to Act Without Compensation | 17 |
| Reports | 18 |
| Records of Trustee Transactions | 18 |
| Construction and Determinations by Trustees | 18 |
| Liability | 19 |
| Reliance on Written Instruments | 19 |
| Reliance by Others | 20 |
| Discharge of Liability | 20 |
| Merger | 20 |
| Settling Disputes | 21 |
| Reciprocity Agreements | 21 |
| Written Plan for Benefits | 21 |

**ARTICLE V - CONTRIBUTIONS AND COLLECTIONS** — 21

| Employer Contributions | 21 |
|---|---|
| Responsibility for Contributions | 22 |
| Work Outside Jurisdiction | 22 |
| Collection and Enforcement of Payments | 22 |
| Cost of Collection | 23 |
| Production of Records | 24 |
| Non-Payment of Contributions | 24 |

**ARTICLE VI - BENEFICIAL RIGHTS** — 25

| No Right, Title or Interest of Employers and Union | 25 |
|---|---|
| Limitations Upon Beneficial Rights of Employees | 25 |

**ARTICLE VII - AMENDMENT AND TERMINATION OF TRUST AGREEMENT AND TRUST FUND** — 25

| Amendment | 25 |
|---|---|
| Termination | 26 |

**ARTICLE VIII - MISCELLANEOUS PROVISIONS** — 26

| Law Applicable | 26 |
|---|---|
| Savings Clause | 26 |
| Refund of Contributions | 27 |
| Varying Rates of Contribution | 27 |
| Withholding Payment | 27 |
| Beneficiaries Under Disability | 28 |
| Gender | 28 |

OOE 000387

## INTRODUCTION

WHEREAS, an Agreement and Declaration of Trust pursuant to which the Ohio Operating Engineers Pension Fund has been created and administered was made and entered into as of the 1st day of June, 1964; and

WHEREAS, the signatories hereto are the currently duly appointed and acting Trustees of the trust estate held under the terms of the aforesaid Agreement and Declaration of Trust; and

WHEREAS, the aforesaid Agreement and Declaration of Trust empowers the undersigned Trustees to amend the aforesaid Agreement and Declaration of Trust; and

WHEREAS, events subsequent to the execution of the aforesaid Agreement and Declaration of Trust require extensive modifications and additions to, as well as extensive deletions from that document; and

WHEREAS, the undersigned Trustees have determined that, in the interests of efficiency and clarity, the entire Agreement and Declaration of Trust made and entered into as of the 1st day of June, 1964, should be redrafted and replaced with a new and separate instrument;

NOW, THEREFORE, pursuant to the powers vested in them as Trustees of the Ohio Operating Engineers Pension Fund, the undersigned hereby amend the Agreement and Declaration of Trust previously made and entered into as of the 1st day of

June, 1964, and as the same has been from time to time amended by deleting in their entirety the terms of said instrument and substituting therefor the following terms:

ii

OOE 000389

## ARTICLE I

## DEFINITIONS

1.1 <u>Employer</u>. The term "employer" as used herein shall mean any person, corporation, partnership, unincorporated association, labor organization or other legal entity obligated by written agreement to make contributions to the Fund established herein. By making contributions to this Fund, all such Employers shall be deemed to have accepted and to be bound by the terms of this Agreement and Declaration of Trust as the same may be amended from time to time.

1.2 <u>Employee</u>. The term "Employee" as used herein shall mean any person in the employ of an Employer on whose behalf the Employer is obligated by written agreement to make contributions to the Fund.

1.3 <u>Union</u>. The term "Union" as used herein shall mean, collectively and separately, local unions number 18, 18A, 18B, 18C and 18RA of the International Union of Operating Engineers.

1.4 <u>Participant</u>. The term "Participant" as used herein shall mean any Employee or former Employee who is or who may become eligible to receive a benefit of any type from this Fund, or whose Beneficiaries may be or may become eligible to receive any such benefit.

1.5 <u>Beneficiary</u>. The term "Beneficiary" as used herein shall mean either a person, living at the time of

OOE 000390

designation, designated by an Employee to receive benefits
which may be payable under the provisions of this Plan, or a
person other than an Employee who, by the terms of the plan
established pursuant to this Trust Agreement, is or may become
entitled to benefits thereunder.

    1.6  Trustees. The term "Trustees" as used herein
shall mean the Trustees designated in this Trust Agreement,
together with their successors designated and appointed in
accordance with the terms of this Trust Agreement. The
Trustees, collectively, shall be the "Administrator" of this
Fund as that term is used in the act.

    1.7  Fund. The term "Fund" as used herein shall mean
the trust estate of the pension trust herein established as it
may, from time to time, be constituted, including, but not
limited to, policies of insurance, investments and the income
therefrom, Employers' contributions, and all other assets or
money held by the Trustees for the uses and purposes of this
Trust.

    1.8  Name of Plan. The pension plan established pur-
suant to the provisions of this Trust Agreement shall be
known and identified as "Ohio Operating Engineers Pension Fund".

    1.9  Trust Agreement. The terms "Trust Agreement"
and "Agreement and Declaration of Trust" as used herein shall
mean this instrument as the same may be amended and modified
from time to time.

OOE 000391

1.10   Act.   The term "Act" as used herein shall mean the Employee Retirement Income Security Act of 1974 as the same may be amended and modified from time to time, together with any rules and regulations promulgated pursuant to the provisions of said Act.

## ARTICLE II

### PURPOSE OF THE TRUST AND USE OF THE FUND

2.1  The Trust and the Fund shall be used for the purpose of providing, either through a self-funded plan, through policies issued by duly licensed commercial insurance carriers authorized to do business in the State of Ohio, or through a combination of both methods, such retirement, death and disability benefits for Employees and the dependents and/or Beneficiaries of Employees as may be permitted by law and as may be consistent with the assets and income of the Fund.

2.2  No part of the Fund or of the income therefrom may be used for purposes other than for the exclusive benefit of Employees and their dependents and/or beneficiaries.

## ARTICLE III

### TRUSTEES OF THE FUND

3.1  Number, Appointment.  The Fund shall be administered by eight Trustees, who shall together be the named fiduciary, four of whom shall be Employer Trustees, and four of

OOE 000392

whom shall be Union Trustees. The Labor Relations Division of the Ohio Contractors Association, The Associated General Contractors of America, Inc. (hereinafter, the LRD/OCA"), shall designate three individuals to serve as Employer Trustees, and the Associated Contractors of Ohio, Inc., The Associated General Contractors of America, Inc. (hereinafter the "ACO"), shall designate one individual to serve as Employer Trustees, and the Union shall designate four individuals to serve as Union Trustees. No person disqualified by law to serve as a Trustee shall either be appointed or permitted to serve as a Trustee.

3.2 <u>Term of Office</u>. Upon appointment, all Trustees shall serve as such until proper resignation or until removal as provided herein.

3.3 <u>Officers</u>. The Trustees shall elect from their members a Chairman, an Assistant Chairman, a Secretary-Treasurer. The Chairman and Assistant Secretary-Treasurer shall be elected from the Union Trustees and the Assistant Chairman and the Secretary-Treasurer shall be elected from the Employer Trustees.

3.4 <u>Union Trustees</u>. Each Union Trustee shall be appointed in accordance with internal Union procedure and shall be designated to the Trustees in writing by the Union.

3.5 <u>Employer Trustees</u>. Each Employer Trustee must be either an Employer or employed by an Employer. When either the LRD/OCA or the ACO designates Trustees to succeed

4

Trustees whose terms have expired or who have resigned or been removed, those organizations shall certify to the Trustees, in writing, the name or names of the newly designated Trustees.

3.6 **Acceptance of Appointment**. Upon appointment, each Trustee shall execute a written acceptance whereby he agrees to accept and be bound by all terms and requirements of this Agreement, as the same may from time to time be amended.

3.7 **Resignation**. A Trustee may resign and become and remain fully discharged from all further duty and responsibility hereunder upon giving thirty days' notice, in writing, to the remaining Trustees. The remaining Trustees, however, may accept shorter notice as sufficient. In such notice there shall be stated a date upon which such resignation shall take effect. Such resignation shall take effect upon the date specified in the notice unless a successor Trustee shall have been designated at an earlier date, in which event such resignation shall take effect immediately upon the designation of such successor Trustee.

3.8 **Removal**. Any Trustee may be removed from office at any time by the body which appointed him by delivering to the remaining Trustees a copy of written notice of removal.

3.9 **Successor Trustees - Appointment**. In the event that any Trustee shall die, become incapable of acting hereunder, resign or be removed, a Successor Trustee shall be im-

OOE 000394

mediately appointed by the body which appointed the original Trustee. Any Trustee may be declared incapable of acting hereunder within the meaning of this paragraph only by the unanimous action of all other Trustees then in office.

3.10 Successor Trustees Powers and Duties. Any Successor Trustee upon his designation as a Successor Trustee, upon his acceptance of his trusteeship in writing, and upon becoming properly bonded, shall become vested with all the property, rights, powers and duties of a Trustee hereunder, with like effect as if originally designated as a Trustee.

3.11 Vacancies. It is the intention hereof that the Fund shall at all times be administered by an equal number of Employer Trustees and Union Trustees, but until the designation of a Successor Trustee or Trustees as hereinbefore provided, a quorum of the remaining Trustees shall have full power to act.

3.12 Quorum. At least two Union Trustees and two Employer Trustees shall be present at any meeting of the Trustees in order for any action to be taken, which number shall constitute a quorum for the transaction of any business. Except as otherwise expressly provided herein, any action taken by the Trustees pursuant to this paragraph shall be by majority vote of the Trustees then present. Any and all actions so taken shall have the same force and effect as if taken by all the Trustees.

3.13 Meetings. An annual meeting of the Board of

OOE 000395

Trustees shall be held during the month of September at a date fixed by the Trustees, but the Trustees may, by unanimous consent, hold such meeting in some other month. The Chairman or the Secretary-Treasurer of the Trustees may call a meeting of the Trustees at any time by giving at least ten days written notice of the time and place thereof to the remaining Trustees. Any five of the Trustees may call a meeting of the Trustees at any time by giving at least ten days written notice of the time and place thereof to the remaining Trustees. Meetings of the Trustees may also be held at any time without notice if all the Trustees are present and consent thereto. In addition to the Annual Meeting required herein, the Trustees shall meet as often as may be required for the proper administration of the Fund.

3.14 <u>Attendance at Meetings</u>. In the event any Trustee fails or refuses to attend two consecutive properly called meetings of the Trustees, a majority of the Trustees attending the second of such meetings may notify in writing the organization which designated the non-attending Trustee of the fact of such non-attendance. Said organization shall take appropriate action to insure the attendance of the non-attending Trustee, and if said non-attending Trustee fails to resume attendance at the next regularly called meeting, then said organization shall, upon written notice from the Trustees, appoint a successor to the non-attending Trustee.

OOE 000396

3.15 <u>Action Without Meeting</u>. Action may be taken by the Trustees without a meeting, provided, however, that in such cases there shall be unanimous written concurrence by all of the Trustees then in office.

3.16 <u>Resolution of Impasse</u>. In the event a deadlock shall arise over the administration of the Fund or the interpretation of this Agreeent, the Trustees representing the Employers and the Trustees representing the Union shall attempt to select an individual to act as an impartial umpire of the deadlocked issue. If no agreement can be reached for the selection of an impartial umpire within the ten calendar days following the date upon which such deadlock arose, then the Chairman of the Board of Trustees shall apply to the American Arbitration Association for the designation of an impartial umpire selected by the two-panel method to resolve the deadlock in accordance with its rules and regulations. The decision of any umpire so selected or appointed shall be binding upon all persons and parties concerned. The expenses of arbitration shall be paid from the Fund.

3.17 <u>Voting</u>. Each Trustee shall have one vote upon all matters, provided, however, that if at any meeting there is present an unequal number of Union Trustees and Employer Trustees, then the group of Trustees having the fewer number present shall be entitled to cast that number of votes which is equal to the total number of votes cast by the group of Trustees

OOE 000397

having the larger number present, such vote being cast as follows: Each Trustee in the smaller group may cast one vote; each additional vote to which such group of Trustees is entitled shall be cast by majority vote of such group of Trustees.

    3.18  <u>Participation at Meetings; Minutes</u>.  All official meetings of the Trustees shall be attended by the Trustees only and shall not be open to the public, except that there may attend such other persons as may be invited by the Trustees. Written minutes, a copy of which shall be furnished with reasonable promptness to each Trustee, shall be kept of all business transacted and of all matters upon which voting shall have occurred.

    3.19  <u>Office of the Fund</u>.  The principal office of the Trust Fund shall, so long as such location is feasible, be located and maintained in Columbus, Ohio.  The location of the principal office shall be made known to the parties interested in the Trust Fund.  At such office, and at such other places as may be required by law, there shall be maintained the books and records pertaining to the Trust Fund and its administration.

ARTICLE IV

<u>POWERS AND DUTIES OF TRUSTEES</u>

    4.1  <u>Conduct of Trust Business</u>.  The Trustees shall have general supervision of the operation of the Fund

9

OOE 000398

and shall conduct the business and activities of the Fund in accordance with this Trust Agreement and applicable law. The Trustees shall hold, manage and protect the Trust Fund and collect the income therefrom and contributions thereto. The Trustees or any person duly authorized by the Trustees may, in the course of conducting the business of the Trust, execute any instrument in the name of the Ohio Operating Engineers Pension Fund.

4.2  Use of Fund for Expenses.  Subject to their obligation not to violate the terms of the Act or any other federal, state or local law, the Trustees shall have the power and authority to use and apply the Trust Fund to pay or provide for the payment of all reasonable and necessary expenses (i) of collecting the Employer contributions and payments and other moneys and property to which they may be entitled and (ii) of administering the affairs of this Trust, including the employment of such administrative, legal, expert and clerical assistance, the purchase or lease of such premises, materials, supplies and equipment and the performance of such other acts, as the Trustees, in their sole discretion, find necessary or appropriate in the performance of their duties.

4.3  Use of Fund to Provide Benefits.  The Trustees shall also have the power and authority to use the Trust Fund to pay or provide for the payment of retirement, death and disability benefits to eligible Participants and Bene-

OOE 000399

ficiaries in accordance with the terms, provisions and conditions of the Pension Plan to be maintained and administered hereunder by the Trustees.

### 4.4 Investments.

(a) The Trustees shall have the power and authority to invest and reinvest such assets of the Fund as are not necessary for current expenditures or for liquid reserves in such investments as are permissible under applicable State and Federal law and as are consistent with the Trustees' fiduciary responsibility. The Trustees may sell, exchange or otherwise dispose of such investments at any time. The Trustees shall also have power and authority (in addition to, and not in limitation of, common law and statutory authority) to invest in any investments which may include, but are not limited to, stocks, bonds, real or personal property, and equity interests in real estate. The Trustees shall have the authority, in respect to any stocks, bonds or other property, real or personal, held by them as Trustees, to exercise all such rights, power and privileges as might be lawfully exercised by any person owning similar stocks, bonds or other property in his own right.

(b) Delegation and Allocation of Investment Functions.

(1) The Trustees are authorized, in their discretion, to allocate to a committee duly constituted under Section 4.7 such duties and responsibilities to invest and reinvest such Fund assets

OOE 000400

as shall be specified in such allocation.

(2) The Trustees shall have the power and authority to appoint one or more investment managers (as defined in Section 3(38) of the Act) and to delegate to such manager or managers responsibility and authority for the management, acquisition, disposition, investment and reinvestment of such of the assets of the Trust Fund as the Trustees shall specify. Any such appointment is subject to termination by the Trustees. The fees and expenses of such investment manager, to the extent permitted by law, shall be paid out of the Fund.

(3) In connection with any allocation or delegation of investment functions under paragraphs (1) and (2) of this subsection (b), the Trustees shall, from time to time, adopt appropriate investment policies or guidelines.

4.5 Deposits and Disbursements. All Trust funds not invested shall be deposited by the Trustees in such depository or depositories as the Trustees shall from time to time select, and any such deposit or deposits, or disbursements therefrom, shall be made in the name of the Trust in the manner designated by the Trustees and upon the signature(s) of persons designated and authorized by the Trustees or by the Investment Manager appointed in accordance with Section 4.4(b)(2) of this Article.

OOE 000401

4.6 <u>Allocation and Delegation of Fiduciary</u>
<u>Responsibilities</u>. The Trustees may, by resolution or bylaw,
or by duly appointed amendment to this Trust Agreement,
allocate fiduciary responsibilities and various adminis-
trative duties to committees or subcommittees of the Board
of Trustees, and they may delegate such responsibilities and
duties to other individuals as they may deem appropriate or
necessary and as may be consistent with applicable law.

4.7 <u>Committees of the Board of Trustees</u>. The
Trustees, by by-law or by resolution, may create such committee
or committees as they deem necessary for the effective and
efficient administration of the Fund. The membership of
such committees shall consist of members of the Board of
Trustees selected by the Chairman. Each committee shall
consist of an equal number of Employer and Employee Trustees,
and a quorum of a committee shall be as provided in the by-
law or resolution creating the committee.

4.8 <u>Administrative Manager</u>. The Trustees may
contract for the services of an individual, firm or corpora-
tion as an administrative manager (to be known by the title,
"Fund Administrator"), who shall, under the direction of
the Trustees or under the direction of any duly appointed
committee thereof, perform the routine duties of administra-
tion of the office or offices of the Trust Fund and of the
Trustees, and who may coordinate and administer the accounting,
bookkeeping and clerical services, provide for the coordi-

nation of actuarial services furnished by the consulting actuary, prepare (in cooperation where appropriate with the consulting actuary and independent auditor) all reports and other documents to be prepared, filed or disseminated by or on behalf of the Trust in accordance with law, assist in the collection of contributions required to be paid to the Trust Fund by Employers, and otherwise perform such other duties and furnish such other services as may be assigned, delegated or directed or as may be contracted by or on behalf of the Trustees. The administrative manager may serve as the custodian on behalf of the Trustees of all documents and other records of the Trustees and of the Trust Fund.

4.9   The Trustees and any Fund Administrator appointed by the Trustees shall have the power to demand, collect and receive Employer contributions from Employers as more fully set forth in Article V hereto, and to hold such monies as part of the Fund for the purposes herein specified.

4.10   ByLaws, Rules and Regulations.

(a)   The Trustees are hereby empowered and authorized to adopt such bylaws and to promulgate such rules and regulations as are deemed necessary or desirable to facilitate the proper administration of the Trust Fund, provided that the same are not inconsistent with the terms of this Trust Agreement. All bylaws, rules and regulations adopted

OOE 000403

by action of the Trustees shall be binding upon all parties hereto, all parties dealing with the Trust Fund, and all persons claiming any benefits hereunder.

(b) No bylaw, regulation, rule, action or determination made or adopted by the Trustees, nor any decision or determination made by any impartial umpire appointed pursuant to Section 3.16 of this Agreement, shall in any manner conflict with this Trust Agreement or with any applicable Federal, State or local law, and shall, insofar as practicable, be consistent with the provisions of any current collective bargaining agreement between any Employer and the Union.

4.11 <u>Additional Authority</u>. The Trustees are hereby empowered, in addition to such other powers as are set forth herein or are conferred by law:

(a) to enter into any and all contracts and agreements for carrying out the terms of this Trust Agreement and for the administration of the Fund, and to do all acts as they, in their discretion, deem necessary or advisable, such contracts and agreements and acts to be binding and conclusive on the parties hereto and on the Participants involved;

(b) to keep property and securities registered in the names of the Trustees or of the Fund or in the name of any other individual or entity duly designated by the Trustees;

OOE 000404

(c)  to establish and accumulate as part of the Fund such reasonable reserve funds as the Trustees, in their sole discretion, deem necessary or desirable to carry out the purposes of such Fund;

(d)  to pay out of the Trust Fund all real and personal property taxes, income taxes, and other taxes of any and all kinds levied or assessed under existing or future laws upon or in respect to the Fund, or any money, property, or securities forming a part thereof;

(e)  to do all acts, whether or not expressly authorized herein, which the Trustees deem necessary or proper for the protection of the property held hereunder;

(f)  to sell, exchange, lease, convey, mortgage or dispose of any property forming a part of the Fund, whether real or personal, upon such terms as they may deem proper, and to execute and deliver any and all instruments of conveyance, leases, mortgages and transfers in connection therewith; and

(g)  to establish and carry out a funding policy and method consistent with the objectives of the Pension Fund and of applicable law.

4.12  Bonds.  The Trustees shall obtain from an authorized surety company such bonds as may be required by law, covering such persons and in such amounts (but not less than required by law) as the Trustees, in their discretion,

OOE 000405

may determine. The cost of premiums for such bonds shall be paid out of the Trust Fund.

4.13 <u>Insurance</u>. The Trustees may in their discretion obtain and maintain policies of insurance, to the extent permitted by law, to insure themselves, the Fund as such, as well as Employees or agents of the Trustees and of the Fund while engaged in business and related activities for and on behalf of the Trust Fund (1) with respect to liability to others as a result of acts, errors or omissions of such Trustee or Trustees, Employees or agents, respectively, provided such insurance policy shall provide recourse by the insurer against Trustees as may be required by law and (2) with respect to injuries received or property damage suffered by them. The cost of the premiums for such policies of insurance shall be paid out of the Fund.

4.14 <u>Information to Participants and Beneficiaries</u>. The Trustees shall provide Participants and Beneficiaries such information as may be required by law.

4.15 <u>Accountants and Actuaries</u>. The Trustees shall engage one or more independent qualified public accountants and one or more enrolled actuaries to perform all services as may be required by applicable law and such other services as the Trustees may deem necessary.

4.16 <u>Trustees to Act without Compensation</u>. The Trustees shall act in such capacity without compensation,

OOE 000406

but they shall be entitled to reimbursement for the expenses properly and actually incurred in the performance of their duties with the Trust Fund, including, without limitation, attendance at meetings and other functions of the Board of Trustees or its committees while on business of the Board of Trustees, and attendance at institutes, seminars, conferences or workshops for or on behalf of the Trust Fund.

4.17  Reports.  All reports required by law to be signed by one or more Trustees shall be signed by all of the Trustees, provided that all of the Trustees may appoint in writing, or by resolution adopted and recorded in the minutes, one or more of their members to sign such report on behalf of the Trustees.

4.18  Records of Trustee Transactions.  The Trustees shall keep true and accurate books of account and a record of all of their transactions and meetings (including actions taken at such meetings and by informal action of the Trustees), which records and books shall be audited at least annually by a certified public accountant. A copy of each audit report shall be furnished to all Trustees and shall be available for inspection by interested persons at the principal office of the Trustees.

4.19  Construction and Determinations by Trustees. Subject to the stated purposes of the Fund and the provisions of this Agreement, the Trustees shall have full and exclusive

18

OOE 000407

authority to determine all questions of coverage and eligi-
bility, methods of providing or arranging for benefits and
all other related matters.  They shall have full power to
construe the provisions of this Agreement, the terms used
herein and the bylaws and regulations issued thereunder.  Any
such determination and any such construction adopted by the
Trustees in good faith shall be binding upon all of the
parties hereto and the Beneficiaries hereof.  Neither the
foregoing, any difference arising thereunder, nor any
matter involving or arising under this Trust Agreement shall
be subject to any grievance or arbitration procedure estab-
lished in any collective bargaining agreement between an
Employer and the Union; provided, however, that this
clause shall not be construed as affecting either the
rights and liabilities of any of the parties under any such
collective bargaining agreement or the right of the Union
to enforce the payment of employer contributions through the
use of an established grievance and arbitration procedure.

   4.20   Liability.  The Trustees, to the extent
permitted by applicable law, shall incur no liability in
acting upon any instrument, application, notice, request,
signed letter, telegram or other paper or document believed
by them to be genuine and to contain a true statement of
facts.

   4.21   Reliance on Written Instruments.  Any
Trustee, to the extent permitted by applicable law, may rely

OOE 000408

upon any instrument in writing purporting to have been signed by a majority of the Trustees or authorized Trustees as conclusive evidence of the fact that a majority of the Trustees or authorized Trustees have taken the action stated to have been taken in such instrument.

4.22 <u>Reliance by Others</u>. No party dealing with the Trustees shall be obligated (a) to see that any funds or property of the Trust Fund are applied to stated Trust purposes, or (b) to see that the terms of this Trust Agreement have been complied with, or (c) to inquire into the necessity or expediency of any act of the Trustees. Every instrument executed by the Trustees shall be conclusive evidence in favor of every person relying thereon (a) that at the time of the execution of said instrument the Trust was in full force and effect, (b) that the instrument was executed in accordance with the terms and conditions of this Trust Agreement, and (c) that the Trustees were duly authorized and empowered to execute the instrument.

4.23 <u>Discharge of Liability</u>. The receipt by the Trustees of any money or property or checks (after such checks are honored at the bank and paid to the Trust Fund) shall discharge the person or persons paying or transferring the same.

4.24 <u>Merger</u>. Subject to their fiduciary duties and to applicable law and/or regulations, the Trustees shall have the power to merge with any other fund established for similar purposes as this Fund.

20

OOE 000409

4.25  Settling Disputes.  The Trustees shall have discretion to compromise or settle any claim or controversy in such manner as, in their best judgment, is in the best interests of the Fund.  Any majority decision made by the Trustees in compromise or settlement of a claim or controversy, or any compromise or settlement agreement entered into by the Trustees, shall be conclusive and binding on all parties interested in this Trust.

4.26  Reciprocity Agreements.  The Trustees may, in their sole discretion enter into such reciprocity agreement or agreements with other pension funds as they may determine to be in the best interests of the Fund, provided, that any such reciprocity agreement or agreements shall not be inconsistent with the terms of this Agreement or the written agreements under which this Agreement is maintained.

4.27  Written Plan for Benefits.  The Trustees shall establish and maintain a written plan under which benefits effectuating the provisions of Article II shall be paid. The Trustees shall have the power to, from time to time, amend said plan, provided that any amendment shall not be inconsistent with the provisions of this instrument.

ARTICLE V

CONTRIBUTIONS AND COLLECTIONS

5.1  Employer Contributions.  Each Employer shall make prompt contributions or payments to the Fund in such

21

amount and under such terms as from time to time may be set forth in the written agreement requiring contributions to the Fund. Such contributions shall constitute an absolute obligation to the Fund and shall not be subject to setoff because of any claim which an Employer may have against the Union or an Employee. Contributions shall be paid to the Trustees, or to such depository as the Trustees may designate, by check, bank draft, money order or other recognized written method of transmitting money or its equivalent, made payable as the Trustees shall direct. The payment of contributions shall be made periodically at such intervals as shall be directed by the Trustees, or as may be specified in any written agreement requiring the payment of contributions.

5.2  Responsibility for Contributions. Except as may be otherwise provided by law, each Employer shall be responsible only for the contributions payable by him on behalf of his own Employees. No Employer or any employer association or group shall be responsible for the contributions, payments or other obligations of any other Employer.

5.3  Work Outside Jurisdiction. In the event an Employee employed by an Employer performs work outside of the geographical jurisdiction of the Union, the Employer may continue to make payments to the Fund and the Trustees may accept such payments.

5.4  Collection and Enforcement of Payments
The Trustees, or such committee of the Trustees as the

OOE 000411

Board of Trustees shall appoint, or the Fund Administrator, if one has been appointed and when directed by such committee or by the Board of Trustees, shall have the power to demand, collect and receive Employer payments and all other money and property to which the Trustees may be entitled, and shall hold the same until applied to the purposes provided in this Agreement. They shall take such steps, including the institution and prosecution of, or the intervention in, such legal or administrative proceedings as is determined to be in the best interest of the Fund for the purpose of collecting such payments, money and property.

5.5 Cost of Collection. The Trustees shall have the power to impose reasonable cost of collection assessments as liquidated damages against those Employers who become delinquent in paying employee contributions. In cases where the Trustees or the Fund Administrator find it necessary to take legal action to recover amounts due the Fund from delinquent Employers, the Trustees or said Fund Administrator shall also be entitled to recover reasonable attorney's fees as fixed by the court together with court costs. Assessments of liquidated damages shall be fixed by rules and regulations promulgated by the Trustees, shall be based upon a reasonable estimate as to the actual loss to the Fund because of delinquent contributions, and shall not be discriminatory in nature. Since late payments to the

OOE 000412

Fund may cause loss of protection to Participants and may result in considerable additional administrative expense and since many other elements of damage may result from late contributions to the Fund, it is impossible to determine accurately in advance the full extent of the damage and expense which can result from delinquent payments. Therefore, the Trustees may, if they deem it advisable, base the amount of any liquidated damages upon uniform percentage of delinquent amounts due.

5.6  Production of Records. Each Employer shall promptly furnish to the Trustees or their representative, on demand, the names of his Employees; their Social Security numbers, the hours worked by each Employee, and such other information as the Trustees may reasonably require in connection with the administration of the Fund. The Trustees or their representative may examine pertinent employment and payroll records of each Employer at the Employer's place of business whenever such examination is necessary or advisable in connection with the proper administration of the Fund. The Union shall, upon request, promptly furnish information regarding an Employee's employment status.

5.7  Non-Payment of Contributions. Non-payment by any Employer of any contribution or other moneys owed to the Fund shall not relieve any other Employer from his or its obligation to make required payments to the Fund.

OOE 000413

## ARTICLE VI

### BENEFICIAL RIGHTS

6.1  No Right, Title or Interest of Employers and Union.  Neither any Employer, the Union, any Employee, any Participants, nor any Beneficiary shall have any right, title or interest in or to the Fund or any part thereof.  Except as may be required by law, there shall be no pro-rata or other distribution of any of the assets of the Fund as a result of any Union, Employer, Group or Association of Employees or Employers, Participant or Beneficiary ceasing participation in the Fund.

6.2  Limitations upon Beneficial Rights of Employees. All benefits which may become payable from the Fund shall be free from the interference and control of any creditor. No benefits shall be subject to assignment or other anticipation, to seizure, or to sale under any legal, equitable or other process, unless authorized by law or regulation and approved by the Trustees.

## ARTICLE VII

### AMENDMENT AND TERMINATION OF TRUST AGREEMENT AND TRUST FUND

7.1  Amendment.  The Trustees may, by majority action, amend and/or supplement any of the provisions of this Agreement, provided, however, that no amendment affecting the level of benefits payable shall be made except

OOE 000414

upon the advice of counsel and of a qualified actuary or actuarial firm. Any amendment to this Agreement may be made so as to take effect retroactively.

7.2 Termination. To the extent permitted by law (including any applicable administrative regulations), the Trustees shall have the power to cease operation of and to terminate the Fund and its implementing plan under such circumstances as, in the judgment of the Trustees, would be in the best interests of all Participants. In the event of termination, the assets of the Fund will be applied and distributed in such manner as, to the extent of such assets, would best carry out the purposes of this Agreement and Declaration of Trust and at the same time comply with any applicable provisions of law, including but not limited to Section 4044 of the Act.

## ARTICLE VIII

### MISCELLANEOUS PROVISIONS

8.1 Law Applicable. This Trust is created and accepted in the State of Ohio and, except as to matters governed by federal law, all questions pertaining to the validity, construction, and administration of this Trust Agreement shall be determined in accordance with the laws of the State of Ohio.

8.2 Savings Clause. Should any provision of this Agreement and Declaration of Trust be held to be unlawful

26

or unenforceable, the remaining provisions contained herein shall nevertheless continue in full force and effect.

8.3 **Refund of Contributions**. No Employer, directly or indirectly, shall receive any refund of contributions paid to the Trust, provided, however, that, to the extent permitted by law, erroneous or inadvertent overpayments may be refunded. No Employer shall either participate in the disposition of any assets of the Fund or receive any benefits from the Fund. Except as such responsibility may be imposed by law, no Employer shall be required to either see to the proper application of any funds or property of the Trust or see that the terms of this Agreement are followed by the Trustees.

8.4 **Varying Rates of Contribution**. So long as contributions are made to the Fund pursuant to a proper written agreement, the Trustees may, but are not required to, accept contributions which are not at a uniform rate among all Employers. In formulating a plan for the payment of benefits in such cases, the Trustees may, but need not, provide for a non-discriminatory method of crediting hours worked in relation to rate of contributions.

8.5 **Withholding Payment**. In the event that a question or dispute shall arise as to the proper person or persons to whom benefits hereunder should be paid, the Trustees may withhold payment of such benefits pending

27

resolution, to the satisfaction of the Trustees, of such question or dispute.

8.6 Beneficiaries under Disability. In the event any benefits become payable hereunder to a person under legal disability, or to a person who, in the considered judgment of the Trustees, is unable to properly administer such benefits by reason of mental or physical disability, then such benefits may be paid for the benefit of such person either to the legally appointed guardian or con- servator of such person or to any relative of such person who has assumed responsibility for the care of such person.

8.7 Gender. Whenever any words are used in this Agreement in the masculine gender, they shall also be con- strued to include the feminine and/or neuter gender in all situations where such construction would so apply. Whenever any words herein are used in the singular number, they shall also be construed to include the plural number in all situ- ations where such construction would apply. Whenever any words herein are used in the plural number, they shall also be construed to include the singular number in all situ- ations where such construction would apply.

IN WITNESS WHEREOF, the undersigned hereby affirm their acceptance as Trustees of the Ohio Operating Engineers Pension Fund and fix their hands this __29th__ day of __November__, 197_7_.

28

OOE 000417

Thomas Fitzpatrick

Edward Kassouf

George J. Igel, Jr., Secretary

Denver Collins, Jr.

Frank J. Miller, Chairman

William Christian

Earl Erwin

Ron Mihalovich

29

OOE 000418

# THIRD AMENDED AGREEMENT AND DECLARATION OF TRUST

# OHIO OPERATING ENGINEERS APPRENTICESHIP FUND

BENESCH, FRIEDLANDER, COPLAN & ARONOFF
88 East Broad Street
Columbus, Ohio  43215-3506

OOE 000419

<u>TABLE OF CONTENTS</u>

## THIRD AMENDED AGREEMENT AND DECLARATION OF TRUST
## OHIO OPERATING ENGINEERS APPRENTICESHIP FUND

### ARTICLE I - DEFINITIONS

| | | |
|---|---|---|
| SECTION 1 | OCA | 2 |
| SECTION 2 | AGC | 2 |
| SECTION 3 | ALTERNATE TRUSTEE | 2 |
| SECTION 4 | EMPLOYER | 2 |
| SECTION 5 | EMPLOYEES | 3 |
| SECTION 6 | UNION | 3 |
| SECTION 7 | COLLECTIVE BARGAINING AGREEMENT | 3 |
| SECTION 8 | TRUST FUND | 4 |
| SECTION 9 | TRUSTEE | 4 |
| SECTION 10 | AGREEMENT AND DECLARATION OF TRUST | 4 |
| SECTION 11 | EMPLOYER CONTRIBUTIONS | 4 |
| SECTION 12 | APPRENTICESHIP PLAN | 4 |
| SECTION 13 | INVESTMENT MANAGER | 5 |
| SECTION 14 | CORPORATE TRUSTEE | 5 |
| SECTION 15 | ACT | 5 |
| SECTION 16 | CODE | 5 |
| SECTION 17 | MISCELLANY | 5 |

### ARTICLE II - CREATION AND PURPOSES OF THE FUND

| | | |
|---|---|---|
| SECTION 1 | CREATION OF TRUST | 5 |
| SECTION 2 | EMPLOYER CONTRIBUTIONS TO FUND | 6 |
| SECTION 3 | NON-PAYMENT | 6 |
| SECTION 4 | POWER TO COLLECT | 6 |
| SECTION 5 | EMPLOYER REPORTS | 7 |
| SECTION 6 | RIGHT OF ACCESS | 7 |
| SECTION 7 | CLAIM BY EMPLOYEE | 7 |
| SECTION 8 | PURPOSE | 7 |

### ARTICLE III - THE TRUSTEES - DESIGNATION AND ORGANIZATION

| | | |
|---|---|---|
| SECTION 1 | NUMBER OF TRUSTEES | 8 |
| SECTION 2 | DESIGNATION OF TRUSTEES | 8 |

i

OOE 000420

SECTION 3      SUCCESSOR TRUSTEES ............................. 8
SECTION 4      VACANCIES ...................................... 9
SECTION 5      OFFICERS ....................................... 9
SECTION 6      MEETINGS ....................................... 9
SECTION 7      ACTION WITHOUT MEETING ....................... 10
SECTION 8      QUORUM, VOTING AND DEADLOCK .............. 10
SECTION 9      ACCEPTANCE OF TRUST ........................... 11
SECTION 10     PRINCIPAL OFFICE .............................. 11
SECTION 11     NON-LIABILITY FOR PRUDENT CONDUCT ........... 11
SECTION 12     REMOVAL OF UNLAWFUL TRUSTEE ............... 11
SECTION 13     EMPLOYER ALTERNATE TRUSTEE ................. 12
SECTION 14     UNION ALTERNATE TRUSTEE ..................... 13


ARTICLE IV - POWERS, DUTIES AND APPLICATION OF TRUST FUND


SECTION 1      OBLIGATIONS .................................... 14
SECTION 2      DEPOSIT OF TRUST FUNDS ....................... 14
SECTION 3      BONDING ....................................... 14
SECTION 4      TRUST AND TRUSTEE LIABILITY INSURANCE ....... 14
SECTION 5      TRUST FUND .................................... 15
SECTION 6      APPLICATION OF TRUST FUND ................... 16
SECTION 7      ADOPTION OF APPRENTICESHIP PLAN ............. 17
SECTION 8      ADDITIONAL TRUSTEE AUTHORITY ............... 17
SECTION 9      APPOINTMENT OF INVESTMENT MANAGER ........ 19
SECTION 10     ALLOCATION AND DELEGATION OF FIDUCIARY
                  RESPONSIBILITY ................................ 20
SECTION 11     ADMINISTRATIVE MANAGER ...................... 20
SECTION 12     ENGAGEMENT OF PROFESSIONAL ADVISORS ....... 20
SECTION 13     TRUSTEE COMPENSATION ........................ 20
SECTION 14     EXECUTION OF DOCUMENTS ..................... 21
SECTION 15     BOOKS OF ACCOUNT ............................ 21
SECTION 16     CORPORATE TRUSTEE ........................... 21
SECTION 17     ENFORCEMENT OF OBLIGATIONS ................. 21
SECTION 18     LIMITS OF TRUSTEE RESPONSIBILITY ............. 22
SECTION 19     EXECUTION OF CHECKS .......................... 22
SECTION 20     PARTY DEALINGS ............................... 22
SECTION 21     RECIPROCAL AGREEMENTS ...................... 23
SECTION 22     FINANCIAL REPORTS ............................ 23
SECTION 23     AUDIT PROGRAM ............................... 24
SECTION 24     OTHER EMPLOYERS AND MERGER ............... 24
SECTION 25     CLAIMS AND APPEALS ........................... 24
SECTION 26     EDUCATIONAL ORGANIZATIONS ................. 25
SECTION 27     PRUDENCE IN PERFORMANCE OF DUTIES ......... 26

ii

OOE 000421

SECTION 28     REQUIREMENTS OF THE ACT ...................... 26
ARTICLE V - AUDITS AND REPORTS

SECTION 1     MAINTENANCE OF RECORDS ...................... 26
SECTION 2     ANNUAL AUDIT ................................. 26
SECTION 3     DISCLOSURE TO EMPLOYEES ...................... 27

ARTICLE VI - EFFECTIVE DATES AND TERMINATION OF TRUST AND FUND

SECTION 1     EFFECTIVE DATE ................................. 27
SECTION 2     TERMINATION AND DISTRIBUTION ................. 27
SECTION 3     ALTERNATE DISTRIBUTION ....................... 27
SECTION 4     PRE-CONDITIONS TO DISTRIBUTION ............... 28

ARTICLE VII - AMENDMENTS

SECTION 1     AMENDMENT .................................... 28
SECTION 2     TAX CONSEQUENCE ............................. 29
SECTION 3     RETROACTIVE AMENDMENT ...................... 29

ARTICLE VIII - CONSTRUCTION

SECTION 1     GOVERNING LAW ............................... 29
SECTION 2     EMPLOYEE RIGHTS ............................. 29
SECTION 3     VALIDITY OF DOCUMENTS ...................... 30
SECTION 4     EFFECT OF ILLEGALITY ......................... 29
SECTION 5     TRUSTEE STATUS ............................... 30
SECTION 6     NOTICES ...................................... 30
SECTION 7     JUDICIAL CONSTRUCTION ....................... 31
SECTION 8     EXTENT OF TRUSTEE LIABILITY .................. 31
SECTION 9     ENGAGEMENT OF COUNSEL ...................... 31
SECTION 10    NON-REVERSION TO EMPLOYERS ................. 31
SECTION 11    TITLES ....................................... 32
SECTION 12    EXECUTION ................................... 32
SECTION 13    SEVERABILITY ................................. 32

iii

OOE 000422

## THIRD AMENDED AGREEMENT AND DECLARATION OF TRUST
## OHIO OPERATING ENGINEERS APPRENTICESHIP FUND

THIS THIRD AMENDED AGREEMENT AND DECLARATION OF TRUST, entered into as of the _31st_ day of _December_ , 1992 by and among LOCAL UNION NO. 18, OF INTERNATIONAL UNION OF OPERATING ENGINEERS and its Branches, (the "Union"); the LABOR RELATIONS DIVISION OF THE OHIO CONTRACTORS ASSOCIATION and the LABOR RELATIONS DIVISION, ASSOCIATED GENERAL CONTRACTORS OF OHIO, INC., (jointly, severally and collectively , the "Association"); and the Employers they represent and such other Employers who are or shall become signatories hereto, all hereinafter individually and collectively referred to as the "Employers;" the persons designated by the Union to serve as Trustees hereunder, hereinafter referred to as the "Union Trustees;" and the persons designated by the Association to serve as Trustees hereunder, hereinafter referred to as the "Employer Trustees."

WITNESSETH:

WHEREAS, on the 20th day of October, 1965 the Union and the Association executed an Agreement and Declaration of Trust establishing a Trust Fund for the sole and exclusive benefit of the Employees of Employers, and providing for the selection of the Trustees to hold and administer said Trust Fund and to be known as Ohio Operating Engineers Apprenticeship Fund; and

WHEREAS, on the 1st day of January, 1976, the Agreement and Declaration of Trust was amended by restatement to conform to the applicable requirements of the Labor-Management Relations Act of 1947 ("LMRA") as amended, the rules and regulations issued thereunder, to qualify as an exempt trust pursuant to the Internal Revenue Code and the regulations issued thereunder, and to conform to the requirements of the Employee Retirement Income Security Act of 1974 and the regulations issued thereunder; and

WHEREAS, Article VII Section 1 of said Amended Agreement and Declaration of Trust provided that said Amended Agreement could be amended from time to time by written instrument executed by the Trustees; and

WHEREAS, the Employer Trustees and the Union Trustees who have subscribed to this Third Amended Agreement and Declaration of Trust have separately and jointly agreed that this Third Amended Agreement and Declaration of Trust shall comprehend the rights and duties of the Employers, the Association, the Union and the Trustees with respect to the administration and operation of the Apprenticeship Trust Fund herein created; and

WHEREAS, Article VII, Section 1 of the Agreement and Declaration of Trust provides that the Agreement and Declaration of Trust may be amended at any time by its Board of Trustees of the Ohio Operating Engineers Apprenticeship Fund; and

NOW, THEREFORE, in consideration of the premises and in order to restate and provide for the maintenance of the aforesaid Trust Fund, to be known as THIRD AMENDED AGREEMENT AND DECLARATION OF TRUST OHIO OPERATING ENGINEERS APPRENTICESHIP FUND, hereinafter referred to as the "Trust Fund," with the following duties and powers for the following uses, purposes and trusts, it is mutually understood and agreed as follows:

## ARTICLE I

### DEFINITIONS

## SECTION 1 - OCA

The term "OCA" as used herein shall mean the Labor Relations Division of the Ohio Contractors Association and its successors.

## SECTION 2 - AGC

The term "AGC" as used herein shall mean the Labor Relations Division, Associated General Contractors of Ohio, Inc. and its successors.

## SECTION 3 - ALTERNATE TRUSTEE

The term "Alternate Trustee" as used herein shall mean, for those so designated, any natural person designated to act as a Trustee in the absence of a Trustee pursuant to Article III, Sections 13 and 14 of this Third Amended Agreement and Declaration of Trust.

## SECTION 4 - EMPLOYER

The term "Employer" as used herein shall mean:

(a) Any individual, firm, association, partnership or corporation who is a member of the Association and/or is represented in collective bargaining with the Association and who is bound by the Collective Bargaining Agreement with said Union and in accordance therewith agrees to participate in and contribute to the Trust Fund herein created and provided for. Any Employer who contributes to the Trust Fund created hereunder shall, by the act of contributing, become a party

2

OOE 000424

to this Agreement whether or not any such contributing Employer has signed this Agreement or a counterpart thereof.

(b)     Any individual, firm, association, partnership or corporation who is not a member of nor represented in collective bargaining by the Association, but who has duly executed and/or is bound by the Collective Bargaining Agreement with said Union and in accordance therewith agrees to participate in and contribute to the Trust Fund herein created and provided for.  Any Employer who contributes to the Trust Fund created hereunder shall, by the act of contributing, become a party to this Agreement whether or not any such contributing Employer has signed this Agreement or a counterpart thereof.

(c)     The Union to the extent, and solely to the extent, that it acts in the capacity of an Employer of its Employees on whose behalf it makes contributions to the Trust Fund in accordance with the Collective Bargaining Agreement.

(d)     The Trustees to the extent that they act in the capacity of an Employer of the Employees on whose behalf they make contributions to the Trust Fund in accordance with the Collective Bargaining Agreement.

(e)     The Employers as defined herein shall, by the making of payments to the Trust Fund pursuant to the Collective Bargaining Agreement, be conclusively deemed to have accepted and be bound by this Agreement and Declaration of Trust.

## SECTION 5 - EMPLOYEES

The term "Employees" as used herein shall mean and include members of a Collective Bargaining Unit represented by the Union who are eligible to participate in and receive the benefits of the Apprenticeship Plan and Trust in accordance with this Agreement.  In addition, the term "Employees" shall mean and include full-time, regular employees of the Union and the Trustees.  The term "Employees" shall not include partners or self-employed persons, no matter how designated; and any such persons are hereby expressly excluded from the benefits to be provided hereunder.

## SECTION 6 - UNION

The term "Union" as used herein shall mean Local Union No. 18, International Union of Operating Engineers and its Branches and successors.

## SECTION 7 - COLLECTIVE BARGAINING AGREEMENT

The term "Collective Bargaining Agreement" as used herein shall mean any Collective Bargaining Agreement existing between the Employer and/or the Association

3

and the Union which provides for contributions into this Trust Fund as well as any extension or extensions, renewal or renewals of any such Collective Bargaining Agreement or any new Collective Bargaining Agreement which provides for contributions into this Trust Fund.

## SECTION 8 - TRUST FUND

The terms "Trust Fund," "Trust" or "Fund" as used herein shall mean Ohio Operating Engineers Apprenticeship Fund and the entire assets thereof, including all funds received by the Trustees in the form of Employer contributions, together with all contracts (including dividends, interest, refunds, and other sums payable to the Trust Fund on account of such contracts), all investments made and held by the Trustees, all income, increments, earnings and profits therefrom, and any and all other property or funds received and held by the Trustees under this Third Amended Agreement and Declaration of Trust.

## SECTION 9 - TRUSTEE

The term "Trustee" as used herein shall mean any natural person designated as a Trustee pursuant to Article III, Section 1, or Article III, Section 3 of this Third Amended Agreement and Declaration of Trust or his successor or successors. The term "Trustee" shall also include an Alternate Trustee during the period said Alternate Trustee is acting as a Trustee pursuant to and only to the limited extent provided in Article III, Sections 13 and 14 of this Third Amended Agreement and Declaration of Trust. The Trustees, collectively, shall be the "Administrator" as that term is used in the Act.

## SECTION 10 - AGREEMENT AND DECLARATION OF TRUST

The terms "Agreement and Declaration of Trust" or "Agreement" or " Third Amended Agreement and Declaration of Trust" as used herein shall mean this Agreement and Declaration of Trust as the same may from time to time be amended as hereinafter provided.

## SECTION 11 - EMPLOYER CONTRIBUTIONS

The term "Employer Contributions" as used herein shall mean payments made to the Trust Fund by an Employer.

## SECTION 12 - APPRENTICESHIP PLAN

The term "Apprenticeship Plan" as used herein shall mean the plan, program, methods and procedures for the providing of benefits from the Trust Fund (directly or

4

OOE 000426

indirectly) by the Trustees in accordance with such eligibility requirements as the Trustees may from time to time adopt and promulgate.

## SECTION 13 - INVESTMENT MANAGER

The term "Investment Manager" means a fiduciary, other than a trustee or named fiduciary, who meets the requirements of Section 3(38) of the Act.

## SECTION 14 - CORPORATE TRUSTEE

The term "Corporate Trustee" shall mean such bank, trust company or other financial institution whose capital and surplus are not less than Fifteen Million Dollars ($15,000,000.00) as may be designated by the Trustees to hold the property of the Trust Fund.

## SECTION 15 - ACT

The term "Act" as used herein shall mean the Employee Retirement Income Security Act of 1974, as originally enacted or thereafter amended.

## SECTION 16 - CODE

The term "Code" as used herein shall mean the Internal Revenue Code of 1986 as originally enacted or thereafter amended.

## SECTION 17 - MISCELLANY

The use herein of the masculine shall include feminine where applicable, and the use of the singular shall include the plural where applicable. The words "and" and "or" are employed in the conjunctive and disjunctive sense respectively except where a contrary intention clearly appears from the context. The words "hereby," "herein," "hereof," and "hereunder" and any compounds thereof shall be construed as referring to this Apprenticeship Plan and Trust generally and not merely to the particular articles, sections and paragraphs in which they appear unless otherwise required by the context.

## ARTICLE II

## CREATION AND PURPOSES OF THE FUND

## SECTION 1 - CREATION OF TRUST

The Trust and Fund are created, established and maintained, and the Trustees agree to receive, hold and administer the Trust Fund for the purpose of providing

5

OOE 000427

apprenticeship and apprentice and journeymen skill training, instruction and education to Employees who are eligible to receive such benefits in accordance with the Plan. The Fund shall not be used for any retirement benefits.

## SECTION 2 - EMPLOYER CONTRIBUTIONS TO FUND

Each Employer shall contribute and pay into the Fund the amount specified in accordance with the applicable Collective Bargaining Agreement entered into with the Union. The Employer contributions constitute an absolute obligation to the Trust Fund, and such obligation shall not be subject to set off or counterclaim which an Employer may have for any liability of the Union or of an Employee. The contributions shall be paid to Trustees or such other depositary as the Trustees shall designate only by check, bank draft, money order or other negotiable, recognized written method of transmitting money. The contributions shall be submitted together with forms prepared and approved by Trustees and shall be made periodically at such times as the Trustees shall specify by Rules and Regulations or as may be provided in the applicable Collective Bargaining Agreement. In no event shall any Employer directly or indirectly receive any refund on contributions made by them to the Trust (except in case of a bona fide erroneous payment or overpayment of contributions, to the extent permitted by law) nor shall an Employer directly or indirectly participate in the disposition of the Trust Fund or receive any benefits from the Trust Fund. Upon payment of contributions to the Trustees, all responsibilities of the Employer for each contribution shall cease, and the Employer shall have no responsibilities for the acts of the Trustees, nor shall an Employer be obliged to see to the application of any funds or property of the Trust or to see that the terms of the Trust have been complied with.

## SECTION 3 - NON-PAYMENT

No Employer shall be responsible for the contributions or other obligations of any other Employer. The non-payment by an Employer shall not relieve any other Employer or Employers from his or their obligations to make payment.

## SECTION 4 - POWER TO COLLECT

The Trustees shall have the power to demand, collect and receive Employers' contributions to the Trust Fund, including the right to commence legal proceedings in the name of the Trust Fund, or in that of any assignee, in a court of competent jurisdiction to collect the amount of said unpaid contributions, including interest thereon and all costs incurred in effecting said collection, including reasonable attorneys fees. Trustees are hereby given the power to add to the remittance of any Employer a reasonable late charge, to be fixed by the Rules and Regulations promulgated by them as hereinafter provided, or as may be provided in the applicable Collective Bargaining Agreement, for failure to make prompt payments to the Trust Fund as provided for herein and in the Collective Bargaining Agreement, and are hereby given the power to

6

collect such charge when assessed in the same manner as they are given power to collect the contributions. Failure by an Employer to pay the amounts due from him hereunder to the Trust Fund shall be deemed a breach of this Agreement by the Employer and of the underlying Collective Bargaining Agreement. The Union shall, on behalf of the Trust Fund, have the right to enforce the collection thereof against the Employer in the same manner as wages directly due from him to his Employees.

## SECTION 5 - EMPLOYER REPORTS

The Trustees shall have the power to require any Employer to, and any Employer when so required shall, furnish to Trustees such information and reports as they may reasonably require for the performance of their duties under this Agreement.

## SECTION 6 - RIGHT OF ACCESS

The Trustees or any authorized agent or representative of the Trustees shall have the right at all reasonable times during business hours to enter upon the premises of any Employer obligated to contribute to the Trust Fund and to examine and copy such of the books, records, papers and reports of said Employer as may be necessary to determine whether said Employer is making full payment to the Trustees of the amount required by the Collective Bargaining Agreement with said Employer.

## SECTION 7 - CLAIM BY EMPLOYEE

An Employee whose claim for any benefit provided for him under and in accordance with this Agreement and/or the Plan is rejected shall have no recourse against the Trust Fund, the Trustees, the Union, the Association or the Employers or any officers or agents or members of any of them. Provided, however, said Employee or beneficiary shall have the right of appeal in accordance with the Appeals Procedure provided in Article IV, Section 25.

## SECTION 8 - PURPOSE

The Trust Fund is and shall constitute an irrevocable trust created pursuant to the provisions of LMRA Section 302(c), as amended, for the benefit of the Employees and to foster planning, supervising and skills and in other ways develop the training of apprentices, journeymen and others in a program of training and instruction, for Employees who meet the qualifications and other conditions established by the Trustees.

It is the intention of all parties that the apprentice and journeymen training and instructional programs are limited to those which can be financed from the proceeds of the Trust Fund. It is expressly understood and agreed that there is no liability upon the Union, any Employer, the Association, the Trustees or Alternate Trustees for the

7

furnishing of any specific type or amount of apprentice and journeymen training or instructional programs.

## ARTICLE III

### THE TRUSTEES - DESIGNATION AND ORGANIZATION

### SECTION 1 - NUMBER OF TRUSTEES

The Trust Fund shall be administered by a Board of Trustees consisting of eight (8) Trustees, four (4) of whom shall be designated "Employer Trustees," three (3) of whom shall be appointed by OCA and one (1) by the AGC, and four (4) of whom shall be designated as the "Union Trustees" and shall be appointed by the Union. Each Trustee shall serve as such until he shall die, become incapable of acting hereunder, resign or be removed as herein provided. The Trustees shall serve without compensation, but they shall be reimbursed for all reasonable and necessary expenses properly and actually incurred by them in connection with the performance of their official duties as Trustees, including but not limited to reimbursement for lost wages while attending Trustee meetings or other meetings for and on behalf of the Trust Fund.

### SECTION 2 - DESIGNATION OF TRUSTEES

The Union may terminate the designation of any Union Trustee or Union Alternate Trustee by mailing or delivering to the said Trustee or Union Alternate Trustee and to each of the remaining Trustees a true copy of the appropriate action taken by the Union terminating such designation.

Any Employer Trustee or Employer Alternate Trustee may be removed by the party appointing him. In terminating the designation of any such Employer Trustee or Employer Alternate Trustee, the same shall be done by mailing or delivering to the person to be removed, as well as to all of the remaining Trustees, a copy of the termination of designation.

Any Trustee or Alternate Trustee may resign by instrument in writing executed for that purpose and mailed or delivered to each of the remaining Trustees, the Association and the Union, not less than seven (7) days prior to the intended effective date thereof.

### SECTION 3 - SUCCESSOR TRUSTEES

In the event of death, resignation, removal or inability to act of any such Trustee or Alternate Trustee, the vacancy thereby created shall be filled by appointment from the membership of the group whose representation on the Board has been affected. As

8

soon as any Trustee or Alternate Trustee appointed to fill a vacancy has accepted this Trust, he shall, without further act, become vested with all the estate, rights, powers, discretions and duties of his predecessor Trustee or Alternate Trustee with like effect as if originally designated as Trustee or Alternate Trustee herein, and the Trust Fund shall vest in the new Trustee or Alternate Trustee, together with the continuing Trustees, without any further act or conveyance. No successor Trustee or Alternate Trustee shall be liable or responsible for any acts or defaults of any predecessor Trustee, or except as otherwise provided under the Act, any co-trustee or Alternate Trustee, for any loss or expense resulting from or occasioned by anything done or omitted to be done in the administration of the Trust Fund prior to his becoming a Trustee or Alternate Trustee, nor shall successor Trustee or Alternate Trustee be required to inquire into or take any notice of the prior administration of the Trust Fund. A vacancy on the Board of Trustees shall be filled within fifteen (15) days from date of its occurrence. Any retiring Trustee or retiring Alternate Trustee shall forthwith turn over to the remaining Trustees at the office of the Trust Fund all records, books, documents, monies and other property in his possession owned by the Trustees or incident to the fulfillment of this Agreement and Declaration of Trust and administration of this Trust Fund.

## SECTION 4 - VACANCIES

No vacancy or vacancies on the Board of Trustees shall impair the power of the remaining Trustees, acting in the manner provided by the Agreement, to administer the affairs of the Trust Fund, notwithstanding the existence of such vacancy or vacancies. So long as any vacancy exists on the Board of Trustees, the number of Trustees necessary to constitute a quorum shall be reduced by the number of existing vacancies.

## SECTION 5 - OFFICERS

The Trustees shall select from their members a Chairman and an Assistant Secretary-Treasurer, who shall be chosen from the Union Trustees, and a Vice-Chairman and Secretary-Treasurer, who shall be chosen from the Employer Trustees. The term of offices shall be for one year, although the incumbent of any office may be re-elected. The Chairman shall preside at meetings of the Trustees. The Secretary shall keep records and minutes of all of the meetings and proceedings of the Trustees. The Secretary shall send copies of such records and minutes to each of the Trustees.

## SECTION 6 - MEETINGS

The Trustees shall meet at such times and places and with such frequency as the Trustees shall, in their discretion and fiduciary status, determine. Notice of meetings shall be given to all Trustees at least seventy-two (72) hours prior to the time for convening the meeting, in person or in writing; provided, however, that meetings of the Trustees may also be held at any time without the required prior notice if all Trustees consent thereto. All meetings of the Trustees shall be attended only by the Trustees and

9

Alternate Trustees and those other persons designated or invited by the Trustees to attend and shall not be open to the public. Written minutes shall be kept on all business transactions and all matters on which voting occurred. Copies of the minutes shall be distributed to all Trustees and Alternate Trustees and acted upon at the next meeting of the Trustees.

## SECTION 7 - ACTION WITHOUT MEETING

Action by the Trustees may be taken by them in writing without a meeting; provided, however, that in such cases there shall be unanimous written consent and concurrence by all of the Trustees.

## SECTION 8 - QUORUM, VOTING AND DEADLOCK

To constitute a quorum for the transaction of business, the presence of at least six (6) Trustees is required, at least three (3) of whom shall be Employer Trustees, and three (3) of whom shall be Union Trustees. At all meetings of the Trustees, Employer Trustees present shall have, in the aggregate, a total of four (4) votes and the Union Trustees present shall have, in the aggregate, a total of four (4) votes.

In the event the Trustees deadlock on the administration of the Trust, the Trustees shall promptly seek to reduce to writing a joint submission of the issues and also a joint submission of the relevant facts. If the Trustees cannot agree upon said joint submission, then the Employer and Union Trustees shall separately prepare in writing their respective statements covering issues and facts, and each shall serve a copy upon the other.

The Trustees shall thereafter make all reasonable efforts to resolve the deadlock as described in the joint or the separate submission. If they cannot resolve the deadlock, they shall attempt to choose an impartial umpire to resolve the deadlock for them.

If the Trustees at two consecutive meetings are unable to agree on an impartial umpire empowered to break the deadlock, the Trustees shall petition for the appointment by the Judge of the District Court of the United States for the Southern District of Ohio, sitting in the Eastern Division. The impartial umpire shall have no power to add to, subtract from, or modify any of the terms of this Agreement and Declaration of Trust. If a quorum shall be lacking at two successive meetings, the matters to be considered at such meetings shall be considered deadlocked. The fees and expenses of such impartial umpire and all expenses of any hearing or investigation he may deem necessary, including fees for any general or special legal counsel retained by the Board of Trustees, shall be borne by the Trust Fund. If the Union or Union Trustees, or if the Employers, the Association or the Employer Trustees, desire to retain legal counsel to represent them and their interests, each shall bear the expense of their respective separate special counsel.

OOE 000432

The umpire may not make any decision or finding of fact which would change or alter in any manner any provision of this Trust or which would change the tax free status of this Trust.

No matter in connection with the interpretation or enforcement of any Collective Bargaining Agreement shall be subject to arbitration under this Article except the provisions relating to this Apprenticeship Trust.

## SECTION 9 - ACCEPTANCE OF TRUST

Each Trustee serving as such shall execute a written Acceptance of Trust in a form satisfactory to the Trustees and in conformity with the Act, and thereby he shall be deemed to have accepted the Trust created, established and maintained by this Agreement and Declaration of Trust; to have consented to act as a Trustee; and to have agreed to administer the Trust Fund as provided herein.

## SECTION 10 - PRINCIPAL OFFICE

The principal office of the Trust Fund shall be located in the City of Columbus, County of Franklin and State of Ohio, until otherwise agreed to by the Trustees.  The location of the Fund office shall be made known to all interested persons.  The Trustees shall maintain at such office or at such other places as may be required by the Act all books, records, documents and instruments pertaining to the Trust Fund and its administration.

## SECTION 11 - NON-LIABILITY FOR PRUDENT CONDUCT

Trustees shall not be liable for the acts or omissions of any Investment Manager, actuary, consultant, attorney, agent or assistant employed by them in pursuance of this Agreement and Declaration of Trust if such Investment Manager, actuary, consultant, attorney, agent or assistant was selected pursuant to this Trust Agreement and such person's performance was periodically reviewed by the Trustees who found such performance to be satisfactory; provided that nothing herein shall relieve any Corporate Trustee of any liability with regard to the performance of its employees.

## SECTION 12 - REMOVAL OF UNLAWFUL TRUSTEE

The Board of Trustees shall initiate action to cause the removal of any fellow Trustee or Alternate Trustee who may be serving as a Trustee or Alternate Trustee in violation of the Act.  The vacancy or vacancies caused by such removal shall be filled in accordance with Sections 3, 13 or 14, as applicable, of this Article III.  The Board of Trustees may remove any Trustee to the extent necessary to comply with the Act.

11

## SECTION 13 - EMPLOYER ALTERNATE TRUSTEE

The OCA and the AGC may each designate an Employer Alternate Trustee who shall have the power to exercise and/or satisfy and shall be subject to, during the absence of an Employer Trustee appointed by such party pursuant to Article III, Section 1, the powers, rights, duties and responsibilities hereunder of such Employer Trustee who, for any reason, is unable to attend any meeting of the Trustees or is not available under the circumstances to execute a document which requires the signature of the Employer Trustee. Each Employer Alternate Trustee shall only be permitted to replace one absent Employer Trustee. Such Alternate Trustee shall serve as such until the earlier of the end of the period during which the Alternate Trustee is designated to act or until he shall die, become incapable of acting hereunder, or pursuant to Article III, Sections 3 and 13, resign or be removed.

The OCA and AGC may designate an Alternate Trustee and/or remove an Alternate Trustee designated by such party in the same manner as an Employer Trustee is designated or remove such party pursuant to Article III, Sections 2 and 13 except that such designation may limit the period during which such designation is effective and notice of such designation need not be given to the other Trustees prior to Ten (10) days after the designation became effective. If an Employer Alternate Trustee's designation is limited to a specific period, the Employer Alternate Trustee shall be deemed removed at the end of the designated period without notice to any other Trustee. If an Employee Alternate Trustee is designated for a specific period, such designated period shall not prevent the removal of such Alternate Trustee by the party that designated such Alternate Trustee.

If an Employer Trustee becomes aware in advance of a meeting of the Board of Trustees of his inability to attend the meeting, such Employer Trustee shall, to the extent possible, notify the Chairman of the Board of Trustees of his inability to attend such meeting and the Chairman shall notify, to the extent possible under the circumstances, the Employer Alternate Trustee of such notice and request his attendance at such meeting.

Each Employer Alternate Trustee serving as such shall execute a written Acceptance of Trust in a form satisfactory to the Trustees and in conformity with the Act, and thereby he shall be deemed to have accepted the Trust created, established and maintained by this Agreement; to have consented to act as an Employer Alternate Trustee; and to have agreed to administer the Trust Fund as provided herein.

If an Employer Trustee is absent from a meeting of the Board of Trustees and the Employer Alternate Trustee is present at such meeting, the absent Employer Trustee shall be deemed present for the purposes of determining whether a quorum is present at such meeting pursuant to Article III, Section 8. However, if more than one Employer Trustee appointed by a party is absent from a meeting of the Board of Trustees, then, if

12

OOE 000434

the Employer Alternate Trustee designated by such party is present, only one of such absent Employer Trustees shall be deemed present for the purposes of Article III, Section 8.

## SECTION 14 - UNION ALTERNATE TRUSTEE

The Union may designate two Union Alternate Trustees who shall have the power to exercise and/or satisfy and shall be subject to, during the absence of a Union Trustee, the powers, rights, duties and responsibilities hereunder of a Union Trustee appointed pursuant to Article III, Section 1, who, for any reason, is unable to attend any meeting of the Trustees or is not available under the circumstances to execute a document which requires the signature of the Union Trustee. Each Union Alternate Trustee shall only be permitted to replace one Union Trustee. Such Alternate Trustee shall serve as such until the earlier of the end of the period during which the Alternate Trustee is designated to act or until he shall die, become incapable of acting hereunder, or pursuant to Article III, Sections 3 and 14, resign or be removed.

The Union may designate and/or remove an Alternate Trustee in the same manner as a Union Trustee is designated or removed by the Union pursuant to Article III, Sections 2 and 14, except that such designation may limit the period during which such designation is effective and notice of such designation need not be given to the other Trustees prior to Ten (10) days after the designation became effective. If a Union Alternate Trustee's designation is limited to a specific period, the Union Alternate Trustee shall be deemed removed at the end of the designated period without notice to any other Trustee. If a Union Alternate Trustee is designated for a specific period, such designated period shall not prevent the removal of such Alternate Trustee by the party that designated such Alternate Trustee.

If a Union Trustee becomes aware in advance of a meeting of the Board of Trustees of his inability to attend the meeting, such Union Trustee shall, to the extent possible, notify the Chairman of the Board of Trustees of his inability to attend such meeting and the Chairman shall notify, to the extent possible under the circumstances, the Union Alternate Trustee of such notice and request his attendance at such meeting.

Each Union Alternate Trustee serving as such shall execute a written Acceptance of Trust in a form satisfactory to the Trustees and in conformity with the Act, and thereby he shall be deemed to have accepted the Trust created, established and maintained by this Agreement; to have consented to act as a Union Alternate Trustee; and to have agreed to administer the Trust Fund as provided herein.

If a Union Trustee is absent from a meeting of the Board of Trustees and a Union Alternate Trustee is present at such meeting to replace such Trustee, the absent Union Trustee shall be deemed present for the purposes of determining whether a quorum is present at such meeting pursuant to Article III, Section 8. However, if more

OOE 000435

than two Union Trustees are absent from a meeting of the Board of Trustees, then, if both Union Alternate Trustees are present, only two of such absent Union Trustees shall be deemed present for the purposes of Article III, Section 8.

## ARTICLE IV

### POWERS, DUTIES AND APPLICATION OF TRUST FUND

### SECTION 1 - OBLIGATIONS

The Trustees and their alternates and successors declare that they will receive, hold and administer the contributions herein provided for and any other money or property which may be entrusted to them as Trustees or Alternate Trustees hereunder with the powers and duties and for the use, purposes and trusts herein named for none other.

### SECTION 2 - DEPOSIT OF TRUST FUNDS

The Trustees and Alternate Trustees shall deposit all monies received by them in such bank or banks as the Trustees may select for the purpose or directly with the Corporate Trustee. All withdrawals of monies from such bank or banks shall be made only by Trust Fund check or voucher signed by the person or persons authorized by Trustees to sign and countersign.

### SECTION 3 - BONDING

The Trustees shall provide bonds for every fiduciary and every Administrator, Officer, Employee, Trustee and Alternate Trustee of the Trust Fund who handles money or other property of the Trust Fund, the cost of which bonds shall be paid from the Trust Fund. The bonds may be individual, schedule or blanket in form and shall have a corporate surety company which holds a grant of authority from the Secretary of the Treasury as acceptable on Federal bonds as surety thereon. The amount of bonds shall not be less than ten (10%) per cent of the funds handled by such persons or entities during the preceding year and shall at all times be in full compliance with the bonding provisions of the Act.

### SECTION 4 - TRUST AND TRUSTEE LIABILITY INSURANCE

The Trustees may in their discretion obtain and maintain policies of insurance, to the extent permitted by law, to insure themselves, the Alternate Trustees, the Trust Fund as such, as well as employees or agents of the Trustees and of the Trust Fund, while engaged in business and related activities for and on behalf of the Trust Fund with respect to liability to others as a result of acts, errors or omissions of such Trustee or

14

OOE 000436

Trustees, Alternate Trustee, employees or agents, respectively, provided such insurance policy shall provide recourse by the insurer against Trustees or Alternate Trustees as may be required by law and with respect to injuries received or property damage suffered by them. The cost of the premiums for such policies of insurance shall be paid out of the Trust Fund; except that the premium for the recourse policies or other coverage for the Trustees or Alternate Trustees shall not be paid for from the Trust Fund.

## SECTION 5 - TRUST FUND

(a) Title to all of the monies paid into the Trust Fund and all of the property of the Trust Fund shall be vested in and remain exclusively in the Trustees and neither the Employers, the Union nor any Employee or beneficiary under the benefits plans shall have any right, title or interest in any of the monies or property of the Trust Fund. The Trust Fund shall constitute an irrevocable trust for the sole and exclusive benefit of Employees entitled to benefits under this Agreement and Declaration of Trust. No benefits, monies or property of this Trust Fund shall be subject in any manner to anticipation, alienation, sale, transfer, assignment, pledge, encumbrance or charge and any attempt to do so shall be void.

(b) The Employer contributions to be paid into the Trust Fund shall not constitute or be deemed wages due to the Employees, and such contributions shall not in any manner be liable for nor subject to the debts, contracts or liabilities of the Employers, the Union or the Employees.

(c) No Employee shall have the right to receive any part of the contributions in lieu of benefits, nor to assign his benefits, nor to receive a cash consideration in lieu of such benefits, either upon termination of this trust or upon his withdrawal through severance of employment or otherwise.

(d) No money, property, equity or interest of any nature whatsoever in the Trust Fund or in any benefits or monies payable therefrom shall be subject in any manner by any Employee, retired Employee or beneficiary or person claiming through any of them, to anticipation, alienation, sale, transfer, assignment, pledge, encumbrance, garnishment, lien or charge, and any attempt to cause the same to be subject thereto shall be null and void.

(e) It is the intention of the parties hereto that this Agreement and Declaration of Trust shall not disqualify contributions due from an Employer from being a priority claim in the event of bankruptcy of any such Employer.

(f) Anything contained in this Agreement and Declaration of Trust to the contrary notwithstanding, no part of the corpus or income of the Trust Fund

15

OOE 000437

shall be used for or diverted to purposes other than for the exclusive benefit of Employees, retired or terminated Employees, or their beneficiaries, or for the purpose set out in Section 8 of Article II of this Agreement and Declaration of Trust.

## SECTION 6 - APPLICATION OF TRUST FUND

Any and all funds received by the Trustees or Alternate Trustees in the form of contributions, income, dividends on policies of insurance, interest on bonds or bank deposits, gain or yield on stocks or bonds or otherwise, shall be received by them as part of the Trust Fund to be administered and disposed of for the following purposes:

(a)     To pay or provide for the payment of all reasonable and necessary expenses in connection with collecting Employer contributions and administering affairs of the Apprenticeship Plan and Trust including, but without limitation, all expenses which may be incurred in connection with the establishment of the Apprenticeship Plan and Trust Fund, the providing of fidelity bonds and errors and omissions insurance for the Trust; the employment of administrative, legal, accounting, actuarial, expert and clerical assistance; the expenses in connection with the attendance at educational programs, including but not limited to registration, travel, daily expenses and lost wages; the leasing of such premises and the leases or purchase of such materials, supplies and equipment as the Trustees, in their discretion, find necessary and appropriate in the performance of their duties, excepting, however, that no part of the Trust Fund shall be used for the personal expenses or compensation of Trustees, except for reimbursement of the reasonable and necessary expenses actually and properly incurred under specific authority granted by resolution of Trustees.

(b)     To pay or provide for the payment of all costs and expenses in connection with the apprenticeship training plan, including, but not limited to, the cost of all instructors, all equipment, books, training, educational and instructional materials and supplies, the purchase and/or rental of schoolroom or other educational facilities and all other costs necessary to carry out the plan of apprenticeship training, education and instruction.

(c)     To pay or provide for the payment of all real and personal property taxes, income taxes and other taxes or assessments of any and all kinds levied or assessed under existing or future laws upon or in respect to the Trust Fund, the Apprenticeship Plan, or any money or property forming a part thereof.

(d)     To establish and accumulate as part of the Trust Fund such reasonable reserves as the Trustees shall determine advisable to carry out the purposes of the Apprenticeship Plan.

OOE 000438

## SECTION 7 - ADOPTION OF APPRENTICESHIP PLAN

The Trustees shall, at their initial meeting or at the earliest practicable date that may by them thereafter be agreed upon, adopt a written Apprenticeship Plan. The detailed basis of the Plan shall be set forth in said written Plan, subject to changes or modifications by the Trustees, in their discretion. All changes or modifications shall be set forth in writing and shall be communicated to all participants as required by law.

## SECTION 8 - ADDITIONAL TRUSTEE AUTHORITY

Subject to the stated purposes of the Trust Fund and the provisions of this Agreement and Declaration of Trust and subject to the terms and conditions of any policy or policies of insurance obtained as herein provided, the Trustee shall have full and exclusive authority to determine all questions of coverage and eligibility, methods of providing and arranging for benefits and all other related matters. They shall have full power to construe the provisions in this Agreement and Declaration of Trust and the terms used herein. Any such determination and any such construction adopted by the Trustees in good faith shall be binding upon all of the parties hereto and the beneficiaries hereof. The Trustees shall be free to use their own judgment and discretion in all things pertaining to the affairs of the Trust Fund and shall not be personally liable for any action done or omitted to be done when acting in good faith and in the exercise of their best judgment, and the fact that such action or omission, based upon advice of counsel employed by the Trustees, shall be conclusive evidence of such good faith and best judgment. No matter respecting the foregoing or any difference arising thereunder or any matter involved in this Agreement and Declaration of Trust shall be subject to the grievance procedure established in any Collective Bargaining Agreement between any contributing Employer and the Union.

Without limiting the generality of the foregoing, the Trustees, in their administration of the Trust Fund for the stated purposes thereof and consistent with the provisions of this Agreement and Declaration of Trust, shall have the power and authority to:

      (a)    Require contributions to the Trust Fund by the Employers in accordance with the applicable Collective Bargaining Agreements and the provisions contained herein.

      (b)    Administer the Trust Fund and Apprenticeship Plan by either (i) employing the suitable personnel, leasing office space, purchasing necessary equipment and supplies, and actively assuming the clerical administration thereof, or (ii) retaining, on a contract basis, a responsible firm or individual to perform the required administrative services.

17

OOE 000439

(c) Make such uniform rules and regulations as are consistent with and necessary for effectuating the provisions of this Agreement and Declaration of Trust, including but not being limited to the following:

(i) To prescribe rules and procedures governing the application for benefits by Employees and beneficiaries, and an appeals claims procedure for appeals by parties aggrieved by the action of any said application.

(ii) To make determinations which may be made final and binding upon all parties as to the rights of any Employee to participate in the Plan, including any rights any individual may have to request a hearing with respect to any such determination.

(iii) To obtain and evaluate all statistical data which may be reasonably required with respect to the administration of the Apprenticeship Plan.

(iv) To make such other rules and regulations as may be necessary for the administration of the Apprenticeship Plan which are not inconsistent with the purposes of this Agreement and Declaration of Trust.

(d) Invest and reinvest any funds in stocks, both common and preferred, bonds, notes, debentures, mortgages, equipment lease certificates, open-end type investment companies, real estate investment trusts, common trust funds, certificates of deposit, banker's acceptances, obligations of the United States Government, its agencies and authorities, or of any state or local governmental authority or agency, or in other prime trust investments meeting the requirements of Ohio Revised Code Section 2109.37 as amended providing for investments by Trustees and which are legal investments under applicable Federal and State law relating to the investment of employee benefit plans and which they, in their sole and absolute discretion, consider may not be required for current expenditures and may sell or otherwise dispose of any such investments at any time and from time to time. The Trustees shall not be required to register or hold any real or personal property, investments, or instruments or certificates representing the same, including without limiting the generality of the foregoing, bonds or other securities in their names individually or as Trustees, but may register, hold or retain such property, investments, instruments and certificates in the name of any individual, partnership, or corporation as their nominee or may keep them unregistered and may retain them or any part thereof in such condition that title or ownership may pass by delivery.

(e) Enter into agreements, contracts and other instruments for the deposit of funds with banks, trust companies or other institutions which accept and hold monies on deposit, and authorize such depositary to act as custodian of the funds, whether in cash or securities or other property.

18

OOE 000440

(f) Construe the provisions of this Agreement and Declaration of Trust and the Apprenticeship Plan and the terms used herein and any construction adopted by the Trustees in good faith shall be binding upon the Employers and the Employees.

(g) In addition to such other powers as are set forth herein or conferred by law:

(i) To sell, exchange, lease, convey or dispose of any property at any time forming a part of the Trust Fund or the whole thereof upon such terms as they may deem proper and to effect and deliver any and all instruments of conveyance and transfer in connection therewith.

(ii) To enter into any and all contracts and agreements for carrying out the terms of this Agreement and Declaration of Trust and for the administration of the Trust Fund and the Apprenticeship Plan and such contracts, agreements, and acts shall be binding and conclusive on the Employers and Employees.

(iii) Do all acts whether or not expressly authorized herein which the Trustees, in their sole discretion, deem necessary, advisable or proper for the protection of the Trust Fund held hereunder, and their judgment shall be final.

(iv) To borrow money upon such terms and conditions at such time or times and for such powers consistent with the purposes of this Trust Agreement as they may deem necessary and desirable and in the best interests of the participants in the Apprenticeship Fund. For all sums so borrowed, the Trustees may issue their promissory notes as Trustees and secure the payment thereof by pledging all or any portion of Trust assets.

(h) Administer the Trust Fund and Apprenticeship Plan in conformity with this Agreement and Declaration of Trust as from time to time amended and in conformity with all applicable laws.

## SECTION 9 - APPOINTMENT OF INVESTMENT MANAGER

The Trustees shall have the power and authority to appoint one or more Investment Managers who shall be responsible for the management, acquisition, disposition, investing and re-investing of such of the assets of the Trust Fund as Trustees shall specify. Any such appointment may be terminated by the Trustees upon thirty (30) days written notice. The fees of such Investment Manager and its expenses to the extent permitted by law shall be paid out of the Trust Fund. In connection with any allocation or delegation of investment functions hereunder, the Trustees shall, from time to time,

OOE 000441

adopt appropriate investment policies or guidelines and a funding policy. In the event the Trustees appoint an Investment Manager or Managers as aforesaid, Trustees shall be relieved of their fiduciary responsibilities with regard to the assets under the control of the Investment Manager or Managers, to the fullest extent permitted by law.

## SECTION 10 - ALLOCATION AND DELEGATION OF FIDUCIARY RESPONSIBILITY

The Trustees may, by resolution or by-law or by provisions of this Agreement and Declaration of Trust, allocate fiduciary responsibilities and various administrative duties to committees or subcommittees of the Board of Trustees, and they may delegate such responsibilities and duties to other individuals as they may deem appropriate or necessary in their sole discretion and consistent with the Act. Provided, however, the power to allocate fiduciary responsibility shall not apply to the allocation of the responsibility to manage the assets of the Trust Fund, other than the power to appoint an Investment Manager or Corporate Trustee as herein provided.

## SECTION 11 - ADMINISTRATIVE MANAGER

The Trustees may employ or contract for the services of an individual, firm or corporation, to be known as "Administrative Manager," who shall, under the direction of the Trustee or under the direction of an appropriate committee of the Trustees, administer the office or offices of the Trust Fund and of the Trustees, coordinate and administer the accounting, bookkeeping and clerical services, provide for the coordination of actuarial services furnished by the consulting actuary, prepare (in cooperation where appropriate with the consulting actuary and independent auditor) all reports and other documents to be prepared, filed or disseminated by or on behalf of the Trust in accordance with law, assist in the collection of contributions required to be paid to the Trust Fund by Employers and perform such other duties and furnish such other services as may be assigned, delegated or directed or as may be contracted by or on behalf of the Trustees. The Administrative Manager shall be the custodian on behalf of the Trustees of all documents and other records of the Trustees and of the Trust Fund.

## SECTION 12 - ENGAGEMENT OF PROFESSIONAL ADVISORS

The Trustees shall engage one or more independent certified public accountants and one or more enrolled actuaries to perform all services as may be required by applicable law and such other services as the Trustees may deem necessary.

## SECTION 13 - TRUSTEE COMPENSATION

The Trustees and Alternate Trustees shall act in such capacity without compensation, but they shall be entitled to reimbursement for lost wages and for the expenses properly and actually incurred in the performance of their duties with the Trust

20

Fund, including, without limitation, attendance at meetings and other functions of the Board of Trustees or its committees or while on business of the Board of Trustees, attendance at institutes, seminars, conferences or workshops for or on behalf of the Trust Fund.

## SECTION 14 - EXECUTION OF DOCUMENTS

All reports required by law to be signed by one or more Trustees shall be signed by all of the Trustees, provided that all of the Trustees may appoint, in writing or by resolution adopted and spread on the minutes, one or more of their members to sign such report on behalf of the Trustees.

## SECTION 15 - BOOKS OF ACCOUNT

The Trustees shall keep true and accurate books of account and a record of all of their transactions and meetings (including actions taken at such meetings and by informal action of Trustees), which records and books shall be audited at least annually by a certified public accountant. A copy of each audit report shall be furnished to both the Association and the Union and shall be available for inspection by interested persons at the principal office of the Trustees and the respective offices of the Union and the Association.

## SECTION 16 - CORPORATE TRUSTEE

The Trustees shall have the right, if they shall determine it to be in the best interest of the Trust Fund, to appoint a bank or trust company or other financial institution as Corporate Trustee and to enter into and execute a contract with said Corporate Trustee for the proper management of the Trust Fund. Upon the execution of such contract, the Trustees shall convey and transfer the Trust Fund to the Corporate Trustee and authorize the Corporate Trustee to exercise any of the powers set forth herein, consistent with terms and conditions of this Agreement and Declaration of Trust. All of the powers and duties herein provided for the Trustees in connection with the management of the Trust Fund may be delegated in whole or in part to said Corporate Trustee. In the event the Trustees appoint a Corporate Trustee or Trustees as aforesaid, the Trustees shall be relieved of their fiduciary responsibilities with regard to the assets under the control of the Corporate Trustee or Trustees, to the fullest extent permitted by law.

## SECTION 17 - ENFORCEMENT OF OBLIGATIONS

The Trustees shall have the right to enforce the performance of all obligations herein and to institute proceedings of any nature whatsoever to enforce the same in the name of the Fund.

OOE 000443

## SECTION 18 - LIMITS OF TRUSTEE RESPONSIBILITY

To the extent permitted by law, no Trustee or Alternate Trustee acting hereunder shall be liable for any action taken or omitted by him in good faith, nor for the acts or omissions of any insurance carrier or of any agent, employee or attorney selected by the Trustee or Alternate Trustee with reasonable care nor for acts or omissions of any other Trustees or Alternate Trustees; nor shall any Trustee or Alternate Trustee be individually or personally liable for any of the obligations of the Trustees or Alternate Trustees acting as such or of the Trust Fund. Neither the Association nor the Union shall be liable in any respect for any of the obligations of such Trustee or Alternate Trustee even where such Trustee or Alternate Trustee may be an officer of or associated in some way with the Association or the Union.

Neither the Association nor the Union shall be liable for the failure of the Trustees or Alternate Trustees to secure the benefits contemplated herein or in the Apprenticeship Plan for any Employee or for any default or neglect of the Trustees or Alternate Trustees. The obligation of Employers shall be limited solely to payment of contributions required under the provisions of applicable Collective Bargaining Agreements.

The Trustees and Alternate Trustees, to the extent permitted by applicable law, shall incur no liability in acting upon any instrument, application, notice, request, signed letter, telegram or other paper or document believed by them to be genuine and to contain a true statement of facts and to be signed by the proper person.

Any Trustee or Alternate Trustee, to the extent permitted by applicable law, may rely upon any instrument in writing purporting to have been signed by a majority of the Trustees as conclusive evidence of the fact that a majority of the Trustees have taken the action stated to have been taken in such instrument.

## SECTION 19 - EXECUTION OF CHECKS

Any instrument in writing must be signed by a majority of the Trustees or by the Chairman or Secretary-Treasurer with the exception that all checks drawn on the Trust Fund shall be signed by the Secretary-Treasurer and countersigned by the Chairman or the alternate signators of either or both or such other person or persons duly authorized by the Trustees to so sign. Any person dealing with the Trustees may rely on any instruments so executed as having been duly authorized and executed.

## SECTION 20 - PARTY DEALINGS

No party dealing with the Trustees in relation to the Trust Fund shall be obliged to see to the application of any money or property of the Trust Fund, or to see that the terms of this Agreement and Declaration of Trust have been complied with, or be

22

OOE 000444

obliged to inquire into the necessity or expediency of any action of the Trustees and every instrument executed by the Trustees shall be conclusive in favor of every person relying thereof:

      (a)    That at the time of the delivery of said instrument, the Trust Fund hereby created was in full force and effect.

      (b)    That said instrument was executed in accordance with the terms and conditions contained in this Agreement and Declaration of Trust.

      (c)    That the Trustees were duly authorized and empowered to execute such instrument.

The receipt given by the Trustees for any monies or other properties received by them shall effectually discharge the person or persons paying or transferring the same and such person or persons shall not be bound to see to the application or be answerable for the loss or misapplication thereof.

## SECTION 21 - RECIPROCAL AGREEMENTS

The Trustees shall have the power to enter into reciprocal agreements with other Apprenticeship Funds covering Employees of other Local Unions who are members of the same International Organization as the Union, so as to provide coverage for eligible Employees of both Funds, upon such terms and conditions as shall be established by the Trustees. To the extent that the Trustees shall enter into such reciprocal agreements with other Local Unions, the Trustees are authorized and empowered to transfer and exchange with the Trustees or Corporate Trustees of such reciprocating Funds money or credits for Employees not members of the Union or domiciled in the geographical jurisdiction of the Union for whom contributions were made by Employers; and to receive and accept money or credit from other reciprocity funds for Employees who are members of the Union and/or are domiciled in the geographical jurisdiction of the Union for whom contributions were made in reciprocating Funds.

## SECTION 22 - FINANCIAL REPORTS

The Trustees shall have copies of the Apprenticeship Plan, the Agreement and Declaration of Trust, and the latest financial report available for examination by any participant or beneficiary during normal business hours in the principal office of the Plan. On written request, the Trustees will mail or deliver to a participant or beneficiary a copy of the Plan description and a summary of the latest annual report. The Trustees shall file with the Department of Labor and/or the Internal Revenue Service an annual report and shall, in all manner and respect, comply with the requirements of the Act.

OOE 000445

## SECTION 23 - AUDIT PROGRAM

The Trustees may establish a plan and program to audit the payroll records of each Employer at the Employer's place of business whenever such examination is deemed necessary or desirable by the Trustees in connection with the proper administration of the Plan and Trust. The audit shall be conducted at a reasonable time during the Employer's business hours. The Trustees may, by rules and regulations duly promulgated, provide the detailed items and conditions for conducting the audit and for assessing the cost thereof to the Employer if the audit reveals a material underpayment by the Employer.

## SECTION 24 - OTHER EMPLOYERS AND MERGER

The Trustees are authorized to extend the coverage of this Agreement and Declaration of Trust to such other employers and employees as such Trustees shall agree upon, provided such employers and employees are required to conform to the terms and conditions of the Trust and to make the same rate of payments required of the Employers herein.

The Trustees shall have the power to merge other Apprenticeship Funds when such merger will strengthen and benefit the Fund and in no way adversely affect the actuarial soundness of the Fund.

## SECTION 25 - CLAIMS AND APPEALS

In any controversy, claim, demand, suit at law or other proceeding between any Employee or any other person and the Trustees, the Trustees shall be entitled to rely upon any facts appearing in the records of the Trustees, any instruments on file with the Trustees, the Union or the Association, any facts which are of public record and any other evidence pertinent to the issue involved.

A participant or other person who believes that he is being denied a benefit to which he is entitled under the Program or the Trust Fund (hereinafter referred to as "Claimant") may file a written request of such benefit with the Board of Trustees, setting forth his claim. Upon receipt of a claim the Board of Trustees shall advise the Claimant that a reply will be forthcoming within ninety (90) days and shall in fact deliver such reply in writing within such period. The Board of Trustee may, however, extend the reply period for an additional ninety (90) days for reasonable cause. If the claim is denied in whole or in part, the Board of Trustees will adopt a written opinion using language calculated to be understood by the Claimant setting forth:

  (i)      the specific reason or reasons for the denial;

24

OOE 000446

(ii)      specific references to pertinent document provisions on which the denial is based;

(iii)     a description of any additional material or information necessary for the Claimant to perfect the claim and an explanation why such material or such information is necessary;

(iv)     appropriate information as to the steps to be taken if the Claimant wishes to submit the claim for review; and

(v)      the time limits for requesting and obtaining a review as described below.

Within sixty (60) days after the receipt by the Claimant of the written opinion described above, the Claimant may request in writing that the Review Committee review the determination of the Board of Trustees. The Review Committee shall consist of one (1) Union Trustee and one (1) Employer Trustee. The Claimant or his duly authorized representative may, but need not, review the pertinent documents and submit issues and comments in writing for consideration by the Review Committee. If the Claimant does not request a review of the Board of Trustees' determination within such sixty (60) day period, he shall be barred and estopped from challenging the Board of Trustees' determination. Within sixty (60) days after the Review Committee's receipt of a request for review, he will review the Board of Trustees' determination. After considering all materials presented by the Claimant, the Review Committee will render a written opinion, written in a manner calculated to be understood by the Claimant, setting forth the specific reasons for the decision and containing specific references to the pertinent document provisions on which the decision is based. If special circumstances require that the sixty (60) day time period be extended, the Review Committee will so notify the Claimant and will render the decision as soon as possible but not later than one hundred twenty (120) days after receipt of the request for review. The decision of the Review Committee shall be final and binding upon the Union, the Employers and the Claimant.

## SECTION 26 - EDUCATIONAL ORGANIZATIONS

The Trustees may obtain membership in the name of the Fund in one or more recognized organizations established for the education and training of the Trustees and Fund personnel; may authorize one or more of the Trustees or Fund employees to attend conferences, seminars and programs of such organization; and may authorize the payment or reimbursement by the Fund of the reasonable expenses actually incurred in attending the said meetings of said organization. The Trustees may also authorize one or more of the Trustees and Fund employees to attend industry conferences directed at and pertinent to the provision, management and administration of benefits and may authorize the payment or reimbursement of reasonable expenses actually incurred in connection with the attendance at said industry conferences.

25

## SECTION 27 - PRUDENCE IN PERFORMANCE OF DUTIES

All actions taken by the Trustees in accordance with this Agreement shall be taken with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of like character and with like aim; in accordance with the documents and instruments governing the Plan, to the extent such documents and instruments are consistent with the law; and in accordance with the Act and Code.

## SECTION 28 - REQUIREMENTS OF THE ACT

The Board of Trustees shall be the "administrator" and a "named fiduciary" (within the meaning of such terms under the Act with respect to this THIRD AMENDED AGREEMENT AND DECLARATION OF TRUST and the OHIO OPERATING ENGINEERS APPRENTICESHIP FUND. Anything contained herein to the contrary notwithstanding, the Trust Fund and the Program shall be administered in accordance with the applicable requirements of the Act and nothing contained herein (including the powers and duties of the Trustees set forth in this Article IV) shall authorize violation of such requirements, including, as applicable, the Act's reporting and disclosure, bonding, fiduciary and prohibited transaction requirements and the Act's requirement that prevents the indicia of ownership of any of the assets of the Trust Fund from being maintained at a location outside the jurisdiction of the district courts of the United States, except as authorized by the Secretary of Labor.

## ARTICLE V

## AUDITS AND REPORTS

## SECTION 1 - MAINTENANCE OF RECORDS

The Trustees shall keep true and accurate books of account and records of all their transactions as Trustees.

## SECTION 2 - ANNUAL AUDIT

An annual audit of the Trust Fund shall be made at the end of each fiscal year by independent certified public accountants selected by the Trustees. A report of said annual audit shall be made available for inspection by interested persons at the office of the Trust Fund and at such other place as may be designated by the Trustees. More frequent audits may be made at the discretion of the Trustees. The Trustees, within their discretion, shall, upon the request of the Association or Union but not more often than quarterly, furnish reports representing the status of the Trust Fund, the application of the contributions received and such other pertinent information regarding operation of

26

OOE 000448

the Trust Fund and the benefits plan as they may deem desirable or advisable. When the apprenticeship and journeymen benefits have been determined and established and upon any substantial change in such benefits, the Trustees shall cause to be printed detailed information in connection with such change for distribution, either directly or by distribution of such change through the Association and to the Union the Employers and Employees concerned therewith.

## SECTION 3 - DISCLOSURE TO EMPLOYEES

The Employers shall furnish the Trustees upon request any and all information of records in their possession considered necessary by the Trustees in connection with the establishment and maintenance of the Apprenticeship Plan and the efficient administration of the Trust Fund. Without limiting the generality of the foregoing, the Employers shall promptly furnish to the Trustees on request any and all records concerning the classification of its Employees, their names, social security numbers, amounts of wages paid and shifts worked and any other payroll records and information that the Trustees may require in connection with the administration of the Trust Fund and the Apprenticeship Plan and for no other purpose. The Employers shall also submit in writing to the Trustees such of the above data as may be requested by them, at such regular periodic intervals and on such forms as the Trustees may establish.

## ARTICLE VI

## EFFECTIVE DATES AND TERMINATION OF TRUST AND FUND

## SECTION 1 - EFFECTIVE DATE

This Agreement and the Trust Fund created hereby shall become effective on the date specified in the Collective Bargaining Agreement providing for its establishment and shall continue until terminated as herein provided.

## SECTION 2 - TERMINATION AND DISTRIBUTION

In the event that the obligation of all the Employers to make contributions shall terminate, the Trustees shall apply the Trust Fund to the purposes specified in Section 8, Article II hereof and none other and upon the disbursement of the entire Trust Fund this Trust shall terminate.

## SECTION 3 - ALTERNATE DISTRIBUTION

In lieu of the distribution set forth in Section 2 hereof, upon the written request of the Union and approval of a majority of the Trustees, the Trustees shall, after all obligations of the Trust Fund have been set aside or actuarially secured, turn over any

27

OOE 000449

surplus monies and property in the Trust Fund to any future Apprenticeship Trust Fund that may be created by and between the Union and Employers through Collective Bargaining Agreements.

## SECTION 4 - PRE-CONDITIONS TO DISTRIBUTION

In the event the Plan and Trust are terminated in accordance with this Article VI, and prior to the distribution of any Trust Funds, the Trustees shall proceed as follows:

    (a)    The Trustees shall prepare and have prepared such documents as are required to obtain from the Internal Revenue Service a ruling regarding termination of this Plan and Trust. Until such ruling is received, no distributions shall be made.

    (b)    Upon receipt from the Internal Revenue Service of a ruling that:

This Trust is exempt under Internal Revenue Code Section 501(a); and

The termination of the Plan will not adversely affect the prior exempt status of the Trust;

then, the Trustee shall distribute the Trust Fund to those persons in such amounts and in such priority as is provided in the Apprenticeship Plan.

## ARTICLE VII

## AMENDMENTS

## SECTION 1 - AMENDMENT

This Agreement and Declaration of Trust may be amended to any extent at any time or from time to time by the unanimous concurrence of the Trustees serving at that time, provided, however, that no amendment may be submitted or acted upon which shall divert the Trust Fund or any part thereof, to a purpose other than set forth in Section 8 of Article II hereof or which shall permit a refund or return of payments from the Fund to any Employer or which shall eliminate the requirement of an annual audit, the results of which shall be available for inspection by interested parties or which shall provide that the Trust Fund shall be administered other than by an equal number of Employer and Union representatives or which shall be inconsistent with the provisions of any Collective Bargaining Agreements.

OOE 000450

## SECTION 2 - TAX CONSEQUENCE

This Agreement and Declaration of Trust is being entered into, and the Employer contributions as provided in the Collective Bargaining Agreement between the parties are being made with the intention, condition and understanding of the Association and the Union that payments made by an Employer to such Trust Fund or to the account thereof are legally deductible as a business expense of the Employer for Federal Income Tax purposes, that such contributions are not subject to Federal, Social Security or withholding tax, that such contributions do not constitute a portion of the "Regular Rate" under the Fair Labor Standards Act and that the same are not taxable to any Employee as compensation. In the event that it is finally determined by an appropriate agency or judicial tribunal of competent jurisdiction (whether or not an Employer or any Employee is a party to the proceeding involved in such determination) or in the event that any applicable tax law, regulation, ruling or policy provides that such payments are not so deductible and are not tax exempt, then all parties hereto individually and collectively agree to take any and all action that may be necessary or desirable to merit and obtain and maintain such tax deductibility and exemptions.

## SECTION 3 - RETROACTIVE AMENDMENT

Any amendment to this Agreement and Declaration of Trust may be made retroactive if necessary to obtain or maintain the qualification of the Apprenticeship Plan and this Trust under appropriate provisions of the Code and regulations issued thereunder so that the income of the Trust Fund may be exempt from taxation.

## ARTICLE VIII

## CONSTRUCTION

## SECTION 1 - GOVERNING LAW

This Trust Fund is created and accepted in the State of Ohio and all questions pertaining to conflicts of law, the validity or construction of this Agreement and of the acts and transactions of the parties hereto shall be determined in accordance with the laws of the State of Ohio, except to the extent preempted by Federal law.

## SECTION 2 - EMPLOYEE RIGHTS

It is understood and agreed that nothing contained in this Agreement and Declaration of Trust shall be construed to create any new or additional obligations or enlarge any existing obligations on the part of the Employers to contribute or pay into or for the Trust Fund now existing or to come into being, other than that contracted for in

29

OOE 000451

Collective Bargaining Agreements between the Employers and the Union negotiated from time to time separate and apart herefrom.

## SECTION 3 - VALIDITY OF DOCUMENTS

Anything herein contained to the contrary notwithstanding, the parties hereto and Trustees shall not have any responsibility for the validity of this Agreement and Declaration of Trust or for the form, genuineness, validity or sufficiency or effect of any insurance contract at any time included in the Trust Fund or for the act of any person or persons which may render any such contract null and void, or for the failure of any insurance company to pay the proceeds and avails and benefits of any such contract as and when the same shall become due and payable, or for any delay occasioned by reason of any restriction or provision contained in any such contract, or if for any reason whatsoever any contract shall lapse or otherwise become uncollectible.

## SECTION 4 - EFFECT OF ILLEGALITY

Should any provision of this Agreement be held to be unlawful as to any person or instance, such provision or fact shall not adversely affect the other provisions herein contained, or application of said provisions to any other person or instance unless such legality shall make impossible the functioning of the Trust Fund or the Apprenticeship Plan. No Trustee shall be held liable for any act done or performed in pursuance of any provisions herein contained (regardless of the fact that such provisions may be held unlawful) prior to the time when such provisions shall in fact be held to be unlawful by a court of competent jurisdiction.

## SECTION 5 - TRUSTEE STATUS

The Trustees, in their collective capacity, shall be known as the Board of Trustees of the Ohio Operating Engineers Apprenticeship Fund and may conduct the business of the Trust Fund and execute all instruments in that name. The Trust Fund is an entity separate and distinct from the Union and shall not be deemed an Employer representative nor an Employee Representative nor shall any or all of the Trustees, when acting in the capacity of a Trustee, be deemed an Employer or Employee representative. It is further provided that the fact that a Trustee holds an official position with an Employer or in the Union shall not be deemed a conflicting interest.

## SECTION 6 - NOTICES

Each signatory of this Agreement and Declaration of Trust shall deposit with the Trustees a written designation of address to which all notices required or permitted may be mailed. Any notice given to a Trustee, Alternate Trustee, Union, Association or any other person, unless otherwise specified herein, shall be sufficient if in writing and delivered to or sent by postage prepaid, first class mail or prepaid telegram to the latest

30

address filed with the Trustees. Except as herein otherwise provided, the delivery of any statement or document required hereunder to be made to a Trustee, Alternate Trustee, Union, Association or any other person shall be sufficient if delivered in person or if sent by postage prepaid, first class mail to his or its last address filed with the Trustees.

## SECTION 7 - JUDICIAL CONSTRUCTION

The Trustees may take any legal action or proceeding they deem necessary to settle their accounts or to obtain a judicial determination or declaratory judgment as to any question of construction of this Agreement and Declaration of Trust or the Apprenticeship Plan or for instruction as to any action thereunder. Any such determination shall be binding upon all parties to or claiming under this Agreement and Declaration of Trust or the Apprenticeship Plan.

## SECTION 8 - EXTENT OF TRUSTEE LIABILITY

To the fullest extent permitted by law, the costs and expenses of any action, suit or proceeding brought by or against the Trustees, Alternate Trustees or any of them, including counsel fees, court costs and also including the payment of any judgment and/or cost of settlement of any suit or proceeding which the Trustees may approve upon advice of their counsel that such judgment or settlement was in payment of an obligation owed or reasonably deemed to be owed by the Trust Fund shall be paid from the Trust Fund, except in relation to matters as to which it shall be adjudged in such action, suit or proceeding that such Trustee or Alternate Trustee was acting in bad faith or was negligent in the performance of his duties hereunder.

## SECTION 9 - ENGAGEMENT OF COUNSEL

The Trustees may, in their discretion, employ legal counsel upon any legal question arising out of this Agreement and Declaration of Trust or the administration of the Apprenticeship Plan, and any action taken by the Trustees upon the advice of counsel shall be regarded as prudent, and the Trustees shall be held completely harmless and fully protected in acting and relying upon the advice of such counsel to the extent permitted by law.

## SECTION 10 - NON-REVERSION TO EMPLOYERS

In no event shall the Employers directly or indirectly receive any benefits from the Trust Fund or receive any refund of contributions made by them to the Trust Fund, except in the case of bona fide mistake.

31

OOE 000453

## SECTION 11 - TITLES

Titles of articles and sections are for general information only, and this Agreement is not to be construed by reference thereto.

## SECTION 12 - EXECUTION

This Agreement and Declaration of Trust may be executed in any number of counterparts, each of which shall have the force of an original; and said counterparts shall constitute but one and the same instrument.

## SECTION 13 - SEVERABILITY

In the event that any article of this instrument or any part thereof is determined to be illegal or invalid, such illegality or invalidity shall not affect the remaining provisions of this instrument as presently written or subsequently amended unless such illegality or invalidity prevents the Trustees from accomplishing the purpose of this Trust. In such event the parties hereto individually and collectively agree to commence negotiations aimed at correcting any such defect.

IN WITNESS WHEREOF, the parties hereto have executed this instrument to evidence their acceptance of the Trust hereby created and their agreement to be bound thereby, and all other parties have executed this Agreement as of the day and year first above written.

UNION TRUSTEES                    EMPLOYER TRUSTEES

32

OOE 000454

## ACCEPTANCE OF TRUSTEESHIP

We, the undersigned, having been designated to serve as the Union and Employer Trustees, as the case may be, in accordance with the Third Amended Agreement and Declaration of Trust restating the Ohio Operating Engineers Apprenticeship Fund, do hereby accept the Trust created and established by the aforesaid Agreement and Declaration of Trust, consent to act as the Trustees thereunder, and agree to administer the Trust Fund in accordance therewith.

**UNION TRUSTEES**

**EMPLOYER TRUSTEES**

33

OOE 000455

## ACCEPTANCE OF ALTERNATE TRUSTEESHIP

The undersigned, having been designated to serve as Alternate Trustee in accordance with the Third Amended Agreement and Declaration of Trust restating the Ohio Operating Engineers Apprenticeship Fund, does hereby accept the Trust created and established by the aforesaid Agreement and Declaration of Trust, consents to act as an Alternate Trustee thereunder, and agrees to administer the Trust Fund in accordance therewith.

ALTERNATE TRUSTEE

34

OOE 000456

## ACCEPTANCE OF ALTERNATE TRUSTEESHIP

The undersigned, having been designated to serve as Alternate Trustee in accordance with the Third Amended Agreement and Declaration of Trust restating the Ohio Operating Engineers Apprenticeship Fund, does hereby accept the Trust created and established by the aforesaid Agreement and Declaration of Trust, consents to act as an Alternate Trustee thereunder, and agrees to administer the Trust Fund in accordance therewith.

**ALTERNATE TRUSTEE**

_____

34

OOE 000457

## JOINDER AGREEMENT

## OHIO OPERATING ENGINEERS
## APPRENTICESHIP PLAN AND TRUST

_____ of _____ ,
hereinafter referred to as the "Employer," does hereby accept and adopt the Ohio
Operating Engineers Apprenticeship Plan and Trust, as executed March ___, 1990, and
as thereafter amended by Local Union No. 18, International Union of Operating
Engineers and its Branches, other Employers, the Union Trustees and the Employer
Trustees, and does hereby accept and adopt all of the terms, conditions and provisions
thereof, subject to the following:

1.      The Employer does hereby accept and adopt all of the terms, conditions,
provisions and restrictions in said   Third Amended Agreement and Declaration of Trust
and Apprenticeship Plan contained, including all rules and regulations adopted by the
Trustees hereunder and all of the actions of the Trustees in administering such Trust
Fund in accordance with the Trust Agreement.

2.      The Employer hereby accepts as Employer Trustees the Employer Trustees
appointed under said Trust Agreement and currently serving as such.

3.      This Joinder Agreement shall continue in full force and effect during the
life of the current Collective Bargaining Agreement between the Union and the
Employer and during any extensions and renewals thereof, subject to increases in the
rate of contributions as required by the Collective Bargaining Agreement or any
extensions or renewals thereof.

IN WITNESS WHEREOF, the Employer has caused these presents to be
executed this ____ day of _____, 19__.


_____

By _____


ACCEPTED:

OHIO OPERATING ENGINEERS
APPRENTICESHIP PLAN AND TRUST


BY_____
                          , Chairman

AND_____
                          , Secretary


35

OOE 000458

## DESIGNATION OF ALTERNATE TRUSTEE

     The undersigned hereby designates, in accordance with the  Third Amended Agreement and Declaration of Trust restating the Ohio Operating Engineers Apprenticeship Fund, _____ to serve as an Alternate Trustee for the period set forth next to the line checked below.

_____       Indefinitely,

_____       During the absence of _____, for the meeting of ___/___/___, or

_____       During the period from ___/___/___ to ___/___/___.

_____
(OCA, AGC or Union)

By: _____

36

37

OOE 000460

# AMENDED OHIO OPERATING ENGINEERS EDUCATION AND SAFETY FUND

## AGREEMENT AND DECLARATION OF TRUST

BENESCH, FRIEDLANDER, COPLAN & ARONOFF
88 East Broad Street
Columbus, Ohio 43215-3506

OOE 000461

# TABLE OF CONTENTS

ARTICLE 1  DEFINITION OF TERMS .................................... 3

Section 1.  Union ........................................... 3
Section 2.  Employers ...................................... 3
Section 3.  Employee ....................................... 3
Section 4.  Trustees ....................................... 4
Section 5.  Union Trustees ................................. 4
Section 6.  Employer Trustees .............................. 4
Section 7.  Board of Trustees .............................. 4
Section 8.  Alternate Trustees ............................. 4
Section 9.  Fiscal Trustee ................................. 5
Section 10. Trust Fund ..................................... 5
Section 11. Employer Contributions ......................... 5
Section 12. Program ........................................ 5

ARTICLE 2  CREATION OF TRUST FUND ............................ 6

Section 1.  Establishment of Funds ......................... 6
Section 2.  General Provisions ............................. 6

ARTICLE 3  TRUSTEES ......................................... 7

Section 1.  Board of Trustees .............................. 7
Section 2.  Trustees ....................................... 7
Section 3.  Appointment of Trustees ........................ 7
Section 4.  Acceptance of Trusteeship ...................... 8
Section 5.  Trustees' Terms of Office ...................... 8
Section 6.  Resignation of Trustee ......................... 8
Section 7.  Vacancies and Successor Trustees ............... 8
Section 8.  Removal of Trustees ............................ 9
Section 9.  Limitation of Liability of Successor Trustees .. 9
Section 10. Procedure in Event of a Deadlock ............... 9
Section 11. Alternative Trustees ........................... 10

ARTICLE 4  POWERS AND DUTIES OF TRUSTEES .................... 11

Section 1.  General Supervision ............................ 11
Section 2.  Management and Collection ...................... 12
Section 3.  Property and Assistance ........................ 12
Section 4.  Construction of Agreement ...................... 12

i

Section 5.  Specific Powers . . . . . . . . . . . . . . . . . . . . . . . . . .  12
Section 6.  ERISA Requirements . . . . . . . . . . . . . . . . . . . . . . . .  17

ARTICLE 5  DISPUTES, SUITS, AND SETTLEMENTS . . . . . . . . . . . . . . . . .  18

Section 1.  Reliance on Facts . . . . . . . . . . . . . . . . . . . . . . . .  18
Section 2.  Claim Procedure . . . . . . . . . . . . . . . . . . . . . . . . .  18

ARTICLE 6  OPERATION OF THE BOARD OF TRUSTEES . . . . . . . . . . . . .  20

Section 1.  Quorum . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  20
Section 2.  Expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  20
Section 3.  Meetings and Notices . . . . . . . . . . . . . . . . . . . . . . .  21
Section 4.  Action Without a Meeting . . . . . . . . . . . . . . . . . . . . .  21
Section 5.  Minutes of Meetings . . . . . . . . . . . . . . . . . . . . . . .  21
Section 6.  Appointment of Administrator and Committees . . . . . . . . . . .  21
Section 7.  Certification of Action . . . . . . . . . . . . . . . . . . . . .  22

ARTICLE 7  EDUCATION AND SAFETY PROGRAM . . . . . . . . . . . . . . . . .  22

Section 1.  Establish Program . . . . . . . . . . . . . . . . . . . . . . . .  22
Section 3.  Acceptance of Other Employer Participants . . . . . . . . . . . .  23
Section 4.  Tax Status . . . . . . . . . . . . . . . . . . . . . . . . . . . .  23

ARTICLE 8  CONTRIBUTIONS AND COLLECTIONS . . . . . . . . . . . . . . . .  24

Section 1.  Amount of Contributions . . . . . . . . . . . . . . . . . . . . .  24
Section 2.  Time of Payment . . . . . . . . . . . . . . . . . . . . . . . . .  24
Section 3.  Mode of Payment . . . . . . . . . . . . . . . . . . . . . . . . .  24
Section 4.  Reports of Contributions . . . . . . . . . . . . . . . . . . . . .  24
Section 5.  Enforcement of Payments . . . . . . . . . . . . . . . . . . . . .  25
Section 6.  Penalties for Nonpayment . . . . . . . . . . . . . . . . . . . . .  25
Section 7.  Rights of Access . . . . . . . . . . . . . . . . . . . . . . . . .  25

ARTICLE 9  LEGAL AND REPORTING . . . . . . . . . . . . . . . . . . . . . . .  26

Section 1.  Right to Rely on Advice of Counsel . . . . . . . . . . . . . . . .  26
Section 2.  Disclosure and Reporting . . . . . . . . . . . . . . . . . . . . .  26

ARTICLE 10  TERMINATION OF TRUST . . . . . . . . . . . . . . . . . . . . . .  26

Section 1.  By the Trustees . . . . . . . . . . . . . . . . . . . . . . . . .  26

ii

OOE 000463

ARTICLE 11  MISCELLANEOUS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  27

    Section 1.  Intent to Comply with Applicable Provisions of Law  . . . . . . . . . .  27
    Section 2.  Accounting May Be Demanded of Trustees . . . . . . . . . . . . . . . . .  27
    Section 3.  Payments May Be Withheld in Event of Dispute  . . . . . . . . . . . . .  28
    Section 4.  Situs . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  28
    Section 5.  Interpretation of Words  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  29
    Section 6.  Titles . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  29
    Section 7.  Conflict with Collective Bargaining Agreements . . . . . . . . . . . . .  29

ARTICLE 12  AMENDMENT OF AGREEMENT  . . . . . . . . . . . . . . . . . . . . . .  30

    Section 1.  Procedure for Amendment  . . . . . . . . . . . . . . . . . . . . . . . . . . . .  30
    Section 2.  Notice of Amendments . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  30

ARTICLE 13  CLAIMS AND INDIVIDUAL RIGHTS  . . . . . . . . . . . . . . . . . . .  31

    Section 1.  Claims  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  31
    Section 2.  Nonassignability  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  31

ARTICLE 14  INDEMNIFICATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  31

ARTICLE 15  SAVINGS CLAUSE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  32

    Section 1.  No Adverse Effect  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  32

OOE 000464

# AMENDED OHIO OPERATING ENGINEERS EDUCATION AND SAFETY FUND

## AGREEMENT AND DECLARATION OF TRUST

THIS AMENDED AGREEMENT AND DECLARATION OF TRUST, made and entered into as of May 9, 1992, by and among LOCAL UNION No. 18 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS and its Branches (the "Union") and the LABOR RELATIONS DIVISION OF THE OHIO CONTRACTORS ASSOCIATION and the LABOR RELATIONS DIVISION, ASSOCIATED GENERAL CONTRACTORS OF OHIO, INC., and such other employers or employer associations as are signatories hereto, all hereinafter referred to as the "Employers", for and on behalf of themselves, their constituent members, and such other employers and employer associations as may participate in the Education and Safety Program to be established pursuant to this AMENDED AGREEMENT AND DECLARATION OF TRUST, and the individuals designated as the "Trustees", all of whom are signatory hereto,

### WITNESSETH:

WHEREAS, the Union and the Employers have entered into certain Collective Bargaining Agreements which, among other things, provide for scholarship assistance to employees and their families and training programs in safety, equal employment opportunity and other work related subjects; and

WHEREAS, said Collective Bargaining Agreements provide that the Employers shall contribute money to be held in a Trust Fund and to designate Trustees to receive, hold, administer and disburse said moneys and other property owned by said Fund, and

1

OOE 000465

to define the powers, duties and responsibilities to the Trustees; and

WHEREAS, on the 1st day of May, 1972, the Union and the Labor Relations Division of the Ohio Contractors Association ("OCA") executed an Agreement and Declaration of Trust establishing a Trust Fund for the sale and exclusive benefit of OCA employees and their families; and

WHEREAS, the Trust Fund is intended to be an "exempt trust" under Section 501(c)(3) of the Internal Revenue Code of 1986, as amended ("Code"), which conforms to the requirements of applicable law, including the Labor-Management Relations Act of 1947, as amended ("LMRA"), and the Employee Retirement Income Security Act of 1974, as amended ("ERISA"); and

WHEREAS, it is desired that the Trust Fund be amended to include the Labor Relations Division, Associated General Contractors of Ohio, Inc. as an "Employer" and to make certain other changes in furtherance of the purpose of the Trust Fund; and

WHEREAS, Article 12, Section 1 of the Agreement and Declaration of Trust provides that the Agreement and Declaration of Trust may be amended at any time by its Board of Trustees; and

NOW, THEREFORE, in consideration of the premises and of the mutual covenants and agreements contained herein, the Union and the Employers (including all other Employers and Employer Associations who may participate in the Education and Safety Program to be established under this Trust Agreement) hereby accept, adopt, and agree to the restatement of the aforesaid Trust Fund in this agreement, to be known as the AMENDED OHIO OPERATING ENGINEERS EDUCATION AND SAFETY

OOE 000466

FUND AGREEMENT AND DECLARATION OF TRUST, with the following duties and powers and for the following uses and purposes, it being mutually understood and agreed as follows:

## ARTICLE 1

### DEFINITION OF TERMS

**Section 1. Union.** The term, "Union", shall mean Local Union No. 18, International Union of Operating Engineers and its Branches and successors.

**Section 2. Employers.** The term, "Employers", shall mean the Labor Relations Division of the Ohio Contractors Association, and the Labor Relations Division, Associated General Contractors of Ohio, Inc., acting for its members, and any association, corporate or otherwise, any individual or corporate employer who is signatory to a contract with the Union covering wages, hours, and working conditions, and any association or employer not presently a party to such a contract provided that any such association or employer shall satisfy the requirements for participation in the Program as established by the Trustees, and shall agree to be bound by this AMENDED AGREEMENT AND DECLARATION OF TRUST.

**Section 3. Employee.** The term, "Employee", shall mean, to the extent permitted by law, all employees who are embraced within the scope of the Collective Bargaining Agreements herein referred to and now or hereafter in effect between the respective Employers and the Union.

3

OOE 000467

**Section 4.  Trustees.**  The term, "Trustees", shall mean the Trustees designated in this AMENDED AGREEMENT AND DECLARATION OF TRUST, together with their successors designated or appointed in accordance with the terms of this AMENDED AGREEMENT AND DECLARATION OF TRUST.  Alternate Trustees shall be considered "Trustees" only to the limited extent provided in Article 3, Section 11.

**Section 5.  Union Trustees.**  The term, "Union Trustees", shall mean the Trustees appointed by the Union.  A Union Alternate Trustee shall be considered a "Union Trustee" only to the limited extent provided in Article 3, Section 11.

**Section 6.  Employer Trustees.**  The term, "Employer Trustees", shall mean the Trustees appointed or designated by the participating Employers.  An Employer Alternate Trustee shall be considered an "Employer Trustee" only to the limited extent provided in Article 3, Section 11.

**Section 7.  Board of Trustees.**  The term, "Board of Trustees", shall mean the Board of Trustees of the OHIO OPERATING ENGINEERS EDUCATION AND SAFETY FUND, as constituted from time to time and when acting as such.  Alternate Trustees shall be included in the "Board of Trustees" only to the limited extent provided in Article 3, Section 11.

**Section 8.  Alternate Trustees.**  The term, "Alternate Trustees", shall mean the individuals designated as such pursuant to Article 3, Section 11 of this AMENDED AGREEMENT AND DECLARATION OF TRUST.

4

OOE 000468

**Section 9.  Fiscal Trustee.**  The term, "Fiscal Trustee" shall mean a bank, trust company or other financial institution whose capital and surplus are not less than Fifteen Million Dollars ($15,000,000.00), authorized to function as a trustee in the State of Ohio, which may enter into an agreement with the Board of Trustees under the provisions of this AMENDED AGREEMENT AND DECLARATION OF TRUST.

**Section 10.  Trust Fund.**  The term, "Trust Fund" or "Fund" or "Education and Safety Fund", or any of them, shall mean the OHIO OPERATING ENGINEERS EDUCATION AND SAFETY FUND maintained pursuant to this AMENDED AGREEMENT AND DECLARATION OF TRUST and the entire assets thereof, including all Employer contributions, money and property, and other things of value, which constitute the corpus and addition to said Fund.

**Section 11. Employer Contributions.**  The term, "Employer Contributions", shall mean the contributions made by the Employers to the Fund.

**Section 12.  Program.**  The term, "Program", shall mean the plan or program of education and safety and other training or programs to be established by the Trustees, pursuant to this AMENDED AGREEMENT AND DECLARATION OF TRUST, to be carried out within the area over which the Union has geographical jurisdiction.

5

OOE 000469

## ARTICLE 2

## CREATION OF TRUST FUND

**Section 1. Establishment of Funds.** There is hereby established the OHIO OPERATING ENGINEERS EDUCATION AND SAFETY FUND, to be used and administered for the purposes set forth in this AMENDED AGREEMENT AND DECLARATION OF TRUST.

**Section 2. General Provisions.** The Fund shall be a Trust Fund and shall be used for the purposes of fostering, planning, supervising, conducting, and in other ways developing: (i) scholarship programs for the benefit of employees, their families and dependents for study at educational institutions, (ii) training programs in safety, equal employment opportunity, and other work related subjects; and (iii) such other programs as may be authorized by Section 302(c)(5) of the LMRA and Section 501(c)(3) of the Code pursuant to the AMENDED AGREEMENT AND DECLARATION OF TRUST; also to provide the means for financing the expenses of the Board of Trustees and the operation and administration of the Fund, all of which shall be done on a non-profit basis, whereby no part of the net earnings of this trusteeship shall enure to any private individual or member, and in the event of the dissolution of this Trust the accrued funds and assets of the Fund shall be disbursed as herein provided and not otherwise. The Board of Trustees will not discriminate against any employee or participant in the Fund because of race, color, religion, sex, disability or national origin, and will take affirmative action to ensure that employees and participants, including applicants for employment

6

and for participation are treated without regard to their race, color, religion, sex, disability or national origin, as may be required by applicable federal or state law.

## ARTICLE 3

## TRUSTEES

**Section 1.  Board of Trustees.**  There is created a Board of Trustees consisting of four persons, of whom two shall be Union Trustees, and two shall be Employer Trustees. The Board of Trustees shall elect from its membership a Chairman and an Assistant Secretary-Treasurer, who shall be chosen from the Union Trustees; and A Vice-Chairman and a Secretary, who shall be chosen from the Employer Trustees.

**Section 2.  Trustees.**  The following-named persons have been appointed as Trustees, as provided in Section 3 hereof, and while serving as Trustees they shall have all the powers, duties and obligations as provided in this AMENDED AGREEMENT AND DECLARATION OF TRUST:

| Union Trustees: | Employer Trustees: |
|---|---|
| James H. Gardner | Alfred R. Gallucci |
| Dudley E. Snell | Tom K. Hitchings |

**Section 3.  Appointment of Trustees.**    The aforesaid Trustees have been appointed by the Union as to the Union Trustees and the aforesaid Employer Trustees have been appointed by the agreement of the Employers.  If additional Union Trustees are hereafter provided for, they shall be appointed by the Union.  If additional Employer Trustees are provided for, they shall be appointed by the agreement of the Employers.

7

OOE 000471

There shall be an equal number of Union Trustees and Employer Trustees at all times, except in case of a temporary vacancy as hereinafter provided.

Section 4. Acceptance of Trusteeship. The Trustees shall promptly sign this AMENDED AGREEMENT AND DECLARATION OF TRUST and by so doing, agree to accept the trusteeship and act as Trustees strictly in accordance with this AMENDED AGREEMENT AND DECLARATION OF TRUST. Trustees appointed under Section 3 hereof and any successor Trustees shall, immediately upon acceptance of the trusteeship in writing filed with the Board of Trustees, become vested with all of the property, rights, powers, duties and obligations as Trustees hereunder.

Section 5. Trustees' Terms of Office. Each Trustee shall continue to serve as such until his death, resignation or removal from office.

Section 6. Resignation of Trustee. A Trustee may resign and remain fully discharged from all future duty or responsibility as such Trustee upon giving ten (10) days' written notice to the Chairman and Secretary-Treasurer of the Board of Trustees. Such resignation shall become effective on the date stated therein unless a successor Trustee shall have been appointed and shall have accepted his trusteeship in writing on or as of an earlier date, in which event such resignation shall become effective on such earlier date.

Section 7. Vacancies and Successor Trustees. In case a vacancy occurs in the Board of Trustees by reason of death, resignation, removal from office, incapacity to act, or otherwise, a successor Trustee shall be appointed in the same manner provided in Section 3 of this Article 3. Until the designation of such successor Trustee and his

OOE 000472

acceptance in writing of his trusteeship, the remaining Trustees shall have full power to act as the Board of Trustees, despite such vacancy.

Section 8. Removal of Trustees. Any Union Trustee may be removed from office at any time by the Union. Written notice of such removal and the effective date thereof shall be given to the Chairman and the Secretary-Treasurer of the Board of Trustees. Any Employer Trustee may be removed from office at any time by the agreement of the Employers. Written notice of the removal of any Employer Trustee and the effective date thereof shall be given to the Chairman and the Secretary-Treasurer of the Board of Trustees. The Board of Trustees may remove any Trustee to the extent necessary to comply with ERISA.

Section 9. Limitation of Liability of Successor Trustees. Successor Trustees shall not be liable or responsible for any acts, omissions or defaults of any predecessor Trustee or, except as otherwise provided under ERISA, any co-trustee, or for any losses or expenses resulting from or occasioned by anything done or neglected to be done in the administration of the Trust Fund prior to such successor Trustee's taking office, nor shall any successor Trustee be required to inquire into or make any investigation of anything done or to have been done by the Trustees prior to a successor Trustee's taking office.

Section 10. Procedure in Event of a Deadlock. Should a dead lock develop among the Trustees, they may, by majority vote, appoint a neutral party and empower such neutral party to break the deadlock within a reasonable time. Such neutral party may be appointed in advance of any deadlock. If the Trustees cannot agree upon a

9

OOE 000473

neutral party or if such neutral party is not appointed within ten (10) days after the deadlocked issue was first voted upon by the Board of Trustees, either the Union Trustees or the Employer Trustees may petition the United States District Court for the Southern District of Ohio, Eastern Division, for the appointment of a neutral person as provided by law. The decision of such neutral person, whether appointed by the Trustees or by such Court, shall be conclusive and binding on the Board of Trustees.

Section 11. Alternative Trustees. The Union may designate one (1) Union Alternate Trustee and the Employers, by agreement, may designate one (1) Employer Alternate Trustee. At any time, the Union may remove or replace the Union Alternate Trustee and, by agreement, the Employers may remove or replace the Employer Alternate Trustee. The designation, removal or replacement of an Alternate Trustee in accordance with the foregoing shall be effective when communicated to the Board of Trustees; provided, however, that an individual's status as an Alternate Trustee is subject to and conditioned upon the individual's written acceptance of such status in a form acceptable to the Board of Trustees.

Each Alternate Trustee shall be authorized: (i) to attend all meetings of the Board of Trustees; (ii) to have his comments reflected in the minutes of such meetings; and (iii) to have access to the books and records of the Fund.

In the event that a Union Trustee appointed pursuant to Section 3 of this Article 3 is unable to attend a meeting of the Board of Trustees or is unavailable at a time when the action of such Union Trustee is required, or in the event of a vacancy in the position of such Union Trustee, the Union Alternate Trustee shall, in the absence of the Union

10

Trustee, have the temporary power to exercise and/or satisfy all of the powers, rights, duties and responsibilities hereunder of such Union Trustee and, while acting in this capacity, the Union Alternate Trustee shall be subject to all the provisions and requirements of this AMENDED AGREEMENT AND DECLARATION OF TRUST pertaining to a Trustee.

In the event that an Employer Trustee appointed pursuant to Section 3 of this Article 3 is unable to attend a meeting of the Board of Trustees or is unavailable at a time when the action of such Employer Trustee is required, or in the event of a vacancy in the position of such Employer Trustee, the Employer Alternate Trustee shall, in the absence of the Employer Trustee, have the temporary power to exercise and/or satisfy all of the powers, rights, duties and responsibilities hereunder of such Employer Trustee and, while acting in this capacity, the Employer Alternate Trustee shall be subject to all the provisions and requirements of this AMENDED AGREEMENT AND DECLARATION OF TRUST pertaining to a Trustee.

## ARTICLE 4

### POWERS AND DUTIES OF TRUSTEES

**Section 1. General Supervision.** The Trustees shall have general supervision of the operation of the Trust, shall conduct the business and activities of the Trust according to this AMENDED AGREEMENT AND DECLARATION OF TRUST, and shall use the Trust Fund for the purposes stated herein and for no other purpose.

11

OOE 000475

**Section 2.  Management and Collection**.  The Trustees shall hold, manage, care for, and protect the Trust Fund and collect the income therefrom and contributions thereto.

**Section 3.  Property and Assistance**.  The Trustees are authorized and empowered to lease, purchase, and construct such premises as may be necessary for the operation of the affairs of the Trust, and to lease or purchase such materials, supplies, and equipment, and to hire and employ and retain such investment counsel, legal counsel, administrative, accounting, actuarial, clerical and other assistants or employees as in their discretion they deem necessary or appropriate in the performance of their duties.

**Section 4.  Construction of Agreement**.  The Board of Trustees shall have the discretionary power and authority to construe the provisions of this AMENDED AGREEMENT AND DECLARATION OF TRUST and the terms used therein, and any construction adopted by the Board of Trustees in good faith shall be binding upon the Union, the Employers and the Employees, and all other persons affected by or dealing with the Trustees, pursuant to the terms of this AMENDED AGREEMENT AND DECLARATION OF TRUST.

**Section 5.  Specific Powers**.  The Trustees are hereby empowered in addition to such other powers as are set forth herein or conferred by law:

(a)      **Establish and Administer Fund**.  To establish and administer an  Education and Safety Fund on behalf of the Employer and the Employees, for the uses and purposes of this AMENDED AGREEMENT AND DECLARATION OF TRUST.

12

OOE 000476

(b)     Contracts.  To enter into any and all contracts and agreements for carrying out the terms of this AMENDED AGREEMENT AND DECLARATION OF TRUST and for the administration of the Trust Fund and do all acts as they, in their discretion, may deem necessary and advisable.

(c)     Compromise.  To compromise, settle, arbitrate and release claims or demands in favor of or against the Trust Fund or the Trustees on such terms and conditions as the Trustees may deem advisable.

(d)     Reserves.  To establish and accumulate as part of the Trust Fund a reserve or reserves, adequate, in the opinion of the Trustees, to carry out the purposes of such Trust.

(e)     Taxes.  To pay out of the Fund all real and personal property taxes, income taxes and other taxes of any and all kinds levied or assessed under existing or future laws upon or in respect to the Fund or any money, property, or securities forming a part thereof; provided, however, that the Trustees may contest the validity of any tax if they deem it advisable so to do.

(f)     Common Administrative Expenses.  To make appropriate allocations of common administrative expenses and disbursements shared or to be shared with any other Plan or Fund.

(g)     Contributions.  To receive contributions or payments from any source whatsoever to the extent permitted by law.

(h)     Committees.  To establish such Committees as the Trustees deem appropriate and to set forth the duties and functions of the members thereof.

13

OOE 000477

(i)    Investments.  To invest and reinvest the Trust Fund and income derived therefrom, except such amounts as may be required for current payments and expenses, in such stocks (of any classification, including capital, common and preferred stocks), bonds or other property (real or personal), debentures, shares issued by investment companies and investment trusts, including investments in any pooled or common trust funds maintained by the Fiscal Trustee, mortgages and other securities, as the Board of Trustees shall determine, without regard to the proportion that property or properties of a similar character so held shall bear to the entire amount held, and without diversification of stocks, securities or other property, and whether or not such investment may be authorized by law for the investment of trust funds generally.

(j)    Fiscal Trustee.  To appoint a Fiscal Trustee and to delegate to such Fiscal Trustee such of the powers and duties of the Trustees with respect to the administration and management of the Trust Fund including the investment and reinvestment of the principal and income thereof, as the Trustees may deem desirable; and to pay from the Trust Fund the reasonable compensation and expenses of the Fiscal Trustee.

(k)    Depository.  All Trust Funds not invested shall be deposited by the Trustees in such depository or depositories as the Trustees shall from time to time select, and any such deposit or deposits shall be made in the name of the Trust.  All such funds shall be disbursed only by check or draft signed by at least one Union Trustee and one Employer Trustee; provided, however, that the Trustees may establish a special bank account of limited amount out of which expenses of operation of the Trust may be paid on the signature of a Trustee or a duly authorized employee of the Trust.  No Trustee

14

shall be liable in any manner for the failure of any depository selected by the Trustees, in good faith, and in the exercise of reasonable business judgment.

(l)　　Accounts.　The Trustees shall keep true and accurate books of account and a record of all their transactions, meetings, and actions taken at such meeting or by informal action of the Trustees.

(m)　　Audit.　The Trustees shall have the books of the Trust audited at least annually by a Certified Public Accountant, and a copy of each such audit shall be kept available for inspection by authorized persons during business hours at the office of the Trustees.

(n)　　Reliance on Documents.　The Trustees shall incur no liability in acting upon any instrument, application, notice, request, signed letter, telegram, or other paper or documents believed by them to be genuine and to contain a true statement of facts and to be signed or sent by the proper person.

(o)　　Evidence of Trustees' Action.　Any Trustee may rely on any instrument in writing purporting to have been signed by a majority of the Trustees as conclusive evidence of the fact that a majority of the Trustees have taken the action stated to have been taken in such instrument.

(p)　　Good Faith.　No Trustee shall be liable for any action taken or omitted to be taken by him in good faith, nor for the wrongful acts of any agent, employee or attorney selected by the Trustees with reasonable care, nor for any act of commission or omission of any other Trustee.

15

OOE 000479

(q)     Rules and Regulations.  The Trustees are hereby authorized to formulate and promulgate any and all necessary rules and regulations which they deem necessary or desirable to facilitate the proper administration of the Trust, provided the same are not inconsistent with the terms of this AMENDED AGREEMENT AND DECLARATION OF TRUST.

(r)     Apparent Authority.  No party dealing with the Trustees shall be obligated (a) to see to the application of the Trust purposes, herein stated, of any money or property belonging to the Trust Fund, or (b) to see that the terms of this AMENDED AGREEMENT AND DECLARATION OF TRUST have been complied with, or (c) to inquire into the necessity or expediency of any act of the Trustees.  Every instrument executed by the Trustees shall be conclusive evidence in favor or every person relying thereon that (1) at the time of the delivery of said instrument the Trust was in full force and effect, (2) the instrument was executed in accordance with the terms and conditions of this AMENDED AGREEMENT AND DECLARATION OF TRUST, and (3) the Trustees were duly authorized and empowered to execute the instrument.

(s)     Receipt of Payments.  The receipt of the Trustees for any money or property or checks (after such checks are honored at the bank and credited to the Trust Fund account) shall discharge the person or persons paying or transferring the same.

(t)     Contributions of Employers.  The Trustees shall, by regulation, establish rules relating to payments of contributions by Employers for Employees as required by any applicable Collective Bargaining Agreement.

16

OOE 000480

(u)    <u>Registration of Securities.</u>  The Trustees may keep property and securities registered in the name of the Trustees or in the name of a nominee or nominees or in unregistered or bearer form without disclosure of any fiduciary relationship.

(v)    <u>No Compensation.</u>  No Trustee shall be paid any compensation for his services hereunder, but the Board of Trustees may allow to all Trustees and Alternate Trustees reimbursement for such reasonable and necessary expenses as they may incur in the performance of their duties including attendance at regular or special meetings of the Board of Trustees.

(w)    <u>Fidelity Bonds.</u>  The Trustees shall provide for fidelity bonds in such amounts as they may determine, subject to applicable requirements of law, for their employees and for Trustees responsible for the custody or control of the Trust Fund.

(x)    <u>Implied Powers.</u>  The Trustees shall do all other acts and take any and all other action, whether or not expressly authorized herein, which the Trustees may deem necessary or proper for the protection of the property held hereunder and for the appropriate administration of this AMENDED AGREEMENT AND DECLARATION OF TRUST.

<u>Section 6.  ERISA Requirements.</u>  The Board of Trustees shall be the "administrator" and a "named fiduciary" (within the meaning of such terms under ERISA) with respect to this AMENDED AGREEMENT AND DECLARATION OF TRUST and the OHIO OPERATING ENGINEERS EDUCATION AND SAFETY FUND. Anything contained herein to the contrary notwithstanding, the Trust Fund and the Program shall be administered in accordance with the applicable requirements of ERISA

17

OOE 000481

and nothing contained herein (including the powers and duties of the Trustees set forth in this Article 4) shall authorize violation of such requirements, including, as applicable, the ERISA reporting and disclosure, bonding, fiduciary and prohibited transaction requirements and the requirement that prevents the indicia of ownership of any of the assets of the Trust Fund from being maintained at a location outside the jurisdiction of the district courts of the United States, except as authorized by the Secretary of Labor.

## ARTICLE 5

### DISPUTES, SUITS, AND SETTLEMENTS

**Section 1.  Reliance on Facts.**  In any controversy, claim, demand, suit at law, or other proceeding between any person and the Trustees, the Trustees shall be entitled to rely upon any facts appearing in the records of the Trustees, any instruments on file with the Trustees or with the Union or with any of the Employers, any facts certified to the Trustees by the Union or by any of the Employers, any facts that are of public record, and any other evidence pertinent to the issue involved.

**Section 2.  Claim Procedure.**  A participant or other person who believes that he is being denied a benefit to which he is entitled under the Program or the Trust Fund (hereinafter referred to as "Claimant") may file a written request of such benefit with the Board of Trustees, setting forth his claim.  Upon receipt of a claim the Board of Trustees shall advise the Claimant that a reply will be forthcoming within ninety (90) days and shall in fact deliver such reply in writing within such period.  The Board of Trustees may, however, extend the reply period for an additional ninety (90) days for

OOE 000482

reasonable cause.  If the claim is denied in whole or in part, the Board of Trustees will adopt a written opinion using language calculated to be understood by the Claimant setting forth:

(i)    the specific reason or reasons for the denial;

(ii)    specific references to pertinent document provisions on which the denial is based;

(iii)    a description of any additional material or information necessary for the Claimant to perfect the claim and an explanation why such material or such information is necessary;

(iv)    appropriate information as to the steps to be taken if the Claimant wishes to submit the claim for review; and

(v)    the time limits for requesting and obtaining a review as described below.

Within sixty (60) days after the receipt by the Claimant of the written opinion described above, the Claimant may request in writing that the Review Committee review the determination of the Board of Trustees.  The Review Committee shall consist of one (1) Union Trustee and one (1) Employer Trustee.  The Claimant or his duly authorized representative may, but need not, review the pertinent documents and submit issues and comments in writing for consideration by the Review Committee.  If the Claimant does not request a review of the Board of Trustees' determination within such sixty (60) day period, he shall be barred and estopped from challenging the Board of Trustees' determination.  Within sixty (60) days after the Review Committee's receipt of a request for review, he will review the Board of Trustees' determination.  After considering all materials presented by the Claimant, the Review Committee will render a written opinion, written in a manner calculated to be understood by the Claimant, setting forth

19

OOE 000483

the specific reasons for the decision and containing specific references to the pertinent document provisions on which the decision is based. If special circumstances require that the sixty (60) day time period be extended, the Review Committee will so notify the Claimant and will render the decision as soon as possible but not later than one hundred twenty (120) days after receipt of the request for review. The decision of the Review Committee shall be final and binding upon the Union, the Employers and the Claimant.

## ARTICLE 6

### OPERATION OF THE BOARD OF TRUSTEES

**Section 1. Quorum.** A quorum of the Trustees for the transaction of business shall consist of at least two Trustees, one of whom shall be a Union Trustee; and one of whom shall be an Employer Trustee. It is the intention of the parties hereto and the requirement of this AMENDED AGREEMENT AND DECLARATION OF TRUST that, at any time any vote or action is taken by the Board of Trustees, the number of Union Trustees and Employer Trustees qualified to vote, act, and constitute a quorum, shall always be equal. The majority vote of a quorum shall constitute the action of the Board of Trustees.

**Section 2. Expenses.** In addition to the expenses provided for in Article 4, Section 5 (v), all other expenses and costs reasonably and necessarily incurred by the Board of Trustees in the administration of this Trust shall be paid out of the Trust Fund.

**Section 3. Meetings and Notices.** A regular annual meeting of the Board of Trustees shall be held during the month of May at a date fixed by the Trustees, but the

20

OOE 000484

Trustees may by unanimous consent hold such meeting in some other month. The Chairman or the Secretary-Treasurer may call a meeting of the Board of Trustees at any time, by giving at least ten (10) days' written notice thereof to all Trustees and Alternate Trustees who do not sign such notice. A meeting of the Board of Trustees may be held at any time without written notice thereof, if all Trustees and Alternate Trustees are present and consent to the holding of such meeting.

Section 4. Action Without a Meeting. Action by the Board of Trustees may also be taken by them in writing without a meeting with the unanimous, written concurrence of all Trustees and notice to the Alternate Trustees.

Section 5. Minutes of Meetings. The Trustees shall keep minutes of all meetings, but such minutes need not be verbatim. Action taken in writing without a meeting shall be filed with and considered part of such minutes. Copies of minutes shall be sent to all Trustees and Alternate Trustees, and the official record of the minutes shall be maintained in the office established by the Trustees for the administration of the Trust.

Section 6. Appointment of Administrator and Committees. The Trustees may delegate to an administrator, to committees, and to such other agents as they deem appropriate, to be appointed by them, such of their duties as a prudent businessman would delegate to an agent. The Trustees shall fix and provide for the payment of the compensation and expenses of the administrator, the committees, and such agents.

21

OOE 000485

**Section 7.  Certification of Action.**  The Chairman and the Secretary-Treasurer or the Vice-Chairman and the Assistant Secretary-Treasurer may jointly execute any certificate or document on behalf of the Trustees, and such execution shall be deemed the action of the Board of Trustees.  All persons dealing with the Trust or the Board of Trustees shall be entitled to rely upon such certificate or document and the validity of the contents thereof.

## ARTICLE 7

### EDUCATION AND SAFETY PROGRAM

**Section 1.  Establish Program.**  The Trustees shall formulate, adopt and administer an Education and Safety Program in order to provide opportunities for employees, their families, and dependents to obtain scholarship assistance for study at educational institutions, and to foster safety, equal employment opportunity and other work related programs.  The Trustees shall have all such powers as may be necessary to discharge the duties herein, including, but not limited to, the power:

(a)     To promulgate and establish rules and regulations for the conduct of their affairs not inconsistent with this AMENDED AGREEMENT AND DECLARATION OF TRUST nor with any Collective Bargaining Agreements between the Employer and the Union, and which, in their discretion, are proper and necessary to effectuate the sound and efficient administration and operation of the Education and Safety Program;

(b)     To determine the location or locations where the Education and Safety Program will be installed, including the office personnel, instructors and others necessary

22

OOE 000486

to operate the Program, and the remuneration and expenses to be paid to such persons;

(c)     To take all reasonable and necessary steps which the Trustees in their discretion may deem necessary or proper to carry out the purposes and intents of the Education and Safety Program.

Section 3. Acceptance of Other Employer Participants. The Trustees may include as Employers under this AMENDED AGREEMENT AND DECLARATION OF TRUST any association, corporate or otherwise, any individual or corporate employer who is signatory to a contract with the Union covering wages, hours and working conditions and any employer not a party to such contract, provided that any such association or employer shall satisfy the requirements for participation in the Education and Safety Program as established by the Trustees, and shall agree in writing to be bound by this AMENDED AGREEMENT AND DECLARATION OF TRUST.

Section 4. Tax Status. No part of the net earnings of the Trust shall inure to the benefit of or be distributable to its members, trustees, officers, or other private persons, except that the Trust shall be authorized and empowered to pay reasonable compensation for services rendered and to make payments and distributions in furtherance of the purposes set forth in Article 2 hereof. No substantial part of the activities of the Trust shall be the carrying on of propaganda, or otherwise attempting to influence legislation, and the Trust shall not participate in, or intervene in (including the publishing or distribution of statements) any political campaign on behalf of any candidate for public office. Notwithstanding any other provision of these articles, the Trust shall not carry on any other activities not permitted to be carried on (a) by a Trust

23

OOE 000487

or other organization exempt from Federal income tax under Section 501(c)(3) of the Code or (b) by a Trust or other organization, contributions to which are deductible under Section 170(c)(2) of the Code.

## ARTICLE 8

## CONTRIBUTIONS AND COLLECTIONS

**Section 1. Amount of Contributions.** In order to effectuate the purposes of this Trust, each Employer shall contribute to the Trust Fund such payments on behalf of his Employees as are prescribed in the aforesaid Collective Bargaining Agreements, or any amendments thereof, or any subsequent Collective Bargaining Agreements between the Union and such Employer. Any Employer not a party to such Collective Bargaining Agreement shall contribute such payments as shall, from time to time, be fixed by the Board of Trustees.

**Section 2. Time of Payment.** All contributions shall be made effective as required by the agreements referred to in Section 1 of this Article, and shall continue to be paid as long as the Employer is obligated thereunder or until he ceases to be an Employer within the meaning of this AMENDED AGREEMENT AND DECLARATION OF TRUST. The Trustees shall fix the time of payment of such contributions and shall notify all Employers thereof.

**Section 3. Mode of Payment.** The Trustees shall direct the mode of payment of such contributions to the payee and shall notify all Employers thereof.

**Section 4. Reports of Contributions.** Employers shall make such reports of

24

contribution as the Trustees shall reasonably require and shall promptly furnish on demand to the Trustees the names of their employees, their Social Security numbers, the hours worked by them, and such other information as the Trustees may reasonably require in order properly to perform their duties in the administration of this Trust. The Trustees may, through duly accredited agents, examine the pertinent records of any Employer, at the Employer's place of business, whenever such examination is deemed by the Trustees to be necessary, which shall include the right of the Trustees to have such Employer's records audited by a certified public accountant selected by the Trustees.

Section 5. Enforcement of Payments. The Board of Trustees shall have the power and authority to demand and enforce payment of the contributions of Employers to the Trust Fund. The Board of Trustees may prosecute or intervene in any legal action or proceeding for such purpose, and may compromise or settle any claim as the Board of Trustees, in its discretion, deems for the best interest of the Trust Fund.

Section 6. Penalties for Nonpayment. The Board of Trustees, by rule or regulation, may prescribe such penalties for the nonpayment of Employers as the Board of Trustees deems proper.

Section 7. Right of Access. The Trustees or any authorized agent or representative of the Trustees shall have the right at all reasonable times during business hours to enter upon the premises of any Employer obligated to contribute to the Trust Fund and to examine and copy such of the books, records, papers and reports of said employer as may be necessary to determine whether said Employer is making full payment to the Trustees of the amount required by the Collective Bargaining Agreement

25

OOE 000489

with said Employer.

## ARTICLE 9

## LEGAL AND REPORTING

**Section 1.  Right to Rely on Advice of Counsel.**  The Trustees may consult with legal counsel selected by them, and the opinion of such counsel shall be full and complete authority and protection to the Trustees for any action taken by them in reliance thereon in good faith.

**Section 2.  Disclosure and Reporting.**  The Trustees shall cause to be prepared and published descriptions, reports and disclosures as may be required by the LMRA, ERISA and as otherwise required by any provision of law.

## ARTICLE 10

## TERMINATION OF TRUST

**Section 1.  By the Trustees.**  In the event that the obligation of the Employers to make employer contributions shall terminate, or upon any liquidation of the Trust Fund, the remaining funds available after providing for all outstanding obligations shall be used in such manner as will, in the opinion of the Trustees, best effectuate the purposes of this AMENDED AGREEMENT AND DECLARATION OF TRUST while protecting the status of the Trust as an exempt organization under Section 501(c)(3) of the Code. In no event shall any Employer, the Union, or member or members of the latter two groups receive any refund of contributions made by them to the Trust Fund, except in

26

OOE 000490

case of a bona-fide mistake, nor participate in the disposition of the Trust Fund. If at any time there are not sufficient funds in the Trust Fund to continue the purpose of this AMENDED AGREEMENT AND DECLARATION OF TRUST and all outstanding obligations have been paid, then the Trustees shall transfer such remaining funds in equal proportion to such organization or organizations organized and operated exclusively for charitable, educational, or religious, or scientific purposes as shall at the time qualify as an exempt organization or organizations under Section 501(c)(3) of the Code, as the Board of Trustees shall determine. Any of such assets not so disposed of shall be disposed of by the Court of Common Pleas of the county in which the principal office of the Trust is then located, exclusively for such purposes or to such organization or organizations, as said Court shall determine, which are organized and operated exclusively for such purposes.

## ARTICLE 11

## MISCELLANEOUS

**Section 1. Intent to Comply with Applicable Provisions of Law**. It is intended that this AMENDED AGREEMENT AND DECLARATION OF TRUST and the Program adopted by the Trustees shall conform to all applicable provisions of law and that the Trust Fund shall be exempt from taxation under Section 501(c)(3) of the Code. The Trustees are expressly authorized to make and amend and supplement whatever applications are necessary in order to accomplish the foregoing intention.

**Section 2. Accounting May Be Demanded of Trustees**. The Union or an

27

Employer may, at any reasonable time, demand of the Trustees an accounting with respect to any and all accounts, upon agreement to pay the necessary expenses of such accounting. The Trustees shall be entitled, at any time, to have a judicial settlement of their accounts, and a judicial determination of any questions in connection with their duties and obligations under this Trust, or in connection with the administration or distribution thereof. The Trustees may, from time to time, file with the Union and the Employers a statement of their accounts hereunder, and the Union and the Employers may enter into an agreement approving and allowing such statement of accounts and such agreement shall thereafter be binding and conclusive upon all persons whomsoever, and shall constitute a full discharge and acquittance of the Trustees with respect to the matters set forth in such statement of accounts.

**Section 3. Payments May Be Withheld in Event of Dispute.** In the event any question or dispute shall arise as to the proper person or persons to whom any payments shall be made under this AMENDED AGREEMENT AND DECLARATION OF TRUST, or under the Program adopted by the Trustees, the Trustees may withhold such payment until an adjudication of such question or dispute, satisfactory to the Trustees in their sole discretion, shall have been made, or until the Trustees, to their satisfaction, shall have been adequately indemnified against loss.

**Section 4. Situs.** This AMENDED AGREEMENT AND DECLARATION OF TRUST is entered into in the City of Columbus, State of Ohio, and such place shall be deemed as the situs of the Trust Fund, created hereunder. All questions pertaining to validity, construction and administration of this AMENDED AGREEMENT AND

28

OOE 000492

DECLARATION OF TRUST and the Program adopted by the Trustees and the Trust Fund shall be determined in accordance with the laws of the State of Ohio, except to the extent preempted by Federal law.

Section 5. Interpretation of Words. Where used in this AMENDED AGREEMENT AND DECLARATION OF TRUST, words in the masculine shall be read and construed as in the masculine or feminine, and words in the singular shall be read and construed as in the singular or in the plural, in all cases where such construction would apply.

Section 6. Titles. The titles of articles or sections included in this AMENDED AGREEMENT AND DECLARATION OF TRUST are included solely for convenience and shall, in no event, be construed to affect or modify any part of the provisions of this AMENDED AGREEMENT AND DECLARATION OF TRUST, or be construed as part thereof.

Section 7. Conflict with Collective Bargaining Agreements. This AMENDED AGREEMENT AND DECLARATION OF TRUST is made in pari materia with the Collective Bargaining Agreements between the Employer and the Union and shall at all times be construed in pari materia with the Collective Bargaining Agreement between the Employer and the Union at the time of such construction, providing that the Employer is bound by or signatory to the Collective Bargaining Agreement. In the event of conflict between the terms of this AMENDED AGREEMENT AND DECLARATION OF TRUST and the then-current Collective Bargaining Agreement between the Employer and the Union which is incapable of being resolved, the latter

29

shall govern.

## ARTICLE 12

## AMENDMENT OF AGREEMENT

**Section 1. Procedure for Amendment.** This AMENDED AGREEMENT AND
DECLARATION OF TRUST may be amended in any respect at any time by a majority
of a quorum of the Board of Trustees, except that no amendment shall divert the Trust
Fund, as constituted immediately prior to such amendment, or any part thereof, to a
purpose other than as set forth in this AMENDED AGREEMENT AND
DECLARATION OF TRUST, nor shall there be any modification or amendment as the
result of which there would be an unequal number of Union Trustees and Employer
Trustees. Action to amend this AMENDED AGREEMENT AND DECLARATION
OF TRUST shall be taken at a meeting of the Board of Trustees, due written notice of
which shall have been given to all Trustees and Alternate Trustees at least ten (10) days
prior to the date of such meeting, unless all Trustees and Alternate Trustees agree in
writing to waive such notice.

**Section 2. Notice of Amendments.** A copy of each amendment to this
AMENDED AGREEMENT AND DECLARATION OF TRUST, upon adoption by the
Trustees as aforesaid, shall be sent to the Union and to each Employer, and may be
furnished to any other interested person.

30

OOE 000494

## ARTICLE 13

## CLAIMS AND INDIVIDUAL RIGHTS

**Section 1. Claims.** No Employee or any person claiming by or through such Employee by reason of having been named a beneficiary, in a certificate or otherwise, shall have any rights, title or interest in or to the funds or other property of the OHIO OPERATING ENGINEERS EDUCATION AND SAFETY FUND or any part thereof, except as specifically provided by this AMENDED AGREEMENT AND DECLARATION OF TRUST and the applicable rules and regulations thereunder.

**Section 2. Nonassignability.** No moneys, property or equity of any nature whatsoever in the Trust or Trust Fund or policies or benefits or moneys payable therefrom shall be subject in any manner, by any Employee or person claiming through such Employee, to anticipation, alienation, sale, transfer, assignment, pledge, encumbrance, garnishment, mortgage, lien or charge, and any attempt to cause the same to be subject thereto shall be null and void.

## ARTICLE 14

## INDEMNIFICATION

The Trust shall indemnify any trustee, officer or employee or former trustee, officer or employee of the Trust against all expenses and liabilities, including attorney fees reasonably incurred by him in connection with the defense of any action, suit or proceeding, civil or criminal, in which he is made a party by reason of being or having been such trustee, officer or employee, except in relation to matters as to which he shall

31

OOE 000495

be adjudged in such action, suit or proceeding to be liable for negligence, misconduct or breach in the performance of his duties. The Trust shall also reimburse any trustee, officer or employee for the reasonable expenses of settlement of any such action, suit or proceeding, if it shall be found by a disinterested majority of the board of trustees that it was in the interest of the Trust that such settlement be made and that such trustee, officer or employee was not guilty of negligence, misconduct or breach in the performance of his duties. Such rights of indemnification and reimbursement shall not be deemed exclusive of any other rights to which such trustee, officer or employee may be entitled under any regulations, agreement, vote of members, or may be entitled as a matter of law.

## ARTICLE 15

## SAVINGS CLAUSE

<u>Section 1. No Adverse Effect</u>. Should any provision of this AMENDED AGREEMENT AND DECLARATION OF TRUST be held to be unlawful, or unlawful as to any person or instance, such determination shall not adversely affect any other provisions herein contained, or the application of such provisions to any other person or instance, unless such determination of illegality shall make impossible the operation of this Trust or the Program adopted by the Trustees hereunder. No Trustee shall be held liable for any act done or performed in pursuance of any provision hereof prior to the time such act or provision shall be held unlawful by a court of competent jurisdiction. In any case where a provision of this AMENDED AGREEMENT AND DECLARATION

32

OOE 000496

OF TRUST or of said Program shall be declared illegal or invalid, the Trustees

immediately shall adopt a new provision to take the place of the illegal or invalid

provision if necessary or appropriate to the proper administration of the Trust.

IN WITNESS WHEREOF, the undersigned have executed this AMENDED

AGREEMENT AND DECLARATION OF TRUST on the day and year first written

above.

INTERNATIONAL UNION OF OPERATING
ENGINEERS LOCAL UNION NO. 18

By _____

LABOR RELATIONS DIVISION OF THE
OHIO CONTRACTORS ASSOCIATION

By _____

LABOR RELATIONS DIVISION,
ASSOCIATED GENERAL CONTRACTORS
OF OHIO, INC.

By _____

33

**ACCEPTANCE OF TRUSTEESHIP**

The undersigned, initial Trustees, hereby agree to accept the Trusteeship, and to act as Trustees under the foregoing AMENDED AGREEMENT AND DECLARATION OF TRUST, strictly in accordance with the terms, provisions, and conditions thereof.

EMPLOYER TRUSTEES:                    UNION TRUSTEES:

Alfred R. Gallucci                    James H. Gardner
Tom K. Hitchings                      Dudley E. Snell

34

OOE 000498

## ACCEPTANCE OF ALTERNATE TRUSTEESHIP

Each of the undersigned, having been designated to serve as Alternate Trustee under the AMENDED OHIO OPERATING ENGINEERS EDUCATION AND SAFETY FUND AMENDED AGREEMENT AND DECLARATION OF TRUST does hereby accept the Trust Fund created and established thereunder, consents to act as an Alternate Trustee thereunder, and, to the extent required, agrees to administer the Trust Fund in accordance therewith.

EMPLOYER ALTERNATIVE TRUSTEE:          UNION ALTERNATE TRUSTEE:

_____        Richard Hyland
                                        _____

35

December 8, 1992 - 8:58am - DH1
61848_2.CL1 - 30695\1

OOE 000499



9264

## ACCEPTANCE OF AGREEMENT

In consideration of the benefits to be derived and other good and valuable consideration, the undersigned contractor or successors, although not a member of the Labor Relations Division of the Ohio Contractors Association does hereby join in, adopt, accept and become a party to the collective bargaining agreement heretofore made by the Labor Relations Division of the Ohio Contractors Association with the International Union of Operating Engineers Local 18 and its Branches (AFL-CIO) including all of the provisions therein, and those pertaining to contributions to Trust Funds providing for Health & Welfare, Pension, Apprenticeship Training, or any other fringe benefits and agrees to be bound by any Trust Agreement hereafter entered into between these parties and agrees to make contributions as required and authorizes these parties to name the Trustees to administer said funds and ratifies and accepts such Trustees and the terms and conditions of the Trusts as if made by the undersigned.

_A & K rockdr. 11, nc_
Name of Employer (Printed)

_26355 country nd 42_
Employer Address

_Danville_     _Ohio_     _43014_
City         State        Zip Code

_740 599 5727_
Area Code & Telephone

_Gregory Black_     _Feb 6th 2008_
Authorized Employer Representative (Signature)    (Date)

_Gregory Black_
Authorized Employer Representative (Printed)

INTERNATIONAL UNION OF OPERATING ENGINEERS,
LOCAL 18 AND ITS BRANCHES (AFL-CIO)

District Representative (Signature)

FRINGE OFFICE COPY      (ORIGINAL SIGNATURE)

89

Exhibit A
OOE 000500

## OHIO OPERATING ENGINEERS FRINGE BENEFIT PROGRAMS

### AUDIT REVIEW

CODE NO. _9264-6_ EMPLOYER _A & K Rock Drilling_

TELEPHONE NO. _740-599-5729_ FAX NO. _____
_740-222-6279 (cell)_

1. Date the audit was reviewed with contractor _____ _5/5/08_

2. Name and title of responsible person authorized by the contractor to review audit findings:

   _Ed Atherton_

3. Period audit covered: From _9/03_ To _5/1/04_

4. Brief report on the items discussed during the review: _____

   _Reviewed the company records_

   _Compared the hours paid to the hours reported_

   _Findings: Delinquent contributions for_
   _9/03, 10/03, 11/03, 12/03 & 2/04_

   _No operators employed 1/04, 3/04, 4/04_

   _Edward Atherton_
   CONTRACTOR'S SIGNATURE

   _____
   AUDITOR'S SIGNATURE

NOTE: One copy to contractor and one copy submitted to the fringe benefit office with the audit.

D-25

**EXHIBIT**

tables

C

OOE 000550



# *Ohio Operating Engineers*
### *Fringe Benefit Programs*
1180 Dublin Road • PO Box 12009 • Columbus OH 43212-0009
Area 614 488-0708

Raymond Orrand ★
Administrator ★

May 18, 2004

A & K ROCK DRILLING INC
26355 CR 42
DANVILLE OH 43014

#9264-6

Gentlemen:

The enclosed summary sheet(s) and adjustment schedule(s) reflect the findings of our recent audit which resulted in the disclosure of unpaid fringe benefit contributions due the Ohio Operating Engineers Fringe Benefit Programs and Union Administrative Dues which had been withheld from employees wages but not remitted.

| | |
|---|---:|
| Ohio Operating Engineers Health & Welfare Plan | $1,730.32 |
| Ohio Operating Engineers Pension Fund | 1,263.00 |
| Ohio Operating Engineers Apprenticeship Fund | 189.46 |
| Ohio Operating Engineers Education & Safety Fund | 16.84 |
| Late Charges due if paid by June 15, 2004 | 278.53 |
| Total due Fringe Benefit Programs | $3,478.15 |
| Local 18 Administrative Dues | 142.02 |
| Total Due | $3,620.17 |

In addition, a balance of $10,776.76 remains due on your account to complete payment of the following:

| | |
|---|---:|
| Total Audit Finding for the Period of 3/02 to 9/03 | $ 8,476.42 |
| Local 18 Dues for the Period of 3/02 to 9/03 | 407.11 |
| Total Late Charges if Audit is Paid by June 15, 2004 | 1,893.23 |
| | $10,776.76 |

In addition to the audit findings, you are liable for the payment of late charges as indicated above. Late charges accumulate at the rate of 1-1/2% per month on past due fringe benefit contributions, and are assessed as of the sixteenth day of the month. If partial payments are received, they will be applied against the oldest unpaid amounts due.

If you are in disagreement with the findings of our audit, please specify to us the reasons for such disagreement by separate letter within ten days.

If you are in agreement with the findings, your remittance in the total amount of $14,396.93 before June 15, 2004 will prevent the assessment of additional late charges.

*Health and Welfare Plan • Pension Fund • Apprenticeship Fund • Education and Safety Fund*

OOE-000542

A & K Rock Drilling, Inc.
May 18, 2004
Page 2

Sincerely,

Carol A. Wilson
Assistant Administrator

CAW/sm

cc:  District #6
     Patrick L. Sink
     Jim Cramer
     Daniel J. Clark, Esq.

OOE 000543

OHIO OPERATING ENGINEERS FRINGE BENEFIT PROGRAMS
FIELD AUDIT SUMMARY

FORM D-15    (9/99)

CODE:# 9264-6

NAME: A & K Rock Drilling Inc

26355 Co Rd 42

Danville, OH 43014

DATE: 5/5/04

AUDIT PERIOD FROM: 9/1/03    TO: 5/1/04

AUDITOR: Douglas Baker

| MONTH/YEAR | HEALTH & WELFARE | | PENSION | | APPRENTICESHIP | | EDUC. & SAFETY | | TOTAL FRINGES | UNION DUES | TOTAL DUES & FRINGES |
|------|------|------|------|------|------|------|------|------|------|------|------|
| | HOURS | AMOUNT | HOURS | AMOUNT | HOURS | AMOUNT | HOURS | AMOUNT | | | |
| 9/03 | 160 | 657.60 | 160 | 480.00 | 160 | 72.00 | 160 | 6.40 | 1,216.00 | 53.59 | 1,269.59 |
| 10/03 | 166 | 682.26 | 166 | 498.00 | 166 | 74.70 | 166 | 6.64 | 1,261.60 | 49.07 | 1,310.67 |
| 11/03 | 26 1/2 | 108.92 | 26 1/2 | 79.50 | 26 1/2 | 11.93 | 26 1/2 | 1.06 | 201.41 | 16.41 | 217.82 |
| 12/03 | 28 1/2 | 117.14 | 28 1/2 | 85.50 | 28 1/2 | 12.83 | 28 1/2 | 1.14 | 216.61 | 9.55 | 226.16 |
| 2/04 | 40 | 164.40 | 40 | 120.00 | 40 | 18.00 | 40 | 1.60 | 304.00 | 13.40 | 317.40 |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| TOTALS | 421 | 1,730.32 | 421 | 1,263.00 | 421 | 189.46 | 421 | 16.84 | 3,199.62 | 142.02 | 3,341.64 |

Paid 7/29/04

OOE 000544

FORM D-16  (9/99)

## ADJUSTMENT SCHEDULE

CODE: # 9284-6
EMPLOYER NAME: A & K Rock Drilling Inc

YEAR: 2003

FIELD AUDIT DATED: 5/5/04  AUDITOR: Douglas Baker

| SOC SEC. # | EMPLOYEE | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTALS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | Cdogoy, D T | | | | | | | | | 160 | 166 | 26 1/2 | 28 1/2 | 381 |

| | TOTAL HOURS | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTALS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 160 | 166 | 26 1/2 | 28 1/2 | 381 |
| H & W @ 4.11 | | | | | | | | | | 657.60 | 682.26 | 108.92 | 117.14 | 1,565.92 |
| PENS @ 3.00 | | | | | | | | | | 480.00 | 498.00 | 79.50 | 85.50 | 1,143.00 |
| APPR @ .45 | | | | | | | | | | 72.00 | 74.70 | 11.93 | 12.83 | 171.46 |
| E & S @ .04 | | | | | | | | | | 6.40 | 6.64 | 1.06 | 1.14 | 15.24 |
| TOTAL @ 7.60 | | | | | | | | | | 1,216.00 | 1,261.60 | 201.41 | 216.61 | 2,895.62 |

DEPOSIT DATE: JUL 2 2 2004

LC-1

EO
WPAE

OOE 000545

FORM D-16   (9/99)

## ADJUSTMENT SCHEDULE

EMPLOYER
NAME: A & K Rock Drilling Inc.

CODE: # 9264-6

FIELD AUDIT

DATED: 5/5/04

AUDITOR: Douglas Baker

YEAR: 2004

| SOC SEC. # | EMPLOYEE | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTALS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | Colopy, D T | | 40 | | | | | | | | | | | 40 |

| DEPOSIT DATE | TOTAL HOURS | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| JUL 2 2 2004 | 40 | | 40 | | | | | | | | | | | 40 |
| H & W @ 4.11 | 164.40 | | 164.40 | | | | | | | | | | | 164.40 |
| PENS @ 3.00 | 120.00 | | 120.00 | | | | | | | | | | | 120.00 |
| APPR @ .45 | 18.00 | | 18.00 | | | | | | | | | | | 18.00 |
| E & S @ .04 | 1.60 | | 1.60 | | | | | | | | | | | 1.60 |
| TOTAL @ 7.60 | 304.00 | | 304.00 | | | | | | | | | | | 304.00 |

LC-7

OOE 000546

EO
OPAE

**I.U.O.E., LOCAL #18 ADMINISTRATIVE DUES**

FORM D-27 (9/99)

EMPLOYER

FIELD AUDIT

CODE: # 9264-6    NAME: A & K Rock Drilling Inc

YEAR: 2003    DATED: 5/5/04    AUDITOR Douglas Baker

| SOC SEC. # | EMPLOYEE | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTALS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | Colopy, D T | | | | | | | | | 53.59 | 49.07 | 16.41 | 9.55 | 128.62 |
| TOTAL DUES | | | | | | | | | | 53.59 | 49.07 | 16.41 | 9.55 | 128.62 |

JUL 2 2 2004

ADM

OOE 000547

I.U.O.E., LOCAL #18 ADMINISTRATIVE DUES

FORM D-27

(9/99)
FIELD AUDIT

CODE: # 9264-6

EMPLOYER

NAME: A & K Rock Drilling Inc

YEAR: 2004

DATED: 5/5/04

AUDITOR Douglas Baker

| SOC SEC. # | EMPLOYEE | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTALS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | Colopy, D T | | 13.40 | | | | | | | | | | | | 13.40 |
| | TOTAL DUES | | 13.40 | | | | | | | | | | | | 13.40 |

JUL 2 2 2004

A1
ADM

OOE 000548

## OHIO OPERATING ENGINEERS FRINGE BENEFIT PROGRAMS

### AUDIT REVIEW

CODE NO. 9264-3 EMPLOYER _A & K Rock Drilling Inc_

TELEPHONE NO. _740 - 599-5 219_ FAX NO. _____
_740 -222. 0279 (cell)_

1. Date the audit was reviewed with contractor _3/9/05_

2. Name and title of responsible person authorized by the contractor to review audit findings:

   _ED ATHERTON_

3. Period audit covered: From _1/04_ To _1/1/05_

4. Brief report on the items discussed during the review: _____

   _Audit conducted by Mail_

   _Reviewed the company's records._

   _Compared the hours paid to the hours reported_

   _Findings: Unreported hours for 1/04, 2/04, 5/04, 6/04, 9/04,_
   _10/04 & 12/04_

   _Excess contributions for 7/04, 8/04 & 11/04_
   _Dues withheld from payroll but not remitted for 1/04 & 2/04_

_Audit conducted by Mail._
**CONTRACTOR'S SIGNATURE**

**AUDITOR'S SIGNATURE**

NOTE: One copy to contractor and one copy submitted to the fringe benefit office with the audit.

D-25

## OHIO OPERATING ENGINEERS FRINGE BENEFIT PROGRAMS

### CONTRACTOR PAYROLL AUDIT NARRATIVE AND CONCLUSIONS

CODE NO. 9264-3 EMPLOYER _A y K Rock Drilling Inc_ DATED 3/9/05

**INSTRUCTIONS:** Describe in narrative form; the conduct of the audit, conditions of the employer's records, cooperation of personnel, problems encountered and suggestions for future consideration. Also write up conclusions reached upon completion of the audit.

Audit was done by Mail. The contractor submitted payroll records, the operator submitted some copies of payroll stubs & the monthly reports submitted (note contractor is submitting weekly reports). It appeared that some paystubs didn't have the dates rolled. I compared the hours submitted by the operator to the contractors provided payroll records & weekly reports.

Finding: Unreported hours for 1/04, 2/04, 5/04, 6/04 9/04, 10/04, 12/04

Excess contribution for 7/04, 8/04 & 10/04

Dues withheld but not submitted for 1/04, 2/04

No dues withheld from payroll, nor submitted for payment 5/04, 6/04, 7/04, 8/04, 9/04, 10/04, 11/04 & 12/04

Per paystubs, it appears dues weren't withheld from the paystubs.

No payroll records were submitted to the auditor as requested for 1/05

_____
AUDITOR'S SIGNATURE

D-24
OOE 000561



# Ohio Operating Engineers
*Fringe Benefit Programs*

1180 Dublin Road • PO Box 12009 • Columbus OH 43212-0009
Area 614 488-0708

Raymond Orrand ★
Administrator ★

March 22, 2005

A & K ROCK DRILLING INC
26355 JELLOWAY RD
DANVILLE OH 43014-9426

#9264-3

Gentlemen:

The enclosed summary sheet(s) and adjustment schedule(s) reflect the findings of our recent audit which resulted in the disclosure of unpaid fringe benefit contributions due the Ohio Operating Engineers Fringe Benefit Programs and Union Administrative Dues which had been withheld from employees wages but not remitted.

| | |
|---|---|
| Ohio Operating Engineers Health & Welfare Plan | $1,251.84 |
| Ohio Operating Engineers Pension Fund | 772.50 |
| Ohio Operating Engineers Apprenticeship Fund | 115.89 |
| Ohio Operating Engineers Education & Safety Fund | 10.30 |
| Late Charges due if paid by April 15, 2005 | 194.94 |
| Total due Fringe Benefit Programs | $2,345.47 |
| Local 18 Administrative Dues | 21.42 |
| Total Due | $2,366.89 |

In addition to the audit findings, you are liable for the payment of late charges as indicated above. Late charges accumulate at the rate of 1-1/2% per month on past due fringe benefit contributions, and are assessed as of the sixteenth day of the month. If partial payments are received, they will be applied against the oldest unpaid amounts due.

If you are in disagreement with the findings of our audit, please specify to us the reasons for such disagreement by separate letter within ten days.

If you are in agreement with the findings, your remittance in the total amount of $2,366.89 before April 15, 2005 will prevent the assessment of additional late charges.

Sincerely,

*Carol A. Wilson*

Carol A. Wilson
Assistant Administrator

CAW/sm

cc: District #3
    Steve Ranft

*Health and Welfare Plan • Pension Fund • Apprenticeship Fund • Education and Safety Fund*

## OHIO OPERATING ENGINEERS FRINGE BENEFIT PROGRAMS
### FIELD AUDIT SUMMARY

FORM D-15 (3/99)

CODE# 9264-3

NAME: A & K Rock Drilling Inc.

26355 Jelloway Rd

Danville, OH 43014

DATE: 3/9/05

AUDIT PERIOD FROM: 1/1/04  TO: 1/1/05

AUDITOR: Douglas Baker

| MONTH/YEAR | HEALTH & WELFARE HOURS | HEALTH & WELFARE AMOUNT | PENSION HOURS | PENSION AMOUNT | APPRENTICESHIP HOURS | APPRENTICESHIP AMOUNT | EDUC. & SAFETY HOURS | EDUC. & SAFETY AMOUNT | TOTAL FRINGES | UNION DUES | TOTAL DUES & FRINGES |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1/04 | 32 | ~~396.48~~ -0- | 32 | 96.00 | 32 | 14.40 | 32 | 1.28 | ~~243.20~~ -0- | 10.71 | ~~253.91~~ 10.71 |
| 2/04 | 32 | 134.52 | 32 | 96.00 | 32 | 14.40 | 32 | 1.28 | 243.20 | 10.71 | 253.91 |
| 5/04 | 133 | 679.63 | ~~04 750?~~ 133 | ~~3.96~~ 399.00 | 133 | 59.85 | 133 | 5.32 | ~~69.13~~ 1,143.80 | | ~~-6.13~~ 1,143.80 |
| 6/04 | 97 1/2 | 498.23 | 97 1/2 | 292.50 | 97 1/2 | 43.86 | 97 1/2 | 3.90 | 838.51 | | 838.51 |
| 7/04 | (35) | (178.85) | (35) | (105.00) | (35) | (15.75) | (35) | (1.40) | (301.00) | | (301.00) |
| 8/04 | (49) | (250.39) | (49) | (147.00) | (49) | (22.05) | (49) | (1.96) | (421.40) | | (421.40) |
| 9/04 | 2 1/2 | 12.78 | 2 1/2 | 7.50 | 2 1/2 | 1.13 | 2 1/2 | 0.10 | 21.51 | | 21.51 |
| 10/04 | 84 1/2 | 431.80 | 84 1/2 | 253.50 | 84 1/2 | 38.03 | 84 1/2 | 3.38 | 726.71 | | 726.71 |
| 11/04 | (70) | (357.70) | (70) | (210.00) | (70) | (31.50) | (70) | (2.80) | (602.00) | | (602.00) |
| 12/04 | 30 | 153.30 | 30 | 90.00 | 30 | 13.50 | 30 | 1.20 | 258.00 | | 258.00 |
| | | ~~-0-~~ ~~396.48~~ | | *pd 5/18/05* | | ~~-0-~~ ~~97.00~~ | | ~~-0-~~ ~~9.74~~ | ~~-0-~~ ~~580.46~~ | ~~31.42~~ ~~31.42~~ | ~~31.42~~ ~~616.88~~ |
| | | ~~369.?~~ | | ~~520.46~~ | | ~~27.00~~ | | ~~10.30~~ | ~~433.46~~ | | ~~454.88~~ |
| TOTALS | 257 1/2 | 1,251.84 | 257 1/2 | 772.50 | 257 1/2 | 115.89 | 257 1/2 | 10.30 | 2,460.53 | 21.42 | 2,474.95 |

ADJUSTMENT SCHEDULE  EOMPAE  EOMPAE

FORM D-16  (9/99)

EMPLOYER NAME: A & K Rock Drilling Inc.

YEAR: 2004

FIELD AUDIT DATED: 3/9/05

AUDITOR: Douglas Barker

MAY 03 2005

CODE: # 9264-3

| SOC SEC. # | EMPLOYEE | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTALS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | Colopy, D T | 32 | 32 | | | | | | | | | | | 64 |

| DEPOSIT DATE | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTALS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | TOTAL HOURS | 32 | 32 | | | | | | | | | | | 64 |
| | H & W @ 4.11 | 131.52 | 131.52 | | | | | | | | | | | 263.04 |
| | PENS @ 3.00 | 96.00 | 96.00 | | | | | | | | | | | 192.00 |
| | APPR @ .45 | 14.40 | 14.40 | | | | | | | | | | | 28.80 |
| | E & S @ .04 | 1.28 | 1.28 | | | | | | | | | | | 2.56 |
| | TOTAL @ 7.60 | 243.20 | 243.20 | | | | | | | | | | | 486.40 |

OOE 000553



ADJUSTMENT SCHEDULE

FORM D-16 (9/99)

CODE: # 9264-3   EMPLOYER   NAME: A & K Rock Drilling Inc.

AUDITOR: Douglas Baker

FIELD AUDIT   DATED: 3/9/05   YEAR: 2004

MAY 0 3 2005

EO EIP

| SOC SEC. # | EMPLOYEE | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTALS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | Colopy, D T | | | | | 133 | 97 1/2 | | | 2 1/2 | 84 1/2 | | 30 | 347 1/2 |

Punch Pension @ only OR CIK
Punch H+W @ 4 hrs

| DEPOSIT DATE | TOTAL HOURS | | | | | MAY | JUN | | | SEP | OCT | | DEC | TOTALS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | H & W @ 5.11 | | | | | 679.63 | 498.23 | | | 12.78 | 431.80 | | 153.30 | 1,775.74 |
| | PENS @ 3.00 | | | | | 51.04 | 292.50 | | | 7.50 | 253.50 | | 90.00 | 1,042.50 |
| | | | | | | 399.00 | | | | | | | | |
| | APPR @ .45 | | | | | 59.35 | 43.88 | | | 1.13 | 38.03 | | 13.50 | 156.39 |
| | E & S @ .04 | | | | | 5.32 | 3.90 | | | 0.10 | 3.38 | | 1.20 | 13.90 |
| | TOTAL @ 8.60 | | | | | 1,139.69 | 838.51 | | | 21.51 | 726.71 | | 255.00 | 2,988.53 |



ADJUSTMENT SCHEDULE

FIELD AUDIT MAY 02 2005

AUDITOR: Douglas Basler

DATED: 3/9/05

FORM D-16 (909)

| SOC SEC. # | EMPLOYEE | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTALS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | NAME: A & K Rock Drilling Inc. | | | | | YEAR: 2004 | 2004 | | | | | | |
| 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 | Colopy, D T | | | | | 133 | 97 1/2 | | | 2 1/2 | 84 1/2 | | 30 | 347 1/2 |

CODE:# 9264-3   EMPLOYER

GO P

Punch Pension & only Q6 OK
Pension Adj 5.61.04

| DEPOSIT DATE | TOTAL HOURS | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| MAY 02 2005 | H & W @ 5.11 | | | | | ~163~ | 97 1/2 | | | 2 1/2 | 84 1/2 | | 30 | 347 1/2 |
| | PENS @ 3.00 | | | | | 344.00 | 498.23 | | | 12.78 | 431.80 | | 153.30 | 1,776.74 |
| | APPR @ .45 | | | | | ~60.00~ | 282.50 | | | 7.50 | 253.50 | | 90.00 | 1,042.50 |
| MAY 02 2005 | E & S @ .04 | | | | | ~5.84~ | 43.88 | | | 1.13 | 38.03 | | 13.50 | 156.39 |
| | TOTAL @ 8.60 | | | | | 3 19.00 | 3.90 | | | 0.10 | 3.38 | | 1.20 | 15.80 |
| | | | | | | 1,143.00 | 838.51 | | | 21.51 | 726.71 | | 258.00 | 2,988.53 |



ADJUSTMENT SCHEDULE

CODE: # 9284-3
EMPLOYER NAME: A & K Rock Drilling Inc.

FORM: OCB
AUDITOR: Douglas Beiter
FIELD AUDIT DATED: 3/9/05

| SOC SEC. # | EMPLOYEE | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTALS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | YEAR: 2004 | | | | | | | | | | | | | |
| 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 | Colopy, D T | | | | | 133 | 97 1/2 | | | 2 1/2 | 84 1/2 | | 30 | 347 1/2 |

| DEPOSIT DATE | TOTAL HOURS | | | | | 133 | 97 1/2 | | | 2 1/2 | 84 1/2 | | 30 | 347 1/2 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| MAY 16 2005 | H & W @ 5.11 | | | | | | 498.23 | | | 12.78 | 431.80 | | 153.30 | 1,776.74 |
| MAY 16 2005 | PENS @ 3.00 | | | | | 285.00 | 292.50 | | | 7.50 | 253.50 | | 90.00 | 1,042.50 |
| MAY 16 2005 | APPR @ .45 | | | | | 59.85 | 43.88 | | | 1.13 | 38.03 | | 13.50 | 157.39 |
| MAY 16 2005 | GETS @ .04 | | | | | 5.32 | 3.90 | | | 0.10 | 3.38 | | 1.20 | 9.90 |
| MAY 12 2005 | TOTAL @ 8.60 | | | | | | 838.51 | | | 21.51 | 726.71 | | 258.00 | 2,986.53 |

Punch Pension, App Gets
Pension reas 5104 $34,14.00

OOE 000556

## ADJUSTMENT SCHEDULE

FORM D-16 (9/99)

EMPLOYER

CODE: # 9264-3   NAME: A & K Rock Drilling Inc.

AUDITOR: Douglas Baker

FIELD AUDIT DATED: 3/9/05   YEAR: 2004

| SOC SEC. # | EMPLOYEE | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTALS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | Colopy, D T | | | | | | | (35) | (49) | | | (70) | | (154) |

| DEPOSIT DATE | TOTAL HOURS | JUL | AUG | NOV | TOTALS |
|---|---|---|---|---|---|
| | TOTAL HOURS | (35) | (49) | (70) | (154) |
| | H & W @ 5.11 | (178.85) | (250.39) | (357.70) | (788.94) |
| | PENS @ 3.00 | (105.00) | (147.00) | (210.00) | (462.00) |
| | APPR @ .45 | (15.75) | (22.05) | (31.50) | (69.30) |
| | E & S @ .04 | (1.40) | (1.96) | (2.80) | (6.16) |
| | TOTAL @ 8.60 | (301.00) | (421.40) | (602.00) | (1,324.40) |

MAY 19 2005
MAY 12 2005

COE 000557

# I.U.O.E., LOCAL #18 ADMINISTRATIVE DUES

FORM D-27   (9/99)

FIELD AUDIT
DATED: 3/9/05
AUDITOR: Douglas Baker

YEAR: 2004

CODE: # 9284-3

EMPLOYER
NAME: A & K Rock Drilling Inc.

| SOC SEC. # | EMPLOYEE | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTALS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | Colopy, D T | 10.71 | 10.71 | | | | | | | | | | | 21.42 |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| TOTAL DUES | | 10.71 | 10.71 | | | | | | | | | | | 21.42 |

**Bryan Barch**

| | |
|---|---|
| **From:** | edwardjatherton@gmail.com |
| **Sent:** | Wednesday, July 15, 2015 5:03 AM |
| **To:** | Bryan Barch |
| **Subject:** | Re: A & K Rock Drilling, Inc. |

Bryon,

I am have the account get payroll records copied. I have met with Doug Baker several times each times at Bob Evans in Wooster, Ohio handing him all the payroll records he requested, what has happened to them how can you possibly need records from 2002.
Thanks,

**From:** Bryan Barch
**Sent:** Thursday, July 09, 2015 11:39 AM
**To:** edwardjatherton@gmail.com
**Cc:** Samantha Sutter ; mailto:dhbaker@sssnet.com
**Subject:** Re: A & K Rock Drilling, Inc.

Dear Mr. Atherton:

After our telephone conversation from earlier this morning, I researched this matter further. According to Mr. Baker, he does not recall conducting an audit with you approximately five years ago after your business ceased operations. Further, I reviewed the Audit Department's file from which I cannot find any evidence that an audit was performed.

As a result, I hereby request that you submit payroll records on behalf of A & K Rock Drilling, Inc. from January 1, 2004 to the date in which it ceased operations. If you have any questions, please feel free to contact me using the information below.

Thanks,



**Bryan Barch | In-House Counsel**
**Ohio Operating Engineers Fringe Benefit Programs**
1180 Dublin Road | PO Box 12009 | Columbus, Ohio 43212-0009
bryanbarch@ooefbp.com | 614-488-0708 x115
614-488-3720 Main Fax | 614-487-1681 Claims Fax

*PRIVILEGED AND CONFIDENTIAL COMMUNICATION.*
**This electronic transmission, and any documents attached hereto: (a) may contain confidential and/or legally privileged information; (b) are protected under the Electronic Communications Privacy Act (18 USC 2510-2521); and are for the sole use of the intended recipient. If you have received this message in error, please notify the sender immediately and delete the message.**

---

This email has been checked for viruses by Avast antivirus software.
www.avast.com

i



OOE 000749

**Bryan Barch**

| | |
|---|---|
| **From:** | edwardjatherton@gmail.com |
| **Sent:** | Wednesday, July 22, 2015 6:19 AM |
| **To:** | Bryan Barch |
| **Subject:** | Re: A & K Rock Drilling, Inc. |

The accountant, Dennis and Schissler Asked me what report shes not sure how far back they go.
Unemploymet
941
state unemployment
She says State unemployment will list all employees for each period
Thanks

**From:** Bryan Barch
**Sent:** Thursday, July 16, 2015 2:51 PM
**To:** edwardjatherton@gmail.com
**Cc:** Douglas Baker
**Subject:** Re: A & K Rock Drilling, Inc.

Mr. Atherton:

Send them to:

Attn: Bryan C. Barch
1180 Dublin Rd.
P.O. Box 12009
Columbus, OH 43212

Thanks!

On Jul 16, 2015, at 6:25 AM, edwardjatherton@gmail.com wrote:

I will let you know when she is done with payroll records and do you want them sent to Dublin?

**From:** Bryan Barch
**Sent:** Wednesday, July 15, 2015 8:36 AM
**To:** edwardjatherton@gmail.com
**Subject:** RE: A & K Rock Drilling, Inc.

Mr. Atherton:

Mr. Baker recalls meeting with you in the past, but he does not recall any details. What I can say for
certain is that an audit has not been recently conducted which is why we need one now. If you need
additional time to compile the records, then we can give you a couple of weeks. No action will be
taken.

1

OOE 000750

**Bryan Barch**

| | |
|---|---|
| **From:** | edwardjatherton@gmail.com |
| **Sent:** | Tuesday, August 11, 2015 6:17 AM |
| **To:** | Bryan Barch |
| **Subject:** | Re: A & K Rock Drilling, Inc. |

Bryan,
I have emailed records to doug baker last night.

**From:** Bryan Barch
**Sent:** Wednesday, July 22, 2015 11:26 AM
**To:** edwardjatherton@gmail.com
**Cc:** mailto:dhbaker@sssnet.com
**Subject:** RE: A & K Rock Drilling, Inc.

Mr. Atherton:

The records should go back from January 1, 2004 to present. The Auditor does not need the 941 forms, but he would like to examine the state employment records for this period.

If you have any further questions, please let me know.

Thanks,
Bryan

**From:** edwardjatherton@gmail.com [mailto:edwardjatherton@gmail.com]
**Sent:** Wednesday, July 22, 2015 6:19 AM
**To:** Bryan Barch
**Subject:** Re: A & K Rock Drilling, Inc.

The accountant, Dennis and Schissler Asked me what report shes not sure how far back they go.
Unemploymet
941
state unemployment
She says State unemployment will list all employees for each period
Thanks

**From:** Bryan Barch
**Sent:** Thursday, July 16, 2015 2:51 PM
**To:** edwardjatherton@gmail.com
**Cc:** Douglas Baker
**Subject:** Re: A & K Rock Drilling, Inc.

Mr. Atherton:

Send them to:

Attn: Bryan C. Barch

OOE 000751

JFS 66113 (Rev. 12/2002)

ALL INFORMATION MUST BE TYPED

OHIO DEPARTMENT OF JOB AND FAMILY SERVICES
P.O. Box 182413
Columbus, Ohio 43218-2413

**Employer's Report of Wages - Supplemental**

| QTR. | YR. |
|------|-----|
| 2 | 04 |

1. Enter Employer Number
1237615-00-2

A & K Rock Drilling, Inc.
26355 Jelloway Rd
Danville, Ohio 43014

2. Enter the employer name and business address to the left, and quarter/year above, exactly as shown on Form JFS 66111 or JFS 66112 as applicable

Double Space Following Data:



| 3. Employee's Social Security Account Number | 4. Employee's Name | | | 5. Total Gross Wages Paid This Quarter | 6. No. of Weeks |
|---|---|---|---|---|---|
| | Last Name | First Initial | Middle Initial | | |
| | Atherton, E. . | | | 6525.00 | 13 |
| | Klodt, G. | | | 8866.14 | 13 |
| | Colopy D. T. | | | 6223.43 | 13 |
| | Weber, M. | | | 6368.20 | 13 |
| | Wilson, R. L. | | | 8049.90 | 13 |
| | Cataline, E. | | | 782.00 | 4 |
| | Stump, J. | | | 2975.15 | 8 |

7. Total this page only ⟶    39789.82   2   2      8. Page of pages

AGENCY USE ONLY ☐

I certify that the information contained in this report is true and correct.

_____        _____        _____
Signed                              Title                               Date

**EXHIBIT**

E

tabbies

(Rev. 12/2002)

**OHIO DEPARTMENT OF JOB AND FAMILY SERVICES**
P.O. Box 182413
Columbus, Ohio 43218-2413

INFORMATION MUST BE TYPED

Enter Employer Number
1237615-00-2

**Employer's Report of Wages - Supplemental**

| QTR. | YR. |
|------|-----|
| 3 | 04 |

A & K Rock Drilling, Inc.
26355 Jelloway Rd
Danville, Ohio 43014

2. Enter the employer name and business address to the left, and quarter/year above, exactly as shown on Form JFS 66111 or JFS 66112 as applicable

Double Space Following Data:

| 3. Employee's Social Security Account Number | 4. Employee's Name Last Name | First Initial | Middle Initial | 5. Total Gross Wages Paid This Quarter | 6. No of Weeks |
|---|---|---|---|---|---|
| | Atherton, E. . | | | 6090.00 | 13 |
| | Klodt, G. | | | 9548.28 | 13 |
| | Colopy D. T. | | | 10419.91 | 13 |
| | Weber, M. | | | 14613.30 | 13 |
| | Wilson, R. L. | | | 12109.50 | 13 |
| | Cataline, E. | | | 170.00 | 1 |
| | Stump, J. | | | 6186.81 | 10 |

7. Total this page only ➤ 59137.80

8. Page of pages 2 2

AGENCY USE ONLY

I certify that the information contained in this report is true and correct.

Signed _____ Title _____ Date _____



OHIO DEPARTMENT OF JOB AND FAMILY SERVICES
P.O. Box 182413
Columbus. Ohio 43218-2413

**Employer's Report of Wages - Supplemental**

| QTR. | YR. |
|------|-----|
| 4 | 04 |

ALL INFORMATION MUST BE TYPED

1. Enter Employer Number
1237615-00-2

A & K Rock Drilling, Inc.
26355 Jelloway Rd
Danville, Ohio 43014

2. Enter the employer name and business address to the left, and quarter/year above, exactly as shown on Form JFS 66111 or JFS 66112 as applicable

Double Space Following Data:

| 3. Employee's Social Security Account Number | 4. Employee's Name Last Name | First Initial | Middle Initial | 5. Total Gross Wages Paid This Quarter | 6. No. of Weeks |
|---|---|---|---|---|---|
| | Atherton, E. | | | 6090.00 | 13 |
| | Bricker, P. E. | | | 6785.94 | 10 |
| | Klodt, G. | | | 9548.28 | 13 |
| | Colopy D. T. | | | 10700.83 | 13 |
| | Wilson, R. L. | | | 12448.80 | 13 |
| | Stump, J. | | | 6669.00 | 8 |
| | Wright, K. L. | | | 449.40 | 1 |

7. Total this page only ▶

8. Page of pages

AGENCY USE ONLY

I certify that the information contained in this report is true and correct.

Signed _____    Title _____    Date _____

OHIO DEPARTMENT OF JOB AND FAMILY SERVICES
P.O. Box 182413
Columbus, Ohio 43218-2413

**Employer's Report of Wages - Supplemental**

| QTR. | YR. |
|------|-----|
| 1 | 05 |

1. Enter Employer Number
1237615=00=2

INFORMATION MUST BE TYPED

A & K Rock Drilling, Inc.
26355 Jelloway Rd
Danville, Ohio 43014

2. Enter the employer name and business address to the left, and quarter/year above, exactly as shown on Form JFS 66111 or JFS 66112 as applicable

Double Space Following Data:

| 3. Employee's Social Security Account Number | 4. Employee's Name Last Name | First Initial | Middle Initial | 5. Total Gross Wages Paid This Quarter | 6. No. of Weeks |
|---|---|---|---|---|---|
| | Atherton, E. | | | 4350.00 | 13 |
| | Klodt, G. | | | 6138.18 | 13 |
| | Colopy D. T. | | | 989.20 | 1 |
| | Wilson, R. L. | | | 2620.80 | 3 |
| | Bricker, P. E. | | | 1033.62 | 3 |
| | Pershing, J. W. | | | 1148.50 | 2 |

7. Total this page only ⟶

8. Page of pages

AGENCY USE ONLY

I certify that the information contained in this report is true and correct.

_____ _____ _____
Signed                    Title                    Date



rev. 12/2002)

OHIO DEPARTMENT OF JOB AND FAMILY SERVICES
P.O. Box 182413
Columbus, Ohio 43218-2413

INFORMATION MUST BE TYPED

Employer's Report of Wages - Supplemental

Enter Employer Number

1237615-00-2

| QTR. | YR. |
|------|-----|
| 2 | 05 |

A & K Rock Drilling, Inc.
26355 Jelloway Rd
Danville, Ohio 43014

Double Space Following Data:

2. Enter the employer name and business address to the left, and quarter/year above, exactly as shown on Form JFS 66111 or JFS 66112 as applicable

| 3. Employee's Social Security Account Number | 4. Employee's Name Last Name / First Initial / Middle Initial | 5. Total Gross Wages Paid This Quarter | 6. No. of Weeks |
|---|---|---|---|
| | Atherton, E. | 5655.00 | 13 |
| | Klodt, G. | 9548.28 | 13 |
| | Colopy D. T. | 12037.56 | 13 |
| | Wilson, R. L. | 12248.00 | 13 |
| | Bricker, P. E. | 10261.02 | 13 |
| | Pershing, J. W. | 8188.37 | 13 |
| | Stump, J. | 3321.90 | 6 |
| | Bricker, J. | 224.70 | 1 |

7. Total this page only →

61484.83

| 8. Page of pages |
|---|
| 2 | 2 |

AGENCY USE ONLY

I certify that the information contained in this report is true and correct.

_____ _____ _____
Signed                    Title                    Date

.3 (Rev. 12/2002)

**OHIO DEPARTMENT OF JOB AND FAMILY SERVICES**
P.O. Box 182413
Columbus, Ohio 43218-2413

**INFORMATION MUST BE TYPED**
Enter Employer Number

**Employer's Report of Wages - Supplemental**

| QTR. | YR. |
|------|-----|
| 3 | 0 |

1237615-00-2

A & K Rock Drilling, Inc.
26355 Jelloway Rd
Danville, Ohio 43014

2. Enter the employer name and business address to the left, and quarter/year above, exactly as shown on Form JFS 66111 or JFS 66112 as applicable

Double Space Following Data:

| 3. Employee's Social Security Account Number | 4. Employee's Name Last Name | First Initial | Middle Initial | 5 Total Gross Wages Paid This Quarter | 6. No. of Weeks |
|---|---|---|---|---|---|
| | Atherton, E. | | | 6090.00 | 13 |
| | Klodt, G. | | | 9548.28 | 13 |
| | Colopy D. T. | | | 11747.65 | 13 |
| | Wilson, R. L. | | | 12652.70 | 13 |
| | Bricker, P. E. | | | 7775.92 | 13 |
| | Pershing, J. W. | | | 2275.56 | 4 |
| | Stump, J. | | | 1509.30 | 4 |
| | Bricker, J. | | | 5010.81 | 13 |

| 7. Total this page only | 56610.22 | 8. Page of pages 2 | 2 | AGENCY USE ONLY |
|---|---|---|---|---|

I certify that the information contained in this report is true and correct.

_____      _____      _____
Signed                                      Title                                            Date

(Rev. 1/2002)

OHIO DEPARTMENT OF JOB AND FAMILY SERVICES

P.O. Box 182413

Columbus, Ohio 43218-2413

**Employer's Report of Wages - Supplemental**

ALL INFORMATION MUST BE TYPED

1. Enter Employer Number

1237615-00-2

| QTR. | YR. |
|------|-----|
| 4 | 05 |



A & K Rock Drilling, Inc.
26355 Jelloway Rd
Danville, Ohio 43014

2. Enter the employer name and business address to the left, and quarter/year above, **exactly as** shown on Form JFS 66111 or JFS 66112 as applicable

Double Space Following Data:

| 3 Employee's Social Security Account Number | 4 Employee's Name Last Name | First Initial | Middle Initial | 5 Total Gross Wages Paid This Quarter | 6 No of Weeks |
|---|---|---|---|---|---|
| | Atherton, E. | | | 5655.00 | 13 |
| | Klodt, G. | | | 8866.26 | 13 |
| | Colopy D. T. | | | 5078.70 | 13 |
| | Wilson, R. L. | | | 12298.00 | 13 |
| | Pershing, J. W. | | | 2925.72 | 9 |
| | Stump, J. | | | 2832.84 | 9 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

| 7. Total this page only | | 8. Page of pages | AGENCY USE ONLY |
|---|---|---|---|
| | 37656.52 | 2  2 | |

I certify that the information contained in this report is true and correct

_____     _____     _____
Signed                          Title                              Date

(Rev. 12/2002)

**OHIO DEPARTMENT OF JOB AND FAMILY SERVICES**
P.O. Box 182413
Columbus, Ohio 43218-2413

**Employer's Report of Wages - Supplemental**

INFORMATION MUST BE TYPED
Enter Employer Number

1237615-00-2

| QTR. | YR. |
|------|-----|
| 1 | 06 |

A & K Rock Drilling, Inc.
26355 Jelloway Rd
Danville, Ohio 43014

2. Enter the employer name and business address to the left, and quarter/year above, exactly as shown on Form JFS 66111 or JFS 66112 as applicable

Double Space Following Data:

| 3. Employee's Social Security Account Number | 4. Employee's Name Last Name / First Initial / Middle Initial | 5. Total Gross Wages Paid This Quarter | 6. No of Weeks |
|---|---|---|---|
| | Atherton, E. | 5655.00 | 13 |
| | Klodt, G. | 8866.26 | 13 |
| | Colopy D. T. | 1795.50 | 8 |
| | Wilson, R. L. | 12298.00 | 13 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

7. Total this page only ⟶ 28614.76

8. Page of pages: 2 2

AGENCY USE ONLY

I certify that the information contained in this report is true and correct.

Signed _____  Title _____  Date _____

(Rev. 12/2002)

**OHIO DEPARTMENT OF JOB AND FAMILY SERVICES**
P.O. Box 182413
Columbus, Ohio 43218-2413

INFORMATION MUST BE TYPED
Enter Employer Number

**Employer's Report of Wages - Supplemental**

237615-00-2



| QTR. | YR. |
|------|-----|
| 2 | 06 |

A & K Rock Drilling, Inc.
26355 Jelloway Rd
Danville, Ohio 43014

Double Space Following Data

2. Enter the employer name and business address to the left, and quarter/year above, exactly as shown on Form JFS 66111 or JFS 66112 as applicable

| 3. Employee's Social Security Account Number | 4 Employee's Name Last Name | First Initial | Middle Initial | 5 Total Gross Wages Paid This Quarter | 6 No. of Weeks |
|---|---|---|---|---|---|
| ▓ | Atherton, E. | | | 5220.00 | 13 |
| ▓ | Klodt, G. | | | 8184.24 | 13 |
| ▓ | Colopy D. T. | | | 8777.00 | 13 |
| ▓ | Wilson, R. L. | | | 12650.80 | 13 |
| ▓ | Klein, J.W. | | | 6896.40 | 8 |
| ▓ | Stump, J. | | | 4694.00 | 8 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

7. Total this page only ➡ 46422.44    8. Page 2 of 2

AGENCY USE ONLY

I certify that the information contained in this report is true and correct.

_____ _____ _____
Signed                    Title                    Date

(13 (Rev. 12/2002)

**OHIO DEPARTMENT OF JOB AND FAMILY SERVICES**
P.O. Box 182413
Columbus, Ohio 43218-2413

*ALL INFORMATION MUST BE TYPED*

**Employer's Report of Wages - Supplemental**

| QTR. | YR. |
|------|-----|
| 3 | 06 |

1. Enter Employer Number

 237615-00-2

A & K Rock Drilling, Inc.
26355 Jelloway Rd
Danville, Ohio 43014

2. Enter the employer name and business address to the left, and quarter/year above, exactly as shown on Form JFS 66111 or JFS 66112 as applicable



Double Space Following Data:

| 3. Employee's Social Security Account Number | 4. Employee's Name — Last Name | First Initial | Middle Initial | 5. Total Gross Wages Paid This Quarter | 6. No. of Weeks |
|---|---|---|---|---|---|
| | Atherton, E. | | | 5655.00 | 13 |
| | Klodt, G. | | | 8866.26 | 13 |
| | Colopy D. T. | | | 11135.00 | 13 |
| | Wilson, R. L. | | | 12807.60 | 13 |
| | Klein, J.W. | | | 9852.00 | 13 |
| | Stump, J. | | | 6501.19 | 13 |

7. Total this page only ➤ 54817.05

AGENCY USE ONLY

I certify that the information contained in this report is true and correct.

Signed _____ Title _____ Date _____

Case: 2:16-cv-00739-ALM-KAJ Doc #: 26-3 Filed: 05/05/17 Page: 246 of 288 PAGEID #: 974

OHIO DEPARTMENT OF JOB AND FAMILY SERVICES
P.O. Box 182413
Columbus, Ohio 43218-2413

**Employer's Report of Wages - Supplemental**

INFORMATION MUST BE TYPED

Employer Number
237615-00-2

| QTR. | YR. |
|------|-----|
| 4 | 06 |

A & K Rock Drilling, Inc.
26355 Jelloway Rd
Danville, Ohio 43014

2. Enter the employer name and business address to the left, and quarter/year above, exactly as shown on Form JFS 66111 or JFS 66112 as applicable

Double Space Following Date:

| 3. Employee's Social Security Account Number | 4. Employee's Name Last Name | First Initial | Middle Initial | 5. Total Gross Wages Paid This Quarter | 6. No. of Weeks |
|---|---|---|---|---|---|
|  | Atherton, E. |  |  | 6090.00 | 13 |
|  | Klodt, G. |  |  | 9548.28 | 13 |
|  | Colopy D. T. |  |  | 1310.00 | 4 |
|  | Wilson, R. L. |  |  | 13792.80 | 13 |
|  | Stump, J. |  |  | 469.40 | 2 |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

| 7. Total this page only ⟶ | 31210.48 | 2 | 2 |
|---|---|---|---|

AGENCY USE ONLY ☐

I certify that the information contained in this report is true and correct.

_____        _____        _____
Signed                              Title                              Date

(2002)

## OHIO DEPARTMENT OF JOB AND FAMILY SERVICES
P.O. Box 182413
Columbus, Ohio 43218-2413

INFORMATION MUST BE TYPED

### Employer's Report of Wages - Supplemental

| QTR. | YR. |
|------|-----|
| 1 | 07 |

. Enter Employer Number

1237615-00-2

A & K Rock Drilling, Inc.
26355 Jelloway Rd
Danville, Ohio 43014

2. Enter the employer name and business address to the left, and quarter/year above, exactly as shown on Form JFS 66111 or JFS 66112 as applicable

Double Space Following Data:

| 3. Employee's Social Security Account Number | 4. Employee's Name Last Name | First Initial | Middle Initial | 5. Total Gross Wages Paid This Quarter | 6. No. of Weeks | |
|---|---|---|---|---|---|---|
| | Atherton, E. | | | 5655.00 | 13 | |
| | Colopy, D. T. | | | 2096.00 | 9 | |
| | Klodt, G. | | | 8184.24 | 13 | |
| | Stump, J. | | | 1877.60 | 9 | |
| | Wilson, R. L. | | | 11822.40 | 13 | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| 7. Total this page only ⟶ | | | | 29635.24 | 2 | 2 |

AGENCY USE ONLY ☐

I certify that the information contained in this report is true and correct.

_____         _____         _____
Signed                                          Title                                                 Date

# Employer's Report of Wages

(Rev. 2/2006)

P.O. Box 182413
Columbus, Ohio 43218-2413

111

**TION MUST BE TYPED**

**This report may now be filed via the Internet.**

To file and pay online, please register with the Ohio Business Gateway at https://ohiobusinessgateway.ohio.gov.
If you file online, please do not file this paper form.

| Federal Identification Number | QTR. | YR. |
|---|---|---|
| 34-1889835 | 2 | 07 |

**loyer Number**
7615-00-2

A & K ROCK DRILLING INC.
26355 JELLOWAY RD
DANVILLE OH 43014-9426

**ENTER GRAND TOTALS**

| 1. Total pages of this report including this page and any supplemental pages: | 2. Total gross wages paid from this page and all supplemental pages. (Also enter in item 10 on next page.) |
|---|---|
| 1 | 3504.20 |

Double Space Following Data

| 3. Employee's Social Security Account Number | 4. Employee's Name Last Name / First Initial / Middle Initial | 5. Total Gross Wages Paid This Quarter | 6. No. of Weeks |
|---|---|---|---|
| ▓▓▓▓▓▓▓ | Colopy, D.T. | 3504.20 | 13 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**MARK THE APPROPRIATE BOX: (IF APPLICABLE)**

☐ Place an X here if you had no workers and paid no wages this quarter or file by telephone by calling toll free 1-866-448-2829.

☐ Place an X here if individual employees' wages are reported on magnetic tape or diskette. (Complete Employer's Contribution Report, sign at both places indicated and submit the form with your tape or diskette.)

**NOTE:**
If you are filing on form JFS-66111 and have more than twenty (20) employees, list additional employees on Form JFS-66113, EMPLOYER'S REPORT OF WAGES - SUPPLEMENTAL.

I certify that the information contained in this report is true and correct.

_____ Signed

_____ Title

_____ Date

**AGENCY USE ONLY** ☐

| 7. Total this page only ⟶ | 3504.20 | 8. Page of pages 1 1 |
|---|---|---|

(Rev. 12/2002)

**OHIO DEPARTMENT OF JOB AND FAMILY SERVICES**

P.O. Box 182413

Columbus, Ohio 43218-2413

**Employer's Report of Wages - Supplemental**

| QTR. | YR. |
|------|-----|
| 3 | 07 |

INFORMATION MUST BE TYPED

Enter Employer Number

237615-00-2

A & K Rock Drilling, Inc.
26355 Jelloway Rd
Danville, Ohio 43014

2. Enter the employer name and business address to the left, and quarter/year above, exactly as shown on Form JFS 66111 or JFS 66112 as applicable

Double Space Following Data:

| 3. Employee's Social Security Account Number | 4. Employee's Name Last Name | First Initial | Middle Initial | 5. Total Gross Wages Paid This Quarter | 6. No. of Weeks |
|---|---|---|---|---|---|
| | Klein, J. W. | | | 1970.40 | 2 |
| | Powers, J. L. | | | 1969.60 | 3 |
| | Schrock, M. M. | | | 3554.81 | 5 |
| | Stump, J. | | | 9714.70 | 10 |
| | Wilson, R. L. | | | 10837.20 | 10 |
| | Smith, W. J. | | | 1969.60 | 2 |
| 3 | | | | | |

7. Total this page only ➤ 30016.31 | 2 | 2

AGENCY USE ONLY

I certify that the information contained in this report is true and correct.

_____  _____  _____
Signed                   Title                    Date

OHIO DEPARTMENT OF JOB AND FAMILY SERVICES
P.O. Box 182413
Columbus, Ohio 43218-2413

**Employer's Report of Wages - Supplemental**

| QTR. | YR. |
|------|-----|
| 4 | 07 |

INFORMATION MUST BE TYPED

Employer Number

237615-00-2

A & K Rock Drilling, Inc.
26355 Jelloway Rd
Danville, Ohio 43014

2. Enter the employer name and business address to the left, and quarter/year above, exactly as shown on Form JFS 66111 or JFS 66112 as applicable

Double Space Following Data:

| 3. Employee's Social Security Account Number | 4. Employee's Name Last Name | First Initial | Middle Initial | 5. Total Gross Wages Paid This Quarter | 6. No. of Weeks |
|---|---|---|---|---|---|
| ███████ | Stump, J. | | | 1877.60 | 2 |
| ███████ | Wilson, R. L. | | | 11822.40 | 13 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

7. Total this page only ➤ 13700.00

8. Page of pages 2 2

AGENCY USE ONLY ☐

I certify that the information contained in this report is true and correct.

_____     _____     _____
Signed                    Title                    Date

| DATE STAMP ONLY | FOR ANY QUARTER OF THE YEAR OF | OHIO DEPARTMENT OF JOB AND FAMILY SERVICES |
|---|---|---|

**FOR ANY QUARTER OF THE YEAR OF**

2008

**EMPLOYER ACCOUNT NUMBER**

1237615-00-2

**OHIO DEPARTMENT OF JOB AND FAMILY SERVICES**
P.O. BOX 182404
COLUMBUS, OHIO 43218-2404
www.jfs.ohio.gov
**Employer's Contribution Report**
**AND REPORT TO DETERMINE LIABILITY**

IF THIS REPORT IS USED AS THE ORIGINAL FOR ANY QUARTER, MARK AN "X" IN THE SQUARE. ☑

IF THIS REPORT IS USED AS SUPPLEMENTAL TO A PREVIOUS REPORT, MARK "X" IN THE CIRCLE. ◯

**See Instructions on Reverse Side**

Name and address

A & K ROCKDRILLING, INC.
26355 JELLOWAY ROAD
DANVILLE, OH 43014

|  |  | YES | NO |
|---|---|---|---|
| 1a. | Were you subject to the federal unemployment tax act for the PRECEDING CALENDAR YEAR? | ✓ | |
| b. | Are you subject to the federal unemployment tax act for the CURRENT CALENDAR YEAR? | ✓ | |
| c. | Did you employ at least one individual for some portion of a day in each of twenty weeks during the CURRENT or PRECEDING CALENDAR YEAR? | ✓ | |
| d. | Did you pay wages totaling fifteen hundred dollars ($1500) in any calendar quarter during the CURRENT or PRECEDING CALENDAR YEAR? | ✓ | |

Year 2008    **TOTAL CONTRIBUTION RATE** .090

**FORFEITURE** A forfeiture is charged for failure to file a quarterly contribution report. See item 6 on reverse side of employer's copy.

**INTEREST** Interest will be charged on delinquent contributions. See item 7 on reverse side of the employer's copy.

**AGENCY USE ONLY**

| Number of Covered Workers 2 | January | 0 | April | | July | | October | |
| | February | 0 | May | | August | | November | |
| | March | 0 | June | | September | | December | |

| | TOTAL WAGES PAID 3 | TAXABLE WAGES 4 | AGENCY USE ONLY | CONTRIBUTIONS DUE 5 | AGENCY USE ONLY | FORFEITURE 6 | INTEREST 7 | AGENCY USE ONLY | AMOUNT PAID THIS QUARTER 8 |
|---|---|---|---|---|---|---|---|---|---|
| First Quarter | 0.00 | 0.00 | | 0.00 | | | | F I | 0.00 |
| Second Quarter | | | | | | | | F I | |
| Third Quarter | | | | | | | | F I | |
| Fourth Quarter | | | | | | | | F I | |
| Total | 0.00 | 0.00 | | 0.00 | | 0.00 | | F I | 0.00 |

Notice of Assessment

**MAKE CHECKS OR MONEY ORDERS PAYABLE TO THE OHIO DEPARTMENT OF JOB AND FAMILY SERVICES at COLUMBUS, OHIO.** Payment of contributions must be made to the office of the Ohio Department of Job and Family Services, Columbus, Ohio 43218, or to a representative of this agency upon his or her demand.

| TOTAL PAID |
|---|
| $0.00 |

9. If you have sold or dissolved your business indicate the date. Date _____ sold _____ in whole _____ in part
If sold indicate to whom

| Refund | |
| Adjustment | |
| Extended | |
| Audited | |

For agency use only

JFS 08109 (Rev. 8/2005)

I certify that the information contained in this report is true and correct. No part of the contribution was, or is to be deducted from the worker's wages.

Signed _____

Payroll Auditor _____

Date _____

Title _____

Date _____

| QUARTER | YEAR |
|---|---|
| IF NOT A FULL YEAR | |
| 01 | 2008 |

**ORIGINAL** - This must be mailed to ODJFS
**DUPLICATE** - Retain for your files

Reproduction of this form is Prohibited.



OHIO DEPARTMENT OF JOB AND FAMILY SERVICES

Columbus, Ohio 43218-2413

**Employer's Report of Wages - Supplemental**

| QTR. | YR. |
|---|---|
| 2 | 2008 |

JFS. 12/2002
INFORMATION MUST BE TYPED
Employer Number
1237615-00-2

A & K ROCK DRILLING, INC.
26355 JELLOWAY ROAD
DANVILLE, OH 43014

2. Enter the employer name and business address to the left, and quarter/year above, exactly as shown on Form JFS 66111 or JFS 66112 as applicable

Double Space Following Data:

| 3. Employee's Social Security Account Number | 4. Employee's Name Last Name | First Initial | Middle Initial | 5. Total Gross Wages Paid This Quarter | 6. No. of Weeks |
|---|---|---|---|---|---|
| | STUMP, J | | | 6466.31 | 9 |
| | WILSON, R L | | | 8902.80 | 9 |
| | KLODT, K R | | | 5341.17 | 9 |

| 7. Total this page only | | 20710.28 | 2 | 8. Page of pages: 2 | AGENCY USE ONLY |
|---|---|---|---|---|---|

I certify that the information contained in this report is true and correct.

_____  _____  _____
Signed                    Title                         Date



OHIO DEPARTMENT OF JOB AND FAMILY SERVICES
P.O. Box 182413
Columbus, Ohio 43218-2413

**Employer's Report of Wages - Supplemental**

| QTR. | YR. |
|------|-----|
| 3 | 2008 |

ATION MUST BE TYPED
Employer Number
1237615-00-2

A & K ROCK DRILLING, INC.
26355 JELLOWAY ROAD
DANVILLE, OH 43014

2. Enter the employer name and business address to the left, and quarter/year above, exactly as shown on Form JFS 66111 or JFS 66112 as applicable

Double Space Following Data:

| 3. Employee's Social Security Account Number | 4. Employee's Name Last Name | First Initial | Middle Initial | 5. Total Gross Wages Paid This Quarter | 6. No. of Weeks |
|---|---|---|---|---|---|
| ███ | STUMP, J | | | 2985.23 | 4 |
| ███ | WILSON, R L | | | 8866.80 | 8 |
| ███ | KLODT, K R | | | 1910.09 | 4 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

7. Total this page only ⟶                          | 13762.12 | 2 | 2 |

8. Page of pages    AGENCY USE ONLY

I certify that the information contained in this report is true and correct.

_____         _____         _____
Signed                          Title                           Date



OHIO DEPARTMENT OF JOB AND FAMILY SERVICES
P.O. Box 182413
Columbus, Ohio 43218-2413

**Employer's Report of Wages - Supplemental**

| QTR. | YR. |
|------|-----|
| 4 | 2008 |

INFORMATION MUST BE TYPED
Enter Employer Number

1237615-00-2

A & K ROCK DRILLING, INC.
26355 JELLOWAY ROAD
DANVILLE, OH 43014

2. Enter the employer name and business address to the left, and quarter/year above, exactly as shown on Form JFS 66111 or JFS 66112 as applicable

Double Space Following Data:

| 3. Employee's Social Security Account Number | 4. Employee's Name Last Name | First Initial | Middle Initial | 5. Total Gross Wages Paid This Quarter | 6. No. of Weeks |
|---|---|---|---|---|---|
| | WILSON, R L | | | 6896.40 | 8 |
| | KLODT, K R | | | 3050.00 | 8 |

| 7. Total this page only | | | | 9946.40 | 2 | 2 |

AGENCY USE ONLY

I certify that the information contained in this report is true and correct.

Signed _____ Title _____ Date _____



JFS·66113 (Rev. 12/2002)

OHIO DEPARTMENT OF JOB AND FAMILY SERVICES
P.O. Box 182413
Columbus, Ohio 43218-2413

**Employer's Report of Wages - Supplemental**

| QTR. | YR. |
|------|------|
| 1 | 2009 |

ALL INFORMATION MUST BE TYPED

1. Enter Employer Number

1237615-00-2

A & K ROCK DRILLING, INC.
26355 JELLOWAY ROAD
DANVILLE, OH 43014

2. Enter the employer name and business address to the left, and quarter/year above, exactly as shown on Form JFS 66111 or JFS 66112 as applicable

Double Space Following Data:

| 3. Employee's Social Security Account Number | 4. Employee's Name Last Name | First Initial | Middle Initial | 5. Total Gross Wages Paid This Quarter | 6. No. of Weeks | |
|---|---|---|---|---|---|---|
| | WILSON, R I | | | 14186.56 | 13 | |
| | KLODT, K R | | | 7868.68 | 13 | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| 7. Total this page only | | 22055.24 | 2 | 2 | AGENCY USE ONLY |
|---|---|---|---|---|---|

I certify that the information contained in this report is true and correct.

_____     _____     _____
        Signed                          Title                           Date



JFS 66113 (Rev. 12/2002)

OHIO DEPARTMENT OF JOB AND FAMILY SERVICES
P.O. Box 182413
Columbus, Ohio 43218-2413

**Employer's Report of Wages - Supplemental**

| QTR. | YR. |
|------|-----|
| 2 | 2009 |

ALL INFORMATION MUST BE TYPED

1. Enter Employer Number

1237615-00-2

A & K ROCK DRILLING, INC.
26355 JELLOWAY ROAD
DANVILLE, OH 43014

2. Enter the employer name and business address to the left, and quarter/year above, exactly as shown on Form JFS 66111 or JFS 66112 as applicable

Double Space Following Date:

| 3. Employee's Social Security Account Number | 4. Employee's Name Last Name | First Initial | Middle Initial | 5. Total Gross Wages Paid This Quarter | 6. No. of Weeks |
|---|---|---|---|---|---|
| | WILSON, R L | | | 12817.60 | 13 |
| | KLODT, K R | | | 5673.00 | 13 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

| 7. Total this page only ⟶ | | 8. Page of pages | | AGENCY USE ONLY |
|---|---|---|---|---|
| 18490.60 | 2 | 2 | | ☐ |

I certify that the information contained in this report is true and correct.

_____     _____     _____
Signed                          Title                          Date

**Detailed Instructions**
**Employer's Contribution Report**

This form is to be used only by the entity whose name has been preprinted thereon for reporting the number of covered workers and the remuneration paid them for all pay periods within the quarter and year shown on the face of this report.

ITEM NO. (Note: item numbers correspond to numbers on the face of the Employer's Contribution Report).

9. NUMBER OF COVERED WORKERS to be reported is a count of employees who worked during, or received pay for, any part of the pay period which includes the twelfth (12th) of the given month. If a pay period covers only one day, count the number of workers for the workday on or nearest the twelfth. If you have more than one type of pay period which includes the twelfth, report the number of workers in all types.

   **Report** all covered workers earning remuneration including workers who have already received wages in excess of the $9,000 limit for the calendar year. Also report workers on paid vacation and on paid sick leave during the pay period which includes the twelfth of the the month. This count should include all full time and part time workers.

   **Do not report** workers who earned no remuneration during the pay period because of labor management disputes, unpaid vacation, unpaid sick leave, or lay off.

10. TOTAL GROSS WAGES PAID is defined under the General Information section. The amount reported in item 10 must correspond with the amount reported in item 2 on the Employer's Report of Wages.

11. TAXABLE WAGES must equal Total Gross Wages Paid (item 10) less excluded wages in excess of $9,000, as defined under General Information.

12. To compute AMOUNT DUE, multiply item 11, Taxable Wages, by the total rate indicated on the face of the report. For example: using a rate of 5.9% multiply 0.059 times the wages in item 11. In the payment of contributions, a fractional part of a dollar may be disregarded unless it amounts to fifty cents or more, in which case it may be increased to the next higher dollar.

13. A FORFEITURE of twenty-five one hundredths of one percent (0.25%) of the total remuneration paid by the employer (a minimum of fifty ($50) and a maximum of one thousand dollars ($1,000)) will be assessed if this report does not conform with these instructions or is not filed by the due date.

14. Contributions not paid by the due date bear INTEREST at the annual rate of fourteen percent (14%) compounded monthly on the aggregate receivable balance due and any fraction of a month shall be considered a full month.

15. To compute the TOTAL AMOUNT DUE, add items 12, 13 and 14 and enter the total here. Make all remittances payable to the "Ohio Department of Job and Family Services" at Columbus, Ohio. Submit one remittance with each report. **DO NOT SEND CURRENCY BY MAIL.**

C905071
11002R1P40

---

3RD QTR 2009    42

**Employer's Contribution Report**

Please contact the Contribution Section at (614) 466-2319
If you require assistance with this report.

To avoid assessments of forfeiture and interest both this portion and the portion on the previous page and any supplemental pages must be postmarked on or before

OCT 31 2009

☐ Place an X here if you had no workers and paid no wages this quarter or file by telephone by calling toll free 1-866-448-2829.

3/3/2/2
07-01-99

**DO NOT WRITE IN THIS SPACE**

| Debit Memorandum | (Date Envelope Postmarked) |
|---|---|
| Aud | Ext |
| Ref | Adj |

EMPLOYER NUMBER    1237615-00-2

3091130123761500230911301237615002

| CONTRIBUTION RATE | 9. | Number of covered workers | | | 10. TOTAL GROSS WAGES PAID (must match item 2 from previous page) | | |
|---|---|---|---|---|---|---|---|
| 11.300 % | | JUL | AUG | SEP | 0.00 | | Agency use only |
| | | 0 | 0 | 0 | 11. TAXABLE WAGES (first $9,000 paid to each employee annually) 0.00 | | |

LEASE
EAD
HE
ETAILED
ISTR
IONS
BOVE
EFORE
OM-
LETING
HIS
ORM.

165100

A & K ROCK DRILLING, INC.
26355 JELLOWAY RD
DANVILLE OH 43014-9426

Do not show address changes on this page. Use attached form JFS-66111A.

Make all remittances payable to the "Ohio Department of Job and Family Services" or "ODJFS"

12. CONTRIBUTION DUE
Multiply item 11 above by
0.113    0.00

13. FORFEITURE DUE
See instructions above

14. INTEREST DUE
See instructions above

15. TOTAL AMOUNT DUE
(sum of items 12, 13 and 14)    0.00

MAIL THIS COPY

Signed _____ Date _____
Title

| DATE STAMP ONLY | FOR ANY QUARTER OF THE YEAR OF | OHIO DEPARTMENT OF JOB AND FAMILY SERVICES |
| --- | --- | --- |

FOR ANY QUARTER OF THE YEAR OF

2000

Employer number

1237615-60 2

OHIO DEPARTMENT OF JOB AND FAMILY SERVICES
145 SOUTH FRONT STREET    P.O. BOX 182404
COLUMBUS, OHIO 43218-2404

**Employer's Contribution Report**
**AND REPORT TO DETERMINE LIABILITY (UCO-2R)**

IF THIS REPORT IS USED AS THE ORIGINAL FOR ANY QUARTER, MARK AN "X" IN THE SQUARE.

IF THIS REPORT IS USED AS SUPPLEMENTAL TO A PREVIOUS REPORT, MARK "X" IN THE CIRCLE.

See Instructions on Reverse Side

**Name and address**

| | | YES | NO |
| --- | --- | --- | --- |
| 1a. | Were you subject to the federal unemployment tax act for the PRECEDING CALENDAR YEAR? | X | |
| b. | Are you subject to the federal unemployment tax act for the CURRENT CALENDAR YEAR? | | X |
| c. | Did you employ at least one individual for some portion of a day in each of twenty weeks during the CURRENT or PRECEDING CALENDAR YEAR? | | X |
| d. | Did you pay wages totaling fifteen hundred dollars ($1500) in any calendar quarter during the CURRENT or PRECEDING CALENDAR YEAR? | | X |

**Year** 2000    **TOTAL CONTRIBUTION RATE** .113

| FORFEITURE | A forfeiture is charged for failure to file a quarterly contribution report. See item 6 on reverse side of employer's copy. | AGENCY USE ONLY |
| --- | --- | --- |
| INTEREST | Interest will be charged on delinquent contributions. See item 7 on reverse side of the employer's copy. | |

| Number of Covered Workers 2 | January | April | July | October | 0 |
| --- | --- | --- | --- | --- | --- |
| | February | May | August | November | 0 |
| | March | June | September | December | 0 |

| | TOTAL WAGES PAID 3 | TAXABLE WAGES 4 | AGENCY USE ONLY | CONTRIBUTIONS DUE 5 | AGENCY USE ONLY | FORFEITURE 6 | INTEREST 7 | AGENCY USE ONLY | AMOUNT PAID THIS QUARTER 8 |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| First Quarter | | | | | | | | F | |
| | | | | | | | | I | |
| Second Quarter | | | | | | | | F | |
| | | | | | | | | I | |
| Third Quarter | | | | | | | | F | |
| | | | | | | | | I | |
| Fourth Quarter | 0.00 | 0.00 | | 0.00 | | | | F | 0.00 |
| | | | | | | | | I | |
| Total | 0.00 | 0.00 | | 0.00 | | | | F | 0.00 |

| Notice of Assessment | MAKE CHECKS OR MONEY ORDERS PAYABLE TO THE OHIO DEPARTMENT OF JOB AND FAMILY SERVICES at COLUMBUS, OHIO. Payment of contributions must be made at the office of the Ohio Department of Job and Family Services, Columbus, Ohio 43216, or to a representative of this agency upon his or her demand. See reverse side. | TOTAL PAID | 0.00 |
| --- | --- | --- | --- |

9.  If you have sold or dissolved your business indicate the date.  Date _____ sold _____ In whole _____ In part _____
If sold indicate to whom

| Refund | | For agency use only |
| --- | --- | --- |
| Adjustment | | |
| Extended | | |
| Audited | | |

JFS 66105 (Rev. 4/2003)

I certify that the information contained in this report is true and correct. No part of the contribution was, or is to be deducted from the worker's wages.

Signed _____    Date _____    Title _____

Payroll auditor _____    Date _____

**ORIGINAL - This must be mailed to ODJFS**
**DUPLICATE - Retain for your files**

Reproduction of this form is Prohibited.

| QUARTER | YEAR |
| --- | --- |
| IF NOT A FULL YEAR | |
| 04 | 2000 |

**Detailed Instructions**
**Employer's Contribution Report**

This form is to be used only by the entity whose name has been preprinted thereon for reporting the number of covered workers and the remuneration paid them for all pay periods within the quarter and year shown on the face of this report.

ITEM NO. (Note: item numbers correspond to numbers on the face of the Employer's Contribution Report).

9.  NUMBER OF COVERED WORKERS to be reported is a count of employees who worked during, or received pay for, any part of the pay period which includes the twelfth (12th) of the given month. If a pay period covers only one day, count the number of workers for the workday on or nearest the twelfth. If you have more than one type of pay period which includes the twelfth, report the number of workers in all types.

    **Report** all covered workers earning remuneration including workers who have already received wages in excess of the $9,000 limit for the calendar year. Also report workers on paid vacation and on paid sick leave during the pay period which includes the twelfth of the of the month. This count should include all full time and part time workers.

    **Do not report** workers who earned no remuneration during the pay period because of labor management disputes, unpaid vacation, unpaid sick leave, or lay off.

10. TOTAL GROSS WAGES PAID is defined under the General Information section. The amount reported in item 10 must correspond with the amount reported in item 2 on the Employer's Report of Wages.

11. TAXABLE WAGES must equal Total Gross Wages Paid (item 10) less excluded wages in excess of $9,000, as defined under General Information.

12. To compute AMOUNT DUE, multiply item 11, Taxable Wages, by the total rate indicated on the face of the report. For example: using a rate of 5.9% multiply 0.059 times the wages in item 11. In the payment of contributions, a fractional part of a dollar may be disregarded unless it amounts to fifty cents or more, in which case it may be increased to the next higher dollar.

13. A FORFEITURE of twenty-five one hundredths of one percent (0.25%) of the total remuneration paid by the employer (a minimum of fifty ($50) and a maximum of one thousand dollars ($1,000)) will be assessed if this report does not conform with these instructions or is not filed by the due date.

14. Contributions not paid by the due date bear INTEREST at the annual rate of fourteen percent (14%) compounded monthly on the aggregate receivable balance due and any fraction of a month shall be considered a full month.

15. To compute the TOTAL AMOUNT DUE, add items 12, 13 and 14 and enter the total here. Make all remittances payable to the "Ohio Department of Job and Family Services" at Columbus, Ohio. Submit one remittance with each report. **DO NOT SEND CURRENCY BY MAIL.**

C805071
11002R11P40

---

**1ST QTR 2010**

To avoid assessments of forfeiture and interest both this portion and the portion on the previous page and any supplemental pages must be postmarked on or before

**APR 30 2010**

EMPLOYER NUMBER

**Employer's Contribution Report**     42

Please contact the Contribution Section at (614) 466-2319
If you require assistance with this report.

☒ Place an X here if you had no workers and paid no wages this quarter or file by telephone by calling toll free 1-866-448-2829.

2/2/4/4
07-01-99

1237615-00-2

| | DO NOT WRITE IN THIS SPACE | |
|---|---|---|
| Debit Memorandum | (Date Envelope Postmarked) | |
| Aud | Ext | |
| Ref | Adj | |

110094012376150021100940123761500 2

| CONTRIBUTION RATE | 9. | Number of covered workers | | 10. | TOTAL GROSS WAGES PAID (must match item 2 from previous page) | | Agency use only |
|---|---|---|---|---|---|---|---|
| **9.400** % | JAN | FEB | MAR | | 0.00 | | |
| | 0 | 0 | 0 | 11. | TAXABLE WAGES (first $9,000 paid to each employee annually) | | |

PLEASE READ THE DETAILED INSTRUCTIONS ABOVE BEFORE COMPLETING THIS FORM.

Make all remittances payable to the "Ohio Department of Job and Family Services" or "ODJFS"

163696

A & K ROCK DRILLING, INC.
26355 JELLOWAY RD
DANVILLE OH  43014-9426

Do not show address changes on this page. Use attached form JFS-66111A.

| | | |
|---|---|---|
| 11. TAXABLE WAGES | | 0.00 |
| 12. CONTRIBUTION DUE Multiply item 11 above by **0.094** | | 0.00 |
| 13. FORFEITURE DUE See instructions above | | |
| 14. INTEREST DUE See instructions above | | |
| 15. TOTAL AMOUNT DUE (sum of items 12, 13 and 14) | | 0.00 |

MAIL THIS COPY

Signed _____  Date _____

Title



OHIO DEPARTMENT OF JOB AND FAMILY SERVICES
P.O. Box 182410
Columbus, Ohio 43218-2413

**Employer's Report of Wages - Supplemental**

| QTR. | YR. |
|------|------|
| 2 | 2010 |

ALL INFORMATION MUST BE TYPED

1. Enter Employer Number

1237615-00-2

A & K ROCK DRILLING, INC.
26355 JELLOWAY ROAD
DANVILLE, OH 43014

2. Enter the employer name and business address to the left, and quarter/year above, exactly as shown on Form JFS 66111 or JFS 66112 as applicable

Double Space Following Data:

| 3. Employee's Social Security Account Number | Last Name | 4. Employee's Name | First Initial | Middle Initial | 5. Total Gross Wages Paid This Quarter | 6. No. of Weeks | |
|---|---|---|---|---|---|---|---|
| ███ | WILSON, R L | | | | 7411 60 | 8 | |
| | KLODT, K R | | | | 4270.00 | 8 | |

| 7. Total this page only | 11681.60 | 2 | ii. Page of pages | 2 | AGENCY USE ONLY |
|---|---|---|---|---|---|

I certify that the information contained in this report is true and correct.

_____ _____ _____
Signed                Title                Date

**OHIO DEPARTMENT OF JOB AND FAMILY SERVICES**
P.O. Box 182413
Columbus, Ohio 43218-2413
(614) 466-2319
http://unemployment.ohio.gov



**WAGE DETAIL**

FOR 0039

1. Employer Account Number

| 1 | 2 | 3 | 7 | 6 | 1 | 5 | - | 0 | 0 | - | 2 |

2. Federal Employer Identification Number ▮▮▮▮▮▮▮▮

3. Quarter | 3 |

4. Year | 1 | 0 |

5. Employer Name

| A |   | & |   | K |   | R | O | C | K | D | R | I | L | L | I | N | G | , |   | I | N | C | . |   |

| 2 | 6 | 3 | 5 | 5 |   | J | E | L | L | O | W | A | Y |   | R | O | A | D |   |

| D | A | N | V | I | L | L | E | , |   | O | H |   | 4 | 3 | 0 | 1 | 4 |

6. Total Number of Wage Detail Pages

| 1 |

7. Total Number of Employees From All Pages

| | | | 0 |

8. Total Wages From All Pages

| | | | | | | | 0 | . | 0 | 0 |

9. Total Number of Covered Workers

Month 1 | | | 0 |
Month 2 | | | 0 |
Month 3 | | | 0 |

10. MARK THE APPROPRIATE BOX: (IF APPLICABLE)

[X] Place an X here if you had no workers and paid no wages this quarter or file by telephone by calling toll free 1-866-448-2829.

[ ] Place an X here if you've paid and reported taxable wages to another state.

11. Certification: I certify that the information contained in this return is true and correct.

Signed _____

Title _____ Date _____

12. Page | 1 | of | 1 |

| 13. Employee's Social Security Number | 14. Employee's Last Name | First Initial | Middle Initial | 15. Total Wages Paid this Quarter | 16. Weeks |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

17. Total Number of Employees This Page Only | | |

18. Total Wages This Page Only | |

Agency Use Only: Postmark Date | | | | | | | | |

T

JFS 20125 (9/2010)

T

## Unemployment Compensation Quarterly Tax Return
## Quarterly Summary

This return consists of two portions. Instructions for the QUARTERLY SUMMARY portion are:

18. Enter the total wages paid. The amount reported must correspond with the amount reported in item #8 on the Wage Detail portion. Total wages paid means all remuneration including salaries, commissions, bonuses, and the cash value of any compensation other than cash, such as meals, lodging, house rent, and any other items of value given in exchange for services rendered in covered employment. Tips customarily received by an individual in the course of employment from persons other than the employer and which are accounted for by such individual to the employer are wages. (Ohio Revised Code, Section 4141.01(H))

19. Enter the taxable wages. Taxable wages means the first nine thousand dollars ($9,000) ) paid to each covered worker during the calendar year. Beginning January 1 of this year, or the date an employer becomes liable subsequent to January 1 of this year, each employee's wages must be reported and contributions paid on (1) the first $9,000 of each employee's wages; or (2) all wages earned by the employee, when the employee has earned less than $9,000 through December 31, of that year. (Ohio Revised Code, Section 4141.01(G))

20. To compute the contribution due, multiply the Taxable Wages by the Contribution Rate indicated. For example: using a Contribution Rate of 5.9%, multiply 0.059 times the taxable wages in item #19. In the payment of contributions, a fractional part of a dollar may be disregarded unless it amounts to fifty cents or more in which case it may be increased to the next higher dollar.

21. A forfeiture of twenty-five one-hundredths of one percent (.25%) of the total remuneration paid by the employer (a minimum of fifty ($50) and a maximum of one thousand dollars ($1,000)) will be assessed if this report is not filed by the due date.

22. Contributions not paid by the due date bear **INTEREST** at the annual rate of fourteen percent (14%) compounded monthly on the aggregate receivable balance due and any fraction of a month shall be considered a full month.

23. Credits are pre-populated with the information on file from your account.

24. To compute the total amount due, add items #20, 21 and 22, then subtract the amount shown in item #23. Make all payments payable to the "Ohio Department of Job and Family Services" or "ODJFS". DO NOT SEND CURRENCY BY MAIL.

CORRECTIONS/AMENDMENTS: Do not use any portion of this return to correct information previously submitted. To amend previously filed information, you must complete a Request to Amend Unemployment Compensation Quarterly Tax Return form (JFS20129).

To assure proper credit to your account, please submit your payment made payable to ODJFS with the Quarterly Summary below.

C937678 04S0006866

---

**OHIO DEPARTMENT OF JOB AND FAMILY SERVICES**
P.O. BOX 182413
Columbus, OH 43218-2413
(614) 466-2319

**Quarterly Summary**

**Agency Use Only** ◼

**17**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Employer Account Number | Quarter | Year | 18. | Wages Paid | 0 | 0 | 0 |
| 1237615-00-2 | 4 | 2010 | | | | | |
| | Contribution Rate | | 19. | Taxable Wages (first 9,000 paid to each employee) | 0 | 0 | 0 |
| | 9.4% | | | | | | |
| Employer Name | | | 20. | Contribution Due (#19 x Rate) | 0 | 0 | 0 |
| A & K ROCK DRILLING, INC. | | | 21. | Forfeiture Due (see instructions) | | | |
| 26355 JELLOWAY RD | | | | | | | |
| DANVILLE OH 43014-9426 | | | 22. | Interest Due (see instructions) | | | |
| | | | 23. | Credits | | | |
| **Amount Enclosed** | | | 24. | Total Amount Due (#20+21+22)-#23 | 0 | 0 | 0 |

$  0  0  0

171237615002042010000000000000007

OHIO OPERATING ENGINEERS FRINGE BENEFIT PROGRAMS

AUDIT REVIEW

CODE NO. _010922 400-3_ EMPLOYER _A &K Rock Drilling Inc_

TELEPHONE NO. _cell  740-222-0279_  FAX NO. _____
_office  740-599-5729_

1.  Date the audit was reviewed with contractor _____ _11/6/15_

2.  Name and title of responsible person authorized by the contractor to review audit findings:

_ED ATHERTON_

3   Period audit covered: From _____ _1/04_ . To _11/1/15_

4.  Brief report on the items discussed during the review: _____

_Audit was conducted by Mail_

_Received the State Unemployment reports, only records possible,_
_to the the Fringes & Dues remitted. Obtaining the_
_records required the assistance of Attorney B. Barch_

_Findings were noted_
_- Unreported Fringes from 1/04 to / including 3/07_
_- Unremitted Dues from 1/04 to / including 3/07, 2/08_
_& 3/08_
_- Excess Fringes paid for 8/04 & 10/04_

_Audit done by Mail_
CONTRACTOR'S SIGNATURE

AUDITOR'S SIGNATURE

NOTE: One copy to contractor and one copy submitted to the fringe benefit office with the audit.

D-25

**EXHIBIT**
<br>tables **F** _____

OOE 000589





**OHIO OPERATING ENGINEERS**
FRINGE BENEFIT PROGRAMS

1180 Dublin Road
PO Box 12009
Columbus OH 43212-0009
614.488.0708

Carol A. Wilson
Administrator

February 4, 2016

A & K ROCK DRILLING INC
26355 JELLOWAY RD
DANVILLE OH 43014-9426

#000926400-3

To Whom It May Concern:

The enclosed summary sheet(s) and adjustment schedule(s) reflect the findings of our recent audit which resulted in the disclosure of unpaid fringe benefit contributions due the Ohio Operating Engineers Fringe Benefit Programs and Union Administrative Dues which had been withheld from employees wages but not remitted.

| | |
|---|---|
| Ohio Operating Engineers Health & Welfare Plan | $23,518.67 |
| Ohio Operating Engineers Pension Fund | 14,000.44 |
| Ohio Operating Engineers Apprenticeship Fund | 2,106.36 |
| Ohio Operating Engineers Education & Safety Fund | 181.76 |
| Late Charges calculated to March 31, 2008 | 17,472.84 |
| Total due Fringe Benefit Programs | $57,280.07 |
| Local 18 Administrative Dues | 2,691.34 |
| Total Due | $59,971.41 |

In addition to the audit findings, you are liable for the payment of late charges as indicated above. Late charges accumulate at the rate of 1-1/2% per month on past due fringe benefit contributions, and are assessed as of the sixteenth day of the month. If partial payments are received, they will be applied against the oldest unpaid amounts due.

If you are in disagreement with the findings of our audit, please specify to us the reasons for such disagreement by separate letter within ten days.

If you are in agreement with the findings, your remittance in the total amount of $59,971.41 before February 15, 2016 will prevent the assessment of additional late charges.

Sincerely,

Samantha Polsinelli

Samantha Polsinelli
Assistant Administrator

SP/sm

cc: District #3
    Richard E. Dalton
    Steve Ranft
    Bryan C. Barch, Esq.

# OHIO OPERATING ENGINEERS FRINGE BENEFIT PROGRAMS
## FIELD AUDIT SUMMARY

CODE # 000926400-3   NAME: A & K Rock Drilling Inc.
26355 Jelloway Rd
Danville, OH 43014-9426

DATE: 11/6/15
AUDIT PERIOD FROM: 1/1/04   TO: 11/1/15
AUDITOR: Douglas Baker

| MONTH/YEAR | HEALTH & WELFARE | | PENSION | | APPRENTICESHIP | | EDUC. & SAFETY | | TOTAL FRINGES | ADMIN DUES | TOTAL FRINGES & DUES |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | HOURS | AMOUNT | HOURS | AMOUNT | HOURS | AMOUNT | HOURS | AMOUNT | | | |
| 1/04 | 119 1/2 | 491.15 | 119 1/2 | 358.50 | 119 1/2 | 53.78 | 119 1/2 | 4.78 | 908.21 | 56.20 | 964.41 |
| 2/04 | 119 1/2 | 491.15 | 119 1/2 | 358.50 | 119 1/2 | 53.78 | 119 1/2 | 4.78 | 908.21 | 67.29 | 975.50 |
| 3/04 | 119 1/2 | 491.15 | 119 1/2 | 358.50 | 119 1/2 | 53.78 | 119 1/2 | 4.78 | 908.21 | 44.33 | 952.54 |
| 4/04 | 119 1/2 | 491.15 | 119 1/2 | 358.50 | 119 1/2 | 53.78 | 119 1/2 | 4.78 | 908.21 | 44.33 | 952.54 |
| 5/04 | 119 1/2 | 610.65 | 119 1/2 | 358.50 | 119 1/2 | 53.78 | 119 1/2 | 4.78 | 1,027.71 | 95.98 | 1,123.69 |
| 6/04 | 119 1/2 | 610.65 | 119 1/2 | 358.50 | 119 1/2 | 53.78 | 119 1/2 | 4.78 | 1,027.71 | 82.19 | 1,109.90 |
| 7/04 | 138 3/4 | 709.02 | 138 3/4 | 416.25 | 138 3/4 | 62.44 | 138 3/4 | 5.55 | 1,193.26 | 77.04 | 1,270.30 |
| 8/04 | 129 1/4 | 660.47 | 129 1/4 | 387.75 | 129 1/4 | 58.17 | 129 1/4 | 5.17 | 1,111.56 | 117.84 | 1,229.40 |
| 9/04 | 128 3/4 | 657.92 | 128 3/4 | 386.25 | 128 3/4 | 57.94 | 128 3/4 | 5.15 | 1,107.26 | 108.48 | 1,215.74 |
| 9/04 | (40) | (204.40) | (40) | (120.00) | (40) | (18.00) | (40) | (1.60) | (344.00) | | (344.00) |
| 10/04 | (35) | (178.85) | (35) | (105.00) | (35) | (15.75) | (35) | (1.40) | (301.00) | | (301.00) |
| 10/04 | 128 3/4 | 657.92 | 128 3/4 | 386.25 | 128 3/4 | 57.94 | 128 3/4 | 5.15 | 1,107.26 | 117.46 | 1,224.72 |
| 11/04 | 128 3/4 | 657.92 | 128 3/4 | 386.25 | 128 3/4 | 57.94 | 128 3/4 | 5.15 | 1,107.26 | 105.14 | 1,212.40 |
| 12/04 | 128 3/4 | 657.92 | 128 3/4 | 386.25 | 128 3/4 | 57.94 | 128 3/4 | 5.15 | 1,107.26 | 67.45 | 1,174.71 |

Rev 11/14

OOE 000564

# OHIO OPERATING ENGINEERS FRINGE BENEFIT PROGRAMS
## FIELD AUDIT SUMMARY

CODE # 000926400-3  NAME: A & K Rock Drilling Inc.

26355 Jelloway Rd

Danville, OH 43014-9426

DATE: 11/6/15

AUDIT PERIOD FROM: 1/1/04   TO: 1/1/15

AUDITOR: Douglas Baker

| MONTH/YEAR | HEALTH & WELFARE | | PENSION | | APPRENTICESHIP | | EDUC. & SAFETY | | TOTAL FRINGES | ADMIN DUES | TOTAL FRINGES & DUES |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | HOURS | AMOUNT | HOURS | AMOUNT | HOURS | AMOUNT | HOURS | AMOUNT | | | |
| 1/05 | 82 3/4 | 422.86 | 82 3/4 | 248.25 | 82 3/4 | 37.24 | 82 3/4 | 3.31 | 711.66 | 30.69 | 742.35 |
| 2/05 | 82 3/4 | 422.86 | 82 3/4 | 248.25 | 82 3/4 | 37.24 | 82 3/4 | 3.31 | 711.66 | 30.69 | 742.35 |
| 3/05 | 82 3/4 / 169 1/2 | 422.86 / 866.15 | 82 3/4 / 169 1/2 | 248.25 / 508.50 | 82 3/4 / 169 1/2 | 37.24 / 76.28 | 82 3/4 / 169 1/2 | 3.31 / 6.78 | 711.66 / 1,457.71 | 30.69 / 64.82 | 742.35 / 1,522.53 |
| 4/05 | 128 3/4 | 657.92 | 128 3/4 | 386.25 | 128 3/4 | 57.94 | 128 3/4 | 5.15 | 1,107.26 | 47.74 | 1,155.00 |
| 5/05 | 128 3/4 | 683.67 | 128 3/4 | 386.25 | 128 3/4 | 57.94 | 128 3/4 | 5.15 | 1,133.01 | 47.74 | 1,180.75 |
| 6/05 | 128 3/4 | 683.67 | 128 3/4 | 386.25 | 128 3/4 | 57.94 | 128 3/4 | 5.15 | 1,133.01 | 47.74 | 1,180.75 |
| 7/05 | 124 | 658.44 | 124 | 372.00 | 124 | 55.80 | 124 | 4.96 | 1,091.20 | 47.74 | 1,138.94 |
| 8/05 | 124 | 658.44 | 124 | 372.00 | 124 | 55.80 | 124 | 4.96 | 1,091.20 | 114.54 | 1,205.74 |
| 9/05 | 124 | 658.44 | 124 | 372.00 | 124 | 55.80 | 124 | 4.96 | 1,091.20 | 47.74 | 1,138.94 |
| 10/05 | 115 1/4 | 611.98 | 115 1/4 | 345.75 | 115 1/4 | 51.87 | 115 1/4 | 4.61 | 1,014.21 | 44.33 | 1,058.54 |
| 11/05 | 115 1/4 | 611.98 | 115 1/4 | 345.75 | 115 1/4 | 51.87 | 115 1/4 | 4.61 | 1,014.21 | 46.93 | 1,061.14 |
| 12/05 | 115 1/4 | 611.98 | 115 1/4 | 345.75 | 115 1/4 | 51.87 | 115 1/4 | 4.61 | 1,014.21 | 44.33 | 1,058.54 |
| 1/06 | 115 1/4 | 611.98 | 115 1/4 | 345.75 | 115 1/4 | 51.87 | 115 1/4 | 4.61 | 1,014.21 | 44.33 | 1,058.54 |
| 2/06 | 115 1/4 | 611.98 | 115 1/4 | 345.75 | 115 1/4 | 51.87 | 115 1/4 | 4.61 | 1,014.21 | 44.33 | 1,058.54 |

OOE 000565

Rev 1/1/14

# OHIO OPERATING ENGINEERS FRINGE BENEFIT PROGRAMS
## FIELD AUDIT SUMMARY

CODE # 0009264003  NAME: A & K Rock Drilling Inc.  DATE: 11/6/15

26355 Jelloway Rd  AUDIT PERIOD FROM: 1/1/04  TO: 11/1/15

Danville, OH 43014-9426  AUDITOR: Douglas Baker

| MONTH/YEAR | HEALTH & WELFARE | | PENSION | | APPRENTICESHIP | | EDUC. & SAFETY | | TOTAL FRINGES | ADMIN DUES | TOTAL FRINGES & DUES |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | HOURS | AMOUNT | HOURS | AMOUNT | HOURS | AMOUNT | HOURS | AMOUNT | | | |
| 3/06 | 115 1/4 | 611.98 | 115 1/4 | 345.75 | 115 1/4 | 51.87 | 115 1/4 | 4.61 | 1,014.21 | 44.33 | 1,058.54 |
| 4/06 | 106 1/4 | 564.19 | 106 1/4 | 318.75 | 106 1/4 | 47.82 | 106 1/4 | 4.25 | 935.01 | 40.92 | 975.93 |
| 5/06 | 106 1/4 | 585.44 | 106 1/4 | 350.63 | 106 1/4 | 53.13 | 106 1/4 | 4.25 | 993.45 | 40.92 | 1,034.37 |
| 6/06 | 106 1/4 | 585.44 | 106 1/4 | 350.63 | 106 1/4 | 53.13 | 106 1/4 | 4.25 | 993.45 | 40.92 | 1,034.37 |
| 7/06 | 112 3/4 | 621.26 | 112 3/4 | 372.08 | 112 3/4 | 56.38 | 112 3/4 | 4.51 | 1,054.23 | 73.89 | 1,128.12 |
| 8/06 | 112 3/4 | 621.26 | 112 3/4 | 372.08 | 112 3/4 | 56.38 | 112 3/4 | 4.51 | 1,054.23 | 73.89 | 1,128.12 |
| 9/06 | 112 3/4 | 621.26 | 112 3/4 | 372.08 | 112 3/4 | 56.38 | 112 3/4 | 4.51 | 1,054.23 | 73.89 | 1,128.12 |
| 10/06 | 121 1/2 | 669.47 | 121 1/2 | 400.95 | 121 1/2 | 60.75 | 121 1/2 | 4.86 | 1,136.03 | 79.57 | 1,215.60 |
| 11/06 | 121 1/2 | 669.47 | 121 1/2 | 400.95 | 121 1/2 | 60.75 | 121 1/2 | 4.86 | 1,136.03 | 79.57 | 1,215.60 |
| 12/06 | 121 1/2 | 669.47 | 121 1/2 | 400.95 | 121 1/2 | 60.75 | 121 1/2 | 4.86 | 1,136.03 | 79.57 | 1,215.60 |
| 1/07 | 104 1/4 | 574.42 | 104 1/4 | 344.03 | 104 1/4 | 52.13 | 104 1/4 | 4.17 | 974.75 | 68.20 | 1,042.95 |
| 2/07 | 104 1/4 | 574.42 | 104 1/4 | 344.03 | 104 1/4 | 52.13 | 104 1/4 | 4.17 | 974.75 | 68.20 | 1,042.95 |
| 3/07 | 104 1/4 | 574.42 | 104 1/4 | 344.03 | 104 1/4 | 52.13 | 104 1/4 | 4.17 | 974.75 | 68.20 | 1,042.95 |
| 2/08 | | | | | | | | | | 98.20 | 98.20 |

Rev 11/14

OOE 000566

# OHIO OPERATING ENGINEERS FRINGE BENEFIT PROGRAMS
## FIELD AUDIT SUMMARY

CODE # 0009264400-3

NAME: A & K Rock Drilling Inc.

26355 Jelloway Rd

Danville, OH 43014-9426

DATE: 11/6/15

AUDIT PERIOD FROM: 1/1/04    TO: 11/11/15

AUDITOR: Douglas Baker

| MONTH / YEAR | HEALTH & WELFARE HOURS | HEALTH & WELFARE AMOUNT | PENSION HOURS | PENSION AMOUNT | APPRENTICESHIP HOURS | APPRENTICESHIP AMOUNT | EDUC. & SAFETY HOURS | EDUC. & SAFETY AMOUNT | TOTAL FRINGES | ADMIN DUES | TOTAL FRINGES & DUES |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 3/08 | | | | | | | | | | 73.65 | 73.65 |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| TOTALS | 4544 | 23,075.38 / 23,548.67 | 4544 | 13,740.19 / 14,000.44 | 4544 | 2,067.32 / 2,106.36 | 4544 | 178.29 / 181.76 | 39,061.18 / 39,807.23 | 2,457.21 / 2,691.34 | 41,718.39 / 42,498.57 |

OOE 000567

Rev. 11/14

FORM D-16   (9/99)

## ADJUSTMENT SCHEDULE

EMPLOYER

CODE # 0009266400-3   NAME: A & K Rock Drilling Inc.

YEAR: 2004

FIELD AUDIT   DATED: 11/6/15   AUDITOR: Douglas Baker

| SOC SEC. # | EMPLOYEE | TOTAL HOURS | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTALS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | Klodt, G G | | 119 1/2 | 119 1/2 | 119 1/2 | 119 1/2 | | | | | | | | | 478 |

| DEPOSIT DATE | TOTAL HOURS | JAN | FEB | MAR | APR | TOTALS |
|---|---|---|---|---|---|---|
| | | 119 1/2 | 119 1/2 | 119 1/2 | 119 1/2 | 478 |
| | H & W @ 4.11 | 491.15 | 491.15 | 491.15 | 491.15 | 1,964.60 |
| | PENS @ 3.00 | 358.50 | 358.50 | 358.50 | 358.50 | 1,434.00 |
| | APPR @ .45 | 53.78 | 53.78 | 53.78 | 53.78 | 215.12 |
| | E & S @ .04 | 4.78 | 4.78 | 4.78 | 4.78 | 19.12 |
| | TOTAL @ 7.60 | 908.21 | 908.21 | 908.21 | 908.21 | 3,632.84 |

OOE 000568

## ADJUSTMENT SCHEDULE

FORM D-18 (9/99)

CODE: # 000992640-3
EMPLOYER NAME: A & K Rock Drilling Inc.

FIELD AUDIT
DATED: 11/6/15
AUDITOR: Douglas Baker
YEAR: 2004

| SOC SEC. # | EMPLOYEE | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTALS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | Klodt, G G | | | | | 119 1/2 | 119 1/2 | 128 3/4 | 128 3/4 | 128 3/4 | 128 3/4 | 128 3/4 | 128 3/4 | 1011 1/2 |
| 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 | Colopy, D T | | | | | | | 10 | 1/2 | | | | | 10 1/2 |

| DEPOSIT DATE | TOTAL HOURS | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTALS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | TOTAL HOURS | | | | | 119 1/2 | 119 1/2 | 138 3/4 | 129 1/4 | 128 3/4 | 128 3/4 | 128 3/4 | 128 3/4 | 1022 |
| | H & W @ 5.11 | | | | | 610.65 | 610.65 | 709.02 | 660.47 | 657.92 | 657.92 | 657.92 | 657.92 | 5,222.47 |
| | PENS @ 3.00 | | | | | 358.50 | 358.50 | 416.25 | 387.75 | 386.25 | 386.25 | 386.25 | 386.25 | 3,086.00 |
| | APPR @ .45 | | | | | 53.78 | 53.78 | 62.44 | 58.17 | 57.94 | 57.94 | 57.94 | 57.94 | 459.93 |
| | E & S @ .04 | | | | | 4.78 | 4.78 | 5.55 | 5.17 | 5.15 | 5.15 | 5.15 | 5.15 | 40.88 |
| | TOTAL @ 8.60 | | | | | 1,027.71 | 1,027.71 | 1,193.26 | 1,111.56 | 1,107.26 | 1,107.26 | 1,107.26 | 1,107.26 | 8,789.28 |

OOE 000569

## ADJUSTMENT SCHEDULE

FORM D-16 (9/99)

EMPLOYER NAME: A & K Rock Drilling Inc.

FIELD AUDIT DATED: 11/6/15  AUDITOR: Douglas Baker

YEAR: 2004

CODE # 000926400-3

| SOC-SEC.# | EMPLOYEE | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTALS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | Colpoy, D T | | | | | | | | | (40) | (35) | | | (75) |

| DEPOSIT DATE | TOTAL HOURS | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTALS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | TOTAL HOURS | | | | | | | | | (40) | (35) | | | (75) |
| | H & W @ 5.11 | | | | | | | | | (204.40) | (178.85) | | | (383.25) |
| | PENS @ 3.00 | | | | | | | | | (120.00) | (105.00) | | | (225.00) |
| | APPR @ .45 | | | | | | | | | (18.00) | (15.75) | | | (33.75) |
| | E & S @ .04 | | | | | | | | | (1.60) | (1.40) | | | (3.00) |
| | TOTAL @ 8.60 | | | | | | | | | (344.00) | (301.00) | | | (645.00) |

OOE 000570



## ADJUSTMENT SCHEDULE

FORM D-16 (9/99)

EMPLOYER NAME: A & K Rock Drilling Inc.

CODE: # 000926400-3

YEAR: 2005

FIELD AUDIT DATED: 11/6/15

AUDITOR: Douglas Baker

| SOC SEC. # | EMPLOYEE | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTALS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | Klott, G G | 82 3/4 | 82 3/4 | 82 3/4 | 128 3/4 | | | | | | | | | 377 |
| 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 | Pershing, J W | | | 86 3/4 | | w/o per Greg Greenlee | | | | | | | | 86 3/4 |

| DEPOSIT DATE | TOTAL HOURS | JAN | FEB | MAR | APR | TOTALS |
|---|---|---|---|---|---|---|
| | | 82 3/4 | 82 3/4 | 92 3/4 / 165 1/2 | 128 3/4 | 463 3/4 |
| | H & W @ 5.11 | 422.86 | 422.86 | 422.96 / 865.72 | 657.92 | 2,369.79 |
| | PENS @ 3.00 | 248.25 | 248.25 | 248.25 / 508.50 | 386.25 | 1,391.25 |
| | APPR @ .45 | 37.24 | 37.24 | 37.24 / 76.23 | 57.94 | 208.70 |
| | E & S @ .04 | 3.31 | 3.31 | 3.31 / 6.78 | 5.15 | 18.55 |
| | TOTAL @ 8.60 | 711.66 | 711.66 | 711.66 / 1,467.71 | 1,107.26 | 3,988.29 |

OOE 000571

FORM D-16   (9/99)

## ADJUSTMENT SCHEDULE

EMPLOYER
CODE: # 000926400-3   NAME: A & K Rock Drilling Inc.

FIELD AUDIT
YEAR: 2005   DATED: 11/6/15   AUDITOR: Douglas Baker

| SOC SEC. # | EMPLOYEE | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTALS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | Klodt, G G | | | | | 128 3/4 | 128 3/4 | 124 | 124 | 124 | 115 1/4 | 115 1/4 | 115 1/4 | 975 1/4 |

| DEPOSIT DATE | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTALS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | TOTAL HOURS | | | | | 128 3/4 | 128 3/4 | 124 | 124 | 124 | 115 1/4 | 115 1/4 | 115 1/4 | 975 1/4 |
| | H & W @ 5.31 | | | | | 683.67 | 683.67 | 658.44 | 658.44 | 658.44 | 611.98 | 611.98 | 611.98 | 5,178.60 |
| | PENS @ 3.00 | | | | | 386.25 | 386.25 | 372.00 | 372.00 | 372.00 | 345.75 | 345.75 | 345.75 | 2,925.75 |
| | APPR @ .45 | | | | | 57.94 | 57.94 | 55.80 | 55.80 | 55.80 | 51.87 | 51.87 | 51.87 | 438.89 |
| | E & S @ .04 | | | | | 5.15 | 5.15 | 4.96 | 4.96 | 4.96 | 4.61 | 4.61 | 4.61 | 39.01 |
| | TOTAL @ 8.80 | | | | | 1,133.01 | 1,133.01 | 1,091.20 | 1,091.20 | 1,091.20 | 1,014.21 | 1,014.21 | 1,014.21 | 8,582.25 |

OOE 000572

## ADJUSTMENT SCHEDULE

FORM D-16 (9/99)

FIELD AUDIT

| | | | | | |
|---|---|---|---|---|---|
| EMPLOYER | | | | | |
| CODE: # 009926400-3 | NAME: A & K Rock Drilling Inc. | | | YEAR: 2006 | DATED: 11/5/15 |
| | | | | | AUDITOR: Douglas Baker |

| SOC SEC. # | EMPLOYEE | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTALS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | Klodt, G G | 115 1/4 | 115 1/4 | 115 1/4 | 106 1/4 | | | | | | | | | 452 |

| DEPOSIT DATE | TOTAL HOURS | JAN | FEB | MAR | APR | | | | | | | | | TOTALS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | 115 1/4 | 115 1/4 | 115 1/4 | 106 1/4 | | | | | | | | | 452 |
| | H & W @ 5.31 | 611.98 | 611.98 | 611.98 | 564.19 | | | | | | | | | 2,400.13 |
| | PENS @ 3.00 | 345.75 | 345.75 | 345.75 | 318.75 | | | | | | | | | 1,356.00 |
| | APPR @ .45 | 51.87 | 51.87 | 51.87 | 47.82 | | | | | | | | | 203.43 |
| | E & S @ .04 | 4.61 | 4.61 | 4.61 | 4.25 | | | | | | | | | 18.08 |
| | TOTAL @ 8.60 | 1,014.21 | 1,014.21 | 1,014.21 | 935.01 | | | | | | | | | 3,977.64 |

OOE 000573

ADJUSTMENT SCHEDULE

FORM D-15 (9/99)

EMPLOYER NAME: A & K Rock Drilling Inc.
CODE: # 000926400-3

FIELD AUDIT  DATED: 1/6/15  AUDITOR: Douglas Baker
YEAR: 2006

| SOC.SEC. # | EMPLOYEE | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTALS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | Kiedl, G G | | | | | 106 1/4 | 106 1/4 | 112 3/4 | 112 3/4 | 112 3/4 | 121 1/2 | 121 1/2 | 121 1/2 | 915 1/4 |

| DEPOSIT DATE | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTALS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | TOTAL HOURS | | | | | 106 1/4 | 106 1/4 | 112 3/4 | 112 3/4 | 112 3/4 | 121 1/2 | 121 1/2 | 121 1/2 | 915 1/4 |
| | H & W @ 5.51 | | | | | 585.44 | 585.44 | 621.26 | 621.26 | 621.26 | 669.47 | 669.47 | 669.47 | 5,043.07 |
| | PENS @ 3.30 | | | | | 350.63 | 350.63 | 372.08 | 372.08 | 372.08 | 400.95 | 400.95 | 400.95 | 3,020.35 |
| | APPR @ .50 | | | | | 53.13 | 53.13 | 56.38 | 56.38 | 56.38 | 60.75 | 60.75 | 60.75 | 457.65 |
| | E & S @ .04 | | | | | 4.25 | 4.25 | 4.51 | 4.51 | 4.51 | 4.86 | 4.86 | 4.86 | 36.61 |
| | TOTAL @ 9.35 | | | | | 993.45 | 993.45 | 1,054.23 | 1,054.23 | 1,054.23 | 1,136.03 | 1,136.03 | 1,136.03 | 8,557.68 |

## ADJUSTMENT SCHEDULE

FORM D-16 (9/89)

EMPLOYER NAME: A & K Rock Drilling Inc.

CODE: # 000928400-3

FIELD AUDIT

YEAR: 2007

DATED: 11/6/15

AUDITOR: Douglas Baker

| SOC SEC. # | EMPLOYEE | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTALS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | Klodt, G G | 104 1/4 | 104 1/4 | 104 1/4 | | | | | | | | | | 312 3/4 |

| DEPOSIT DATE | TOTAL HOURS | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTALS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | 104 1/4 | 104 1/4 | 104 1/4 | | | | | | | | | | 312 3/4 |
| | H & W @ 5.51 | 574.42 | 574.42 | 574.42 | | | | | | | | | | 1,723.26 |
| | PENS @ 3.30 | 344.03 | 344.03 | 344.03 | | | | | | | | | | 1,032.09 |
| | APPR @ .50 | 52.13 | 52.13 | 52.13 | | | | | | | | | | 156.39 |
| | E & S @ .04 | 4.17 | 4.17 | 4.17 | | | | | | | | | | 12.51 |
| | TOTAL @ 9.35 | 974.75 | 974.75 | 974.75 | | | | | | | | | | 2,924.25 |

I.U.O.E., LOCAL #18 ADMINISTRATIVE DUES

FORM D-27 (999)
FIELD AUDIT

EMPLOYER
NAME: A & K Rock Drilling Inc.
CODE: # 000926400-3
YEAR: 2004
DATED: 11/6/15
AUDITOR: Douglas Baker

| SOC SEC. # | EMPLOYEE | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTALS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | Klodt, G G | 44.33 | 44.33 | 44.33 | 44.33 | 44.33 | 44.33 | 47.74 | 47.74 | 47.74 | 47.74 | 47.74 | 47.74 | 552.42 |
| 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 | Colopy, D T | 11.87 | 22.96 | | | 51.65 | 37.86 | 29.30 | 70.10 | 60.74 | 69.72 | 57.40 | 19.71 | 431.31 |
| | TOTAL DUES | 56.20 | 67.29 | 44.33 | 44.33 | 95.98 | 82.19 | 77.04 | 117.84 | 108.48 | 117.46 | 105.14 | 67.45 | 983.73 |

OOE 000576

# I.U.O.E., LOCAL #18 ADMINISTRATIVE DUES

FORM D-27   (9/99)   FIELD AUDIT

EMPLOYER

CODE: # 00092664.00-3   NAME: A & K Rock Drilling Inc.   YEAR: 2005   DATED: 11/6/15   AUDITOR: Douglas Baker

| SOC SEC. # | EMPLOYEE | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTALS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | Klodt, G G | 30.69 | 30.69 | 30.69 | 47.74 | 47.74 | 47.74 | 47.74 | 47.74 | 47.74 | 44.33 | 44.33 | 44.33 | 511.50 |
| 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 | Pershing, J W | | | 34.13 w/o per Greg Greenlee | | | | | | | | | | 34.13 |
| 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 | Colopy, D T | | | | | | | | 66.80 | | | 2.60 | | 69.40 |
| | | | | | | | | | | | | | | |
| TOTAL DUES | | 30.69 | 30.69 | 30.69 / 64.82 | 47.74 | 47.74 | 47.74 | 47.74 | 114.54 | 47.74 | 44.33 | 46.93 | 44.33 | 615.03 |

OOE 000577

I.U.O.E., LOCAL #18 ADMINISTRATIVE DUES

FORM D-27 (999)

FIELD AUDIT

EMPLOYER

CODE: # 00092B400-3    NAME: A & K Rock Drilling Inc.

YEAR: 2006    DATED: 11/6/15    AUDITOR: Douglas Baker

| SOC SEC. # | EMPLOYEE | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTALS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | Klodt, G G | 44.33 | 44.33 | 44.33 | 40.92 | 40.92 | 40.92 | 73.89 | 73.89 | 73.89 | 79.57 | 79.57 | 79.57 | 716.13 |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | TOTAL DUES | 44.33 | 44.33 | 44.33 | 40.92 | 40.92 | 40.92 | 73.89 | 73.89 | 73.89 | 79.57 | 79.57 | 79.57 | 716.13 |

OOE 000578

## I.U.O.E., LOCAL #18 ADMINISTRATIVE DUES

FORM D-27

(9/99)

FIELD AUDIT

DATED: 11/6/15

AUDITOR: Douglas Baker

**EMPLOYER**

NAME: A & K Rock Drilling Inc.

YEAR: 2007

CODE: # 000926400-3

| SOC SEC. # | EMPLOYEE | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTALS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | Klodt, G G | 68.20 | 68.20 | 68.20 | | | | | | | | | | 204.60 |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | TOTAL DUES | 68.20 | 68.20 | 68.20 | | | | | | | | | | 204.60 |

OOE 000579

## I.U.O.E., LOCAL #18 ADMINISTRATIVE DUES

FORM D-27 (9/59)

FIELD AUDIT

CODE: # 000828400-3

EMPLOYER

NAME: A & K Rock Drilling Inc.

YEAR: 2008

DATED: 11/6/15   AUDITOR: Douglas Baker

| SOC SEC. # | EMPLOYEE | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTALS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | Hooper, A F | | 98.20 | 73.65 | | | | | | | | | | 171.85 |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | TOTAL DUES | | 98.20 | 73.65 | | | | | | | | | | 171.85 |

CODE NO. 000926400-3

CONTRACTOR A & K Rock Drilling Inc

AUDIT PERIOD OF: 1/04 to 11/15

| MONTH/YEAR | TOTAL DUE | 1½% OF TOTAL | MO. SUBJECT TO CHARGES | LATE CHARGES | IF PAID BY |
|---|---|---|---|---|---|
| 1/04 | 263.21 | 3.95 | 48 | 189.60 | |
| 2/04 | 908.21 | 13.63 | 47 | 640.61 | |
| 3/04 | 908.21 | 13.63 | 46 | 626.98 | |
| 4/04 | 908.21 | 13.63 | 45 | 613.35 | |
| 5/04 | 1,027.71 | 15.42 | 44 | 678.48 | |
| 6/04 | 1,027.71 | 15.42 | 43 | 663.06 | |
| 7/04 | 1,193.26 | 17.90 | 42 | 751.80 | |
| 8/04 | 1,111.56 | 16.68 | 41 | 683.88 | |
| 9/04 | 1,107.26 | 16.61 | 40 | 664.40 | |
| 10/04 | 1,107.26 | 16.41 | 39 | 647.79 | |
| 11/04 | 1,107.26 | 16.61 | 38 | 631.18 | |
| 12/04 | 1,107.26 | 16.61 | 37 | 614.57 | |
| 1/05 | 711.66 | 10.68 | 36 | 384.48 | |
| 2/05 | 711.66 | 10.68 | 35 | 373.80 | |
| 3/05 | 711.66 1,457.71 | 10.68 21.87 | 34 | 363.12 743.58 | |
| 4/05 | 1,107.26 | 16.61 | 33 | 548.13 | |
| 5/05 | 1,133.01 | 17.00 | 32 | 544.00 | |
| 6/05 | 1,133.01 | 17.00 | 31 | 527.00 | |
| 7/05 | 1,091.20 | 16.37 | 30 | 491.10 | |
| 8/05 | 1,091.20 | 16.37 | 29 | 474.73 | |
| 9/05 | 1,091.20 | 16.37 | 28 | 458.36 | |
| 10/05 | 1,014.21 | 15.22 | 27 | 410.94 | |
| 11/05 | 1,014.21 | 15.22 | 26 | 395.72 | |
| 12/05 | 1,014.21 | 15.22 | 25 | 380.50 | |

Page 2

CODE NO. 000926400-3

CONTRACTOR A & K Rock Drilling Inc

AUDIT PERIOD OF: 1/04 to 11/15

| MONTH/YEAR | TOTAL DUE | 1½% OF TOTAL | MO. SUBJECT TO CHARGES | LATE CHARGES | IF PAID BY |
|---|---|---|---|---|---|
| 1/06 | 1,014.21 | 15.22 | 24 | 365.28 | |
| 2/06 | 1,014.21 | 15.22 | 23 | 350.06 | |
| 3/06 | 1,014.21 | 15.22 | 22 | 334.84 | |
| 4/06 | 935.01 | 14.03 | 21 | 294.63 | |
| 5/06 | 993.45 | 14.91 | 20 | 298.20 | |
| 6/06 | 993.45 | 14.91 | 19 | 283.29 | |
| 7/06 | 1,054.23 | 15.82 | 18 | 284.76 | |
| 8/06 | 1,054.23 | 15.82 | 17 | 268.94 | |
| 9/06 | 1,054.23 | 15.82 | 16 | 253.12 | |
| 10/06 | 1,136.03 | 17.04 | 15 | 255.60 | |
| 11/06 | 1,136.03 | 17.04 | 14 | 238.56 | |
| 12/06 | 1,136.03 | 17.04 | 13 | 221.52 | |
| 1/07 | 974.75 | 14.63 | 12 | 175.56 | |
| 2/07 | 974.75 | 14.63 | 11 | 160.93 | |
| 3/07 | 974.75 | 14.63 | 10 | 146.30 | |
| | 19.27/day | 586.10 | | 16,689.17 | 3-15-08 |
| | | 547.29 | | 16,997.49 | 3-31-08 (16) |
| | | | | 76,445.44 | 8-25-16 (3085 |
| | | | | 78,912.00 | 12-31-16 (128, |
| | | | | 80,935.35 | 4-15-17 (105, |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |



# OHIO OPERATING ENGINEERS
## FRINGE BENEFIT PROGRAMS

1180 Dublin Road
PO Box 12009
Columbus OH 43212-0009
614.488.0708

Carol A. Wilson
Administrator

April 8, 2016

A & K ROCK DRILLING INC
26355 JELLOWAY RD
DANVILLE OH  43014-9426

#000926400-3

To Whom It May Concern:

We have made an adjustment to your audit for the period of January 2004 to November 2015 to remove hours for J. W. Pershing for the month of March 2005. The removal of these hours resulted in the following credits:

| | |
|---|---:|
| 3/05 Contributions | $ (746.05) |
| 3/05 Local 18 Dues | (34.13) |
| Adjustment to Late Charges | (386.22) |
| | $(1,166.40) |

After the application of the above credits, a balance of $58,805.01 now remains due on your account to complete payment of the following:

| | |
|---|---:|
| Balance of Audit Finding | $39,061.18 |
| Balance of Local 18 Dues | 2,657.21 |
| Balance of Late Charges | |
| calculated to March 31, 2008 | 17,086.62 |
| | $58,805.01 |

Please submit your check in payment of this outstanding balance. If you have any questions concerning your account, please contact our office.

Sincerely,

*Samantha Polsinelli*

Samantha Polsinelli
Assistant Administrator

SP/sm

cc: District #3
    Richard E. Dalton
    Steve Ranft
    Bryan C. Barch, Esq.

**EXHIBIT**

tabbies

G

HEALTH AND WELFARE PLAN  •  PENSION FUND  •  APPRENTICESHIP FUND  •  EDUCATION AND SAFETY FUND

OOE 000562

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CAROL A. WILSON, Administrator, et al. | ) | CASE NO. 2:16-cv-739 |
| | ) | |
|      Plaintiffs, | ) | JUDGE ALGENON L. MARBLEY |
| | ) | |
| v. | ) | |
| | ) | |
| A&K ROCK DRILLING, INC., | ) | <u>PLAINTIFFS' RESPONSES TO</u> |
| | ) | <u>DEFENDANT A&K ROCK DRILLING,</u> |
|      Defendant. | ) | <u>INC.S' FIRST REQUESTS FOR</u> |
| | ) | <u>ADMISSION</u> |
| | ) | |

     Plaintiffs Carol A. Wilson, the Trustees of the Ohio Operating Engineers Pension Fund, Trustees of the Ohio Operating Engineers Health & Welfare Fund, Trustees of the Ohio Operating Engineers Apprenticeship Fund, and the Trustees of the Ohio Operating Engineers Education and Safety Fund (collectively "Plaintiffs" or the "Funds") hereby object and respond to Defendant A&K Rock Drilling, Inc.'s First Requests for Admission with the following responses.

<u>PRELIMINARY STATEMENT</u>

     This response is made solely for the purpose of this litigation. This response represents the Funds' diligent and best efforts to respond to written discovery based on the information available to the Funds. There may exist further information responsive to these requests that is not within the Funds' present knowledge or reasonably available to its officers, agents, and/or representatives. Accordingly, this response is based upon the facts and information now known to the Funds as well as its present analysis of this litigation and do not constitute an admission or representation that additional facts relevant to the subject matter of discovery do not exist.

## GENERAL OBJECTIONS

1. The Funds object to the discovery request to the extent that it seeks information subject to any attorney-client privilege.

2. The Funds object to the discovery request to the extent that it seeks information subject to any work product doctrine.

3. The Funds object to the discovery request to the extent that it seeks a legal conclusion.

4. The Funds object to the discovery request to the extent that it seeks to impose burdens or obligations inconsistent with, or in excess of, those imposed the Federal Rules of Civil Procedure.

5. Any Request, or part thereof, not specifically admitted is expressly denied.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1**: Admit that all fringe benefit contributions that Plaintiffs alleged are owed by A&K are uncollectable because they fall outside the statute of limitations.

**RESPONSE:**

Denied. Further answering, see Plaintiffs' Opposition to Motion to Dismiss.

**REQUEST FOR ADMISSION NO. 2**: Admit that Plaintiffs are seeking fringe benefit contributions allegedly owed on behalf of Mr. Gregory Klodt, Mr. D.T. Colopy, and Mr. A. F. Hooper for hours worked between January 2004 and March 2008.

**RESPONSE:**

The Funds admit that they are seeking fringe benefit contributions on behalf of Mssrs. Klodt and Colopy for hours paid to them between January 2004 and March 2008.

**REQUEST FOR ADMISSION NO. 3**: Admit that Mr. Gregory Klodt was an owner of A&K.

**RESPONSE:**

Denied. The Funds lack sufficient information regarding Defendant's ownership structure to admit or deny this Request.

2

**REQUEST FOR ADMISSION NO. 4:** Admit that Mr. Gregory Klodt was an employer representative of A&K.

**RESPONSE:**

Denied.  The Funds also object to this Request because the term "employer representative" is vague and ambiguous. Further answering, the Funds lack sufficient information regarding Defendant to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 5**: Admit that Mr. Gregory Klodt signed four Acceptances of Agreement referenced in ¶ 5 of the Amended Complaint as the "Authorized Employer Representative."

**RESPONSE:**

Admitted.

**REQUEST FOR ADMISSION NO. 6:** Admit that Mr. Gregory Klodt does not qualify as a covered employee under the collective bargaining agreements or trust agreements referenced in the Amended Complaint.

**RESPONSE:**

Denied.  Gregory Klodt performed work within the jurisdiction of the collective bargaining agreements on behalf of Defendant A&K Rock Drilling, Inc.

Respectfully submitted,

/s/Elizabeth B. Howard
Elizabeth B. Howard (0092585)
Daniel J. Clark (0075125)
VORYS SATER SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, Ohio 43216
Telephone: (614) 464-6436
Fax: (614) 719-4650
ebhoward@vorys.com
djclark@vorys.com

*Counsel for Plaintiffs Carol A. Wilson, et al.*

3

## CERTIFICATE OF SERVICE

The foregoing Plaintiffs' Responses to First Requests for Admission have been served via electronic mail this 12th day of April, 2017, upon the following:

Karly B. Johnson (0095221)
kjohnson@kwwlaborlaw.com
Thomas Evan Green (0075022)
tgreen@kwwlaborlaw.com
KASTNER WESTMAN & WILKINS, LLC
3550 West Market Street
Suite 100
Akron, Ohio 44333

*Attorneys for Defendant A&K Rock Drilling, Inc.*

s/ Elizabeth B. Howard