# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| CAROL A. WILSON, *et al.*, | : |
| Plaintiffs, | : Case No. 2:16-cv-739 |
| v. | : JUDGE ALGENON L. MARBLEY |
| A&K ROCK DRILLING, INC., | : Magistrate Judge Jolson |
| Defendant. | : |

## OPINION AND ORDER

This matter is before the Court on the Motion for Attorneys' Fees (ECF No. 45) of Plaintiffs Carol A. Wilson and the Trustees of the Ohio Operating Engineers Health and Welfare Plan, the Ohio Operating Engineers Pension Fund, the Ohio Operating Engineers Education and Training Fund, and the Ohio Operating Engineers Apprenticeship Fund ("the Funds"). For the following reasons, the Court **GRANTS** the Funds' Motion for Attorneys' Fees in the amount of $35,144.00.

## I. BACKGROUND

On January 24, 2018, this Court granted Plaintiffs' Motion for Summary Judgment and entered a final judgment in favor of the Plaintiffs. (ECF Nos. 42 and 44). This Court awarded Plaintiffs unpaid fringe benefit contributions, interest, and statutory interest under the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiffs' subsequent Motion for Attorneys' Fees was filed on February 5, 2018. (ECF. No. 45). The Defendant has not objected to Plaintiffs' Motion for Attorneys' Fees.

## II. LAW & ANALYSIS

Federal Rule of Civil Procedure (FRCP) 54(d)(2) provides, in relevant part, that

> (B) Unless a statute or a court order provides otherwise, the motion [for attorneys' fees] must:
> 
> (i) be filed no later than 14 days after the entry of judgment;
> 
> (ii) specify the judgment and the statute, rule, or other grounds entitling movant to the award;
> 
> (iii) state the amount sought or provide a fair estimate of it; and
> 
> (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made

Fed. R. Civ. P. 54(d)(2)(B). Additionally, Southern District of Ohio Local Civil Rule 54.2(a) requires that: "unless a statute or court order provides otherwise, a motion for attorney's fees under Fed. R. Civ. P. 54 must be filed not later than forty-five days after the entry of judgment." S. D. Ohio Civ. R. 54.2.

Plaintiffs submitted the Motion pursuant to 29 U.S.C. § 1132(g). The statute holds, in relevant part:

> (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan--
> 
> \* \* \*
> 
> (D) reasonable attorneys' fees and costs of the action, to be paid by the defendant, and
> 
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g). The "lodestar" approach is the proper method for determining the amount of reasonable attorneys' fees. *See Pennsylvania v. Delaware Valley Citizen's Council for Clean Air*, 478 U.S. 546, 563 (1986). The most useful starting point is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461

U.S. 424, 433 (1983). There is a "strong presumption" that this figure represents a reasonable fee. *Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway,* 46 F.3d 1392, 1401 (6th Cir. 1995).

Applying these rules to the instant matter, the Court grants attorneys' fees in the requested amount. First, the Motion was filed timely. This Court granted Plaintiffs' Motion for Summary Judgment and entered a final judgment in favor of the Plaintiffs on January 24, 2018, (ECF No. 43). The Motion for Attorneys' Fees was filed on February 5, 2018. (ECF No. 45). Thus, the Motion for Attorneys' Fees was filed 12 days after a judgement was entered in favor of the Plaintiff and is within the 14-day requirement imposed by Fed. R. Civ. P 54(d)(2)(B)(i) and is well within the 45-day requirement imposed by the Southern District of Ohio Civil Rules under 54.2(a).

Next, the Plaintiffs have established the basis for their Motion for Attorneys' Fees in relevant statutes and caselaw. Because Plaintiffs brought claims under Section 515 of ERISA to recover delinquent fringe benefit contributions, this claim falls under 29 U.S.C. §1145, as it involves a delinquency contribution. Consequently, 29 U.S.C. 1132(g) applies to this claim as regards attorneys' fees. As noted above, 29 U.S.C. § 1132(g)(2)(D) provides that if a judgement in favor of the plaintiff is entered in a 29 U.S.C. § 1145 case, reasonable attorneys' fees and other costs of action will be paid by the defendant. 29 U.S.C. § 1132(g)(2).

Finally, the Motion states the amount of fees requested, and the Court finds the fees to be reasonable. Trial Attorney for the Plaintiffs, Daniel J. Clark, partner with the law firm of Vorys, Sater, Seymour and Pease LLP (the "Vorys"), provided an Affidavit indicating billing entries that detailed the services performed and corresponding amounts billed to Plaintiffs by Vorys. (ECF. No. 45-1). The fees were calculated by multiplying the number of hours worked by the

firm rates. Clark, having litigated cases of this nature for approximately fifteen years, declared under penalty of perjury that the time spent by Vorys on Plaintiffs' case, as well as the charges for attorneys' fees, were reasonable in his view. (*Id.*). Upon review of the Motion and Affidavit, and in the absence of objection, the Court finds that the attorneys' fees requested by Plaintiffs are reasonable and should be awarded.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** the Plaintiffs' Motion for Attorneys' Fees and **AWARDS** fees in the amount of $35,144.00.

**IT IS SO ORDERED.**

                                               s/Algenon L. Marbley
                                               **ALGENON L. MARBLEY**
                                               **UNITED STATES DISTRICT JUDGE**

**DATED: June 25, 2018**